**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **25-01384-jd**

### ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**05/23/2025**



*S. Jefferson Davis IV*

US Bankruptcy Judge
District of South Carolina

Entered: 05/23/2025

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Jacqueline Elizabeth Ard and Terry Frank Nicola,<br><br>Debtor(s). | C/A No. 25-01384-JD<br><br>Chapter 13<br><br>**ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING** |

THIS MATTER is before the Court on the Motion to Impose the Automatic Stay ("Motion") filed by Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors") requesting an automatic stay be imposed pursuant to 11 U.S.C. § 362(c)(4).[1] Three creditors filed objections to the Motion: Estates at Westbury Owners Association, Inc. ("EAW"), TMX Finance dba TitleMax of South Carolina, Inc. ("TitleMax"), and Spa on Port Royal Sound Horizontal Property Regime Inc. ("Port Royal Sound HPR"). The Chapter 13 Trustee also filed a response signaling its opposition to the Motion. Following a hearing on the Motion and an oral ruling, the Court issues the following Findings of Fact and Conclusions of Law consistent with the oral ruling.

**FINDINGS OF FACT**

Debtor Ard has filed two[2] previous bankruptcy cases under Chapter 7 in the

---

[1] ECF No. 15. The Court notes that the Motion purports to move for an extension of the automatic stay under 11 U.S.C. § 362(c)(3)(B), but due to Debtors' filing history the Court construes the Motion as one filed under 11 U.S.C. § 362(c)(4).

[2] *See* Case No. 96-56979-WSD and Case No. 11-55392-WSD. Debtor Ard was represented by counsel in Case No. 96-56979-WSD but proceeded *pro se* in her other individual Chapter 7 case.

1

Eastern District of Michigan. Both of Ard's individual Chapter 7 cases were discharged. As a couple, Debtors have filed two bankruptcy cases together under Chapter 13 within the past 12 months—one in this District, and one in the Eastern District of Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and was dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure to file documents required under 11 U.S.C. § 521(a).[3] Case No. 25-40952-MLO was filed in the Eastern District of Michigan on January 31, 2025, and was also dismissed for Debtors' failure to filed required documents on March 3, 2025.[4] In both of these cases, Debtors filed three motions to extend the deadline to file the schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two motions to extend were granted in Case No. 24-03611-JD,[5] and granted and denied in part in Case No. 25-40952-MLO.[6] The third motion to extend was denied in each case.[7]

Debtors then filed this case on April 10, 2025, and this Motion on April 18, 2025. Debtors failed to comply with Local Rule 9013-4 because they did not notice the hearing on the Motion. The Court generated a hearing notice and scheduled the matter for May 22, 2025, at 11:00 AM. This hearing notice was sent to all creditors. Debtors received the notice on April 21, 2025, at the email addresses they provided

---

[3] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s) Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13 Statement of Income/Calculation, and a Statement of Increased Income/Expenses. ECF No. 46 of Case No. 24-03611-JD.

[4] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information. ECF No. 64 of Case No. 25-40952-MLO.

[5] Case No. 24-03611-JD, ECF Nos. 23, 36.

[6] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[7] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

2

to the Court. On April 25, 2025, Debtors filed required schedules and statements,[8] pay advices,[9] and a Plan.[10]

The Motion contends the stay must be imposed if Debtors show that the current case was filed in good faith, which, according to Debtors, the Court can determine by examining Debtors' efforts to comply with bankruptcy requirements, the circumstances of their prior dismissals and Debtors' overall conduct. Debtors assert that good faith can be inferred because Debtors have taken a corrective measure—namely, subscribing to a bankruptcy software to ensure compliance with filing requirements—to prevent the failures that hampered them in previous cases, and paid their filing fees on the date the petition was filed. Further, Debtors aver the dismissals of their previous two cases were due to circumstances beyond their control. Specifically, Debtors argue the dismissal of Case No. 24-03611-JD was due to "creditor stay violations [that] further disrupted reorganization efforts," and that Case No. 25-40952-MLO was "[d]ismissed for jurisdictional issues, not due to Debtor misconduct." In addition to seeking the imposition of the automatic stay, the Motion asks the Court to impose the stay retroactively so that it would have been in effect on the date Debtors' petition was filed.

