OFFICE OF THE CLERK

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423
TELEPHONE (803)765-5436   www.scb.uscourts.gov

---

DATE:       May 23, 2025

TO:         TMX Finance dba TitleMax of South Carolina, John B. Kelchner, PO
            Box 1473, Columbia, SC 29202; Spa on Port Royal Sound Horizontal
            Property Regime, Inc., Lucas S. Fautua, 171 Church Street, Ste 120
            Charleston, SC 29413; James Wyman, Trustee, PO box 997, Mt.
            Pleasant, SC 29465; Estate at Westbury, Julie Franklin, P.O. Drawer
            2976, Bluffton, SC 29910; West-Aircomm, Benjamin E. Grimsley,
            P.O. Box 11682, Columbia, SC 29211

RE:         Jacqueline Elizabeth Ard and Terry Frank Nicola, 25-01384-JD

Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on May 22, 2025. A copy of that notice of appeal along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter. In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal. If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010. Parties to the appeal will receive notice once the record on appeal is received by the District Court. Typically, an appeal and the associated record on appeal are transmitted to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any <u>related case or adversary proceeding</u>.


Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

BY: <u>/s/ K. Ralston</u>
    K. Ralston, Deputy Clerk

Enclosures

cc:    Jacqueline Elizabeth Ard and Terry Frank Nicola
       United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

In re:

**JACQUELINE ELIZABETH ARD AND
TERRY FRANK NICOLA**

**Chapter 13**

**Case No. 25-01384-JD**

Debtors.

> Filed By The Court
> **5/22/2025 5:09 PM**
> U.S. BANKRUPTCY COURT
> DISTRICT OF SOUTH CAROLINA

### NOTICE OF APPEAL AND STATEMENT OF ELECTION

#### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ❑  Plaintiff
   ❑  Defendant
   ❑  Other (describe)

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☒  Debtor
   ❑  Creditor
   ❑  Trustee
   ❑  Other (describe)

#### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order from which the appeal is taken: *Order Denying Debtors' Motion to Impose Automatic Stay* [Docket No. 55] attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered: May 21, 2025

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1. TMX Finance dba TitleMax of South Carolina | **John B. Kelchner**<br>PO Box 1473 (29202)<br>1901 Main St., Suite 900<br>Columbia, SC 29201<br>Telephone: 803-227-4234<br>Email: jkelchner@turnerpadget.com |
| 2. Spa on Port Royal Sound Horizontal Property Regime, Inc | **Lucas S. Fautua**<br>171 Church Street, Ste 120<br>Charleston, SC 29413<br>Telephone: (843) 714-2533<br>Email: rjones@smithdebnamlaw.com |
| 3. Trustee | **James Wyman, Trustee**<br>PO Box 997<br>Mt. Pleasant, SC 29465<br>Phone: (843) 388-9844<br>Email: 13info@charleston13.com |
| 4. Estate at Westbury | **Julie Franklin**<br>P.O. Drawer 2976<br>Bluffton, SC 29910<br>Telephone: (706) 452-1303<br>Email: jfranklinlegal@gmail.com |
| 5. West-Aircomm | **Benjamin E. Grimsley**<br>P.O. Box 11682<br>Columbia, SC 29211<br>Telephone: (803) 233-1177<br>Email: bgrimsley@dgglegal.com |

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

**Jacqueline E. Ard**

By: _____

Jacqueline E. Ard
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

# EXHIBIT A

| 05/08/2025 | 47 (18 pgs) | Pre-Confirmation Modified Ch. 13 Plan - Conduit. Objections due no later than 7 days prior to the Confirmation Hearing Filed by Jacqueline Elizabeth Ard, Terry Frank Nicola. (Ting, K) (Entered: 05/12/2025) |
| 05/08/2025 | 48 (6 pgs) | Certificate of Service RE: Amended Schedules/Statements filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola, Modified Plan filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola. Filed by Jacqueline Elizabeth Ard , Terry Frank Nicola . (related document(s)46, 47). (Ting, K) (Entered: 05/12/2025) |
| 05/08/2025 | 49 (1 pg) | Correspondence: Receipt of Amendment Filing Fee (related document(s)). (Ting, K) Modified on 5/12/2025 to correct docket text (Ting, K). (Entered: 05/12/2025) |
| 05/09/2025 | | Receipt of Amendment Filing Fee - $34.00 by EM. Receipt Number 301086. (admin) (Entered: 05/09/2025) |
| 05/12/2025 | 50 (2 pgs; 2 docs) | Deficiency Notice re: Amended Schedules/Statements (related document(s)46). Filing fee paid on 05/08/2025 for additional creditors added from schedules filed 04/25/2025. Filing fee due for additional creditors from amended schedules and creditor matrix filed 05/08/2025. Deficiency Correction Due By: 5/22/2025 (Ting, K) (Entered: 05/12/2025) |
| 05/12/2025 | 51 (11 pgs) | Motion for Relief from Stay, Hearing Notice and Certificate of Service RE: 2018 Jeep Grand Cherokee, Motor Vehicle Identification No. 1C4RJFA G3JC479405. Filed by Benjamin Edward Grimsley of D'Alberto, Graham & Grimsley, LLC on behalf of WEST-AIRCOMM FEDERAL CREDIT UNION. Date Served 5/12/2025. Last day for objections is 5/27/2025. Hearing scheduled for 6/18/2025 at 11:00 AM at Charleston. (Grimsley, Benjamin) (Entered: 05/12/2025) |
| 05/12/2025 | | Receipt of Filing Fee for Motion for Relief From Stay( 25-01384-jd) [motion,mrlfsty] ( 199.00). Receipt Number A14374903, amount 199.00. (U.S. Treasury) (Entered: 05/12/2025) |
| 05/14/2025 | 52 (3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 05/14/2025. (Related Doc # 50) (Admin.) (Entered: 05/15/2025) |
| 05/19/2025 | | Meeting of Creditors Held and Examination of Debtor (Wyman, James) (Entered: 05/19/2025) |
| 05/21/2025 | 53 (44 pgs; 2 docs) | Response to Objection filed by Creditor TMX Finance dba TitleMax of South Carolina, Inc., Objection filed by Creditor Spa on Port Royal Sound Horizontal Property Regime, Inc., Response filed by Trustee James M. Wyman with Certificate of Service Filed by Jacqueline Elizabeth Ard (related document(s)38, 42, 44). (Attachments: # 1 Exhibits) (Dillard, S) (Entered: 05/21/2025) |
| 05/21/2025 | DOC# 55 * | Hearing Held relating to: Motion to Impose Automatic Stay filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola. (related document(s)15). Debtors were not present the first two times the matter was called; the Ruling was read into record, and court adjourned. The Court went back on the record and read the ruling into record, again, once the Debtors arrived. The Motion is denied. The Court will prepare the Order. (Beaulieu, N) (Entered: 05/21/2025) |

