## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **IN RE:** | **CHAPTER 13** |
| **JACQUELINE ELIZABETH ARD, AND TERRY FRANK NICOLA,** | **Case No.  25-01384-JD** |
| **Debtors.** | **NOTICE OF MOTION AND OPPORTUNITY FOR HEARING** |

### NOTICE OF HEARING ON MOTION TO CONVERT DEBTOR'S CASE TO CHAPTER 7, OR ALTERNATIVELY, TO DIMISS THE DEBTOR'S CASE WITH PREJUDICE FOR TWO YEARS

Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Movant") has filed papers with the Court seeking to convert the Debtor's case to a case administered under Chapter 7 or dismissal of the case pursuant to 11 U.S.C. §1307(c).

**<u>Your rights may be affected</u>.  You should read the papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to convert the above-referenced Chapter 13 case to Chapter 7 case, or you want the Court to consider your views on the Motion, then within **21 days** of service of this notice, you or your attorney must:

File with the Court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return or objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send a copy to:

J. Ronald Jones, Jr.
Smith Debnam Narron Drake Saintsing
& Myers, LLP
171 Church Street, Suite 120C (29401)
Post Office Box 22795
Charleston, SC 29413

Attend the hearing scheduled to be heard on July 23, 2025, at 10:30 am at 245 King Street, Room 225, Charleston, SC 29401.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

<div style="margin-left: 40%;">

*s/ J. Ronald Jones, Jr.*
J. Ronald Jones, Jr.
District Court No. #5874
Smith Debnam Narron Drake Saintsing
& Myers, LLP
171 Church Street, Suite 120C (29401)
Post Office Box 22795
Charleston, SC 29413
Telephone: (843) 714-2533
Attorney for Creditor

</div>

June 3, 2025

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

JACQUELINE ELIZABETH ARD, AND
TERRY FRANK NICOLA,

            **Debtors.**

**CHAPTER 13**

**Case No.  25-01384-JD**

## MOTION TO CONVERT DEBTOR'S CASE TO CHAPTER 7, OR ALTERNATIVELY, TO DISMISS THE DEBTOR'S CASE WITH PREJUDICE FOR TWO YEARS

NOW COMES Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Movant"), by and through undersigned counsel, pursuant to 11 U.S.C. §1307(c) and hereby moves the Court to convert the case to a Chapter 7 case, or alternatively, to dismiss the case with prejudice for two years. The Court has jurisdiction of this case and this proceeding. This proceeding is a core proceeding, and the Court has the authority to enter a final judgment in this matter. 28 U.S.C. §§1334, 157(b); Local Civil Rule 83.IX.01 (D.S.C.). In support of this Motion, the Movant states the following:

1.      The Debtors filed a voluntary petition for relief pursuant to Chapter 13 on April 10, 2025, commencing the current case.

2.      Movant is a duly organized horizontal property regime and/or owners association operating as a nonprofit corporate entity under the laws of the State of South Carolina, is authorized to do business in Beaufort County, and is charged with administering the affairs of the Spa on Port Royal Sount Horizontal Property Regime in the Town of Hilton Head Island, Beaufort County,

South Carolina.

3.     Debtors own real property located at 239 Beach City Road, Apartment #3218, Hilton Head Island, South Carolina 29926 (the "Property").

4.     Movant initiated foreclosure proceedings regarding the Property on September 25, 2023 (*See* C/A # 2023-CP-07-01818), due to unpaid assessments, fines, late charges, and/or other valid charges on their account.  Movant was granted an Order of Judgment and Foreclosure on September 11, 2024, in the amount of $31,084.41.  The Order of Judgment and Foreclosure is attached hereto as **Exhibit "A"** and incorporated herein by reference.

5.     Movant's first attempt to sell the Property at public auction was set and noticed for October 7, 2024.  That sale was stayed by the filing of the Debtors' first Chapter 13 filing in this District on October 4, 2024.  The case was dismissed on November 21, 2024, pursuant to 11 U.S.C. § 521(i)(2) for failure to file required documents.  *See In re Jacqueline Elizabeth Ard and Terry Frank Nicola,* Case No. 24-03611, ECF No. 46.

