UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard
Terry Frank Nicola

                                    Debtors.

Case 25-01384-JD

CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF
PLAN

Chapter 13

The Chapter 13 Trustee hereby objects to the Debtors' Plan, filed May 8, 2025, and to any other subsequently filed plan which does not meet the standards as indicated below.  The Trustee objects to the plan as it does not meet all of the requirements of 11 U.S.C. §§1322 and 1325.[1]

1.  Feasibility:   Step payments proposed to the Trustee fluctuate for the first year, beginning in May in the amount of $4,540.32, with an increase in July 2025 to $8,540.32 per month, then $6,540.32 beginning in October 2025, then $8,540.32 beginning in March 2026, then $10,540.32 in June 2026 (month 14 of the Plan term).  Debtors' net business income on Schedule I is listed as $13,429.01 per month, but their net business income during the six (6) month period before filing, is reported on the Statement of Current Monthly Income as about 10% of that amount, or  $1,385.94.   No explanation for the significant anticipated increase has been provided.   Trustee is unable to determine from the information filed with the Court whether the Debtors can meet their burden of proof that they "will be able to make all payments under the plan and to comply with the plan" as required by §1325(a)(6).

2.  The Trustee is unable to determine whether the funding of the plan at Part 2.1 is adequate, because he is unable to interpret the proposed treatment to creditors in the Plan, as follows:

(a) Debtors have provided no treatment for the secured claims of the following creditors listed on Schedule D:   Polly Nicola, The Spa on Port Royal Sound, and Hilton Head Resort.   For this reason, the Plan does not appear to meet the requirements of §1325(a)(5).

(b) None of the proposed treatments to creditors propose to pay the Till interest rate of 9%[2] as established by the Court.

(c) The proposed treatments for all secured creditors indicate the payment amounts as "pro rata" which does not meet the requirements of §1325(a)(5)(B)(iii)(I).

(d) Part 3.1:   Several creditors (county water/ taxes/ tax service) are listed in the schedules as holding priority unsecured claims, but treated in the plan at #3.1 as secured.   Further the treatment indicates no default, with Debtor paying directly, but schedules E/F

---

[1] Further references to the bankruptcy code will be by code section only.
[2] *SC Local Bankruptcy Rule 3015-6*,  *See*, Interest Rate in Chapter 13 Cases, United States Bankruptcy Court for the District of South Carolina (July 24, 2024), https://www.scb.uscourts.gov/news/interest-rate-chapter-13-cases-1.

indicate debt owed.   It  is unclear whether the budget provides for these creditors because none are named on Schedules I and J as filed.   Further, this treatment conflicts with the treatment in Part 4.1, which provides for payment in full in the plan for all priority claims, and which is required pursuant to §1322(a)(2).

(e) Parts 3.1(b), 3.2 and 3.3:   The treatment to creditors is unclear, incomplete, internally inconsistent, or inconsistent with the Schedules.  Specifically:

  (1) In Part 3.1(b), to West-Aircomm FCU ("West-Aircomm"),  Westlake Financial ("Westlake") and Norman Jewelry and Loan ("Norman"), the plan indicates that the Debtors will maintain contractual payments, and the Trustee will cure arrears.   The terms do not state the date through which the Trustee is to cure the arrears, to establish when the Debtors will resume payments.  The treatment to Norman is incomplete.

  (2) In Part 3.2, the treatment to Westlake conflicts with the treatment in #3.1(b), as it proposes that only the Trustee will pay the claim, and only the value of the secured claim, with the balance paid as unsecured.

  (3) In Part 3.3, the treatment to West-Aircomm conflicts with the treatment in #3.1(b), as it proposes that only the Trustee will pay the claim.    The eight (8) treatments for Zeidmans are incomplete.

  (4) In Part 3.3, the treatment to SC Department of Revenue as secured conflicts with the Schedules which lists the claim as priority, but in the amount of $0.00.

(f) Part 3.4:  Title Max has objected to the treatment of its claim.

(g) Parts 5.2 and 5.3:   Trustee objects to the separate treatment of any unsecured claims without specific information in the plan that meets the requirements of §1322(b)(1) to show that the separate class does not unfairly discriminate as to the other creditors in the class of general unsecured claims.  Debtors seek to separately classify 42 of the general unsecured claims, leaving all but 13 treated under Part 5.1.   The Trustee is unable to determine the intended treatment of claims because the information is incomplete.

  (1) In Part 5.2, Debtors propose to pay certain claims, listing the payment as "Pro-Rata" – no budget containing these debts has been filed, and the meaning of that phrase is unclear in this context.

  (2) In Part 5.3 the Debtors do not propose whether the claims will be paid by the debtors or trustee, and the "basis for separate classification and treatment" is "Other".

(h) Part 8.1:  The treatment for NationStar as conduit is incomplete as the terms do not provide a payment amount for the Gap and prepetition arrears.

3.  The Trustee is unable to fully review the financial position of the Debtors:

   a.  No evidence of income has been filed with the Court to date.  Schedule I specifically requires that the Debtors "Attach a statement *for each property and business* showing *gross receipts, ordinary and necessary business expenses*, and the total monthly net income" (emphasis added) relating to the income from business.   The information filed is incomplete.

   b.  Schedules A/B[3] do not appear to accurately provide the values of the Debtors' interests in property.   All of the real property in Part 1 is listed as owned by "at least one of the debtors and another" but without indicating who the non-debtor owner might be, or what share of the assets is owned by the Debtors, but all list that the "Current value of the portion you own" is only 50% of the stated value of the asset.   Similarly, a significant amount of the personal property is listed with values[4]  that are 50% of the stated calculations of values in the descriptions of the assets.   As to the real property, the county databases to which the Trustee has access appear to show that the property is only titled in either Ard or Ard and Nicola, but no other persons.

   c.  Many of the exemptions claimed on Schedule C[5] cite a code section that Trustee is informed and believes relates only to property held by partnerships, but Debtors list no partnership interests in Schedules A/B #19 and 42, only LLCs in #19.

   d.  No tax returns for Mrs. Ard have been provided to the Trustee.  Only 2021 tax returns for Mr. Nicola have been provided.   The Debtors are not yet in compliance with §1308(a), and unless they can provide evidence that all tax returns have been filed for all taxable periods ending during the 4-year period ending on the date of the petition, Trustee objects, pursuant to §1325(a)(9).

        NOW, THEREFORE, Trustee asks that confirmation of the plan be denied, that no request for additional time to file a confirmable plan be granted, and that the case dismissed or converted, at the Court's discretion.


This day, June 4, 2025

/s/ James Wyman
James Wyman, Trustee Dist Ct ID 5552
Beth Renno, Staff Attorney Dist Ct ID 5627
Office of the Chapter 13 Trustee
P.O. Box 997
Mt. Pleasant, SC  29465-0997
Tel. (843) 388-9844
13office@charleston13.com

---

[3] ECF No 23
[4] listed on the continuation pages, starting at page 15 of 48
[5] ECF No 23

IN RE:

Jacqueline Elizabeth Ard
Terry Frank Nicola

                                    Debtors.

Case 25-01384-JD

CERTIFICATE OF SERVICE
OF CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF PLAN

Chapter 13


I hereby certify that I have served the foregoing via U.S. Mail, postage attached, to the following:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr
Southfield MI 48076

Terry Frank Nicola
21215 Dartmouth Dr
Southfield MI 48076


This day, June 4, 2025

/s/ Beth Renno
Beth Renno
Office of the Chapter 13 Trustee