# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **25-01384-jd**

## Order Granting Objection to Exemptions

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/24/2025**



*signature: L. Jefferson Davis IV*

US Bankruptcy Judge
District of South Carolina

Entered: 07/24/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: | Case 25-01384-JD |
|---|---|
| Jacqueline Elizabeth Ard<br>Terry Frank Nicola | ORDER GRANTING<br>OBJECTION TO EXEMPTIONS |
| Debtors. | Chapter 13 |

This matter comes before the Court on the Objection by the Chapter 13 Trustee to the exemptions claimed by the Debtors.  The Notice of Hearing and Chapter 13 Trustee's Objection to Exemptions were filed and served on June 4, 2025, indicating that a response, return or objection must be filed within twenty-one (21) days from the date of service of the Notice.  The deadline to file a response has now passed, and no response has been filed.  Despite the Debtors' failure to respond, a hearing was held on July 23, 2025, pursuant to Fed. R. Bankr. P. 4003.  The Debtors did not appear.[1]  The Court finds that the basis for the Objections is sufficient to deny the exemptions as follows:

1. Exemptions claimed under SC Code Ann §33-41-720(2)(c), because the code section is not an exemption statute, and because the code section applies to partnership property.  Debtors do not list any interests in partnerships in the Schedules (in Schedule A/B #19 or 42), but do list interests in two LLCs.

2. Exemptions claimed pursuant to SC Code Ann §15-41-30(A)(1)(a), as the Debtors to not appear to have a principal residence.  Debtors assert interests in nine (9) parcels of real estate, and assert six (6) of those interests as either 'domicile' or 'second home.'

3. Exemptions claimed under SC Code Ann §15-41-30(a)(2)(3) and (4), as it appears that the majority of the assets claimed as exempt are not "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor" and the total values exceed the allowed amount of those exemptions.

4. Exemptions claimed under SC Code Ann §15-41-30(a)(7) because it does not appear that the Debtors have unused exemptions under items (1) through (6) to

---

[1] Debtors filed an "Emergency Motion for ADA Accommodation and Request for Continuance of Hearing on Trustee's Objection to Exemption Scheduled for July 23, 2025" at 5:35 a.m., the morning of the hearing. The Court ruled from the bench that all requested relief would be denied and a separate Order was entered to that effect.

        which the "wildcard" exemption might apply.

5. Exemptions claimed under any SC Code section, as it appears that the applicable law pursuant to 11 U.S.C. §522(b)(3)(A) would not be South Carolina, unless the Debtors lived in South Carolina for the 180 days immediately preceding the 730 day period immediately preceding the date of filing the petition. The information regarding their domicile(s) during this period is not fully disclosed on the Statement of Financial Affairs #2 (ECF No 28) and Debtors' petition indicates that Debtors did not reside in South Carolina during the 180 day period prior to filing this case.

6. Exemptions claimed under SC Code Ann §15-41-30(a)(14) and 11 U.S.C. §522(b)(3)(C), as the assets are not described as ERISA qualified, or exempt from taxation under any section of the Internal Revenue Code.

NOW, THEREFORE, upon good cause shown, as indicated above, the following exemptions are denied:

1. Exemptions claimed under SC Code Ann §33-41-720(2)(c)

2. Exemptions claimed pursuant to SC Code Ann §15-41-30(A)(1)(a)

3. Exemptions claimed under SC Code Ann §15-41-30(a)(2)(3) and (4)

4. Exemptions claimed under SC Code Ann §15-41-30(a)(7)

5. Exemptions claimed under any SC Code section.

6. Exemptions claimed under SC Code Ann §15-41-30(a)(14) and 11 U.S.C. §522(b)(3)(C)

AND IT IS SO ORDERED.