UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

Filed By The Court
08/20/2025 10:55 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

In re:

Jacqueline Elizabeth Ard and
Terry Frank Nicola,
          Debtors.

Case No: 25-01384

Chapter 13

**MOTION TO RECUSE
JUDGE L. JEFFERSON DAVIS IV
FOR BIAS, PREJUDICE, AND
ABUSE OF DISCRETION**

## MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV FOR BIAS, PREJUDICE, AND ABUSE OF DISCRETION

NOW COME the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola** ("Debtors"), proceeding *pro se*, and respectfully move this Honorable Court pursuant to **28 U.S.C. §§ 144, 455, Federal Rule of Bankruptcy Procedure 5004, and the Due Process Clause of the Fifth Amendment**, for the recusal of Judge L. Jefferson Davis IV from presiding over the above-captioned matter.

## I. INTRODUCTION

Debtors make this motion in good faith and not for purposes of delay. Judge Davis has demonstrated **personal bias and prejudice** against the Debtors, a pattern of **abuse of discretion**, and repeated **failures to uphold statutory and constitutional protections**. His conduct has created an appearance of partiality that undermines the integrity of these proceedings and deprives Debtors of their right to a fair hearing.

## II. LEGAL STANDARD

1. **28 U.S.C. § 455(a)** provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."
2. **28 U.S.C. § 455(b)(1)** requires disqualification where a judge "has a personal bias or prejudice concerning a party."

3. **28 U.S.C. § 144** mandates recusal upon a timely and sufficient affidavit showing that the judge harbors "a personal bias or prejudice either against [the movant] or in favor of any adverse party."
4. The Supreme Court has long recognized that due process is violated where bias or the appearance of bias is present. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## III. FACTUAL BACKGROUND & GROUNDS FOR RECUSAL

Debtors incorporate by reference **Exhibit A (Timeline of Incidents, Improper Rulings, and Violations of Law)**, which documents specific misconduct, including:

1. **Improper dismissal of automatic stay protections** – Judge Davis dismissed Debtors' valid stay violation claims arising from the post-petition towing of their commercial vehicle, contrary to **11 U.S.C. § 362(a)** and established case law (*In re Johnson*, 501 F.3d 1163 (10th Cir. 2007)).
2. **Denial of motion to reopen without cause** – Despite filing part of documents, Judge Davis denied Debtors' motion to reopen (ECF 56, 59, 71), without holding a hearing and allowing the debtors the opportunity to prosecute in good faith. This constitutes **abuse of discretion** under *In re Staffer*, 306 F.3d 967 (9th Cir. 2002).
3. **Disregard of ADA rights** – Judge Davis denied Debtors' request for reasonable ADA accommodations (ECF 89, 90), stating there was "no sufficient cause for special treatment," in direct violation of the **Americans with Disabilities Act (42 U.S.C. § 12132)** and *Tennessee v. Lane*, 541 U.S. 509 (2004).
4. **Denial of due process** – Judge Davis denied Debtors' motion for continuance due to documented medical necessity, then sustained Trustee objections for "failure to appear." This constitutes a denial of fundamental **due process rights** under *Alexander v. Choate*, 469 U.S. 287 (1985).
5. **Prejudgment of Chapter 13 plan** – Judge Davis declared Debtors' plan "patently unconfirmable" and "filed in bad faith" without affording an evidentiary hearing, in violation of *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982). Debtors had, in fact, made plan payments exceeding $17,000, demonstrating good faith.

This consistent pattern shows not isolated error, but a **clear and continuing prejudice** against Debtors, warranting recusal.

## IV. LEGAL ARGUMENT

1. A reasonable person, apprised of the facts, would **question Judge Davis's impartiality**. This alone mandates recusal under **28 U.S.C. § 455(a)**.
2. Judge Davis's rulings reflect **personal bias** against the Debtors, as demonstrated by his repeated dismissal of meritorious claims as "meritless" or "designed to delay," language that evidences hostility rather than neutral adjudication.

3. By denying ADA accommodations and a medical continuance, Judge Davis violated **federal law and constitutional protections**, further evidencing prejudice.
4. The cumulative record supports disqualification. Courts have recognized that even the **appearance of partiality** undermines confidence in the judiciary. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

## V. PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully request that this Court:

1. Enter an Order recusing Judge L. Jefferson Davis IV from all further proceedings in this case;
2. Assign this matter to the Chief Judge for impartial adjudication;
3. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: _August 20_, 2025

