Filed By The Court
08/22/2025 9:29 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

Jacqueline Elizabeth Ard and
Terry Frank Nicola,

Debtors.

Case No. 25-01384-JD
Chapter 13

**EMERGENCY MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV**

## TO: CHIEF JUDGE HELEN ELIZABETH BURRIS

## EMERGENCY MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV

NOW COME the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors")**, proceeding pro se, and respectfully move this Court, pursuant to **28 U.S.C. §§ 144 and 455**, to recuse and disqualify Judge L. Jefferson Davis IV from presiding over all matters relating to: Case No. 24-03611, 25-40952, and 25-01384)

This Motion is directed to: **Chief Judge Helen Elizabeth Burris**, as Judge Davis has previously denied recusal despite overwhelming evidence of bias, misconduct, and disregard for statutory and constitutional protections.

## I. INTRODUCTION

The Bankruptcy Code was enacted by Congress to provide **relief and protection to debtors** burdened by overwhelming debt, giving them a fair opportunity to reorganize or obtain a fresh start. Instead, under the supervision of Judge Davis, this Court has been **restructured into an arm of debt collection for lawless creditors**, where repeated violations of the automatic stay are excused, ADA accommodations are denied, and vulnerable debtors are punished for seeking relief.

Judge Davis has demonstrated a **pattern of bias, hostility, and disregard for statutory protections**, imposing further financial and physical harm upon Debtors who already face extreme hardship. These actions are in **direct contradiction of the Bankruptcy Code's purpose** and destroy public confidence in the impartiality of the judiciary.

## II. FACTUAL BACKGROUND

Debtors are **elderly and disabled individuals under the American with Disabilities Act** whose physical limitations substantially impact their daily lives and ability to travel. They are

forced to navigate this bankruptcy process **pro se**, not by choice, but because attorneys have consistently refused to represent them due to the **complexity of their case.**

Debtors' primary source of income is derived from **nine rental properties** (eight of which are unencumbered) and were purchased with their **life savings and retirement funds**. These properties were intended to support their modest livelihood and on-going medical care in their later years.

Debtors were compelled to seek bankruptcy protection after **three homeowners' associations colluded and committed fraud upon the court to obtain foreclosure judgments** on four properties they own in South Carolina. These properties are owned under their business Beachside Estates, LLC and operated under their business Global Management Group, LLC, both doing business in Beaufort County, South Carolina. The unlawful acts of these creditors to accelerate foreclosure proceedings devastated the Debtors' financial stability and necessitated filing for relief under **Chapter 13** in October 2024. (First case # 24-03611 filed October 4, 2024)

From the outset, Debtors have acted in **good faith**, correcting all technical deficiencies in prior filings, diligently acquiring the knowledge necessary to prepare and file all required schedules, and making all scheduled plan-payments timely. But, instead of receiving the protection afforded by the Bankruptcy Code, Debtors have been met with **hostility, unfair rulings, and systemic denial of their statutory rights**.

Judge Davis has, through his actions and rulings, created a platform for creditors to aggressively pursue vulnerable debtors without boundaries, and obtain relief. This procedure abandons the protective purpose that Congress intended when enacting the Bankruptcy Code. His improper treatment has **imposed further financial and physical harm** on vulnerable debtors who look to this Court for relief.

## III. CHRONOLOGICAL RECORD OF INCIDENTS DEMONSTRATING BIAS

### October 4, 2024 – Chapter 13 Petition Filed Case 24-03611

- Debtors filed in good faith to reorganize debts and protect home and rental properties.
- **Improper Action:** Judge Davis allowed Palmetto Electric, HOA's, Zeidman's, and other creditors to continue post-petition collection efforts.
- **Law Violated:** 11 U.S.C. § 362(a); *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

### October 8 – November 14, 2024 – Post-Petition Harassment

- Multiple creditor violations: HOA towed debtors' commercial vehicle, HOA locked debtors' out of their homes, HOA threatened continued foreclosure actions; Palmetto Electric shut-off debtors' electricity services, and Go-Store-it storage facility blocked debtors access to property. Judge Davis admitted that the towing of the commercial vehicle violated the stay but excused the creditor misconduct on a procedural technicality and barred the debtor from correcting or refiling the Motion.

