Filed By The Court
9/02/2025 11:40 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

Jacqueline Elizabeth Ard and
Terry Frank Nicola,

              Debtors.

Case No. 25-01384-JD
Chapter 13

**REPLY TO ORDER REGARDING MOTION TO RECUSE JUDGE L. JEFFERSON DAVIS IV**

### TO: CHIEF JUDGE HELEN ELIZABETH BURRIS

### REPLY TO ORDER REGARDING MOTION TO RECUSE AND AFFIDAVIT

This Motion is directed to: **Chief Judge Helen Elizabeth Burris**, as Judge Davis has previously denied recusal despite overwhelming evidence of bias, misconduct, and disregard for statutory and constitutional protections.

NOW COME the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors")**, proceeding pro se, and respectfully submit this Reply to Chief Judge Helen E. Burris's Order entered August 25, 2025, and state as follows:

1. On **August 20, 2025**, Debtors filed and personally served a **Motion to Recuse Judge Davis** pursuant to 28 U.S.C. § 455. Judge Davis denied that Motion on the same day.

2. On **August 22, 2025**, Debtors filed an **Emergency Motion to Recuse or Disqualify Judge Davis** directed to Chief Judge Burris, accompanied by a sworn **Affidavit of Medical Harm**. That affidavit documented irreparable harm and specific evidence of bias, including:
   - Judge Davis's repeated **denial of ADA accommodations** despite supporting medical evidence.
   - His **retaliatory language** toward Debtors, including accusations of "delay tactics" without factual basis.
   - The direct link between Judge Davis's orders and Debtors' **medical deterioration**, including paralysis caused by creditor actions he enabled and accelerated progression of co-Debtor Nicola's Parkinson's symptoms.

3. The Chief Judge's Order holds that only Judge Davis may rule on his own disqualification. Respectfully, this position fails to account for circumstances where the **appearance of bias is overwhelming** and a judge's self-review cannot safeguard due process.

4. The Supreme Court has held that recusal is necessary where impartiality "might reasonably be questioned." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988). The Fourth Circuit and other courts have recognized that appellate intervention is warranted where a judge refuses to recuse despite compelling evidence of bias.

5. Even the case cited by Chief Judge Burris, *In re Roman Catholic Church of Archdiocese of New Orleans*, acknowledges that **systemic bias issues may require broader judicial intervention** beyond the challenged judge's discretion.

6. Debtors respectfully submit that this Court has a duty not only to apply the Bankruptcy Code, but to uphold the **integrity and sanctity of the judicial process** itself. This requires ensuring that litigants with disabilities are afforded equal protection under the law, and that proceedings are not conducted under the shadow of partiality.

7. Debtors ask this Court to recognize the substantial risk of irreparable harm and uphold the principles of §455 by ensuring impartial adjudication.

## I. INTRODUCTION

The Bankruptcy Code was enacted by Congress to provide **relief and protection to debtors** burdened by overwhelming debt, giving them a fair opportunity to reorganize or obtain a fresh start. Instead, under the supervision of Judge Davis, this Court has been **restructured into an arm of debt collection for lawless creditors**, where repeated violations of the automatic stay are excused, ADA accommodations are denied, and vulnerable debtors are punished for seeking relief.

Judge Davis has demonstrated a **pattern of bias, hostility, and disregard for statutory protections**, imposing further financial and physical harm upon Debtors who already face extreme hardship. These actions are in **direct contradiction of the Bankruptcy Code's purpose** and destroy public confidence in the impartiality of the judiciary.

## II. FACTUAL BACKGROUND

Debtors are **elderly and disabled individuals under the American with Disabilities Act** whose physical limitations substantially impact their daily lives and ability to travel. They are forced to navigate this bankruptcy process **pro se**, not by choice, but because attorneys have consistently refused to represent them due to the **complexity of their case**.

Debtors' primary source of income is derived from **nine rental properties** (eight of which are unencumbered) and were purchased with their **life savings and retirement funds**. These properties were intended to support their modest livelihood and on-going medical care in their later years.

