Filed By The Court
9/9/2025 10:16 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

In re:
**Jacqueline Elizabeth Ard
and Terry Frank Nicola,**
                        Debtor(s).

Case No. 25-01384-JD
Chapter 13

**NOTICE OF OBJECTION TO CLAIM AND OBJECTION TO PROOF OF CLAIM FILED ON JUNE 20, 2025 BY SPA ON PORT ROYAL SOUND**

**TO: SPA ON PORT ROYAL SOUND AND ALL PARTIES IN INTEREST ENTITLED TO NOTICE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(D):**

Jacqueline E. Ard and Terry F. Nicola ("Debtors"), pro se, have filed an objection to your claim in this bankruptcy case.

**<u>YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to eliminate or change your claim, then within 30 days of service of this notice or on/before **October 8, 2025**, you or your lawyer must:

File with the court a written response to the objection, explaining why your claim should be allowed as presently filed. Responses must be mailed to:

**1100 Laurel Street
Columbia, SC 29201**

Responses filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before **October 8, 2025**.

**You must also send a copy to:
Debtor(s)
Jacqueline Ard and Terry Nicola
21215 Dartmouth Drive
Southfield, MI 48076
jacquelineard72@gmail.com**

**US Trustee's Office:**    USTPRegion04.CO.ECF@usdoj.gov
**Trustee: James Wyman:**   13info@charleston13.com

You must attend the hearing on the objection, scheduled to be heard on October 15, 2025 at 10:30 AM at the location below.

PLEASE TAKE NOTICE that the hearing will be held at:

Date: October 15, 2025
Time: 10:30 AM
King and Queen Building
145 King Street Room 225
Charleston, SC 29401

If no response is timely filed and served, no hearing will be held on this objection, except at the direction of the judge. If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

Date: September 3, 2025

_____
Signature of Jacqueline E. Ard *Pro Se* Debtor

JACQUELINE E. Ard
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

Date: 9-3-25

_____
Signature of Terry F. Nicola *Pro Se* Debtor

Terry F. Nicole
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re:

Jacqueline Elizabeth Ard
and Terry Frank Nicola,
               Debtor(s).

Case No. 25-01384-JD
Chapter 13

VERIFIED OBJECTION TO PROOF OF CLAIM FILED ON JUNE 20, 2025, BY SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, INC.

## DEBTORS VERIFIED OBJECTION TO CLAIM NO. 28-1 FILED BY SPA ON PORT ROYAL SOUND HORIZONTAL PROPERTY REGIME, INC. AND MOTION TO AVOID LIEN

**Debtor:** Jacqueline Elizabeth Ard
**Property:** 239 Beach City Road Unit 3218, Hilton Head Island, SC 29928
**Creditor:** The Spa on Port Royal Sound Horizontal Property Regime, Inc.
**Claim Number:** 28-1
**Claim Amount:** $31,084.41

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully. If you do not want the court to eliminate or change your claim, then on or before October 8, 2025, you or your attorney must file a written response and attend the scheduled hearing.**

## I. INTRODUCTION

NOW COMES Debtors, Jacqueline E. Ard and Terry F. Nicola ("Debtors"), appearing pro se, and pursuant to 11 USC § 502(b) and Fed. Bankr. P. 3007, hereby objects to Proof of Claim #28-1 filed on June 20, 2025, by Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Creditor") and moves this Court to disallow the claim in the amount of $31, 084.41 and avoid the lien recorded against Debtor's property on the basis that the claim is unenforceable and the lien is invalid.

The claim arises from a state court judgment issued by the Beaufort County Court of Common Pleas, Case No. 2023-CP-07-01818, which is unenforceable against the debtor and should be disallowed and expunged in its entirety because the underlying judgment is void, was obtained

by fraud on the court, and currently on appeal with the South Carolina Court of Appeals, Case No. 2025-000648. The judgment is based on multiple procedural defects, violations of due process, referee disqualification, unenforceable HOA documents, and unlawful debt collection practices.