The Motion drew a litany of creditor objections. EAW filed the first Objection to the Motion.[11] Therein, EAW argues that Debtors have failed to allege any substantial change in financial or personal affairs to overcome the presumption of

---

[8] ECF Nos. 23, 27, 28, and 30.
[9] ECF No. 29.
[10] ECF No. 30.
[11] ECF No. 36.

3

bad faith. Specifically, EAW points to Debtors' noncompliance with bankruptcy requirements, failure to put forth any good faith attempts at reorganization, and provision of conflicting information in their two prior bankruptcy cases. TitleMax filed the second objection to the Motion, arguing that Debtors did not show substantial changes from the prior cases and therefore do not rebut the presumption of bad faith.[12] TitleMax further alleges that Debtors purchased a 2017 Hyundai Elantra under lien to TitleMax in September of 2024, and have made no contractual payments on that vehicle to date. Port Royal Sound HPR filed the third objection in its capacity as the owners' association administering Debtors' property at 239 Beach City Road, Apartment #3218, Hilton Head Island, SC 29926.[13] Port Royal Sound HPR argues Debtors' prepetition behavior - filing each of their bankruptcy cases on the eve of three foreclosure sales – amounts to bad faith by obstructing and defrauding the creditor's rightful remedies under South Carolina law. Lastly, the Chapter 13 Trustee filed a Response to the Motion[14] to Impose, raising the question of whether Debtors have proven by clear and convincing evidence that the present case will be concluded "with a confirmed plan that will be fully performed" pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(III).[15]

After these objections were filed, Debtors filed a statement of change, amended schedules D, E/F, and H, an amended declaration about individual Debtors'

---

[12] ECF No. 38.
[13] ECF No. 42.
[14] ECF No. 44.
[15] The Court notes that another creditor, West-Aircomm Federal Credit Union ("West-Aircomm"), has filed a motion for relief from stay in this matter. ECF No. 51. West-Aircomm has filed Proof of Claim 4-1 in this case.

4

schedules, an amended statement of financial affairs,[16] and a modified plan.[17] Debtors also filed a Reply ("Reply") to the creditors' objections and the Trustee's response around 8:30 PM on May 20, 2025—the night before the hearing.[18] On the morning of the hearing, Debtors contacted the Court to inform staff that they would be late to the hearing, as they were completing a seventeen hour drive to the hearing and encountered weather delays en route that would delay their arrival at Court until 11:30 AM. Debtors were not present when the matter was called at 11:00 AM. EAW, TitleMax, Port Royal Sound HPR and the Chapter 13 Trustee were all present when the matter was called, and consented to delaying the hearing until 11:30 AM to accommodate Debtors' delay. Debtors were informed that the hearing would begin at 11:30 AM and failed to appear to prosecute their motion at 11:30 AM.

At the 11:30 AM hearing, the Court issued an oral ruling denying the Motion based on Debtors' failure to prosecute and setting other conditions in this case. Debtors arrived after this ruling was issued and after the record was closed. For the benefit of Debtors, the Court went back on the record to state the ruling, now reduced to written form in this Order.

## **CONCLUSIONS OF LAW**

11 U.S.C. § 362(c)(4)(A)(i) provides, in relevant part, that "if a single or joint

---

[16] ECF No. 46.
[17] ECF No. 47.
[18] Debtors' Reply was accompanied by a certificate of service stating that the Chapter 13 Trustee, EAW, Port Royal Sound HPR, TitleMax, and West-Aircomm were served with the Reply on May 19, 2025; however, Ard's signature on the reply is dated May 20, 2025, so it is unclear when the Reply was sent. Nevertheless, Debtors' Reply is untimely under SC LBR 9013-2, which mandates all memoranda and briefs filed by the parties to materially assist the Court in its determination of the issues shall be filed, along with a certificate of service on all appropriate parties, no later than 7 days prior to the hearing on the matter.

case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed ... the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" If there is no stay as a result of § 362(c)(4)(A)(i), a debtor may request the stay take effect if such request is made within 30 days after the filing of the later case and if, after notice and a hearing, the debtor "demonstrates that the filing of the later case is in good faith. . .", the stay may be imposed. 11 U.S.C. § 362(c)(4)(B). A stay imposed under Section 362(c)(4)(B) "shall be effective on the date of the entry of the order allowing the stay to go into effect." 11 U.S.C. § 362(c)(4)(C).