## CERTIFICATE OF SERVICE

I certify that on May 13, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record, and by First Class Mail prepaid to the parties listed below:

**Trustee:**
**James Wyman, Trustee**
PO Box 997
Mt. Pleasant, SC 29465
Email: 13info@charleston13.com

**US Trustee:**
USTPRegion04.CO.ECF@usdoj.gov

**John B. Kelchner**
PO Box 1473 (29202)
1901 Main St., Suite 900
Columbia, SC 29201
Email: jkelchner@turnerpadget.com

**Lucas S. Fautua**
171 Church Street, Ste 120
Charleston, SC 29413
Email: rjones@smithdebnamlaw.com

**Julie Franklin**
P.O. Drawer 2976
Bluffton, SC 29910
Email: jfranklinlegal@gmail.com

**Benjamin E. Grimsley**
P.O. Box 11682
Columbia, SC 29211
Email: bgrimsley@dgglegal.com

Dated: May 22, 2025

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051
Email: jacquelineard72@gmail.com

## Notice Recipients

**Recipients of Notice of Electronic Filing:**

| | |
|---|---|
| US Trustee's Office | USTPRegion04.CO.ECF@usdoj.gov |
| James M. Wyman | 13info@charleston13.com |
| Elizabeth H Parrott | elizabeth.parrott@mccalla.com |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

|  |  |  |
|---|---|---|
| | WEST−AIRCOMM FEDERAL CREDIT UNION    c/o Weltman, Weinberg & Reis Co., LPA    5990 West Creek Rd, Suite 200    INDEPENDENCE, OH 44131 UNITED STATES | |
| cr | Nationstar Mortgage LLC    c/o McCalla Raymer Leibert Pierce, LLC    Bankruptcy Department    1544 Old Alabama Road    Roswell, GA 30076 UNITED STATES | |
| 544518999 | A WA Collections    P.O. BOX 6605    Orange, CA 92863 | |
| 544518984 | AAdvantage Aviator Portfolio Recovery    PO Box 8828    Wilmington, DE 19899−8828 | |
| 544518985 | ADT Security Services    1501 Yamato Road    Boca Raton, FL 33431 | |
| 544518986 | ADT Security Services    P.O. Box 650485    Pittsburgh, PA 15250 | |
| 544518987 | ADT,LLC    Transworld Systems Inc    500 Virginia Dr. Suite 514    Ft Washington, PAl 9304 | |
| 544518996 | ATandT    P.O. BOX 5080    Carol Stream, IL 60197−6080 | |
| 544518998 | ATandT    P.O. BOX 5080    Carol Stream, IL 60197−6080 | |
| 544518988 | Allstate Indemnity    POBox4310    Carol Stream, IL 60197 | |
| 544518989 | Allstate Insurance    P.O. Box 21169    Roanoke, VA 24018−0537 | |
| 544518990 | American Express −    AXPLEGALATTORNEY    500 North Franklin Turnpike No. 315    MAIL CODE 297    Ramsey, New Jersey 07446 | |
| 544518991 | American Express National Bank c/o Becket and Lee    PO Box 3001    Malvern PA 19355−0701 | |
| 544518992 | Americollect Inc    POBox2080    Manitowoc, WI 54221−2080 | |
| 544518993 | Armstrong Cable    P.O. Box 300    Lancaster, PA 17604−3001 | |
| 544518994 | Associated Credit Services, INC    P.O. Box 1201    Tewksbury, MA 01876 | |
| 544518995 | Association Services, An Associa Company C/O Hilto    1040 William Hilton Pky #200    Hilton Head Island, SC 29928 | |
| 544519000 | Bank of America    P.O. Box 982238    El Paso TX 79998 | |
| 544519001 | Barclays Bank Delaware    Attention: Card Services LEGAL    PO. Box 8833    Wilmington, DE 19899−8833 | |
| 544519002 | Barry Mullis    239 Beach City Road Apt 2213    Hilton Head Island, SC 29926−4 713 | |
| 544519003 | Beaufort County Sheriffs Department    Melissa Hansen    PO. Box 1758    Beaufort, SC 29901 | |
| 544519004 | Beaufort County Treasurer    P.O. Drawer 487    Beaufort, SC 29901−0487 | |
| 544519005 | Beaumont Medical Transport Services    950 West Maple St Suite C    Troy, MI 48084 | |
| 544519194 | Best Law, PA    Tara E. Nauful    P.O. Box 2374    Mount Pleasant, SC 29465 | |
| 544519006 | Braun Kendrick Finkbeiner PLC    Mitchell G. Piper    4301 Fashion Square Blvd    Saginaw, MI 48603 | |
| 544519195 | Bromley Law Firm LLC    Evan K. Bromley    211 Goethe Rd Ste B    Bluffton, SC 29910−6014 | |
| 544519012 | CBE Group Spectrum Mobile    Attn: Client Services    P.O. Box 2547 | |
| 544519134 | Caine and Weiner    PO. Box 55848    Sherman Oaks, CA 91413 | |
| 544519007 | Capital One Auto Finance,    division of AIS Portfolio Services, LLC    4515 N Santa Fe Ave. Dept.    APS Oklahoma City, OK 73118 | |
| 544519010 | Capone−Kohls    P.O. Box 3115    Milwaukee, WI 53201−3115 | |
| 544519011 | Carter−Young, Inc.    120 2nd St 2nd    Fl Monroe, GA 30655 | |
| 544519013 | Chase Card Services    P.O. Box 6294    Carol Stream, IL 60197 | |
| 544519167 | Chase Ink Business Card Services    P.O. Box 15298    Wilmington, DE 198506548 | |
| 544519014 | Citibank    PO Box 790034    St. Louis, MO 63179−0034 | |
| 544519015 | Citicorp Credit Services    Attn: IRU    PO. Box 790034    St. Louis, MO 63179 | |
| 544519016 | Citizens Bank    One Citizens Plaza    Providence, RI 02903 | |
| 544519017 | City of Detroit − Property Tax    P.O. Box 33193    Detroit, MI 48232−5193 | |
| 544519196 | City of Detroit Water and Sewerage Dept    735 Randolph St    Detroit, MI 48226−2830 | |
| 544519018 | Clare County 55th Judicial Circuit    225 West Main    Harrison, MI 43625 | |
| 544519020 | Comenity − Zales    PO Box 650971    Dallas, TX 75265−0971 | |
| 544519019 | Comenity Caesars Rewards    P .0. Box 650960    Dallas, TX 75263−0960 | |
| 544519021 | Comenity Portfolio Refresh    3095 Loyalty Circle    Columbus, OH 43219 | |
| 544519197 | Consumer Energy Company    Attn: Legal Dept    1 Energy Plaza Dr    Jackson, MI 49201−2357 | |
| 544519022 | Consumers Energy Company    Attn: Legal Dept    One Energy Plaza    Jackson, MI 49201 | |
| 544519023 | County Council Of Beaufort County Assessor    Real Property Services    P.O. Drawer 1229    Beaufort, SC 29901 | |
| 544519198 | Coyne Oil    Attn: Rose    513 W 5th St    Clare, MI 48617−9405 | |
| 544519024 | Credit Management Company    PO Box 16346    Pittsburgh, PA 15242−0346 | |
| 544519025 | Credit One Bank    PO Box 98875    Las Vegas, NV 89193−8875 | |
| 544519026 | Crown Asset Mgmt    3100 Breckinridge Blvd Ste 725    Duluth, GA 30096−7605 | |
| 544519027 | Cuyahoga Community ColJege    700 Carnegie Ave.    Cleveland, OH 44115 | |
| 544519036 | DNF Associates    2351 N Forest Road Suite 110    Getzville, NY 14068 | |