6.     Movant's second attempt to sell the Property at public auction was set and noticed for February 3, 2025.  Debtors filed a Chapter 13 Bankruptcy in the Eastern District of Michigan on January 31, 2025. This case was dismissed on March 3, 2025. The Court's order granting dismissal was based on Debtors' failure to file required documents including Schedules A-J, a Chapter 13 Plan, Statement of Financial Affairs, and Statement of Current Monthly Income. *See In re Jacqueline Elizabeth Ard and Terry Frank Nicola,* C/N 25-40952-MLO, U.S. Bankruptcy Court for the Eastern District of Michigan, ECF No. 64.

7.     Movant's third attempt to sell the Property at public auction was set and noticed for April 7, 2025.

8.      Debtor Jacqueline Ard filed an Emergency Motion to Stay Foreclosure and Vacate Judgment in the state court action on April 1, 2025. An emergency hearing was held on April 3, 2025, whereby the state court denied the Motion to Stay Foreclosure and Vacate Judgment, finding that Debtor provided no evidence to support her position and allowing Creditor to proceed with foreclosure.  The Order denying the Motion to Stay Foreclosure and Vacate Judgment is attached hereto as **Exhibit "B"** and incorporated herein by reference.

9.      Debtor Jacqueline Ard then filed a Notice of Appeal and Emergency Motion to Stay on April 7, 2025, further delaying Creditor from its just state court remedy.  The sale has not been stayed as the Appellants have not posted the required bond to stay actions involving foreclosure sales.

10.     The current case was filed on April 10, 2025, which effectively stayed the foreclosure sale and the Debtors also filed a Motion to Impose the Automatic Stay Under 11 U.S.C. § 362(c)(3).[1]

11.     The Motion to Impose the Automatic Stay was denied and the Court entered an Order on May 23, 2025. ECF No.  57 ("Stay Order"). The Debtors have appealed the Order denying the Motion.

12.     The Stay Order indicates that "the docket provides ample support that the Debtors are not acting in good faith" and the Movant asserts that the actions of the Debtors in the cases filed in this District before and after entry of the Stay Order constitute further evidence of the same.

13.     Section 1307(c) provides that after notice and a hearing, the Court may convert a case under Chapter 13 to one administered under Chapter 7 for cause.  The Code requires a showing of "cause" and, if found, the Court must determine whether it is in the best interests of

---

[1] The Debtors Motion cites 11 U.S.C. §362(c)(3) as the basis for the Motion.  As this is a third filing, the applicable Code provision is §362(c)(4).

the creditors and the estate to convert or dismiss the case. *See In re Blackmon*, 628 B.R. 804, 808

(Bankr. D.S.C. 2021).

14.    "Cause" includes eleven (11) non-exclusive factors or reasons which can serve as

the basis for conversion or dismissal of the case. *See In re Smith*, 418 B.R. 160, 162 (Bankr. D.S.C.

2009.)

15.    "Bad faith, which includes filing inaccurate or misleading schedules, is sufficient

cause to dismiss or convert a chapter 13 case pursuant to 11 U.S.C. 1307(c)." *In re Loper*, 2009

Bankr. LEXIS 1685, C/A No. 08-0364608-03646-jw, slip op., *7 (Bankr. D.S.C. February 18,

2009).

16.    The Stay Order which specifically found that the Debtors had failed to demonstrate

that the filing of the current case was in good faith also finds numerous other actions by the Debtors

in the nature of "excuse, delay, and failure to take responsibility in the cases they have filed with

this Court." *See Stay Order* at. p. 8.

17.    A review of the cases filed by the Debtors indicate that the Debtors have received

numerous extensions of time to file Schedules, a Chapter 13 Plan and other required documents in

each of the three cases, facts that also indicate a lack of good faith.

18.    The Stay Order also rejected the Debtors assertion that "the Court can determine

by examining the Debtors' efforts to comply with bankruptcy requirements, the circumstances of

their prior dismissals and the Debtors' overall conduct" finding that these statements were

inaccurate and effectively disingenuous. ECF No. 57, p. 3-5.

19.    The Stay Order also notes that the "Motion lacks a true account of why the Debtors'

previous cases were dismissed – it omits the Debtors' missteps, downplays their responsibility to

comply with the Bankruptcy Code, and outright misstates the reason their case in Michigan was

dismissed." ECF No. 57, p.7, fn. 19.