_____
Jacqueline Elizabeth Ard, Debtor Pro Se
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

_____
Terry Frank Nicola, Debtor Pro Se
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

**EXHIBIT A**

**CHRONOLOGY OF JUDICIAL MISCONDUCT, CREDITOR FRAUD, & DEBTORS' GOOD FAITH**

**In re: Ard & Nicola | Case Nos.: 24-03611, 25-40952, 25-01384**

**Presiding: Judge L. Jefferson Davis IV**

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| 10/04/24 | **Case 24-03611 Filed.** Automatic Stay imposed. | N/A | 11 U.S.C. § 362 – Automatic Stay effective. |
| 10/08/24 | **Creditors commit willful stay violations:** Hilton Head Resort (lockout), Estate at Westbury (towed commercial vehicle), Spa on Port Royal (fraudulent charges). Debtors notify Trustee. | **Trustee/Judge Inaction:** No enforcement action taken. | 11 U.S.C. § 362(k) – Remedy for willful violation. Court's duty to protect estate integrity. |
| 11/19/24 | **Good Faith:** File Partial Schedules (ECF 43) despite active creditor harassment destroying business operations. | N/A | Demonstrates effort to comply under duress. |
| 11/21/24 | **Good Faith:** File Third Motion to Extend Time (ECF 49) detailing creditor-induced hardship. | **ECF 46: Case Dismissed.** ECF 50: Motion Denied. Ruling ignores creditor misconduct as cause for delay. | 11 U.S.C. § 105(a) (equity powers); **FRBP 9006(b)(1)** (excusable neglect). *Pioneer Inv. Servs. Co.*, 507 U.S. 380. |
| 12/19/24 | **Good Faith:** File Amended Motion to Reopen (ECF 59) & Sealed ADA Affidavit (ECF 62) documenting disabilities. | N/A | Formal, documented request for accommodation per **42 U.S.C. § 12132**. |
| 01/05/25 | **Good Faith:** File Response (ECF 73) outlining | **ECF 74 (1/10/25): Motion to Reopen** | 28 U.S.C. § 455(a) (appearance of |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| | Trustee's failure to investigate fraud and preserve estate. | **Denied.** Court mischaracterizes motion as FRCP 60(b), ignores ADA affidavit and fraud claims. | bias); Misapplication of *In re Kapsin*, 265 B.R. 778. |
| 02/14/25 | **Good Faith (Case 25-40952):** File Schedules (ECF 30) & Motion to Seal re: medical disabilities (ECF 26). | **Orders Stricken.** Court denies reasonable ADA accommodation. | 42 U.S.C. § 12132 (ADA); 28 C.F.R. § 35.160; *Tennessee v. Lane*, 541 U.S. 509. |
| 02/26/25 | **Good Faith:** File Motion to Extend (ECF 56) with proof of COVID-19 hospitalization. | **ECF 58:** Grants only a 3-day extension during medical crisis. | **Abuse of Discretion;** Lack of equitable consideration. |
| 03/03/25 | **Good Faith:** File Third Motion to Extend (ECF 61) in MI case. | **ECF 63/64:** Motion Denied. Case Dismissed despite filed schedules. | **Factual Error; Due Process** violation. |
| 04/06/25 | **Direct Harm from Judicial Inaction:** Debtor suffers severe injury (severed finger) due to no electricity (Palmetto Electric shutoff). | **Judge's Inaction:** Court was aware of stay violations but took no action to sanction creditors or prevent harm. | 11 U.S.C. § 362(k); Court's duty to ensure safety and fairness. |
| 05/23/25 | **Good Faith:** Debtors medically unable to attend hearing. | **ECF 57/58:** Motion to Impose Stay Denied solely due to absence. Court refuses virtual hearing or continuance. | 28 C.F.R. § 35.160 (ADA); 5th Amend. Due Process; *Goldberg v. Kelly*, 397 U.S. 254. |
| 05-07/25 | **Ultimate Good Faith:** Make every Chapter 13 plan payment on time, totaling **$17,620.96**. | **Court's Prejudgment:** Court repeatedly states plan is "patently unconfirmable" and sets hearings for dismissal. | 11 U.S.C. § 1322 (Plan requirements met); **Judicial Bias (28 U.S.C. § 455(b)(1)).** |
| 06/10/25 | N/A | **Creditor Fraud:** West Aircomm executes hostile repossession of Debtors' vehicle. | 11 U.S.C. § 362(a)(3) – Willful stay violation. |

| Date | Event / Debtor Action | Judicial Ruling / Creditor Action | Legal Violation / Precedent |
|---|---|---|---|
| 06/12/25 | **Good Faith:** File Medical Emergency Motion for ADA accommodations (ECF 88) with physician's documentation. | **ECF 90:** Motion Denied. **ECF 81:** Court grants retroactive Relief from Stay to West Aircomm, blessing the illegal repossession. | **18 U.S.C. § 157** (Bankruptcy fraud - retroactive approval); **Collusion.** |
| 07/23/25 | **Good Faith:** File Emergency ADA Motion (ECF 101) for continuance due to surgery recovery. | **ECF 103:** Motion Denied. Court holds hearing *ex parte* while Debtor hospitalized. **ECF 104:** Grants Trustee's objection to exemptions. | **28 U.S.C. § 455(a); Due Process; 11 U.S.C. § 522(l)** (Exemptions presumed valid). |

**SUMMARY OF VIOLATIONS:**

1. **Systemic ADA Violations:** 7 documented denials of accommodation requests.
2. **Judicial Bias & Prejudgment:** Demonstrated pattern of ruling for creditors and against disabled, pro se debtors.
3. **Collusion with Creditors:** Retroactive approval of illegal creditor acts (**18 U.S.C. § 157**).
4. **Denial of Due Process:** Assets stripped and case dismissed without meaningful hearings.
5. **Failure to Execute Judicial Duty:** Refusal to enforce the Automatic Stay or protect the estate from fraud.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted this 20th day of August, 2025.

_____
**Jacqueline Elizabeth Ard, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com

_____
**Terry Frank Nicola, Debtor Pro Se**
Mailing Address: 21215 Dartmouth
Southfield, MI 48076
Phone: 313-770-7051
Email: jacquelineard72@gmail.com