- The Board members of the Estate at Westbury caused Debtors' commercial vehicle to be towed after the bankruptcy filing.
- Judge Davis acknowledged that the tow violated the stay, stating: *"I agree with Ms. Ard, that towing of the vehicle would be a violation of the stay..."* yet excused the conduct, ruling against Debtors due to the failure of the individuals to appear in court and be questioned about their improper actions. Although the parties named in the Motion failed to appear their counsel appeared representing them and the Estate at Westbury.
- This refusal to enforce **11 U.S.C. § 362(a)(3)** contradicts established case law (*In re Johnson*, 501 F.3d 1163 (10th Cir. 2007)), effectively granting creditors immunity.
- **Improper Action:** Refusal to sanction creditors, enabling harassment.
- **Law Violated:** 11 U.S.C. § 362(k); *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098 (2d Cir. 1990).

## December 12, 2024 – Affidavit of Medical Disability Filed

- Debtors disclosed serious medical disabilities by filing a Sealed ADA affidavit (ECF 62)
- Debtors' Affidavit revealed their hardships and vulnerable medical condition with the intention to give advance notice to the court for the need of ADA accommodations.
- **Improper Action:** Judge Davis ignored the need to make reasonable accommodations which violated **ADA Title II, 42 U.S.C. § 12132**, and deprived Debtors of meaningful participation in their case. In Judge Davis's ignored affidavit and accused Debtor Ard of "lack of candor."
- **Law Violated:** ADA Title II, 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004).

## December 19, 2024 – Debtor filed an Amended Motion to Reopen Case

- Debtors filed motion to reopen (ECF 59)
- **Improper Action:** Judge Davis denied reopening (ECF 74), ignored ADA disclosures, and delayed response to motion while creditor harassment continued.
- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

## January 02, 2025 – Trustee filed an Objection to Motion to Reopen

- Trustee filed an Objection to the Motion to Reopen (ECF 70) Trustee stated "because the Plan has still not been filed and payments have not commenced, even if the Court had the discretion to do so, the Motion to Reconsider Dismissal should not be granted.
- **Improper Action:** Trustee ignored multiple attempts of clarity before the 45th day occurred. Trustee ignored all attempts to communicate with the debtor and did not disclose his intention to dismiss the case before the 45th day of the case. The Trustee freely communicates with attorneys representing the debtor or the creditor but refuses to communicate with pro se debtors. This is unfair treatment that impedes equal access to the judicial process.
- **Improper Action:** Trustee suggested denial of Motion based on incidents that could not occur unless the Motion was granted. The case was closed on December 9, 2024, debtors could not submit payments or documents on a closed case.

- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

**January 10, 2025 – Judge Davis denied the Debtors Amended Motion to Reopen Case – Repeated ADA and Stay Violations Ignored**

- Judge Davis denied the Debtors Motion to Reopen (ECF 74), and damages complaints (ECF 77, 79, 84).
- **Improper Action:** Judge Davis denied reopening "For the failure to show the existence of a meritorious defense, Debtors' Amended Motion does not meet the threshold requirements that must be present before this Court may consider the merits of any motion for reconsideration of a judgment or order under Rule 60(b); Judge Davis ignored ADA disclosures, failed to hold a hearing, and delayed his order while creditor harassment continued.
- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

**April 9, 2025 – Repossession of Jacqueline Ard's Hyundai Elantra**

- TitleMax repossessed Debtor Ard's vehicle immediately after debtors were receiving emergency medical treatment, leaving debtors stranded 3 hours from her home while in medical distress.
- **Improper Action:** Judge Davis allowed creditor to retain property.
- **Law Violated:** 11 U.S.C. § 362(a)(3); *In re Knaus*, 889 F.2d 773 (8th Cir. 1989).