Debtors were compelled to seek bankruptcy protection after **three homeowners' associations colluded and committed fraud upon the court to obtain foreclosure judgments** on four properties they own in South Carolina. These properties are owned under their business Beachside Estates, LLC and operated under their business Global Management Group, LLC, both doing business in Beaufort County, South Carolina. The unlawful acts of these creditors to accelerate foreclosure proceedings devastated the Debtors' financial stability and necessitated filing for relief under **Chapter 13** in October 2024. (First case # 24-03611 filed October 4, 2024)

From the outset, Debtors have acted in **good faith**, correcting all technical deficiencies in prior filings, diligently acquiring the knowledge necessary to prepare and file all required schedules,

and making all scheduled plan-payments in the amount of 17,620 timely. But, instead of receiving the protection afforded by the Bankruptcy Code, Debtors have been met with **hostility, unfair rulings, and systemic denial of their statutory rights**.

Judge Davis has, through his actions and rulings, created a platform for creditors to aggressively pursue vulnerable debtors without boundaries, and obtain relief. This procedure abandons the protective purpose that Congress intended when enacting the Bankruptcy Code. His improper treatment has **imposed further financial and physical harm** on vulnerable debtors who look to this Court for relief.

## III. CHRONOLOGICAL RECORD OF INCIDENTS DEMONSTRATING BIAS

### October 4, 2024 – Chapter 13 Petition Filed Case 24-03611

- Debtors filed in good faith to reorganize debts and protect home and rental properties.
- **Improper Action:** Judge Davis allowed Palmetto Electric, HOA's, Zeidman's, and other creditors to continue post-petition collection efforts.
- **Law Violated:** 11 U.S.C. § 362(a); *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992).

### October 8 – November 14, 2024 – Post-Petition Harassment

- Multiple creditor violations: HOA towed debtors' commercial vehicle, HOA locked debtors' out of their homes, HOA threatened continued foreclosure actions; Palmetto Electric shut-off debtors' electricity services, and Go-Store-it storage facility blocked debtors access to property. Judge Davis admitted that the towing of the commercial vehicle violated the stay but excused the creditor misconduct on a procedural technicality and barred the debtor from correcting or refiling the Motion.
- The Board members of the Estate at Westbury caused Debtors' commercial vehicle to be towed after the bankruptcy filing.
- Judge Davis acknowledged that the tow violated the stay, stating: *"I agree with Ms. Ard, that towing of the vehicle would be a violation of the stay..."* yet excused the conduct, ruling against Debtors due to the failure of the individuals to appear in court and be questioned about their improper actions. Although the parties named in the Motion failed to appear their counsel appeared representing them and the Estate at Westbury.
- This refusal to enforce **11 U.S.C. § 362(a)(3)** contradicts established case law (*In re Johnson*, 501 F.3d 1163 (10th Cir. 2007)), effectively granting creditors immunity.
- **Improper Action:** Refusal to sanction creditors, enabling harassment.
- **Law Violated:** 11 U.S.C. § 362(k); *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098 (2d Cir. 1990).

### December 12, 2024 – Affidavit of Medical Disability Filed

- Debtors disclosed serious medical disabilities by filing a Sealed ADA affidavit (ECF 62)
- Debtors' Affidavit revealed their hardships and vulnerable medical condition with the intention to give advance notice to the court for the need of ADA accommodations.

- **Improper Action:** Judge Davis ignored the need to make reasonable accommodations which violated **ADA Title II, 42 U.S.C. § 12132**, and deprived Debtors of meaningful participation in their case. In Judge Davis's  ignored affidavit and accused Debtor Ard of "lack of candor."
- **Law Violated:** ADA Title II, 42 U.S.C. § 12132; *Tennessee v. Lane*, 541 U.S. 509 (2004).

## December 19, 2024 – Debtor filed an Amended Motion to Reopen Case

- Debtors filed motion to reopen (ECF 59)
- **Improper Action:** Judge Davis denied reopening (ECF 74), ignored ADA disclosures, and delayed response to motion while creditor harassment continued.
- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

## January 02, 2025 – Trustee filed an Objection to Motion to Reopen

- Trustee filed an Objection to the Motion to Reopen (ECF 70) Trustee stated "because the Plan has still not been filed and payments have not commenced, even if the Court had the discretion to do so, the Motion to Reconsider Dismissal should not be granted.
- **Improper Action:** Trustee ignored multiple attempts of clarity before the 45th day occurred. Trustee ignored all attempts to communicate with the debtor and did not disclose his intention to dismiss the case before the 45th day of the case. The Trustee freely communicates with attorneys representing the debtor or the creditor but refuses to communicate with pro se debtors. This is unfair treatment that impedes equal access to the judicial process.
- **Improper Action:** Trustee suggested denial of Motion based on incidents that could not occur unless the Motion was granted. The case was closed on December 9, 2024, debtors could not submit payments or documents on a closed case.
- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