## II. JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this objection and motion pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 502. Venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims).

## III. FACTUAL BACKGROUND

Debtors commenced this Chapter 13 case on April 10, 2025, Case No. 25-01384 in the District of South Carolina. On June 20, 2025, Creditor filed Claim No.28-1 in the amount of $31,084.41, attaching as basis an Order for Decree of Judgment and Foreclosure entered by Special Referee Jannine Mutterer of the Beaufort County Court of Common Pleas (14t Judicial Circuit, Case No. 2023-CP-07-01818). The judgment is currently on appeal before the South Carolina Court of Appeals (Case No.2025-000648).

Debtors purchased their residence on May 4, 2021, for $158,774.20 providing a cash payment that was a direct transfer from Debtor Nicola's disability trust account that was held at Hefren Tillotson. At Closing $2,739.49 was collected by the escrow agent and transferred to the Creditor to cover the payment for May 2021 and any future monthly assessment in the amount of 579.83 until credit was exhausted.

Creditor failed to apply the full credit to Debtors account and assessed an unauthorized animal fee of $400.00 to the Debtors account that following month (June of 2021). After disputing the charge, the Debtors continued to make timely monthly assessment payments but the Creditor refused to remove the charge and continued to assess Debtors account with additional unauthorized charges, late fees, fines, and attorney fees stemming from the unauthorized $400.00 animal fee that had been assessed although Debtors have a registered service animal under the Americans with Disabilities Act (ADA).

## OBJECTION TO CLAIM

Debtor objects to the allowance of Claim #28-1, pursuant to 11 U.S.C. § 502(b) on the following grounds:

**A. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Inaccurate Claim Amount and Unenforceable Fees Render the Judgment Void**

Debtors made their regular monthly assessments required by their governing documents. Creditor's claim consists of excessive late fees, attorney's fees, and collection charges that were assessed when the account was in fact current. Under South Carolina Homeowners Association Act, all HOA governing documents must be recorded each year by January 10 to validate its enforceability. Creditor failed to comply with the statutory requirements to enforce any unpaid charges assessed to Debtors account. Pursuant to S.C. Code Ann. § 27-30-130(B)(2), failure of the association to comply, renders any fees, assessments, or foreclosure proceedings unenforceable and must be disallowed under 11 U.S.C. § 502(b).

**B. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Due Process Violations Render Judgment Void**

The underlying judgment is void because Debtor was not properly served. Service of process was allegedly made 216 days after the Creditor filed their Summons and Complaint. Pursuant to S.C. R. Civ. P. 3(a)(2): A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitation in any manner prescribed by law; (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days (120) after filing. (requiring service within 120 days). Money judgments obtained without due process violate the Fourteenth Amendment to the U.S. Constitution and are subject to vacatur. *BB&T v. Kidwell* (409 S.C. 331, 762 S.E.2d 49 (2014)): The South Carolina Supreme Court affirmed that a judgment entered without personal jurisdiction over a defendant is void and must be set aside. The Court explained that improper service of process is a defect that deprives the court of personal jurisdiction and violates due process. Due process requires proper notification and a hearing before property may be affected, which did not occur, therefore, Creditors claim is unenforceable and must be disallowed under 11 U.S.C. § 502(b).

**C. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Referee Disqualification**

The Special Referee, Jannine Mutterer, who adjudicated the case, was disqualified from presiding due to a conflict of interest. Special Referee Jannine Mutterer had previously represented and acted as a debt collector for the Estate of Westbury active pursuing the collection of debt in June 2022. Jannine Mutterer was appointed as Special Referee based on the Order of Reference filed by Scott Wild. SC Judicial Conduct Rule 2.11(A)(6)(a) mandates disqualification in cases of prior financial or professional interest. A judgment issued under a disqualified referee is void for lack of jurisdiction. *Coon v. Coon*, 356 S.C. 336, 588 S.E.2d 624 (Ct. App. 2003). South Carolina's appellate courts have explicitly held that judgments are void if issued by a judge who should have been disqualified for financial interest in the matter. Therefore, Creditors' claim is therefore void, unenforceable and must be disallowed under 11 U.S.C. § 502(b).