Section 362(c)(4)(D)(i)(I) states that a case is presumptively filed not in good faith as to all creditors if "2 or more previous cases under this title in which the individual was a debtor were pending within a 1-year period." A case is presumptively filed not in good faith under Section 362(c)(4)(D)(i)(II) if "a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court." Additionally, Section 362(c)(4)(D)(i)(III) states that a case is not presumptively filed in good faith if "there has not been a substantial change in the

6

financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed." "The determination of good faith is necessarily fact intensive and must be conducted on a case-by-case basis. The Court should consider the totality of the circumstances . . . in making its decision." *In re Thomas*, 352 B.R. 751, 757 (Bankr. D.S.C. 2006).

Debtors have had two bankruptcy cases dismissed within the past twelve months. 11 U.S.C. § 362(c)(4)(D)(i)(I). Therefore, the automatic stay was not imposed upon the filing of this case. 11 U.S.C. § 362(c)(4)(A)(i). By statute, this case was presumptively not filed in good faith. Debtors bore the evidentiary burden of rebutting this presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(4)(D); *In re Jones*, 667 B.R. 310, 312 (Bankr. D.S.C. 2025). They did not do so.

Debtors Motion sought two forms of relief. First, Debtors sought to impose a stay retroactive to the filing of this case. This is denied. 11 U.S.C. § 362(c)(4)(C) clearly prevents the Court from ordering any retroactive relief of this nature. Second, the Debtors sought to impose a stay as to all creditors for the duration of their case. This is also denied. Debtors failed to attend the hearing on the Motion[19] and prosecute it so there is no evidence to rebut the presumption of bad faith.

The hearing on the Motion is just one example of Debtors' broader pattern of

---

[19] The Motion cites to Debtors doing the bare minimum to maintain the case- paying the filing fee and timely filing schedules, statements, and Plan as evidence rebutting the presumption of bad faith. The Motion lacks a true account of why Debtors' previous cases were dismissed—it omits the Debtors' missteps, downplays their responsibility to comply with the Bankruptcy Code, and outright misstates the reason their case in Michigan was dismissed.

7

excuse, delay, and failure to take responsibility in the cases they have filed with this Court. Although they received notice of the hearing on the Motion thirty days in advance of the hearing, they failed to adequately plan so that they could attend the hearing when it started, blaming their tardiness on their drive and weather issues. Debtors attempted to shift their failures in their first case before this Court to the chapter 13 Trustee and their creditors.[20] None of these allegations were proven correct and the Court issued orders rejecting Debtors' attempt to blame the chapter 13 Trustee and their creditors for their failures in their first case.[21]

While not necessary to decide the matter due to Debtors' failure to prosecute and present evidence, the docket provides ample support that Debtors are not acting in good faith. Debtors are functionally unable to show a change in circumstances warranting another filing due to the dearth of information provided in their previous two cases. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Thomas*, 352 B.R. 751, 756-57 (Bankr. D.S.C. 2006) (noting the Court has considered whether a debtor has experienced a change in circumstances warranting a new case in determining whether the debtor has rebutted the presumption of bad faith). In their prior cases, Debtors provided no accounting of their income and their monthly expenses, no proposed plan or other data points that could help the Court understand whether Debtors could have successfully reorganized and whether they are in a better financial position. The Court has no baseline for Debtors' financial circumstances in their prior cases, and therefore cannot determine whether a substantial change in their overall

---

[20] Case No. 24-03611-JD, ECF Nos. 56, 59, and 77.
[21] Case No. 24-03611-JD, ECF Nos. 74 and 118.

8

circumstances has occurred.