544519037  DTE          1 Energy Plaza        WCB 735 Attention Legal Dept        Detroit, MI 48226−1221
544519200  DTE Energy         WCB 735 Attention Legal Department        1 Energy Plaza        Detroit, MI 48226−1221
544519029  Dave Yost OH Attorney General        Attn: Timothy Sullivan        18013 Cleveland Pkwy Suite 180        Cleveland, OH 44135
544519199  Detroit Water and Sewerage Dept        Po Box 554899        Detroit, MI 48255−4899
544519031  Dillon McCandless King Coulter, Graham, LLP        128 West Cunningham Street        Butler, PA 16001
544519033  Dish Network LLC        9601 S. Meridian Blvd        Englewood, CO 80112
544519034  Diverse Funding        3580 Harlem Rd Suite 6        Cheektowaga, NY 14215−2045
544519038  Duquesne Light        Payment Processing Center        P.O.BOX67        Pittsburgh, PA 15257−0001
544519039  Enterprise Rental Car        600 Corporate Park Drive        St. Louis, Missouri 63105
544519201  Estate At Westbury Owners Assoc, Inc        Board of Directors        85 Kensington Blvd        Bluffton, SC 29910−4884
544519041  Fifth Third Bank        MD No. ROPS05 Bankruptcy Dept        1850 East Paris SE        Grand Rapids, MI 49546−6253
544519042  First Energy − Penn Power        PO Box 16001        Reading, PA 19612−6001
544519043  Firstsource Advantage, LLC        205 Bryant Woods South        Amherst, N Y 14228
544519044  Forefront Dermatology        801 York Street        Manitowoc, WI 54220
544519045  Fortiva − Bob's Discount Furniture        P.O. Box 650721        Dallas, TX 75265−0271
544519047  Garry Masterson, Weitman, Weinberg, Reis Co        5990 West Creek Road suite 200        Independence, Ohio 44131
544519048  George B. Smythe        4000 S. Faber Place Dr Suite 300        Charleston, SC 29405
544519049  Georgia Traffic        PO Box 80447        Conyers, GA 30013
544519050  Go Store It        1249 Avondale Rd        Hendersonville, TN 37075
544519046  Go Store It        33 Parameter Road        Bluffton, SC 29910
544519051  Greensky        PO. Box2730        Alpharetta, GA 30023
544519052  Hargray Communications−Cable One Inc        856 William Hilton Parkway        Hilton Head Island, SC 29928−3423
544519186  Hilton Head Resort        Board of Directors        663 William Hilton Pkwy        Hilton Head, SC 29928−3506
544519053  Hilton Head Resort−Four Seasons Centre        HHR Council of Owners        Attn: Board of Directors        663 Wiliam Hilton Parkway        Hilton Head Island, SC 29928−3508
544519054  Home Depot        Centralized Bankruptcy        P.O. Box 790034        St. Louis, MO 63179−0034
544519055  Home Depot Loan        POBox2730        Alpharetta, GA 30023−2730
544519057  Honorable Nicola Henry−Taylor        Allegheny Court of Common Pleas        712 City−County Building        414 Grant St        Pittsburg, PA 15219
544519058  Ian D. Maguire and Tiffany Buffkin        Maguire Law Firm        1600 North Oak Street Suite B        Myrtle Beach, SC 29577
544519063  JPMCB Card Services        PO Box 15369        Wilmington, DE 19850−5369
544519064  JPMORGAN Chase Bank Bankruptcy        Mail Intake Team        700 Kansas Lane Floor 01        Monroe, LA 71203−4774
544519099  JPMorgan Chase Bank, N.A.        sbmt Chase Bank USA, N.A.        CO National Bankruptcy Services, LLC        P.O. Box 9013 Addison, Texas 75001
544519066  JPMorgan Chase Bank, N.A.        sbmt Chase Bank USA, NA.        CO Robertson, Anschutz, Schneid, Crane        6409 Congress A venue, Suite 100        Boca Raton, FL 33487
544519059  Janet Spinelli        100 Kensington Blvd Apt NO. 918        Bluffton, SC 29910−7481
544519060  Jannine M. Mutterer, Esq.        5 Cedar Street        Bluffton, SC 29910
544519061  John Curtis        100 Kensington Blvd Apt NO. 1603        Bluffton, SC 29910−7490
544519187  Jones, Simpson, and Newton PA        Attn: Wm Weston J Newton        7 Plantation Park Drive Suite 3        Bluffton, SC 29910
544519062  Jordan Tax Service        102 Rahway Road        McMurray, PA 15317−3349
544519100  Judy Vanderveer        663 William Hilton Parkway Apt 3121        Hilton Head Island, SC 29928−3524
544519188  Julie A. Franklin, Esq        PO Box 2976        Bluffton, SC 29910−2976
544519189  Komatsu Benefit Dept        Mark Harder        401 E Greenfield Ave        Milwaukee, WI 53204−2941
544519802  LVNV Funding, LLC        Resurgent Capital Services        PO Box 10587        Greenville, SC 29603−0587
544519190  Law Office of Scott M. Wild LLC        Scott M. Wild        37 New Orleans Road Suite F        Hilton Head Island, SC 29928
544519056  Master In Equity        102 Ribaut Road 2nd Floor        Beaufort, SC 29902
544519101  Midland Credit Management        320 East Big Beaver Suite 300        Troy, MI 48083
544519102  Monevolnc        8910 University Cntr Lane Suite 400        San Diego, CA 92122
544519191  Morgan Lewis & Bockius LLP        Attn: Matt Hawes        One Oxford Centre, Thirty−Second FL        Pittsburg, PA 15219−6401
544519103  Morgan S. Templeton        145 King Street Suite 300        Charleston, SC 29402
544519104  Mr. Cooper        P.O. Box 619094        Dallas, TX 75261
544519192  Mutterer Law Firm, LLC        Jannine M. Mutterer, Esq        5 Red Cedar Street Suite 102        Bluffton, SC 29910
544519108  NES        2479 Edison Blvd Unit A        Twinsburg, OH 44087
544519112  NORTHSTAR LOCATION SERVICES        4285 GENESEE STREET        CHEEKTOWAGA, NY 14225−1943
544519105  National Credit Systems        Attn: Bankruptcy        PO Box 672288        Marietta, GA 30006−0039
544519106  Nationstar Mortgage        PO Box 199111        Dallas, TX 75219−9111
544519193  Nationstar Mortgage, LLC        Attn: Bankruptcy Department        PO Box 619096        Dallas, TX 75261−9741
544519174  Nationstar Mortgage, LLC        James Page        Bell Carrington Price & Gregg, LLC        339 Heyward St, Second Floor        Columbia, SC 29201−4390
544519107  Nationwide Credit Inc        1225 Washington St Ste 301        Tempe, AZ 85288
544519175  Norman Jewelry and Loan        24777 Telegraph Suite B        Southfield, MI 48034
544519109  Norman's        24777 Telegraph Rd        Southfield, MI 48033
544519117  Office Depot        P.O. Box 78004        Phoenix, AZ 85062