20.     Finally, the Court found the proposed Chapter 13 Plan filed by the Debtors to be "patently unconfirmable as it violates multiple provisions of the Bankruptcy Code" which "suffers from a long list of defects including the failure to treat secured creditors" such as the Movant. *Id.* at p. 9.

21.     These facts support a finding that this case as well as the previous cases were not filed in good faith, but clearly show a pattern of abuse of the Code and Rules.

**WHEREFORE**, and for the reasons set forth above, Spa on Port Royal Sound Horizontal Property Regime, Inc., respectfully requests that the Court convert the Chapter 13 case to a case administered under Chapter 7 or dismiss the case with prejudice for a period of two (2) years and grant such other and further relief as the Court deems fair and equitable.

Respectfully submitted this 3rd day of June, 2025.

<div style="text-align:center">

*s/ J. Ronald Jones, Jr.*
J. Ronald Jones, Jr.
District Court No. #5874
Smith Debnam Narron Drake Saintsing
& Myers, LLP
171 Church Street, Suite 120C (29401)
Post Office Box 22795
Charleston, SC 29413
Telephone: (843) 714-2533

Attorney for Movant

</div>

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE 14TH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | ) CIVIL ACTION #: 2023-CP-07-01818 |
| | ) |
| Spa on Port Royal Sound Horizontal | ) |
| Property Regime, Inc.. | ) |
| | ) |
| Plaintiff, | ) **Special Referee's Decree of Judgment** |
| | ) **and Foreclosure ($31,084.41)** |
| vs. | ) |
| | ) |
| Jacqueline E. Ard, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to the Order of Reference entered herein on August 21, 2024, this case has been referred to me, as Special Referee for Beaufort County, for a foreclosure hearing located at Mutterer Law Firm, 5 Red Cedar Street, Suite 102, Bluffton, South Carolina on September 10, 2024 at 9:00 AM. For the Plaintiff herein, Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Association"), was Scott M. Wild, attorney for the Association. Christine Phillips, agent for the Association, appeared via Affidavit. Defendant Jacqueline E. Ard was was not present.

Having heard the uncontroverted pleadings in this case, I make the following findings of facts and conclusions of law:

1. The Association filed a Summons & Complaint, *Lis Pendens*, Certificate of ADR Exemption, and Certificate of Compliance with the CARES Act (hereinafter, collectively the "Complaint") in this matter with the Office of the Clerk of Court for Beaufort County, South Carolina on September 25, 2023 seeking foreclosure of certain real property located in Beaufort County, South Carolina (hereinafter referred to as the "Property").

EXHIBIT
A

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

2.      The Association caused Janny Stidham, licensed private investigator, to personally serve Jacqueline E. Ard with the Complaint at 663 William Hilton Parkway, #4408, Hilton Head Island, SC 29928 on or about April 28, 2024. An Affidavit of Service evidencing said service is of record with the Office of the Clerk of Court for Beaufort County, South Carolina as of April 30, 2024.

3.      Jacqueline E. Ard (hereinafter, "Ard") has not filed an Answer to the Complaint.

4.      No party has raised any issues related to the Association's standing to prosecute this action.

5.      On August 21, 2024 upon the Association's application, this Court signed an Order referring this matter to a Special Referee for Beaufort County, South Carolina.

6.      The Association, by and through its counsel, notified Defendant of the time, date, and place of the foreclosure hearing in this matter by U.S. First Class Mail on August 27, 2024, which notice and corresponding Certificate of Service are of record with the Office of the Clerk of Court for Beaufort County as of August 27, 2024.

7.      The Association is a duly organized horizontal property regime and/or owners' association, operating as a not-for-profit corporate entity charged with administering the Master Deed of The Spa on Port Royal Sound Horizontal Property Regime dated August 30, 1984 and recorded in the Beaufort County Records in Book 402 at Page 629, and all further amendments thereto (hereinafter collectively referred to as the "Master Deed"), which applies to the Spa on Port Royal Sound Horizontal Property Regime, Inc. (hereinafter, the "Community").