**May 21, 2025 – Motion to Impose Automatic Stay Hearing**

- **(The '7-Minute Incident")** Hearing scheduled on Debtors' motion to impose under 11 U.S.C. § 362(c)(4). Debtors traveled 843 miles by car from Michigan to South Carolina, encountering severe weather delays and medical complications. Debtors notified Judge Davis's chambers at 9:03 a.m., of their late arrival and provided an estimated time of arrival of 11:37 am. Debtors were assured by Judge Davis's assistant and the court Deputy that the hearing would be held until they arrived. Judge Davis's assistant contacted the debtors at 11:14 am to reconfirm their time of arrival, debtors stated 11:37 am
- **Improper Action:** Despite advance notice that Debtors would arrive at 11:37 am, Judge Davis called the case at 11:30 a.m., denied the motion to impose, and concluded the matter before Debtors arrived at 11:37 a.m. He held all participants in court until Debtors arrived, only to read the denial and witness the devastation on the Debtors' face.
- **Improper Action:** Judge Davis was fully aware of Debtors' anticipated arrival, and he deliberately called the matter before the Debtors arrived, denied the Motion, closed the matter and deprived the debtors their right to participate. **ALL PROTECTION STRIPPED**
- **Law Violated:** ADA Title II; Due Process Clause (5th Amendment); 11 U.S.C. § 362(c)(4).

**June 10, 2025 – Hostile Repossession of Terry Nicola's Vehicle**

- Eagle Recovery repossessed Debtor Nicola's car while enroute to a critical medical appointment, preventing debtors' access to medical care.
- **Improper Action:** This matter was scheduled to be heard on June 18, 2025, but one day **after** the hostile repossession, West-Aircomm filed a "Certification of Default Regarding Motion for Relief from the Automatic Stay and Request for Order Lifting the Automatic Stay. I, Benjamin Edward Grimsley, certify the following: the trustee, debtor, debtor(s) counsel, and all other necessary parties, as appropriate, were properly served with the motion; no response to the motion for relief from stay has been filed or all responses have been withdrawn and the time to object has passed; 503(b) and 507(b) claims have been waived by Movant. The property serving as collateral is described as follows: 2018 Jeep Grand Cherokee, Motor Vehicle Identification Number 1C4RJFAG3JC479405. Filed by Benjamin Edward Grimsley of D'Alberto, Graham & Grimsley, LLC on behalf of WEST-AIRCOMM FEDERAL CREDIT UNION." No document with this request.
- **Improper Action:** On June 12, 2025, the Court ignored the unlawful repossession, canceled the hearing, and granted creditor retroactive relief to seize property—without allowing Debtors an opportunity to be heard. (ECF 81)
- **Law Violated:** 11 U.S.C. § 362(a)(3); ADA Title II; Due Process Clause, 5th Amendment

### June 18 – ADA Motion Denied (ECF 88, 90)

- Debtors filed an emergency motion for ADA accommodations (ECF 88).
- **Improper Action:** On June 23, 2025, Judge Davis denied all requests in the Motion without holding a hearing or offering alternative options for relief (ECF 90).
- **Law Violated:** ADA Title II; *Tennessee v. Lane*, 541 U.S. 509 (2004).
- **Good Faith Efforts:** Debtors submitted medical documentation and followed proper procedure to obtain relief and the appropriate accommodations for fair access to the judicial process

### July 23, 2025 – Emergency Motion for ADA Accommodation Denied (ECF 103)

- Debtors requested emergency accommodations to continue scheduled hearing (ECF 101)
- **Improper Action:** Judge Davis denied debtors ADA request, proceeded with the scheduled hearing in debtors' absence, and stripped the debtors' exemptions. (ECF 104)
- Hearing held on Trustees Objection to Exemptions (ECF 73).
- **Improper Action:** Judge Davis sustained Trustees' objections and stripped exemptions while debtors were incapacitated due to medical complications.
- **Law Violated:** ADA Title II; Due Process Clause; 11 U.S.C. § 522(l).

### August 20, 2025 – Confirmation / Conversion Hearing

- Debtors moved for recusal. Debtors traveled 17 hours and incurred over $800.00 in travel expenses to attend the hearing after being denied on multiple occasions of ADA accommodations.
- **Improper Action:** Judge Davis denied Debtors' motion to recuse, further entrenching his bias and refusing accountability. Judge Davis remarked: "If you don't like my rulings, there is an appeals process."

- **Law Violated:** 28 U.S.C. § 455(a); ADA Title II; Due Process Clause.

## IV. LEGAL BASIS FOR RECUSAL

Under **28 U.S.C. § 455(a)**, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires recusal where a judge has "a personal bias or prejudice concerning a party."