## January 10, 2025 – Judge Davis denied the Debtors Amended Motion to Reopen Case – Repeated ADA and Stay Violations Ignored

- Judge Davis denied the Debtors Motion to Reopen (ECF 74), and damages complaints (ECF 77, 79, 84).
- **Improper Action:** Judge Davis denied reopening "For the failure to show the existence of a meritorious defense, Debtors' Amended Motion does not meet the threshold requirements that must be present before this Court may consider the merits of any motion for reconsideration of a judgment or order under Rule 60(b); Judge Davis ignored ADA disclosures, failed to hold a hearing, and delayed his order while creditor harassment continued.
- **Law Violated:** 11 U.S.C. § 350(b); ADA Title II.

## April 9, 2025 – Repossession of Jacqueline Ard's Hyundai Elantra

- TitleMax repossessed Debtor Ard's vehicle immediately after debtors were receiving emergency medical treatment, leaving debtors stranded 3 hours from her home while in medical distress.
- **Improper Action:** Judge Davis allowed creditor to retain property.
- **Law Violated:** 11 U.S.C. § 362(a)(3); *In re Knaus*, 889 F.2d 773 (8th Cir. 1989).

## May 21, 2025 – Motion to Impose Automatic Stay Hearing

- **(The '7-Minute Incident")** Hearing scheduled on Debtors' motion to impose under 11 U.S.C. § 362(c)(4). Debtors traveled 843 miles by car from Michigan to South Carolina, encountering severe weather delays and medical complications. Debtors notified Judge Davis's chambers at 9:03 a.m., of their late arrival and provided an estimated time of arrival of 11:37 am. Debtors were assured by Judge Davis's assistant and the court Deputy that the hearing would be held until they arrived. Judge Davis's assistant contacted the debtors at 11:14 am to reconfirm their time of arrival, debtors stated 11:37 am
- **Improper Action:** Despite advance notice that Debtors would arrive at 11:37 am, Judge Davis called the case at 11:30 a.m., denied the motion to impose, and concluded the matter before Debtors arrived at 11:37 a.m. He held all participants in court until Debtors arrived, only to read the denial and witness the devastation on the Debtors' face.
- **Improper Action:** Judge Davis was fully aware of Debtors' anticipated arrival, and he deliberately called the matter before the Debtors arrived, denied the Motion, closed the matter and deprived the debtors their right to participate. **ALL PROTECTION STRIPPED**
- **Law Violated:** ADA Title II; Due Process Clause (5th Amendment); 11 U.S.C. § 362(c)(4).

## June 10, 2025 – Hostile Repossession of Terry Nicola's Vehicle

- Eagle Recovery repossessed Debtor Nicola's car while enroute to a critical medical appointment, preventing debtors' access to medical care.
- **Improper Action:** This matter was scheduled to be heard on June 18, 2025, but one day **after** the hostile repossession, West-Aircomm filed a "Certification of Default Regarding Motion for Relief from the Automatic Stay and Request for Order Lifting the Automatic Stay. I, Benjamin Edward Grimsley, certify the following: the trustee, debtor, debtor(s) counsel, and all other necessary parties, as appropriate, were properly served with the motion; no response to the motion for relief from stay has been filed or all responses have been withdrawn and the time to object has passed; 503(b) and 507(b) claims have been waived by Movant. The property serving as collateral is described as follows: 2018 Jeep Grand Cherokee, Motor Vehicle Identification Number 1C4RJFAG3JC479405. Filed by Benjamin Edward Grimsley of D'Alberto, Graham & Grimsley, LLC on behalf of WEST-AIRCOMM FEDERAL CREDIT UNION." No document with this request.
- **Improper Action:** On June 12, 2025, the Court ignored the unlawful repossession, canceled the hearing, and granted creditor retroactive relief to seize property—without allowing Debtors an opportunity to be heard. (ECF 81)
- **Law Violated:** 11 U.S.C. § 362(a)(3); ADA Title II; Due Process Clause, 5th Amendment

## June 18 – ADA Motion Denied (ECF 88, 90)

- Debtors filed an emergency motion for ADA accommodations (ECF 88).
- **Improper Action:** On June 23, 2025, Judge Davis denied all requests in the Motion without holding a hearing or offering alternative options for relief (ECF 90).
- **Law Violated:** ADA Title II; *Tennessee v. Lane*, 541 U.S. 509 (2004).
- **Good Faith Efforts:** Debtors submitted medical documentation and followed proper procedure to obtain relief and the appropriate accommodations for fair access to the judicial process