**D. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Fraudulent Debt Collection Practices (FDCPA Violations)**

The Association has violated the Fair Debt Collection Practices Act (15 U.S.C. §§ 807–809) by:

1. Misrepresenting the character, amount, and legal status of the debt.
2. Threatening actions that cannot legally be taken.
3. Collecting fees not expressly authorized by the underlying agreement or law.
4. Failing to provide proper validation notices.

Because the judgment was obtained by committing Fraud on the Court the claim violates Federal laws and is unenforceable and must be disallowed under 11 U.S.C. § 502(b).

### E. Judgment was obtained through Fraud on the Court and Judicial Impropriety: Payments Made and Misapplied

Debtors have provided substantial payments that were either misapplied or ignored by Creditor. Creditors accounting has several inconsistencies:

1. March 16, 2022, lien claimed $3,396.17 delinquency despite records showing for January 11, 2022, statement showed a balance of $1,795.22, and April 6, 2022, statement showed a balance of $2,407.37
2. The Foreclosure Complaint filed on September 25, 2023, claimed a balance of $9,146.76 while attached account statements claimed $9,527.02 as of September 25, 2022.
3. The Foreclosure Complaint filed on September 25, 2023, claimed a balance of $9,146.76 but the Special Referee's Decree of Judgement dated September 10, 2025, (12 months after Complaint was filed) claimed a balance due of $31,084.41. During the period of September 25, 2023, to September 10, 2024, Debtors made monthly payments on the account of $579.83, but the judgment amount increased by **$21,937.65**. (A regular monthly payment was $579.83. 12 monthly payments totaled **$6,957.96** the maximum amount of principle payments that could increase the balance)
4. Creditor includes **$21,937.65** in attorney fees, collection fees, and referee costs that are neither reasonable nor contractually authorized. Such charges are excessive, punitive, and barred under 11 U.S.C. § 506(b).
5. Creditors Proof of Claim now asserts $31,084.41 without reconciling prior contradictory balances, demonstrating inflated, duplicative, and unreliable accounting.
6. Creditors filed a falsified Proof of Claim by claiming on line #7 that the amount claimed **DID NOT** include interest or other charges.
7. Creditors foreclosure counsel, Scott M. Wild, filed false affidavits of service, pre-drafted foreclosure decrees, and contradictory notarized documents

Because the judgment was obtained by committing Fraud on the Court the claim violates State and Federal laws 18 U.S.C. § 157 and is unenforceable and must be disallowed under 11 U.S.C.§ 502(b).

### F. Property Exemption

The subject property is exempt from attachment or seizure because it is owned and operated by Beachside Estates, LLC, a limited liability partnership in the State of South Carolina. On March 3, 2022, Beachside Estates LLC incorporated and on April 03, 2022, Beachside Estate LLC, acquired Tax Map No.: R510-005-000-008B-3218 by transfer of Special Warranty Deed dated April 30, 2022. Pursuant to S.C. Code Ann. § 33-41-720(c), a partner's interest in partnership property is not subject to attachment or execution except on a claim against the partnership. By extension, property held in an LLC is protected from individual creditors of members, and no

claim exists against the LLC. Therefore, any fees, assessments, or foreclosure proceedings are void. Based on South Carolina Law the claim is unenforceable and must be disallowed under 11 USC § 502(b)

### G. Lack of Jurisdiction and Pending State Appeal

The subject matter of Creditors Proof of Claim is directly tied to foreclosure litigation which remains pending on appeal. Until final adjudication by the South Carolina Court of Appeals, any amount claimed is unliquidated, contingent, and disputed under 11 USC § 502(b)(1).