Additionally, the Plan filed by Debtors is patently unconfirmable as it violates multiple provisions of the Bankruptcy Code. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Charles*, 334 B.R. 207, 220 (Bankr. S.D. Tex. 2005) ("If the newly-filed case is likely to result in another dismissal (whether voluntary or involuntary), then the newly filed case is likely not filed in good faith as to any non-consenting creditor."). As noted at the hearing, Debtors' Plan suffers from a long list of defects, including, but not limited to, its failure to treat secured creditors, to pay the Till interest rate of 9.00% to secured creditors,[22] to provide adequate information concerning Debtors' income and expenses such that the Court can determine whether Debtors' income will enable them to pay back their creditors as required by the Bankruptcy Code and to indicate whether the Debtor or Trustee will pay Debtors' unsecured creditors. The schedules and statements filed in this case are similarly unclear and insufficient. Therein, Debtors attempt to shield practically all property by claiming exemptions that appear improper and fail to list in Schedule G executory contracts or leases attesting to the rental contracts that account for Ard's income. Ard also appears to take a position regarding Zeidman's Jewelry that is inconsistent with her allegations in *Ard v. Zeidman's Jewelry & Loan of Southfield (In re Ard, et. al.)*, Ch. 13, Case No. 24-03611-JD, Adv. No. 25-80005. The Court has significant questions about the feasibility of the proposed Plan based on Debtors' schedules and statements. There is no indication that the Plan has a reasonable likelihood of success. This Order provides Debtors

---

[22] *See*, Interest Rate in Chapter 13 Cases, United States Bankruptcy Court for the District of South Carolina (July 24, 2024), https://www.scb.uscourts.gov/news/interest-rate-chapter-13-cases-1.

9

with notice that they must amend their Plan to comply with the Bankruptcy Code no later than 28 days before the scheduled confirmation hearing on June 25, 2025, in order to have a plan considered.

Finally, Debtors filings indicate a lack of candor. *In re Thomas*, 352 B.R. at 756 (noting the Court has also considered a debtor's honesty in representing facts when determining whether the debtor has rebutted the presumption of bad faith). Debtors' Reply misstates the holding of cases cited therein. For example, Debtors assert *In re Love*, 957 F.2d 1350 (7th Cir. 1992) holds that "[c]reditor interference (e.g., unlawful repossession) justifies stay protection to preserve reorganization efforts." *In re Love* holds nothing of the sort, and in fact bears striking similarities to this case. The Seventh Circuit affirmed the bankruptcy court's dismissal of a chapter 13 case for lack of good faith. *Love*, 957 F.2d at 1362. The Court noted during the hearing that such a material misrepresentation would be grounds for sanctions under Fed. R. Bankr. P. 9011(b) if an attorney had filed the Reply.

However, this case and Debtors' opportunity for a fresh start are not without hope. Debtors have amassed real estate holdings that rival their prodigious accumulation of unsecured debt. According to the schedules, there is substantial equity in their properties to pay their unsecured creditors in full. That said, Debtors have not demonstrated a reasonable likelihood of moving this case forward to confirmation. There appears to be cause under 11 U.S.C. § 1307 to either convert this case to chapter 7 or, pursuant to 11 U.S.C. § 105, to dismiss this case to bar further refiling for a two-year period as to chapters 11, 12, and 13 should Debtors fail to

10

obtain confirmation of a plan on June 25, 2025. Debtors are provided with notice that the Court will consider, on its own motion, whether this case should be dismissed to bar further refiling or should be converted on July 2, 2025, at 10:00 AM. Should Debtors seek to voluntarily dismiss this case, Debtors are provided notice that the Court may condition such dismissal to bar the refiling of a further case under chapters 11, 12, or 13 for a period of two years.

**NOW THEREFORE, IT IS ORDERED**

The Motion is denied with prejudice as to Debtors;

The automatic stay imposed under 11 U.S.C. § 362(a) is confirmed to have not been effective upon the filing of this case and there is no stay in effect in this case; and

A hearing on whether this case should be dismissed to bar further refiling or converted to chapter 7 shall be held on July 2, 2025, at 10:00 AM at the United States Bankruptcy Court, 145 King Street, Suite 225, Charleston, SC 29401.

**AND IT IS SO ORDERED.**

11