| | | | | |
|---|---|---|---|---|
| 544519113 | Office Depot Business Credit | Dept563-8406380360 | P.O. Box 70612 | Philadelphia, PA 1917 6-0612 |
| 544519114 | Office of Sheriff Beaufort County | P.O. Box 1758 | Beaufort, SC 29901 | |
| 544519118 | Ohio Turnpike EZ Pass | PO Box 94672 | Cleveland, OH 44101 | |
| 544519119 | PA Dept of Revenue | Bureau of Individual Taxes | PO. BOX 280504 | Harrisburg, PA- 17128-0504 |
| 544519120 | PA Turnpike Toll By Plate | PO. Box 645631 | Pittsburgh, PA 15264-5254 | |
| 544519128 | PLYMOUTH ROCK ASSURANCE | 695 ATLANTIC AVE | BOSTON, MA 02111 | |
| 544519129 | PNC Bank | 1900 E 9th St | Cleveland, OH 44114 | |
| 544519176 | Palmetto Electric | Attn: Michelle Tyler | 111 Matthews Drive | Hilton Head Island, SC 29926 |
| 544519123 | Peoples Gas | PO. Box 644760 | Pittsburgh, PA 15264-4 760 | |
| 544519124 | Pioneer Foot Care | 2021 Freepo Rd | Arnold, PA 15068 | |
| 544519125 | Pittsburgh Water and Sewer | 1200 Penn Ave | Pittsburgh, PA 15222 | |
| 544519130 | Pods Legal Dept | 280 Leetsdale Industrial Dr, Suite 200 | Leetsdale, PA 15056 | |
| 544519131 | Pods Legal Dept | 5585 Rio Vista Dr | Clearwater, FL 33760 | |
| 544519177 | Polly Nicola | 2583 Lower Assembly Drive | Fort Mill, SC 29708 | |
| 544519133 | Portfolio Recovery | P.O. Box 8828 | Wilmington, DE 19899-8828 | Progressive Insurance |
| 544519178 | Progressive Insurance | 30440 Lakeland Blvd | Wickliffe, OH 44092 | |
| 544519135 | Quantum3 Group LLC agent for | Crown Asset Management LLC | PO Box 788 | Kirkland, WA 98083-0788 |
| 544519136 | Radius Global Solutions | 7831 Glenroy Road Suite 250 | Minneapolis, MN 55439 | |
| 544519137 | Resurgent Receivables, LLC | Resurgent Capital Services | PO Box 10587 | Greenville, SC 29603-0587 |
| 544519138 | Ronald Zold | 1 Long Cnnc Ct | Bluffton, SC 29909-7113 | |
| 544519139 | S.C. Dept of Revenue and Taxation | P.O. Box 125 | Columbia, SC 29214 | |
| 544519140 | SC Department of Revenue | Office of General Counsel | 300A Outlet Pointe Blvd | Columbia, SC 29210 |
| 544519141 | Scott M. Wild | 37 New Orleans Road Suite F | Hilton Head Island, SC 29928 | |
| 544519142 | Semina DeLaurentis | 66 Quail Run | Torrington, CT 06790-2549 | |
| 544519143 | Shannon Cummings | 302 N. Lake St | Harrison,MI 48625 | |
| 544519144 | South Carolina Dept of Motor Vehicles | PO Box 1498 | Blythewood, SC 29016-0028 | |
| 544519145 | Spectrum Mobile | Credit Control, LLC | 3300 Rider Trail S, Suite 500 | Earth City, MO 63045 |
| 544519146 | Synchrony Bank | PO Box 669809 | Dallas, TX 75266-0170 | |
| 544519147 | Synergetic Communication | PO. Box 680608 | Franklin, TN 3 7068 | |
| 544519149 | T-Mobile | PO Box 742596 | Cincinnati, OH 45274-259 | |
| 544519153 | TBOM-ATLS-Fortiva | 6 Concourse Parkway | 2nd Floor-mailroom | Atlanta, GA 30328-6117 |
| 544519154 | TD Bank | PO Box 84037 | Columbus, GA 31908-4037 | |