8.      From April 29, 2021 to present, Defendant has owned the Property, as evidenced by the Warranty Deed recorded on May 24, 2021 with the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 4115 at Page 2897, and which is more particularly described as follows:

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS = :        R510-005-000-008B-3218

Address:        239 Beach City Road, Apt. 3218
                Hilton Head Island, SC 29926

9.    Defendant is still the record owner of this Property.

10.    Said Property is subject to all provisions, restrictions, conditions, and affirmative obligations contained in the Master Deed, and which has been in full force and effect at all times herein.

11.    Association fees and insurance fees were established and are applied against each and every lot in the Community for the purpose of obtaining insurance coverage and paying such expenses incurred in operating, maintaining, altering, modifying, improving, repairing, and replacing the common elements of the Community in accordance with the Master Deed.

12.    That upon the purchase of said Property, Defendant became personally obligated to pay all assessments, fines, charges, levies, and demands of the Association intended for use on the common elements and that said obligations operate as a lien against the property for non-compliance with the Master Deed.

13.    According to the Master Deed, Defendant is/are responsible for all Association fees, late fees, and administrative fees that accrued prior to its purchase of the Property and which

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP010701818

accrued and will continue to accrue as determined by the Master Deed, plus attorney fees under the Master Deed in association with collection on this account, and costs of this action in accordance with the same, since its purchase of the Property.

14.    The installments of monthly Association fees, late fees, legal fees, collection costs, insurance assessments, and other charges to this account have not been made as required under the terms and conditions of the Master Deed, and the Association has been required to place the same into the hands of its attorney for collection.

15.    The Association has made numerous demands upon Defendant to pay said delinquent account for monthly regime dues, insurance charges and periodic assessments, costs of collection and attorney fees, but Defendant has failed and continues to fail to pay the sums due the Association.

16.    The Association has performed all of its obligations and requirements to accelerate the balance and Defendant received all notices to which he / she / it / they is / are entitled under law.

17.    On March 16, 2022, the Association filed a lien against the Property in the Office of the Register of Deeds for Beaufort County, South Carolina in Official Lien Book 151 at Pages 0902-0905 (the "Lien").

18.    The amounts due and owing to the Association, exclusive of attorney fees, expenses, and court costs, in connection with the Property as described in this Order, by Defendant is Twenty-Six Thousand Six Hundred Seventy-Five and 52/100th Dollars ($26,675.52), including unpaid monthly regime fees, late fees, insurance assessments, and other charges; and is itemized as set out on the statement incorporated into the Record of Testimony and Verified Statement and Affidavit of Debt as an Exhibit, which is incorporated herein.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

19.    In addition to the amounts due under the Master Deed, I have considered the time and labor involved by Scott M. Wild of The Law Offices of Scott M. Wild, LLC for the Association; the skill required to perform the services necessary in this action; the amount involved; the results obtained; the skill, experience, reputation and ability of the attorneys; and being familiar with the customary fees for like services in Beaufort County, South Carolina. I find that the sum of Two Thousand Four Hundred Eight and 89/100ths Dollars ($2,408.89) is a reasonable sum to allow for court costs, expenses and attorney fees charged through September 1, 2024, and further, that the sum of Two Thousand and NO/100ths Dollars ($2,000.00) is a reasonable sum to allow for the work necessary to conclude this action, including additional attorney fees, court costs, and expenses as set out in the Affidavit of Attorney Fees filed with this Court.

20.    The Association has not waived its right to seek a deficiency judgment against Defendant and seeks foreclosure of its Lien, though reserves the right to waive the same at or prior to sale.

21.    The Association seeks judgment of foreclosure on its lien rights and a judgment for a breach of the Master Deed.

22.    Any party claiming an interest in the Property is entitled to notice of the disposition of any surplus funds generated by the sale of this Property in accordance with Rule 71 of the *South Carolina Rules of Civil Procedure* and custom of this Court.