Judge Davis's conduct demonstrated:

- **Consistent refusal to enforce the automatic stay**, undermining statutory debtor protections.
- **Systemic denial of ADA accommodations**, violating federal disability protections and constitutional due process.
- **Biased and dismissive remarks**, evidencing hostility toward pro se debtors.
- **A pattern of rulings that favor creditors**, even in the face of misconduct and regardless of statutory violations.

These actions collectively evidence **bias, hostility, and prejudgment**, which undermine the integrity of these proceedings and erode public confidence in the judiciary. The cumulative record compels the conclusion that Judge Davis cannot fairly preside over this case.

## V. CONCLUSION

For the foregoing reasons, Debtors respectfully request that **Chief Judge Helen Elizabeth Burris**:

1. **GRANT** this Motion and **ORDER** the immediate **recusal of Judge L. Jefferson Davis IV** from all proceedings in the above-captioned case and all related matters pursuant to 28 U.S.C. §§ 144 and 455;
2. **REASSIGN** the case and all matters relating to the case to Chief Judge Helen Elizabth Burris to ensure fair and impartial adjudication of Debtors' rights, consistent with ADA obligations and bankruptcy law;
3. **VACATE** All orders entered in violation of Debtor's ADA rights and due process; and
4. **Grant** any further relief this Court deems just and proper to safeguard Debtors' constitutional, statutory, and procedural rights.

Respectfully submitted this 22 day of August, 2025.

**Jacqueline E. Ard**
**21215 Dartmouth Drive**
**Southfield, Michigan 48076**
**(313) 770-7051**
**Jacquelineard72@gmail.com**

**Terry F. Nicola**
**21215 Dartmouth Drive**
**Southfield, Michigan 48076**
**(313) 770-7051**
**Jacquelineard72@gmail.com**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA

DEBTOR(S)

CASE NO: 25-01384-JD
CHAPTER: 13

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I served copies of the following documents:

1. Emergency Motion to Recuse
2. Affidavit of Medical Harm and Motion to Recuse
3. Memorandum of Law in Support of Motion to Recuse

Served via ECF/ and Electronic Mail to the following recipients:

U.S. Trustee USTPRegion04.CO.ECF@usdoj.gov

James M. Wyman 13info@charleston13.com

Served via First Class Mail prepaid postage, and ECF to the following recipients:

ADT Security Services
PO Box 371878
Pittsburgh, PA 15250-7878

Advantage Aviator Bankruptcy Dept
Portfolio Recovery Associates, LLC
130 Corporate Blvd
Norfolk, VA 23502-4952

American Express National Bank
Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355

Armstrong Cable
PO Box 37749
Philadelphia, PA 19101-5049

City of Detroit Water and
Sewerage Dept
735 Randolph St
Detroit, MI 48226-2830

Comenity Caesars Rewards
PO Box 650960
Dallas, TX 75265

Consumer Energy Company
Attn: Legal Dept
One Energy Plaza Dr
Jackson, MI 49201-2357

County of Allegheny Treasurer
Room 108 Courthouse
436 Grant St
Pittsburgh, PA 15219

Estate At Westbury Owners Assoc, Inc
Board of Directors
85 Kensington Blvd
Bluffton, SC 29910-4884

First Energy
Penn Power
Po Box 16001
Reading, PA 19612-6001

Fortiva Bobs Discount
TBOM - ATLSA
6 Concourse Parkway Second Floor
Atlanta, GA 30328

Go-Store It
33 Parmenter Rd.
Bluffton, SC 29910

AT&T
Valor Intelligent Processing, LLC
PO Box 5014
Carol Stream, IL 60197-5014

AWA Collections
Santa Rosa Emergency
PO Box 6605
Orange, CA 92863

Beaufort County Treasurer
Property Tax
Po Box 105176
Atlanta, GA 30348-5176

Bromley Law Firm LLC
Evan K. Bromley
211 Goethe Rd Ste B
Bluffton, SC 29910-6014

Capital One Auto Finance
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

CitiBank Best Buy
P.O. Box 790034
Saint Louis, MO 63179-0034

Ian D, Maguire and Tiffany Buffkin
Maguire Law Firm
1600 North Oak St Ste. B
Myrtle Beach, SC 29577-3525