## July 23, 2025 – Emergency Motion for ADA Accommodation Denied (ECF 103)

- Debtors requested emergency accommodations to continue scheduled hearing (ECF 101)
- **Improper Action:** Judge Davis denied debtors ADA request, proceeded with the scheduled hearing in debtors' absence, and stripped the debtors' exemptions. (ECF 104)
- Hearing held on Trustees Objection to Exemptions (ECF 73).
- **Improper Action:** Judge Davis sustained Trustees' objections and stripped exemptions while debtors were incapacitated due to medical complications.
- **Law Violated:** ADA Title II; Due Process Clause; 11 U.S.C. § 522(l).

## August 20, 2025 – Confirmation / Conversion Hearing

- Debtors moved for recusal. Debtors traveled 17 hours and incurred over $800.00 in travel expenses to attend the hearing after being denied on multiple occasions of ADA accommodations.
- **Improper Action:** Judge Davis denied Debtors' motion to recuse, further entrenching his bias and refusing accountability. Judge Davis remarked: "If you don't like my rulings, there is an appeals process."
- **Law Violated:** 28 U.S.C. § 455(a); ADA Title II; Due Process Clause.

## IV. LEGAL BASIS FOR RECUSAL

Under **28 U.S.C. § 455(a)**, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires recusal where a judge has "a personal bias or prejudice concerning a party."

Judge Davis's conduct demonstrated:

- **Consistent refusal to enforce the automatic stay**, undermining statutory debtor protections.
- **Systemic denial of ADA accommodations**, violating federal disability protections and constitutional due process.
- **Biased and dismissive remarks**, evidencing hostility toward pro se debtors.
- **A pattern of rulings that favor creditors**, even in the face of misconduct and regardless of statutory violations.

These actions collectively evidence **bias, hostility, and prejudgment**, which undermine the integrity of these proceedings and erode public confidence in the judiciary. The cumulative record compels the conclusion that Judge Davis cannot fairly preside over this case.

## V. URGENT REQUEST FOR IMMEDIATE RELIEF AND NOTICE OF INTENDED ACTIONS

The Debtors are out of options and out of time. If this Court does not grant immediate relief, they will have no choice but to escalate this matter to secure their survival. This will include, but not be limited to:

- Filing formal complaints for judicial misconduct with the **Judicial Council of the Fourth Circuit**.
- Submitting complaints to the **Department of Justice Civil Rights Division** and the **CFPB** regarding the unlawful actions of creditors and the utility company.
- Launching a widespread **social media and traditional media campaign** to bring public attention to the life-threatening consequences of the orders issued in this case, tagging all relevant public officials and news agencies.
- Contacting **South Carolina Office of Regulatory Staff** to file an emergency complaint regarding the medically dangerous utility disconnection.
- Reaching out to **U.S. Senators** and other elected officials to request emergency intervention.

## VI. CONCLUSION

For the foregoing reasons, Debtors respectfully request that **Chief Judge Helen Elizabeth Burris** reconsider the position taken in her August 25, 2025 Order, and preserve the integrity of these proceedings by granting meaningful relief, or in the alternative, note that appellate review is the only remedy available.

Debtors respectfully request that Chief Judge Helen Elizabth Burris:

1. **GRANT** Debtors' Motion and **ORDER** the immediate **recusal of Judge L. Jefferson Davis IV** from all proceedings in the above-captioned case and all related matters pursuant to 28 U.S.C. §§ 144 and 455;
2. **REASSIGN** the case and all matters relating to the case to Chief Judge Helen Elizabth Burris to ensure fair and impartial adjudication of Debtors' rights, consistent with ADA obligations and bankruptcy law;
3. **VACATE** All orders entered in violation of Debtor's ADA rights and due process; and
4. **Grant** any further relief this Court deems just and proper to safeguard Debtors' constitutional, statutory, and procedural rights.

Respectfully submitted this ___2___ day of September, 2025.

| | |
|---|---|
| Jacqueline E. Ard | Terry F. Nicola |
| 21215 Dartmouth Drive | 21215 Dartmouth Drive |
| Southfield, Michigan 48076 | Southfield, Michigan 48076 |
| 313-770-7051 | (313) 770-7051 |
| Jacquelineard72@gmail.com | Jacquelineard72@gmail.com |