### H. Lack of Jurisdiction and Pending State Appeal

The subject matter of Creditors Proof of Claim is directly tied to foreclosure litigation which remains pending on appeal. Until final adjudication

## IV. MOTION TO AVOID LIEN

Debtor moves pursuant to 11 U.S.C. § 522(f) to avoid the lien recorded by the Association as a judicial lien on the subject property. The lien:

1. Arises from a void judgment and is unenforceable.
2. Encumbers property exempt under state and federal law.
3. Is based on illegal, fraudulent, and unconscionable practices.

Allowing the lien to stand would unjustly deprive Debtor of property rights and violate both statutory and constitutional protections.

## V. RELIEF REQUESTED

WHEREFORE, for the reasons stated above, Debtors respectfully requests that this Court:

1. **DISALLOW** Proof of Claim #28-1, the Proof of Claim should be stricken and disallowed in its entirety under 11 U.S.C. § 502(b).
2. **VOID** the judgment underlying the lien that was filed on March 16, 2022.
3. **AVOID** the judicial lien recorded by the Association ("Creditor") against the subject property pursuant to 11 U.S.C. § 522(f).
4. **GRANT** any further relief as the Court deems just and proper.

## VI. EXHIBITS

**Exhibit A:** Copy of Proof of Claim #28-1
**Exhibit B:** Copy of Beaufort County Court of Common Pleas judgment
**Exhibit C:** Correspondence and documentation of HOA's failure to record governing documents
**Exhibit D:** Timeline of payments, fees, and disputed amounts
**Exhibit E:** FDCPA violation documentation, Fraud on the Court violation documentation, and documentation supporting relevant statutes.

## CONCLUSION

The claim should be stricken and disallowed as this creditor has failed to file a valid claim actionable under Title 11 of the Bankruptcy Code.

Date: September 3, 2025

Signature of Jacqueline E. Ard *Pro Se* Debtor

JACQUELINE E. Ard
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

Date: 9-3-25

Signature of Terry F. Nicola *Pro Se* Debtor

TERRY F. NICOLA
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

**[NOTARY PAGE TO FOLLOW]**

## VERIFICATION

I, Jacqueline Elizabeth Ard, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __3__ day of __September__, 2025, in __Bluffton__, __South Carolina__

_____
Jacqueline Elizabeth Ard

I, Terry Frank Nicola, being first duly sworn, depose under penalty of perjury that the forgoing statements are true and correct to the best of my knowledge and belief. Executed this __3__ day of __September__, 2025, in __Bluffton, South Caroly__, _____.

_____
Terry Frank Nicola

## NOTARY ACKNOWLEDGMENT

STATE OF __South Carolina__

COUNTY OF __Beaufort__

**Subscribed and sworn** to (or affirmed) before me on this __3__ day of __September__, _____, the undersigned Notary Public of the State and County aforesaid, personally appeared __Jacqueline Elizabeth Ard & Terry Frank Nicola__ known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within document, who acknowledged the due execution of the foregoing instrument.

My Commission Expires: __July 11, 2032__   Notary Public _____

Print Notary Name: __Glenn Alan McCormick__

GLENN ALAN MCCORMICK
Notary Public
State Of South Carolina
My Commission Expires July 11, 2032

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA

DEBTOR(S)

CASE NO: 25-01384-JD
CHAPTER: 13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025, I served copies of the following documents:

1. Notice of Objection to Claim
2. Verified Objection to Claim

Served via ECF/ and Electronic Mail to the following recipients:

| | |
|---|---|
| U.S. Trustee | USTPRegion04.CO.ECF@usdoj.gov |
| James M. Wyman | 13info@charleston13.com |

Served via First Class Mail prepaid postage, and ECF to the following recipients:

Spa on Port Royal Sound Horizontal Property Regime, INC
Lucas S. Fautua
171 church Street, Suite 120C
Charleston, SC 29401
lfautua@smithdebnamlaw.com

Spa On Port Royal Sound
Scott M. Wild
P.O. Box 6867
Hilton Head Island, SC 29938
scott@wildlawfirm.com

Date: September 9, 2025

_____
Signature of Debtor (*pro se*)
Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, Michigan 48076

1 | Certificate of Service Case No. 25-01384