| 544519155 | TD Bank North NA | 70 Gray Road | Falmouth, ME 041052299 | |
| 544519156 | TD Bank USA-Target Credit | POBox673 | Minneapolis, MN 55440-0673 | |
| 544519148 | TMobile | CO American Infosource LP | 4515 N Santa Fe Ave | Oklahoma City, OK 73118-7901 |
| 544519150 | Tamara Slank | 14686 Oakwood Drive | Shelby Township, MI 48315-1530 | |
| 544519151 | Tate and Kirlin Assoc | 4800 East Street Rd Suite 170 | Trevose, PA 19053 | |
| 544519179 | Taybron Law Firm LLC | 3399 Churchview Ave | Pittsburgh, PA 15227-4358 | |
| 544519157 | The Hertz Corporation | 8501 Williams Road | Estero, FL 33928-3325 | |
| 544519158 | The Huntington National Bank | 5555 Cleveland Avenue GW4W25 | Columbus, OH 43231 | |
| 544519159 | The Huntington National Bank | PO Box 89424 OPC856 | Cleveland, OH 44101-8539 | |
| 544519182 | The Spa on Port Royal Sound | Board of Directors | 239 Beach City Road | Hilton Head, SC 29926-4707 |
| 544519160 | Ticket Division | PA Turnpike EZ Pass | 3 00 East Park Dr | Harrisburg, PA 17111 |
| 544519183 | Title Max Corporation | 155 Bill St | Savannah, GA 31401-2685 | |
| 544519161 | Traffic Magistrate | 4819 Bluffton Parkway | Bluffton, SC 29910-4622 | |
| 544521096 | U.S. Department of Education c/o Nelnet | 121 South 13th Street | LINCOLN, NE 68508 | |
| 544519162 | UPMC | Credit Management Company | P.O. Box 16348 | |
| 544519126 | UPMC | P.O. Box 371472 | Pittsburgh, PA 15242 | |
| 544519163 | US Department of Education | CO Nelnet | 121 South 13th Street | Lincoln, NE 68508 |
| 544519165 | Verizon Wireless Bankruptcy Admin | 500 Technology Drive, Suite 550 | Weldon Spring, MO 63304 | |
| 544519166 | Viking Client Services | Hertz Damage Recovery Team | 7500 Office Ridge Circle, Suite 100 | Eden Prairie, MO 55344-3763 |
| 544523152 | WEST-AIRCOMM FEDERAL CREDIT UNION | c/o Weltman, Weinberg & Reis Co., LPA | 5990 West Creek Rd, Suite 200 | INDEPENDENCE, OH 44131 |
| 544519168 | Wells Fargo Bank | PO. Box 5058 | Portland, OR 97208-5058 | |
| 544519169 | West Virginia Trafc Division | 300 Spruce St | Morgantown, WV 26505 | |
| 544519170 | West Virginia EZ Pass | PO Box 1469 | Charleston, WV 25325 | |
| 544519203 | West-Aircomm FCU | CO Weitman, Weinberg And. Reis Co LPA | 5990 West Creek Road Suite 200 | Independence, OH 44131 |
| 544519204 | Westlake Financial | 2 Equity Way 200 | Westlake, OH 44145-1045 | |
| 544519171 | Woodlands at St Barnabas | Attn: Tom Breth | 128 West Cunningham Street | Butler, PA 16001 |
| 544519205 | Wright's Custom Body Shop LLC | 1216 Leeson Ave | Cadillac, MI 49601-9097 | |
| 544519172 | Youngstown State University | 1 Tressel Way | Youngstown, OH 44555 | |
| 544519173 | Zeidmans | 2669 Gratiot Ave | Detroit, MI 48207 | |
| 544519206 | Zeidmans Jewelry | Thomas LaBret and-or Current President | 24810 Evergreen Road | Southfield, MI 48075 |