23.    There is a substantial likelihood that the property involved in this action is owner-occupied. Therefore, before a sale shall be scheduled, the Plaintiff shall comply with the following:

a.    A Rule to Show Cause shall be prepared, executed and served personally on the primary Defendant(s) within sixty (60) days of this Order. The Rule shall order that the Defendant(s) appear at the stated date and time and show cause, if they can, why the property should not be sold for the reasons articulated in this Order. The Rule to Show Cause together with

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

a copy of this Order shall be personally served on the primary Defendant(s) by a Beaufort County Sheriff's Deputy. **No other form of service shall be effective.** If the Defendant(s) fail to appear as ordered and/or otherwise fail to show cause, a sale shall be scheduled.

**BASED UPON THE ABOVE FINDINGS AND CONCLUSIONS, IT IS ORDERED, ADJUDGED AND DECREED:**

A.  The debt Defendant owe(s) the Association in connection with the Property as referenced above and within this Thirty-One Thousand Eighty-Four and 41/100ths Dollars ($31,084.41), consisting of principal, interest, late fees, fines, costs of collection, court costs, expenses and attorney fees, and the Association shall have a money judgment against Defendant in that amount.

B.  The amount of this judgment shall be subject to any additional attorney fees and costs incurred by the Association that exceed the amount allotted above.

C.  Should the Association be forced to pay any past due taxes on the Property before the foreclosure sale of the Property, those amounts shall be added to this judgment.

D.  Pursuant to Paragraph 23, the Lien of the Association shall be foreclosed and Defendant, and anyone claiming by, through or under him/her/it/them, shall be barred of any right, title, interest in, lien upon, or equity of redemption in or to the subject premises except those parties holding superior liens.

E.  Should Defendant not show adequate cause, the subject Property be shall be sold by the Special Referee for Beaufort County, South Carolina, at public auction at Mutterer Law Firm in Bluffton, South Carolina, after due advertisement according to law, on the first available sales day after entry of this Order (and should the regular sales day fall on a legal holiday, the sales day shall be on the Tuesday next following the legal holiday or the next

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

day thereafter, or upon such other date as I may designate, upon the following terms, to wit:

a. For cash, and the Special Referee will require a deposit of five (5%) of the bid amount, in cash or its equivalent, the same to be applied to the purchase price only upon compliance with the bid, but in the case of non-compliance with the bid within thirty (30) days from the date of the bid, the same shall be forfeited and applied to the debt.

b. If, upon such sale being made, the high bidder shall fail to comply with the terms of the bid within thirty (30) days of making the bid, the Special Referee may advertise the premises for sale at some subsequent sales day, at the risk of the former bidder, and so on from time to time until compliance with a bid shall be achieved;

c. If the Association is the successful bidder at the sale, however, for a sum not exceeding the cost of sale and the indebtedness on the Property to the Association, in full, the Association may pay unto the Special Referee only the amount of costs, crediting the balance on the Association's bid on the indebtedness found to be owing by Defendant to the Association;

d. The Association has expressly reserved its right to seek a deficiency judgment against Defendant, which right may be waived at any time in writing until the Property is held up for sale, including at the sale of the Property, and therefore the bidding shall remain open for a period of thirty (30) days;

e. It is a condition of the sale that the sale shall not occur if the Association or its attorney is not present at the sale;

f. The Purchaser at said sale, other than the Association, shall pay any and all recording fees, commissions, and any applicable State, County or Municipal documentary stamp or transfer fee expense; and

g. The Special Referee shall, upon compliance with the terms of the Purchaser's bid, issue a good and sufficient title and Deed to the premises and Property sold pursuant to that Order.

h. The sale shall be subject to any real property taxes or special assessments that are due and owing as of the date of the sale, as well as any liens superior to the Lien of Association hereby foreclosed.

i. Defendant is are permitted to redeem the Property by paying the judgment amount, plus all additional costs, before the judicial sale of this Property.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

F.   The full amount of this judgment shall carry interest at the statutory rate of twelve and one-half *per cent* (12.50%) per annum, or the then-prevailing statutory judgment rate, until compliance with the successful bid is made.

G.   The proceeds from the sale should be applied as follows:

    a.   To the payment of the costs and expenses of the sale, including the Special Referee's fee; then

    b.   To the satisfaction of Defendant' judgment debt to the Association, and attorney's fees, or so much thereof as the purchase money will pay of the same; then

    c.   The surplus, if any, will be held for distribution pursuant to further order of the Court.