Jordan Tax Service
102 Rahway Rd
McMurray, PA 15317

JPMC
c/o National Bankruptcy Services, LLC
PO Box 9013
Addison, TX 75001

JPMorgan Chase Bank, N.A.
Robertson, Anschutz, Schneid, Crane
6409 Congress Avenue 100
Boca Raton, FL 33487

Coyne Oil
Attn: Rose
513 W 5th St
Clare, MI 48617-9405

Detroit Water and Sewerage Dept
P.O. Box 554899
Detroit, MI 48255-4899

DirectTV, LLC
CT Corporation
1209 N Orange St
Wilmington, DE 19801-1120

DTE Energy
Attention Legal Department
PO Box 740786
Cincinnati, OH 45274-0786

East Pittsburgh Borough
813 Linden Ave
East Pittsburgh, PA 15112

Esq. Jannine M. Mutterer
5 Cedar St.
Bluffton, SC 29910-7215

Julie A. Franklin, Esq
Po Box 2976
Bluffton, SC 29910-2976

Kohls Payment Center
PO Box 3043
Milwaukee, WI 53201-3043

Komatsu Benefit Dept
Mark Harder
401 E Greenfield Ave
Milwaukee, WI 53204-2941

Law Office of Scott M. Wild LLC
Scott M. Wild
37 New Orleans Road Suite F
Hilton Head Island, SC 29928

Hilton Head Resort Four Seasons Centre
Wm Weston J Newton
Jones, Simpson & Newton, PA
Po Box 1938
Bluffton, SC 29910-1938

Home Depot Commercial
Centralized bankruptcy
PO Box 790034
Saint Louis, MO 63179

Home Depot Loan #3877
Po Box 2730
Alpharetta, GA 30023-2730

Honorable Nicola Henry-Taylor
Allegheny Court of Common Pleas
712 City Council Building
414 Grant St
Pittsburgh, PA 15219-2409

Hughes Network Systems
PO Box 96874
Chicago, IL 60693-6874

Lincoln Township
P.O. Box 239
Lake George, MI 48633

LVNV Funding, LLC
Resurgent Captial Services
PO Box 10587
Greenville, SC 29603-0587

Master in Equity
102 Ribaut Rd 2nd Floor
Beaufort, SC 29902-4453

Medical University of South Carolina
1 Poston Rd Ste 220
Charleston, SC 29407

Midland Credit Management
320 East Big Beaver
Troy, MI 48083-1271

Pittsburgh Water
Penn Liberty Plaza I
1200 Penn Avenue
Pittsburgh, PA 15222

Plymouth Rock Assurance
695 Atlantic Ave
Boston, MA 02111-2605

PNC Bank
1900 E 9th St
Cleveland, OH 44114-3484

PODS Enterprises, LLC
Legal Department
5585 Rio Vista Dr.
Clearwater, FL 33760

Polly Nicola
2583 Lower Assembly Drive
Fort Mill, SC 29708

Quantum3 Group LLC
Agent for Crown Asset Management LLC
PO Box 788
Kirkland, WA 98083-0788

Radius Global Solutions
7831 Glenroy Rd Ste. 250
Minneapolis, MN 55439-3117

Resurgent Receivables, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

S.C. Dept of Revenue amd Taxation
PO Box 125
Columbia, SC 29214-0001

SC Department of Motor Vehicles
SC Driver Records
PO Box 1498
Blythewood, SC 29016-0028

SC Department of Revenue
Office of General Counsel
300A Outlet Point Blvd
Columbia, SC 29210

Semina Delaurentis
66 Quail Run
Torrington, CT 06790-2549

Smith Debnam Narron Drake Saintsing
& Myers, LLP
Lucas S. Fautua
171 Church St Ste 120c
Charleston, SC 29401-3136

South Carolina Dept of Motor Vehicles
PO Box 1498
Blythewood, SC 29016-1498

Synchrony Bank
Paypal Credit
PO Box 669809
Dallas, TX 75266

Synchrony Bank Sams Business
PO Box 669809
Dallas, TX 75266

Synchrony Bank Sams Master Card
PO Box 669809
Dallas, TX 75266

Synchrony Bank Score Rewards
PO Box 669809
Dallas, TX 75266

Synergetic Communication
PO Box 680608
Franklin, TN 37068-0608

Tate and Kirlin Assoc
4800 E Street Rd Ste 170
Trevose, PA 19053-6660

Taybron Law Firm LLC
3399 Churchview Ave
Pittsburgh, PA 15227-4358

TBOM-ATLAS-Fortiva
6 Concourse Pkwy # 2
Atlanta, GA 30328-6117
TD Bank
PO Box 840
Columbus, GA 31908