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number:  **25-01384-jd**

## ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/23/2025**



*S. Jefferson Davis IV*

US Bankruptcy Judge
District of South Carolina

Entered: 05/23/2025

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 25-01384-JD |
| | Chapter 13 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | **ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING** |
| Debtor(s). | |

THIS MATTER is before the Court on the Motion to Impose the Automatic Stay ("Motion") filed by Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors") requesting an automatic stay be imposed pursuant to 11 U.S.C. § 362(c)(4).[1] Three creditors filed objections to the Motion: Estates at Westbury Owners Association, Inc. ("EAW"), TMX Finance dba TitleMax of South Carolina, Inc. ("TitleMax"), and Spa on Port Royal Sound Horizontal Property Regime Inc. ("Port Royal Sound HPR"). The Chapter 13 Trustee also filed a response signaling its opposition to the Motion. Following a hearing on the Motion and an oral ruling, the Court issues the following Findings of Fact and Conclusions of Law consistent with the oral ruling.

## <u>FINDINGS OF FACT</u>

Debtor Ard has filed two[2] previous bankruptcy cases under Chapter 7 in the

---

[1] ECF No. 15. The Court notes that the Motion purports to move for an extension of the automatic stay under 11 U.S.C. § 362(c)(3)(B), but due to Debtors' filing history the Court construes the Motion as one filed under 11 U.S.C. § 362(c)(4).

[2] *See* Case No. 96-56979-WSD and Case No. 11-55392-WSD. Debtor Ard was represented by counsel in Case No. 96-56979-WSD but proceeded *pro se* in her other individual Chapter 7 case.

Eastern District of Michigan. Both of Ard's individual Chapter 7 cases were discharged. As a couple, Debtors have filed two bankruptcy cases together under Chapter 13 within the past 12 months—one in this District, and one in the Eastern District of Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and was dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure to file documents required under 11 U.S.C. § 521(a).[3] Case No. 25-40952-MLO was filed in the Eastern District of Michigan on January 31, 2025, and was also dismissed for Debtors' failure to filed required documents on March 3, 2025.[4] In both of these cases, Debtors filed three motions to extend the deadline to file the schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two motions to extend were granted in Case No. 24-03611-JD,[5] and granted and denied in part in Case No. 25-40952-MLO.[6] The third motion to extend was denied in each case.[7]

Debtors then filed this case on April 10, 2025, and this Motion on April 18, 2025. Debtors failed to comply with Local Rule 9013-4 because they did not notice the hearing on the Motion. The Court generated a hearing notice and scheduled the matter for May 22, 2025, at 11:00 AM. This hearing notice was sent to all creditors. Debtors received the notice on April 21, 2025, at the email addresses they provided

---

[3] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s) Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13 Statement of Income/Calculation, and a Statement of Increased Income/Expenses. ECF No. 46 of Case No. 24-03611-JD.

[4] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information. ECF No. 64 of Case No. 25-40952-MLO.

[5] Case No. 24-03611-JD, ECF Nos. 23, 36.

[6] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[7] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

to the Court. On April 25, 2025, Debtors filed required schedules and statements,[8] pay advices,[9] and a Plan.[10]

The Motion contends the stay must be imposed if Debtors show that the current case was filed in good faith, which, according to Debtors, the Court can determine by examining Debtors' efforts to comply with bankruptcy requirements, the circumstances of their prior dismissals and Debtors' overall conduct. Debtors assert that good faith can be inferred because Debtors have taken a corrective measure—namely, subscribing to a bankruptcy software to ensure compliance with filing requirements—to prevent the failures that hampered them in previous cases, and paid their filing fees on the date the petition was filed. Further, Debtors aver the dismissals of their previous two cases were due to circumstances beyond their control. Specifically, Debtors argue the dismissal of Case No. 24-03611-JD was due to "creditor stay violations [that] further disrupted reorganization efforts," and that Case No. 25-40952-MLO was "[d]ismissed for jurisdictional issues, not due to Debtor misconduct." In addition to seeking the imposition of the automatic stay, the Motion asks the Court to impose the stay retroactively so that it would have been in effect on the date Debtors' petition was filed.

The Motion drew a litany of creditor objections. EAW filed the first Objection to the Motion.[11] Therein, EAW argues that Debtors have failed to allege any substantial change in financial or personal affairs to overcome the presumption of

---

[8] ECF Nos. 23, 27, 28, and 30.
[9] ECF No. 29.
[10] ECF No. 30.
[11] ECF No. 36.

bad faith. Specifically, EAW points to Debtors' noncompliance with bankruptcy requirements, failure to put forth any good faith attempts at reorganization, and provision of conflicting information in their two prior bankruptcy cases. TitleMax filed the second objection to the Motion, arguing that Debtors did not show substantial changes from the prior cases and therefore do not rebut the presumption of bad faith.[12] TitleMax further alleges that Debtors purchased a 2017 Hyundai Elantra under lien to TitleMax in September of 2024, and have made no contractual payments on that vehicle to date. Port Royal Sound HPR filed the third objection in its capacity as the owners' association administering Debtors' property at 239 Beach City Road, Apartment #3218, Hilton Head Island, SC 29926.[13] Port Royal Sound HPR argues Debtors' prepetition behavior - filing each of their bankruptcy cases on the eve of three foreclosure sales – amounts to bad faith by obstructing and defrauding the creditor's rightful remedies under South Carolina law. Lastly, the Chapter 13 Trustee filed a Response to the Motion[14] to Impose, raising the question of whether Debtors have proven by clear and convincing evidence that the present case will be concluded "with a confirmed plan that will be fully performed" pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(III).[15]