H.   Upon making the sale of the Property, and upon the execution and delivery to the purchaser or purchasers of a Deed(s) to the Property, said purchaser or purchasers shall be let into possession of the Property upon production of the deed(s); and further that upon request of the holder of the Deed(s), the Sheriff of Beaufort County shall put the holder of the Deed(s) into possession of the premises. In addition, the purchaser shall be entitled to have said Sheriff place any items, not including fixtures, left in the Property onto the street or public way immediately adjacent to the Property.

I.   The obligation to pay fees to the Association ran with the Property prior to Defendant acquiring an interest and Defendant took title subject to that obligation, such that the Homestead Exemption would not apply.

J.   That the fines assessed against Defendant are valid.

K.   The Association may waive its right to deficiency judgment in writing at any time in writing up to or at the sale.

L.   This Court retains jurisdiction to hear any issues related to Defendant' ejectment from the Property or the ejectment of his tenant(s)

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP017018018

M. This Court shall retain jurisdiction to finalize all matters in this case.

N. That, in addition to all notices to the property owner(s) which are required by SCRCP or other law, in a case involving property owner's SCRCP 55 default, or any other case or circumstance where property owner(s) would not ordinarily receive a copy of the Order of Foreclosure and/or Notice of Sale, the party seeking foreclosure (Foreclosing Party) shall within 5 (five) days of execution of this Order cause this Order and the Notice of Sale (if available) to be served by US Mail upon said property owner(s).

    a. An affidavit of such service shall be filed with the Clerk of Court expeditiously.

    b. In cases where the Notice of Sale is executed later in time than the Order, service shall be accomplished separately, and shall be sent no later than 5 (five) days from receipt by the Foreclosing Party.

**AND IT IS SO ORDERED.**

_____
Jannine M. Mutterer, Esq. Special Referee
for Beaufort County, South Carolina

Beaufort, South Carolina,

This 11th day of September, 2024.

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

FORM 4

| STATE OF SOUTH CAROLINA | JUDGMENT IN A CIVIL CASE |
| COUNTY OF BEAUFORT | |
| IN THE COURT OF COMMON PLEAS | CASE NO. 2023-CP-07-01818 |

| | |
|---|---|
| Spa on Port Royal Sound Horizontal Property Regime, Inc. | Jacqueline E. Ard |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|

Submitted by: Scott M. Wild, LLC

Attorney for : ☒ Plaintiff   ☐ Defendant
or
☐ Self-Represented Litigant

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.
Additional Information for the Clerk: The property which is the subject of this action shall be sold at public sale pursuant to the Master's Decree of Foreclosure, Sale and Judgment.

## INFORMATION FOR THE JUDGMENT INDEX

Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.

| Judgment in Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount To be Enrolled (List amount(s) below) |
|---|---|---|
| Spa on Port Royal Sound Horizontal Property Regime, Inc. | Jacqueline E. Ard | $31,984.11 |

If applicable, describe the property, including tax map information and address, referenced in the order:

ELECTRONICALLY FILED - 2024 Sep 11 9:48 AM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ALL that certain condominium unit situate, lying and being on Hilton Head Island, Beaufort County, South Carolina, known as APARTMENT #3218, THE SPA on PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, a Horizontal Property Regime established pursuant to the South Carolina Horizontal Property Act, Title 27, Chapter 31, Code of Laws of South Carolina (1976), and submitted by Master Deed dated August 22, 1983, and recorded August 30, 1984, in the Office of the Register of Deeds for Beaufort County, South Carolina in Deed Book 402 at Page 629, and the First Amendment to the Master Deed of the Spa on Port Royal Sound Horizontal Property Regime dated September 25, 1985 and recorded September 26, 1985, in Deed Book 430 at Page 1570 in said Office of the Register of Deeds for Beaufort County, South Carolina, as further amended thereafter.

TMS =  :     R510-005-060-008B-3218

Address:     239 Beach City Road, Apt. 3218
             Hilton Head Island, SC 29926

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk.
**Note:** Title abstractors and researchers should refer to the official court order for judgment details.
**E-Filing Note:** In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.