TD Bank
Target Card Services
PO Box 673
Minneapolis, MN 55440-0673

TD Bank
PO Box 84037
Columbus, GA 31908

The Hertz Corporation
8501 Williams Rd
Estero, FL 33928-3325

The Huntington National Bank
PO Box 89424 OPC856
Cleveland, OH 44101

The Spa on Port Royal Sound
Board of Directors
239 Beach City Rd
Hilton Head, SC 29926-4707

The Woodlands at St Barnabas
Thomas E. Breath
128 West Cunningham St
Butler, PA 16001

Ticket Division
PA Turnpike EZ Pass
300 E Park Dr
Harrisburg, PA 17111-2729

Title Max of South Carolina
Attn: John B Kelchner
1901 Main St. Ste 900
Columbia, SC 29201

T-Mobile
Po Box 53410
Bellevue, WA 98015-3410

Traffic Magistrate
4819 Bluffton Parkway
Bluffton, SC 29910

U.S. Department of Education
Nelnet
121 South 13th St
Lincoln, NE 68508

UPMC
Po Box 371472
Pittsburgh, PA 15250-7472

Verizon Wireless Bankruptcy Administration
500 Technology Dr Ste. 500
Saint Charles, MO 63304

Monevolnc
8910 University Cntr Lane Ste. 400
San Diego, CA 92122-1025

Morgan Lewis & Bockius LLP
Attn: Matt Hawes
One Oxford Centre, 32ND FLR
Pittsburgh, PA 15219-6401

Morgan Templeton
145 King Street Ste. 300
Charleston, SC 29401-2253

Mutterer Law Firm, LLC
Jannine M. Mutterer, Esq
5 Red Cedar Street Suite 102
Bluffton, SC 29910

Viking Client Services
Hertz Damage Recovery Team
7500 Office Ridge Cir Ste 100
Eden Prairie, MN 55344-3763

Wayne Co Treasurer
400 Monroe 5th floor
Detroit, MI 48226

Wells Fargo Bank
Po Box 5058
Portland, OR 97208-5058

West Virginia Parkways Authority
Customer Service Center
Po Box 1469
Charleston, WV 25325-1469

NES
PNC Bank
2479 Edison Blvd Unit A
Twinsburg, OH 44087

Norman Jewelry and Loan
24777 Telegraph Suite B
Southfield, MI 48034

Northstar Location Services
4285 Genesee St.
Buffalo, NY 14225-1943

Office Depot Business Credit
Dept 563-8406380360
PO Box 70612
Philadelphia, PA 19176-0612

Ohio Turnpike Easy Pass
PO Box 94672
Cleveland, OH 44101

PA Dept of Revenue
Bureau of Individual Taxes
PO Box 280504
Philadelphia, PA 19176-0612

West-Aircomm FCU
Weltman, Weinberg & Reis Co LPA
5990 W Creek Rd Ste 200
Independence, OH 44131-2191

Westlake Financial
2 Equity Way Ste 200
Westlake, OH 44145-1045

Wright's Custom Body Shop LLC
1216 Leeson Ave
Cadillac, MI 49601-9097

Zeidman's Jewelry & Loan of MI
Best Law Tara E. Nauful
Po Box 2374
Mt Pleasant, SC 29465-2374

Pacer Service Center
PO Box 780549
San Antonio, TX 78278

Palmetto Electric Cooperative Inc
Michelle Tyler
111 Matthews Drive
Hilton Head Island, SC 29926

Peoples Gas
National Recovery Agency
PO Box 644760
Pittsburgh, PA 15264-4760

Nationstar Mortgage, LLC
Attn: Bankruptcy Department
PO Box 619096
Dallas, TX 75261-9741

Nationwide Credit Inc
1225 Washington St Ste. 301
Tempe, AZ 85288-1239

PA Turnpike Toll By Plate
PO Box 645631
Pittsburgh, PA 15264-5254

Date: August 22, 2025

Signature of Debtor (*pro se*)
Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, Michigan 48076