After these objections were filed, Debtors filed a statement of change, amended schedules D, E/F, and H, an amended declaration about individual Debtors'

---

[12] ECF No. 38.
[13] ECF No. 42.
[14] ECF No. 44.
[15] The Court notes that another creditor, West-Aircomm Federal Credit Union ("West-Aircomm"), has filed a motion for relief from stay in this matter. ECF No. 51. West-Aircomm has filed Proof of Claim 4-1 in this case.

schedules, an amended statement of financial affairs,[16] and a modified plan.[17] Debtors also filed a Reply ("Reply") to the creditors' objections and the Trustee's response around 8:30 PM on May 20, 2025—the night before the hearing.[18] On the morning of the hearing, Debtors contacted the Court to inform staff that they would be late to the hearing, as they were completing a seventeen hour drive to the hearing and encountered weather delays en route that would delay their arrival at Court until 11:30 AM. Debtors were not present when the matter was called at 11:00 AM. EAW, TitleMax, Port Royal Sound HPR and the Chapter 13 Trustee were all present when the matter was called, and consented to delaying the hearing until 11:30 AM to accommodate Debtors' delay. Debtors were informed that the hearing would begin at 11:30 AM and failed to appear to prosecute their motion at 11:30 AM.

At the 11:30 AM hearing, the Court issued an oral ruling denying the Motion based on Debtors' failure to prosecute and setting other conditions in this case. Debtors arrived after this ruling was issued and after the record was closed. For the benefit of Debtors, the Court went back on the record to state the ruling, now reduced to written form in this Order.

## CONCLUSIONS OF LAW

11 U.S.C. § 362(c)(4)(A)(i) provides, in relevant part, that "if a single or joint

---

[16] ECF No. 46.

[17] ECF No. 47.

[18] Debtors' Reply was accompanied by a certificate of service stating that the Chapter 13 Trustee, EAW, Port Royal Sound HPR, TitleMax, and West-Aircomm were served with the Reply on May 19, 2025; however, Ard's signature on the reply is dated May 20, 2025, so it is unclear when the Reply was sent. Nevertheless, Debtors' Reply is untimely under SC LBR 9013-2, which mandates all memoranda and briefs filed by the parties to materially assist the Court in its determination of the issues shall be filed, along with a certificate of service on all appropriate parties, no later than 7 days prior to the hearing on the matter.

case is filed by or against a debtor who is an individual under this title, and if 2 or

more single or joint cases of the debtor were pending within the previous year but

were dismissed ... the stay under subsection (a) shall not go into effect upon the filing

of the later case[.]" If there is no stay as a result of § 362(c)(4)(A)(i), a debtor may

request the stay take effect if such request is made within 30 days after the filing of

the later case and if, after notice and a hearing, the debtor "demonstrates that the

filing of the later case is in good faith. . .", the stay may be imposed. 11 U.S.C.

§ 362(c)(4)(B). A stay imposed under Section 362(c)(4)(B) "shall be effective on the

date of the entry of the order allowing the stay to go into effect." 11 U.S.C.

§ 362(c)(4)(C).

Section 362(c)(4)(D)(i)(I) states that a case is presumptively filed not in good

faith as to all creditors if "2 or more previous cases under this title in which the

individual was a debtor were pending within a 1-year period." A case is presumptively

filed not in good faith under Section 362(c)(4)(D)(i)(II) if "a previous case under this

title in which the individual was a debtor was dismissed within the time period stated

in this paragraph after the debtor failed to file or amend the petition or other

documents as required by this title or the court without substantial excuse (but mere

inadvertence or negligence shall not be substantial excuse unless the dismissal was

caused by the negligence of the debtor's attorney), failed to provide adequate

protection as ordered by the court, or failed to perform the terms of a plan confirmed

by the court." Additionally, Section 362(c)(4)(D)(i)(III) states that a case is not

presumptively filed in good faith if "there has not been a substantial change in the

6

financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed." "The determination of good faith is necessarily fact intensive and must be conducted on a case-by-case basis. The Court should consider the totality of the circumstances . . . in making its decision." *In re Thomas*, 352 B.R. 751, 757 (Bankr. D.S.C. 2006).

Debtors have had two bankruptcy cases dismissed within the past twelve months. 11 U.S.C. § 362(c)(4)(D)(i)(I). Therefore, the automatic stay was not imposed upon the filing of this case. 11 U.S.C. § 362(c)(4)(A)(i). By statute, this case was presumptively not filed in good faith. Debtors bore the evidentiary burden of rebutting this presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(4)(D); *In re Jones*, 667 B.R. 310, 312 (Bankr. D.S.C. 2025). They did not do so.

Debtors Motion sought two forms of relief. First, Debtors sought to impose a stay retroactive to the filing of this case. This is denied. 11 U.S.C. § 362(c)(4)(C) clearly prevents the Court from ordering any retroactive relief of this nature. Second, the Debtors sought to impose a stay as to all creditors for the duration of their case. This is also denied. Debtors failed to attend the hearing on the Motion[19] and prosecute it so there is no evidence to rebut the presumption of bad faith.