_____                          2098              9/11/24
Special Referee                                Judge Code           Date

## For Clerk of Court Office Use Only

This judgment was entered on the           day of          , 20      and a copy mailed first class or
placed in the appropriate attorney's box on this           day of          , 20      to attorneys of record or
to parties (when appearing pro se) as follows:

Scott M. Wild, LLC
P.O. Box 6867
Hilton Head Island, SC 29938
**ATTORNEY(S) FOR THE PLAINTIFF(S)**                   **ATTORNEY(S) FOR THE DEFENDANT(S)**

                                                       **CLERK OF COURT**

## Court Reporter:

**E-Filing Note:** In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

_____
_____
_____
_____
_____

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

FORM 4

**STATE OF SOUTH CAROLINA**
**COUNTY OF** BEAUFORT
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.** 2023-CP-07-01818

Spa on Port Royal Sound Horizontal Property Regime, Inc.

Jacqueline E. Ard

PLAINTIFF(S)

DEFENDANT(S)

**DISPOSITION TYPE (CHECK ONE)**

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled): ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court:

The Defendant, Jacqueline E. Ard's Emergency Motion to Stay Foreclosure Sale Immediately, To Vacate Default Judgment, And to Disqualify Special Referee Due to Bias, Procedural Defects and Improper Service was filed on April 1, 2025. The matter was heard via Zoom on April 3, 2025.

Defendant's Motion to Disqualify Special Referee. Defendant did not file supporting affidavits or exhibits. The legal standard for recusal provides that the decision to recuse is determined solely by the trial judge. A judge's impartiality is not questioned when the factual findings are supported by the record. It is not enough for a party to simply allege bias; a party seeking disqualification of a judge must show evidence of bias or prejudice. Roper v. Dynamique Concepts, Inc, (1994) 316 S.C. 131, 139. The decision in this matter was based solely on the information presented in the case and the Defendant did not provide extrinsic evidence of bias or prejudice. The Defendant's Motion to Disqualify Special Referee is DENIED.

Defendant's motion to Stay the Foreclosure Sale and Vacate the Default Judgment. Defendant did not file supporting affidavits or exhibits. Defendant testified and the record reflects she was served with the Summons and Complaint on April 28, 2024 as required by SCRCP 4(c)(1). SCRCP Rule 3(1) provides an action is commenced upon filing the summons and complaint if service is made within the statute of limitations. The court finds the matter was commenced within this period. SCRCP Rule 3(a)(2) is inapplicable as the statute of limitations had not run in the action. Further, the Court finds Ms. Ard testified of her awareness of the action from at least April 28, 2024 and failed to file an appearance in the matter or appear at any hearing. Defendant provided no evidence of mistake, inadvertence, excusable neglect or of newly discovered evidence which due diligence could have discovered upon to relieve the Defendant from a final judgment under SCRCP Rule 60. Defendant's motion to Stay the Foreclosure Sale and Vacate the Default Judgment is DENIED.

Defendant's Motion to Sanction the plaintiff being substantive and outside of the scope of above referenced motions was not heard.



EXHIBIT
B

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.

Additional Information for the Clerk : _____

_____

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk.
**Note: Title abstractors and researchers should refer to the official court order for judgment details.**

_____          _____          4/3/25
Special Referee for Beaufort County              Judge Code              Date

## For Clerk of Court Office Use Only

This judgment was entered on the _____ day of _____ , 20 _____ and a copy mailed first class or placed in the appropriate attorney's box on this _____ day of _____ , 20 _____ to attorneys of record or to parties (when appearing pro se) as follows:

_____          _____
_____          _____
_____
**ATTORNEY(S) FOR THE PLAINTIFF(S)**          **ATTORNEY(S) FOR THE DEFENDANT(S)**

_____
**CLERK OF COURT**

**Court Reporter:** _____

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

_____

*******************************************

## FORM 4C INSTRUCTIONS—JUDGMENT IN A CIVIL CASE
### (Instructions for Information Only-Not to be filed with Form 4C)

1. Form 4C-Judgment in a Civil Case has been modified to add order information and enrollment instructions for the clerk of court. The purpose of Form 4 has not changed with the exception that judgment information is provided when applicable.

2. Please note that the Form 4C must be attached to all orders that include information to enroll in the judgment index. The clerk will not be responsible for reading the order to determine enrollment information.