The hearing on the Motion is just one example of Debtors' broader pattern of

---

[19] The Motion cites to Debtors doing the bare minimum to maintain the case- paying the filing fee and timely filing schedules, statements, and Plan as evidence rebutting the presumption of bad faith. The Motion lacks a true account of why Debtors' previous cases were dismissed—it omits the Debtors' missteps, downplays their responsibility to comply with the Bankruptcy Code, and outright misstates the reason their case in Michigan was dismissed.

excuse, delay, and failure to take responsibility in the cases they have filed with this Court. Although they received notice of the hearing on the Motion thirty days in advance of the hearing, they failed to adequately plan so that they could attend the hearing when it started, blaming their tardiness on their drive and weather issues. Debtors attempted to shift their failures in their first case before this Court to the chapter 13 Trustee and their creditors.[20] None of these allegations were proven correct and the Court issued orders rejecting Debtors' attempt to blame the chapter 13 Trustee and their creditors for their failures in their first case.[21]

While not necessary to decide the matter due to Debtors' failure to prosecute and present evidence, the docket provides ample support that Debtors are not acting in good faith. Debtors are functionally unable to show a change in circumstances warranting another filing due to the dearth of information provided in their previous two cases. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Thomas*, 352 B.R. 751, 756-57 (Bankr. D.S.C. 2006) (noting the Court has considered whether a debtor has experienced a change in circumstances warranting a new case in determining whether the debtor has rebutted the presumption of bad faith). In their prior cases, Debtors provided no accounting of their income and their monthly expenses, no proposed plan or other data points that could help the Court understand whether Debtors could have successfully reorganized and whether they are in a better financial position. The Court has no baseline for Debtors' financial circumstances in their prior cases, and therefore cannot determine whether a substantial change in their overall

---

[20] Case No. 24-03611-JD, ECF Nos. 56, 59, and 77.
[21] Case No. 24-03611-JD, ECF Nos. 74 and 118.

circumstances has occurred.

Additionally, the Plan filed by Debtors is patently unconfirmable as it violates multiple provisions of the Bankruptcy Code. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Charles*, 334 B.R. 207, 220 (Bankr. S.D. Tex. 2005) ("If the newly-filed case is likely to result in another dismissal (whether voluntary or involuntary), then the newly filed case is likely not filed in good faith as to any non-consenting creditor."). As noted at the hearing, Debtors' Plan suffers from a long list of defects, including, but not limited to, its failure to treat secured creditors, to pay the Till interest rate of 9.00% to secured creditors,[22] to provide adequate information concerning Debtors' income and expenses such that the Court can determine whether Debtors' income will enable them to pay back their creditors as required by the Bankruptcy Code and to indicate whether the Debtor or Trustee will pay Debtors' unsecured creditors. The schedules and statements filed in this case are similarly unclear and insufficient.  Therein, Debtors attempt to shield practically all property by claiming exemptions that appear improper and fail to list in Schedule G executory contracts or leases attesting to the rental contracts that account for Ard's income. Ard also appears to take a position regarding Zeidman's Jewelry that is inconsistent with her allegations in *Ard v. Zeidman's Jewelry & Loan of Southfield* (*In re Ard, et. al.*), Ch. 13, Case No. 24-03611-JD, Adv. No. 25-80005. The Court has significant questions about the feasibility of the proposed Plan based on Debtors' schedules and statements. There is no indication that the Plan has a reasonable likelihood of success. This Order provides Debtors

---

[22] *See*, Interest Rate in Chapter 13 Cases, United States Bankruptcy Court for the District of South Carolina (July 24, 2024), https://www.scb.uscourts.gov/news/interest-rate-chapter-13-cases-1.

with notice that they must amend their Plan to comply with the Bankruptcy Code no later than 28 days before the scheduled confirmation hearing on June 25, 2025, in order to have a plan considered.

Finally, Debtors filings indicate a lack of candor. *In re Thomas*, 352 B.R. at 756 (noting the Court has also considered a debtor's honesty in representing facts when determining whether the debtor has rebutted the presumption of bad faith). Debtors' Reply misstates the holding of cases cited therein. For example, Debtors assert *In re Love*, 957 F.2d 1350 (7th Cir. 1992) holds that "[c]reditor interference (e.g., unlawful repossession) justifies stay protection to preserve reorganization efforts." *In re Love* holds nothing of the sort, and in fact bears striking similarities to this case. The Seventh Circuit affirmed the bankruptcy court's dismissal of a chapter 13 case for lack of good faith. *Love*, 957 F.2d at 1362. The Court noted during the hearing that such a material misrepresentation would be grounds for sanctions under Fed. R. Bankr. P. 9011(b) if an attorney had filed the Reply.

However, this case and Debtors' opportunity for a fresh start are not without hope. Debtors have amassed real estate holdings that rival their prodigious accumulation of unsecured debt. According to the schedules, there is substantial equity in their properties to pay their unsecured creditors in full. That said, Debtors have not demonstrated a reasonable likelihood of moving this case forward to confirmation. There appears to be cause under 11 U.S.C. § 1307 to either convert this case to chapter 7 or, pursuant to 11 U.S.C. § 105, to dismiss this case to bar further refiling for a two-year period as to chapters 11, 12, and 13 should Debtors fail to

10

obtain confirmation of a plan on June 25, 2025. Debtors are provided with notice that the Court will consider, on its own motion, whether this case should be dismissed to bar further refiling or should be converted on July 2, 2025, at 10:00 AM. Should Debtors seek to voluntarily dismiss this case, Debtors are provided notice that the Court may condition such dismissal to bar the refiling of a further case under chapters 11, 12, or 13 for a period of two years.

**NOW THEREFORE, IT IS ORDERED**

The Motion is denied with prejudice as to Debtors;

The automatic stay imposed under 11 U.S.C. § 362(a) is confirmed to have not been effective upon the filing of this case and there is no stay in effect in this case; and

A hearing on whether this case should be dismissed to bar further refiling or converted to chapter 7 shall be held on July 2, 2025, at 10:00 AM at the United States Bankruptcy Court, 145 King Street, Suite 225, Charleston, SC 29401.

**AND IT IS SO ORDERED.**