   The attorney or prevailing party will prepare and attach the Form 4C when submitting the proposed order that includes judgment enrollment information for the judgment index. The judge will review and sign Form 4C when he or she signs an order that includes judgment enrollment information for the judgment index.

3. Form 4C is not required to be submitted to the Court with orders that do not include information to enroll in the judgment index. If the clerk receives such an order without Form 4C attached, the clerk should enter and process the order pursuant to Rule 58 and Rule 77(d), SC Rules of Civil Procedure (i.e., the clerk should serve notice of entry of the judgment by mail or provide the attorneys with copies of the signed order by other means).

4. The "Information for the Judgment Index" section should be completed when the judgment affects title to real or personal property or if any amount should be enrolled. In the "Judgment in Favor of" column, enter the name of the party to whom the judgment is awarded. In the "Judgment Against" column, enter the name of the person to whom the judgment is against. The judgment amount to be enrolled should be noted in the "Judgment Amount" column. As necessary, describe any property referenced in the order if it is to be enrolled in the judgment index. If there is no judgment information to enroll, indicate "N/A" in one of the boxes in this section of the form.

5. To enter information to accommodate multiple parties, additional Form 4Cs may be used as necessary. Additional space may be inserted on the form as necessary.

6. The section "For the Clerk of Court Office Use Only" should be completed by the clerk as it has been with the previous version of Form 4.

7. If the matter is on appeal to the Circuit Court, then the parties on the form should be changed from Plaintiff and Defendant to Appellant and Respondent.

8. If an arbitrator prepares an order after arbitration, the arbitrator should strike through "Circuit Court Judge" and indicate "Arbitrator" in the signature block.

9. If a Special Circuit Court Judge, Master in Equity, or Special Referee prepares an order after hearing a Circuit Court matter, then he or she should strike through the title "Circuit Court Judge" below the signature line and indicate the appropriate title.

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

ELECTRONICALLY FILED - 2025 Apr 03 2:46 PM - BEAUFORT - COMMON PLEAS - CASE#2023CP0701818

10. When an Order of Foreclosure is filed, neither the parties or debt owed should be listed in the Information for the Judgment Index Section, unless the foreclosure order specifically requires entry of the full judgment amount before the foreclosure sale, pursuant to Section 29-3-650 of the SC Code.

11. If the deficiency judgment is waived in a Foreclosure action, indicate N/A in the "Judgment Amount To Be Enrolled" box.

12. Foreclosure actions should be ended by the Clerk of Court upon receipt of the Order of Foreclosure. Subsequent information, including deficiency judgments, can be added to the action after the case is ended. The Master in Equity should end the action in the MIE system upon the receipt of the Order of Foreclosure.

13. When judgment enrollment information is included in the Information for the Judgment Index Section (for example, when there is a deficiency judgment), only the parties who the judgment is for and against should be included in the Section. Subordinate parties and lienholders should not be included in the box if there is not a judgment amount specifically for or against them.

14. Form 4C is not required to be attached to Transcripts of Judgment and Confession of Judgment.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| IN RE: | CHAPTER 13 |
|---|---|
| **JACQUELINE ELIZABETH ARD, AND TERRY FRANK NICOLA** | Case No.  25-01384-JD |
| Debtors. | |

<u>CERTIFICATE OF SERVICE</u>

  I, the undersigned, do hereby certify that on today's date, I served on the persons below a copy of the foregoing Motion in the above-referenced case by either electronic mail in accordance with U.S. Bankruptcy Court, District of South Carolina, Operating Order 08-07, with respect to CM/ECF Participants, or depositing same in the United States Mail with sufficient postage affixed and addressed as follows, with respect to all other persons:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076
*Debtor*

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076
*Debtor*

James M. Wyman
Via CM/ECF
*Trustee*

US Trustee's Office
Via CM/ECF
*U.S. Trustee*

DATE: June 3, 2025

*s/ J. Ronald Jones, Jr.*
J. Ronald Jones, Jr.
District Court No. #5874
Smith Debnam Narron Drake Saintsing
& Myers, LLP
171 Church Street, Suite 120C (29401)
Post Office Box 22795
Charleston, SC 29413
Telephone: (843) 714-2533

Attorneys for Movant