Filed By The Court
11/07/25 12:06 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

B1040 (FORM 1040) (12/24)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

**PLAINTIFFS**
JACQUELINE ARD
TERRY NICOLA

**DEFENDANTS**
The Spa on Port Royal Sound, Board
members, IMC Resort Svc, Christine
Phillips, ScottWild, Jannine Mutterer, Jerri Ann

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
PRO SE: 21215 DARTMOUTH DR
SOUTHFIELD, MI 48076

**ATTORNEYS** (If Known) Roseneau, Lucas, Factua,
Scott Wild, others unknown     et al

**PARTY** (Check One Box Only)
☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Adversary Complaint for Violation of the Automatic Stay,
Bankruptcy Fraud, Civil Conspiracy, Fraud on the Court, and
Related Claims

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
　　actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
　　(other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☑ 02-Other (e.g. other actions that would have been brought in state court
　　if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☑ Check if a jury trial is demanded in complaint | Demand $ 2,633,303.24 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Jacqueline Ard and Terry Nicola* | BANKRUPTCY CASE NO. *25-01384* | |
| DISTRICT IN WHICH CASE IS PENDING *South Carolina - Charleston Division* | DIVISION OFFICE *Charleston* | NAME OF JUDGE *L. Jefferson Davis* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *JACQUELINE Ard Terry Nicola* | DEFENDANT *The Spa on Port Royal Sound et al* | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE *11/7/2025* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *JACQUELINE Ard / TERRY Nicola* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**Jacqueline Ard and<br>Terry F. Nicola,**<br>          **Debtor(s)**<br><hr><br>**Jacqueline Ard and<br>Terry F. Nicola,**<br>          **Plaintiff(s),**<br><br>          vs.<br><br>**The Spa on Port Royal Sound Horizontal Property Regime.; Barry Mullins, Henry Sanders, Keith Baker, and JOHN and JANE DOE Board Members of The Spa on Port Royal Sound Horizontal Property Regime,** in their individual and representative capacities; **IMC Resort Services, Inc.; Christine M. Phillips, JOHN and JANE DOE Employees and Agents of IMC Resort Services,** in their individual and representative capacities; **Scott Wild, Esq.,** in his individual and professional capacity; **Jannine Mutterer, Special Referee** for Beaufort County, in her individual and official capacity; **Jerri Ann Roseneau,** Beaufort County Clerk of Court, in her individual and official capacity; **Lucas Fautua, Esq.,** in his individual and professional capacity; and any other persons or entities that may later be identified as participants in the fraudulent scheme,<br>          **Defendants.** | CASE NO.:25-01384-JD<br>ADV. PRO. NO.:_____<br><br>CHAPTER 7<br><br><br><br><br><br>**ADVERSARY COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## Adversary Complaint for Violation of Automatic Stay, Bankruptcy Fraud, Civil Conspiracy, Fraud on the Court, and Related Claims

## INTRODUCTION

Plaintiffs, Jacqueline E. Ard and Terry F. Nicola ("Plaintiffs/Debtors"), by and through themselves as debtors in the above-captioned Chapter 7 proceeding, file this Adversary

1

Complaint pursuant to Federal Rules of Bankruptcy Procedure Rule 7001, alleging egregious misconduct and coordinated fraud by the above-named defendants.

Defendants have knowingly violated the Bankruptcy Code, state law, and federal consumer protection statutes through a pattern of fraudulent foreclosure proceedings, falsified filings, abuse of process, and continued attempts to execute upon property of the bankruptcy estate without lawful authority or court approval.

The Plaintiffs respectfully request this Court to intervene, declare the foreclosure actions void, award damages, impose sanctions, and refer the implicated parties for criminal and professional disciplinary review.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(b), and 11 U.S.C. §§ 105(a), 362(k), 541, 542, 549, 550, 551.

2. Venue is proper in this District under 28 U.S.C. § 1409(a) because this proceeding arises under Title 11 and is related to Debtor's Chapter 7 case pending in this District.

3. This proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O) because it concerns property of the estate, the integrity of the bankruptcy process, violations of the automatic stay, turnover of property of the estate, avoidance of post-petition transfers, and enforcement of court orders.

4. The Bankruptcy Court has exclusive jurisdiction to determine the rights, title, and interests in property of the estate under 11 U.S.C. § 541, and to enforce the protections afforded by §§ 362, 542, 549, and 105.

## PROPERTY OF THE ESTATE AND EFFECT OF THE AUTOMATIC STAY

5. Under 11 U.S.C. § 541(a), all legal and equitable interests of the Debtor as of the commencement of the case become property of the estate.

6. Even in circumstances where the automatic stay has expired or terminated, property of the estate remains protected from execution, seizure, or transfer pursuant to 11 U.S.C. §§

362(a)(3), 541(a), 542(a), 554, 549, and 105(a). Any attempted sale, repossession, or transfer absent such approval constitutes bankruptcy fraud and is void ab initio.

7. No creditor may repossess, sell, assign, or execute upon property of the estate without prior court authorization, as reaffirmed by 11 U.S.C. § 362(a) (stay against acts to obtain or control estate property) and § 542(a) (mandating turnover of estate property).

8. Further, where a creditor seeks to act against estate property, the creditor bears the burden of showing adequate protection under § 361 and must obtain relief from the Bankruptcy Court before taking any action.

9. Accordingly, any foreclosure, sale, or disposition conducted without approval of this Court constitutes a willful violation of the Bankruptcy Code and bankruptcy fraud under 18 U.S.C. § 152(1)–(8).

## AUTHORITY TO BRING ACTION

10. Plaintiffs bring this Complaint under 11 U.S.C. §§ 105(a), 362(k), 541, 542, 549, 550, and 551 and Fed. R. Bankr. P. 7001, seeking declaratory, injunctive, and monetary relief for the Defendants' willful violations of the Bankruptcy Code, including acts of fraud, misconduct, and unlawful collection activity concerning property of the estate.

11. The Defendants' actions—carried out with full knowledge of the bankruptcy—represent a willful disregard of the protections afforded to debtors, and undermine the administration of justice under the Bankruptcy Code.

12. Plaintiffs bring this adversary proceeding under their inherent authority as Chapter 7 debtors to protect property of the estate, prevent fraud on the court, and preserve their rights under 11 U.S.C. §§ 105, 362, 542, 549, and 18 U.S.C. §§ 152–157.

13. The Plaintiffs further invite the Chapter 7 Trustee to join this action or adopt its allegations as necessary to preserve the integrity of the estate and deter ongoing fraud.

## BACKGROUND FACTS AND SUMMARY OF MISCONDUCT

### A. Improper Fines and the Creation of a Fraudulent Debt

14. On May 4, 2021, Plaintiffs Jacqueline E. Ard and Terry F. Nicola purchased their residence located at 239 Beach City Road, Unit 3218, Hilton Head Island, South Carolina 29926, for $153,500.00 in cash using funds from their disability and retirement trust. The property was later transferred to Beachside Estates LLC via a Special Warranty Deed executed on April 30, 2022.

15. At closing, the settlement statement reflected that $579.83 was collected from the seller and $2,159.66 from the Plaintiffs to be applied toward their HOA account beginning May 2021. However, records show that on May 12, 2021, the HOA and/or its management company, IMC Resort Services, applied only $1,159.66 to Plaintiffs' account. The first statement delivered on July 27, 2021, reflected a credit of $1,159.66 and a balance due of $440.00, indicating a clear accounting discrepancy and misapplication of funds.

16. On June 1, 2021, the Association unlawfully assessed a $400.00 "service animal violation fine" against the Plaintiffs' account. This fine was issued despite Plaintiffs immediately informing the Association's security personnel that their animal was a service animal protected under the Fair Housing Act (FHA), 42 U.S.C. § 3604(f). On that same day, Plaintiffs submitted all required documentation to Maryann Stephenson, agent of the HOA, including:
    – a completed reasonable accommodation request,
    – a physician's recommendation letter,
    – current vaccination records, and
    – visible service animal identification (a bandana issued by the HOA).

   Despite full compliance, the Association refused to remove the fine, demonstrating discriminatory intent and deliberate disregard for federal disability accommodation laws.

17. On August 2, 2021, the Association imposed an additional $100.00 "service animal violation fine," falsely alleging that the Plaintiffs had failed to update their accommodation request. Plaintiffs had received no such request for updated documents

and had no change in circumstances. The second fine was therefore arbitrary, retaliatory, and unlawful.

## B. Compounding Late Fees and fraudulent Account Inflation

18. Despite Plaintiffs' repeated written disputes regarding the unlawful fines, the Association refused to correct the account or remove the charges. Instead, The Spa HPR (HOA), IMC Resort Services, and attorney Scott Wild deliberately inflated the Plaintiffs' balance through continuous and excessive late fees, penalties, interest, and legal charges, all imposed on a debt that was invalid and created in bad faith.

19. Although Plaintiffs consistently made their full monthly assessment payments through September 2024, the original $500.00 disputed fine had been fraudulently inflated to $31,084.41, comprised almost entirely of fabricated penalties and attorney fees. This conduct demonstrates a pattern of racketeering and unjust enrichment, converting a disputed $500 administrative fine into an alleged debt exceeding $30,000 without lawful basis or due process.

## C. Procedural Fraud and Collusion in State Court

20. On September 25, 2023, attorney Scott Wild filed a Summons and Complaint in the Beaufort County Court of Common Pleas. The complaint alleged a debt of $9,146.76 purportedly owed by Ms. Ard for assessments, fines, and other "valid" charges. The filing included Exhibit C, which contradicted Wild's assertions by showing consistent monthly payments made by Plaintiffs during the relevant 18-month period. Despite those payments, the account balance continued to grow exponentially — clear evidence of account manipulation and fraudulent accounting practices.

21. Service of process was defective. On October 11, 2023, a Special Deputy in Oakland County attempted out-of-state service but was unsuccessful. Subsequently, on April 30, 2024, a private investigator, Janny Stidham, claimed to have served Ms. Ard at 11:50 PM on April 28, 2024, at an address in a gated community not associated with Plaintiffs' residence. The affidavit of service was notarized by Tracy Thornton, legal assistant to Scott Wild, and filed by his office. Plaintiffs were never personally served, rendering the judgment jurisdictionally defective under S.C.R.C.P. Rule 4 and Rule 3(a).

22. Nevertheless, on May 31, 2024, Wild filed an Affidavit of Default at 9:34 AM, followed by an Order of Default signed by Clerk of Court Jerri Ann Roseneau at 12:04 PM—less than three hours later. The Clerk failed to review or address the facially invalid proof of service, thereby allowing a void default judgment to enter.

23. On August 21, 2024, Wild drafted an Order of Reference appointing Jannine M. Mutterer as Special Referee. The document was irregular: it was undated, bore a blank signature line for Clerk Roseneau, and included an electronic signature of Judge Robert Bonds on a separate third page. Despite these defects, the order was filed and relied upon as valid.

24. On September 3, 2024, Wild filed a Decree of Foreclosure, Sale, and Judgment, which he drafted himself, along with a Certificate of Service completed by his legal assistant and notarized by Wild. Three days later, on September 6, 2024, Wild submitted an Affidavit of Attorney's Fees, claiming $26,675.52 as the alleged debt and an additional $2,408.89 in attorney fees—figures inconsistent with prior filings.

25. On September 10, 2024, a Verified Statement and Affidavit of Debt prepared by Christine Phillips of IMC Resort Services alleged an inflated balance of $29,085.41. Despite the inconsistent and conflicting figures, Special Referee Mutterer entered a Default Judgment and Decree of Foreclosure on September 11, 2024 without verifying service, validating the debt, or addressing the discrepancies between Wild's pleadings and the affidavits submitted.

26. On September 11, 2024, the Default and Foreclosure was held. The Special Referee did not verify if the Plaintiffs had been properly served since they were not present, or request an explanation on how the original debt amount of $9,146.76 ballooned to $31,084.41 over 12 months, nor did the Special Referee review or question why the Decree of Judgment (which was drafted by Scott Wild) and the Verified Statement and Affidavit of Debt have conflicting figures regarding the alleged debt.

27. The Defendants thus obtained a fraudulent default judgment through defective service, an improperly executed order of reference, and a pre-drafted foreclosure decree signed by a biased judicial officer. The cumulative acts constitute fraud upon the court and collusion between counsel and the special referee.

28. On April 1, 2025, Plaintiffs filed a Motion to Vacate Default Judgment and Disqualify the Special Referee. Despite indisputable evidence of bias, prior representation conflicts, and invalid service, Ms. Mutterer refused to recuse herself and improperly denied both motions. At the hearing on April 3, 2025, she dismissed Plaintiffs' arguments and evidence, stating that they were "out of time," despite applicable law permitting relief from a void judgment at any time under Rule 60(b)(4), S.C.R.C.P.

29. Thereafter, the Association and its counsel continued efforts to conduct foreclosure sales while Plaintiffs were in active bankruptcy proceedings, doing so without notice to or authorization from the Bankruptcy Court. These actions constitute willful violations of 11 U.S.C. § 362(a) and further fraud upon the bankruptcy process, demonstrating knowing disregard for federal law and judicial authority.

**D. Summary of Fraud on the Court**

30. The Defendants' conduct reflects a deliberate pattern of fraudulent debt creation, due process violations, and willful misconduct across both state and bankruptcy proceedings. Through unlawful fines, fabricated account balances, defective service, and collusion with a biased judicial officer, they deprived the Plaintiffs of property rights, procedural fairness, and statutory protections guaranteed by the Bankruptcy Code and Constitutional Due Process.

## CAUSES OF ACTION

## COUNT I — WILLFUL VIOLATION OF THE AUTOMATIC STAY
*(11 U.S.C. §§ 362(a)(1), (3), (6), (k))*

**Defendants:**

- *The Spa on Port Royal Sound Horizontal Property Regime, Inc.*
- *IMC Resort Services, Inc.*
- *Barry Mullins, Henry Sanders, Keith Baker, and John/Jane Doe Board Members*
- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer*

**Allegations:**

1. After Plaintiffs filed their bankruptcy petition, the above defendants **continued collection activity** and **pursued foreclosure sales** without seeking relief from the automatic stay.
2. Defendant HOA, through its board members and IMC Resort Services, **demanded payment, issued late fees,** and **contacted third parties** to collect the alleged debt.
3. Attorneys **Scott Wild** and **Lucas Fautua** filed **post-petition motions, foreclosure notices, and orders** in violation of §362.
4. **Special Referee Mutterer** signed and enforced foreclosure orders after notice of bankruptcy, directly contravening federal law.
5. These willful violations caused severe emotional and financial harm to the Plaintiffs.

# COUNT II — BANKRUPTCY FRAUD
*(18 U.S.C. §§ 152–157; 11 U.S.C. § 105)*

**Defendants:**

- *Scott Wild, Esq.*
- *The Spa on Port Royal Sound HPR and its Board Members*
- *IMC Resort Services, Inc.*
- *Jannine Mutterer*

**Allegations:**

1. Defendants knowingly concealed the bankruptcy filing from the state court to obtain a fraudulent foreclosure judgment.
2. **Scott Wild** misrepresented the status of the bankruptcy case and used falsified affidavits to obtain a decree of foreclosure.
3. The HOA and **IMC Resort Services** submitted **false ledgers** showing fabricated charges and inflated balances.
4. **Mutterer** knowingly approved and entered those judgments despite notice of the pending bankruptcy.
5. These coordinated acts constitute bankruptcy fraud and abuse of judicial process under federal law.

# COUNT III — FRAUD ON THE COURT
*(Fed. R. Civ. P. 60(b)(3); Fed. R. Bankr. P. 9024)*

**Defendants:**

- *Scott Wild, Esq.*
- *Lucas Fautua, Esq.*
- *Jannine Mutterer*
- *Jerri Ann Roseneau*

**Allegations:**

1. **Wild** and **Fautua** drafted and submitted **pre-signed or backdated foreclosure orders**, misrepresenting service and notice.
2. **Mutterer**, acting as Special Referee, **signed and entered orders** without proper hearings, thereby committing judicial fraud.
3. **Roseneau**, as Clerk of Court, **failed to review or prevent unlawful entries**, facilitating fraudulent filings.
4. Their actions collectively corrupted the judicial process, rendering the foreclosure orders void.

## COUNT IV — FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.) AND SOUTH CAROLINA CONSUMER PROTECTION CODE VIOLATIONS

**Defendants:**

- *IMC Resort Services, Inc.*
- *The Spa on Port Royal Sound HPR and its Board Members*
- *Scott Wild, Esq.*

**Allegations:**

1. **IMC Resort Services** and the **HOA** repeatedly sent collection letters misstating the amount owed and threatening foreclosure.
2. **Scott Wild** acted as a "debt collector" under the FDCPA, using false and deceptive representations to collect fees not permitted by law.
3. Defendants added **attorney's fees, penalties, and collection charges** not authorized under the governing documents.
4. These practices violated both federal and state consumer protection statutes.

## COUNT V — FAIR HOUSING ACT AND AMERICANS WITH DISABILITIES ACT VIOLATIONS
*(42 U.S.C. §§ 3601, 3617, and 12101 et seq.)*

**Defendants:**

- *The Spa on Port Royal Sound HPR and its Board Members*
- *IMC Resort Services, Inc.*

**Allegations:**

1. The HOA and management company imposed a **$400 "animal fee"** against Ms. Ard for a **medically verified service animal**, despite valid documentation from a licensed physician.

9

2. Defendants ignored requests for reasonable accommodation and instead **retaliated** by increasing assessments and initiating foreclosure.
3. Their conduct constitutes intentional discrimination and retaliation in violation of federal housing and disability law.

# COUNT VI — CIVIL CONSPIRACY
*(Pursuant to South Carolina Common Law; 42 U.S.C. § 1985(3); and 18 U.S.C. § 1962(d))*

**Defendants:**

- *All Defendants named above*

– South Carolina recognizes a cause of action for civil conspiracy, which arises when two or more persons combine for the purpose of injuring the plaintiff, causing special damages. Pye v. Estate of Fox, 369 S.C. 555, 633 S.E.2d 505 (2006); Lee v. Chesterfield Gen. Hosp., 289 S.C. 6, 344 S.E.2d 379 (Ct. App. 1986).
– Under 42 U.S.C. § 1985(3), it is unlawful for two or more persons to conspire to deprive another of equal protection of the laws or equal privileges and immunities under the law.
– Under 18 U.S.C. § 1962(d), it is unlawful to conspire to violate the provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), including through patterns of mail fraud, wire fraud, or obstruction of justice.

**Allegations:**

1. Defendants jointly conspired to deprive Plaintiffs of their property through fraud, perjury, and misuse of judicial process.
2. Each defendant had knowledge of the bankruptcy filing and proceeded to act in concert to achieve an unlawful objective—foreclosure of the property.
3. The conspiracy was carried out through **coordinated filings, false documents, and procedural manipulation**, causing Plaintiffs significant damages.

# COUNT VII — BREACH OF CONTRACT AND COVENANT OF GOOD FAITH AND FAIR DEALING

**Defendants:**

- *The Spa on Port Royal Sound HPR and its Board Members*
- *IMC Resort Services, Inc.*

**Allegations:**

1. Defendants breached their contractual obligations under the governing Master Deed and bylaws by imposing unlawful and discriminatory fees.
2. They failed to credit prior payments, applied unauthorized legal costs, and refused to correct disputed balances.

3. Their actions violated the implied covenant of good faith and fair dealing, causing Plaintiffs financial loss.

## COUNT VIII — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)
*(18 U.S.C. § 1962(c))*

**Defendants:**

- *Scott Wild, Esq.*
- *IMC Resort Services, Inc.*
- *The Spa on Port Royal Sound HOA and its Board Members*
- *Jannine Mutterer*

**Allegations:**

1. Defendants participated in an enterprise engaging in mail and wire fraud by transmitting **fraudulent foreclosure notices, false account ledgers**, and **fabricated legal documents**.
2. The enterprise's pattern of activity included at least two predicate acts within ten years, including **bankruptcy fraud, mail fraud**, and **extortion under color of law**.
3. Plaintiffs suffered injury to property and rights as a direct result of defendants' racketeering activities.

# Timeline of Events and Property Ledger (Exhibit A)

- **May 2021** – Purchase and initial account credit errors
- **June 2021** – $400 service animal fine
- **August 2021** – $100 fine
- **September 2023** – Summons and Complaint filed ($9,146.76)
- **April 2024** – Defective service identified
- **May 2024** – Default judgment obtained
- **August – September 2024** – Orders of reference and foreclosure decrees executed
- **September 2024** – Special Referee's Decree of Judgment and Foreclosure ($31,084.41)
- **April 2025** – Emergency motion to vacate default denied
- **October 2025** – Conversion to Chapter 7; unauthorized foreclosure (Case 25-01384)

# Financial Harm and Damages Summary (Exhibit D)

1. **Loss of Property and Retirement Assets:** Entire trust fund depleted to pay unlawful claims and fight ongoing harassment.
2. **Medical Expenses:** Plaintiff Terry F. Nicola suffers from Parkinson's Disease; Jacqueline E. Ard suffers from a catastrophic hand injury; lack of resources prevented ongoing medical care, worsening both debtors conditions.

3. **Business Loss:** Plaintiffs' LLC operations destroyed due to financial misconduct, and all assets must be liquidated during Chapter 7 proceedings.
4. **Emotional and Physical Harm:** Cognitive decline, stress-related conditions, and disability exacerbated. Jacqueline Ard endured a catastrophic injury resulting in permanent hand paralysis due to the inability to obtain medical treatment.
5. **Credit and Future Stability:** Erosion of financial security, necessitating bankruptcy filings.

# Statement of Relief Requested

## A. Injunctive and Equitable Relief

- Immediate stay of foreclosure and debt collection efforts
- Reversal of any and all sales or transfer of property of the Estate
- Vacatur of all state court orders obtained by fraud
- Full accounting and audit of Plaintiffs' HOA account
- Corrective actions to ensure compliance with **11 U.S.C. § 362(a)**

## B. Monetary Relief

- Compensatory damages for lost assets, medical expenses, and business losses
- General and special damages for emotional distress
- Punitive damages for willful, reckless, and fraudulent conduct

## C. Declaratory Relief

- Declare Plaintiffs' property protected under the Bankruptcy Code
- Invalidate all unlawful fines, fees, and charges
- Recognize Defendants' conduct as civil conspiracy and fraud upon the court

## D. Attorneys' Fees and Costs

- Award all attorneys' fees, court costs, and associated expenses to Plaintiffs

## E. Other Relief

- Any other relief deemed just and proper to protect Plaintiffs and the estate

## Reservation of Rights to Amend

Plaintiff expressly reserves the right to amend this Complaint to include any and all individuals or entities found to have participated in or facilitated the fraudulent and unlawful conduct described herein, including further violations of the Bankruptcy Code, FDCPA, ADA, state consumer-protection laws, or acts of civil conspiracy.

**Relief Requested**

Plaintiff respectfully requests that this Court:

1. Declare that the Defendants' actions constitute willful violations of 11 U.S.C. § 362(a) and § 105(a);

2. Declare void and unenforceable all state-court judgments, foreclosure orders, and liens obtained through fraud;

3. Order turnover of any estate property taken or sold without authorization under § 542(a);

4. Award compensatory and punitive damages pursuant to § 362(k) for willful stay violations;

5. Impose sanctions under § 105(a) and the Court's inherent authority;

6. Refer the matter to the U.S. Attorney and U.S. Trustee for investigation of potential bankruptcy crimes under 18 U.S.C. § 152;

7. Grant such other and further relief as the Court deems just and proper, including a jury trial on all triable issues.

**Respectfully submitted,**

**Jacqueline Ard, Debtor Pro Se**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

November 5, 2025
**Dated**

**Terry F. Nicola, Co-Debtor Pro Se**
Mailing Address:
2121 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051 email:jacquelineard72@gmail.com

11.5.2025
**Dated**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

**Jacqueline Elizabeth Ard and**
**Terry Frank Nicola,**

              Debtor(s)

CASE NO.: 25-01384-JD

CHAPTER 7

**DECLARATION OF**
**JACQUELINE E. ARD IN**
**SUPPORT OF DAMAGES**

**DECLARATION OF JACQUELINE E. ARD IN SUPPORT OF DAMAGES**

I, **Jacqueline E. Ard**, being duly sworn under penalty of perjury, declare the following:

## I. BACKGROUND

1. I am one of the Debtors and Plaintiffs in the above-captioned matter. I am over the age of eighteen and competent to testify to the facts stated herein.
2. My co-plaintiff and spouse, Terry F. Nicola, and I are the lawful owners of Unit 3218 at *The Spa on Port Royal Sound HPR*, located at 239 Beach City Road, Hilton Head Island, South Carolina.
3. This declaration is made in support of our claim for compensatory, consequential, and punitive damages resulting from the intentional, fraudulent, and unlawful conduct of the Defendants, including The Spa on Port Royal Sound Horizontal Property Regime, its board members, management company (IMC Resort Services, Inc.), and their attorneys and agents.
4. The factual allegations stated herein are based on my personal knowledge, records in my possession, and documents filed in state and federal court proceedings related to this matter.

## II. DIRECT CAUSATION AND CHRONOLOGY OF EVENTS

5. Beginning in May 2021, after our lawful purchase of the property, the HOA, through its management company and board, began imposing discriminatory and retaliatory fines related to our service animal accommodations, despite our full compliance with the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA).
6. The first unlawful fine was issued in June 2021, followed by repeated threats of enforcement, late fees, and attorney fees that were added without justification.

7. When I attempted to resolve the matter through correspondence and mediation, my efforts were ignored, and the fines continued to accumulate.

8. In 2022, the HOA, through its attorney Scott Wild, initiated a foreclosure action based entirely on fabricated account balances and charges that were disputed, discriminatory, and not authorized by law.

9. The state foreclosure case proceeded under fraudulent circumstances, including ex parte communication and judicial irregularities involving Judge Robert J. Bonds, Special Referee Jannine Mutterer, and Clerk of Court Jerri Ann Roseneau, resulting in an unlawful default judgment that violated my right to due process.

10. Service of process in the state case was defective and untimely, exceeding the 120-day statutory limit under South Carolina law, yet the court entered judgment without jurisdiction.

11. The wrongful foreclosure process continued even after the filing of our bankruptcy petition, in violation of the automatic stay and the rights of the bankruptcy estate.

12. As a direct result of these actions, my property rights, credit, health, business operations, and livelihood were destroyed.

## III. DAMAGES INCURRED

### A. Financial Losses

13. I have suffered substantial financial harm, including:
   a. The loss of our condominium at 239 Beach City Road, valued at approximately $278,000, wrongfully foreclosed through a fraudulent proceeding.
   b. Loss of business income and rental revenue from our short-term and long-term rental enterprise, which generated approximately $4,000–$6,000 per month prior to the onset of the dispute.
   c. Costs associated with defending against improper legal actions, including filing fees, transcript costs, copying, and document preparation exceeding $7,500.
   d. Destruction of personal property and furnishings in the unit due to restricted access and interference by the HOA and its management company.
   e. Damage to credit and financial reputation, resulting in denial of refinancing and credit opportunities, further compounding the loss.

### B. Emotional and Physical Distress

14. The cumulative stress, harassment, and uncertainty caused by the Defendants' misconduct have resulted in severe emotional distress, sleep disruption, and trauma.

15. I have developed a serious and permanent hand deformity that my physician attributes to chronic stress and overexertion related to this ongoing legal and financial crisis.

16. My co-plaintiff, Terry F. Nicola, has experienced a severe deterioration of his neurological and physical condition due to the constant anxiety and financial collapse caused by these events.

### C. Professional and Reputational Harm

17. My ability to maintain my business operations has been destroyed. Reputationally, I have suffered irreparable damage in my professional and community relationships due to the stigma of bankruptcy and foreclosure proceedings falsely attributed to my alleged "nonpayment."

18. These false records have been made part of the public record, accessible to employers, contractors, and clients, further impairing my ability to work and support myself.

## D. Constitutional and Civil Rights Injury

19. The Defendants' actions have deprived me of constitutional due process, equal protection, and the right to fair treatment in state court proceedings.

20. The fraudulent use of judicial authority and ex parte communications between private counsel and court officials directly undermined the integrity of the judicial process and caused irreversible harm to my access to justice.

## IV. REQUEST FOR RELIEF

21. Based on the foregoing, I respectfully request that this Court award:

a. **Compensatory damages** for financial loss and property destruction in an amount not less than **$400,000**;

b. **Consequential damages** for emotional distress, health deterioration, and business losses in an amount not less than **$250,000**;

c. **Punitive damages** against the Defendants jointly and severally, in an amount to be determined at trial;

d. **Restoration of property and correction of all fraudulent state records**;

e. **Referral to the U.S. Department of Justice and Office of Professional Responsibility** for investigation of the judicial and professional misconduct described herein; and

f. **Any other relief deemed just and equitable** by this Court.

FURTHER AFFIANT SAYETH NAUGHT.

Jacqueline Ard
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
jacquelineard72@gmail.com

**[NOTARY PAGE TO FOLLOW]**

**NOTARY PAGE:**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

PRINT FULL NAME: _JACQUELINE E. Ard_

SIGNATURE: _____

Sworn to and subscribed before me on (date) _November 5th 2025_.

Notary Public: _____        **Notary Seal**

[Notary's Printed Name] _Emilee N Kephart_

Commission Expires: _December 21, 2026_

STATE OF _Pennsylvania_ )

                        ) SS

COUNTY OF _Allegheny_ )

```
Commonwealth of Pennsylvania - Notary Seal
EMILEE N KEPHART - Notary Public
Allegheny County
My Commission Expires December 21, 2026
Commission Number 1429351
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

|  |  |
|---|---|
| **IN RE:**<br><br>**Jacqueline Elizabeth Ard and**<br>**Terry Frank Nicola,**<br><br>     Debtor(s) | CASE NO.: 25-01384-JD<br>CHAPTER 7<br><br><br>**DECLARATION OF**<br>**TERRY F. NICOLA IN**<br>**SUPPORT OF DAMAGES** |

**DECLARATION OF TERRY F. NICOLA IN SUPPORT OF DAMAGES**

I, **Terry F. Nicola**, declare under penalty of perjury as follows:

## I. BACKGROUND

1. I am a co-debtor and plaintiff in the above-captioned case with my spouse, **Jacqueline E. Ard**, at 239 Beach City Road, Hilton Head Island, South Carolina.
2. I am over the age of 65 and medically disabled. I have been under continuous care for progressive neurological and mobility-related conditions that affect my physical stability, memory, and cognitive function.
3. This declaration is made in support of our claim for damages in this adversary proceeding, arising out of the Defendants' ongoing acts of fraud, discrimination, and abuse of process that have stripped us of our home, income, health, and dignity.
4. The facts stated here are based on my personal knowledge, firsthand experience, and review of documents and correspondence exchanged with the HOA, their attorneys, and court officials.

## II. CHRONOLOGY AND DIRECT CAUSATION

5. In **May 2021**, my wife and I purchased the condominium at *The Spa on Port Royal Sound HPR*. All assessments were paid in full through escrow at closing. We expected to enjoy a quiet and stable retirement.
6. In **June 2021**, the HOA unlawfully imposed a $400 fine against us, falsely claiming a violation related to our **service animal**, despite full compliance with the HOA's own procedures and federal accommodation laws.

7. My wife immediately provided medical documentation, vaccination records, and an accommodation letter from her treating physician confirming her right to have a service animal under the ADA and Fair Housing Act.

8. The HOA, its board, and management company ignored these records and continued to demand payment of the fine. They began to add **late fees and attorney fees**, treating the disputed amount as a delinquency.

9. These unlawful charges led to a **manufactured "delinquency"** that was used as a pretext for a **foreclosure action**, initiated through Attorney **Scott Wild**, who worked in coordination with **IMC Resort Services, Inc.** and **The Spa on Port Royal Sound Board of Directors**.

10. The foreclosure case proceeded through **fraudulent and defective means**, including untimely service of process, **ex-parte communications** with judicial officers, and entry of a **default judgment** without jurisdiction.

11. Court officials, including **Judge Robert J. Bonds**, **Special Referee Jannine Mutterer**, and **Clerk of Court Jerri Ann Roseneau**, enabled or approved orders that were facially invalid, culminating in a judgment obtained by fraud upon the court.

12. These events caused us to lose the use and benefit of our home and destroyed the security we had built over decades of work and saving.

## III. DAMAGES AND HARDSHIP

### A. Financial and Property Loss

13. We lost our condominium unit, valued at approximately **$278,000**, due to a fraudulent foreclosure proceeding.

14. Our **business operations**—short- and long-term rental management—were destroyed, resulting in an average income loss for that property of **$4,000–$6,000 per month**.

15. We were forced to spend thousands of dollars on filings, copying, correspondence, and travel to defend ourselves from the HOA's false claims, despite our limited fixed income.

16. We depleted our **retirement savings** attempting to save our home and meet basic expenses during this ordeal.

### B. Emotional, Physical, and Psychological Harm

17. The prolonged stress and harassment by the HOA, attorneys, and courts have caused **severe emotional trauma** and physical decline.

18. My existing neurological condition has **significantly worsened**; I now experience confusion, tremors, frequent falls, and episodes of hallucination. My doctor has noted that the rapid progression of my condition is directly tied to stress and loss of stability caused by this litigation.

19. My ability to perform daily functions and support my spouse has been gravely reduced. We now both depend on limited disability income and medical support.

### C. Reputational and Credit Damage

20. False court records and the wrongful foreclosure have destroyed our credit standing and reputation, preventing refinancing or future housing opportunities.
21. As a result, we have been left without access to the equity or assets that should have sustained us during retirement.

## IV. PERMANENT STATE OF LOSS

22. The Defendants' coordinated actions have left us in a **permanent state of devastation**:

- Loss of our **business and retirement income**
- Loss of our **home and property**
- Deterioration of our **health** and daily independence
- Complete **destruction of our credit and financial future**

23. These harms are **irreversible** and were directly caused by the unlawful, discriminatory, and fraudulent conduct of the named Defendants.

## V. REQUEST FOR RELIEF

24. I respectfully request that this Court grant full and fair relief, including:

a. **Compensatory damages** for financial and property loss in an amount not less than **$400,000**;

b. **Consequential and emotional distress damages** in an amount not less than **$250,000**;

c. **Punitive damages** against all Defendants to deter future abuse of disabled and elderly homeowners;

d. **Referral of all judicial and professional actors** involved to the U.S. Department of Justice, Office of the U.S. Trustee, and professional licensing authorities for investigation;

e. **Restoration or credit of our wrongfully foreclosed property** and correction of false court filings;

f. Any other **equitable or legal relief** deemed just and proper.

FURTHER AFFIANT SAYETH NAUGHT.

Terry F. Nicola
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
jacquelineard72@gmail.com

**[NOTARY PAGE TO FOLLOW]**

**NOTARY PAGE:**

**I declare under penalty of perjury that everything I have stated in this document is true and correct.**

PRINT FULL NAME: _Terry Nicola_

SIGNATURE: _Ty Nicol_

Sworn to and subscribed before me on (date) _November 5th 2025_ .

Notary Public: _Emilee N Kephart_     **Notary Seal**

[Notary's Printed Name] _Emilee N Kephart_

Commission Expires: _December 21, 2026_

STATE OF _Pennsylvania_     )
                                    ) SS
COUNTY OF _Allegheny_     )

> Commonwealth of Pennsylvania - Notary Seal
> EMILEE N KEPHART - Notary Public
> Allegheny County
> My Commission Expires December 21, 2026
> Commission Number 1429351

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

**CASE NO.: 25-01384-JD**
**SC COURT CASE NO. 2023-CP-07-01818**

IN RE:

**Jacqueline Ard and**
**Terry F. Nicola,**

**Debtor(s)**

# CERTIFICATE OF SERVICE

**(Pursuant to 28 U.S.C. § 1746)**

I, **Jacqueline E. Ard**, hereby certify that on this _5_ day of _November_, 2025, I served a true and correct copy of the

- **Adversary Complaint for Violation of the Automatic Stay, Bankruptcy Fraud, and Related Causes of Action,**
- **Declaration of Jacqueline Ard and Terry Nicola**
- **Memorandum**

together with the Civil Cover Sheet and Summons, by depositing same in the United States Mail, first-class postage prepaid, properly addressed to the following parties:

---

**Parties Served**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Tel: (843) 884-6874
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Tel: (843) 884-6874
Email: mconrady@campbell-law-firm.com

**Lucas S. Fautua, Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Tel: (843) 714-2533
Email: lfautua@smithdebnamlaw.com

**J. Ronald Jones, Jr., Esq.**
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Tel: (843) 714-2535
Fax: (843) 714-2541
Email: rjones@smithdebnamlaw.com

**IMC Resort Services, Inc.**
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Christine M. Phillips**
c/o IMC Resort Services, Inc.
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Mark Benson**
c/o IMC Resort Services, Inc.
2 Corpus Christi, Suite 302
Hilton Head Island, SC 29928

**Scott Wild, Esq.**
Law Office of Scott Wild

37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

**Jannine M. Mutterer, Esq.**
Mutterer Law Firm, LLC
5 Red Cedar Street, Suite 102
Bluffton, SC 29910

**Barry Mullins**
c/o The Spa on Port Royal Sound HOA Office
239 Beach City Road
Hilton Head Island, SC 29926

**Henry Sanders**
c/o The Spa on Port Royal Sound HOA Office
239 Beach City Road
Hilton Head Island, SC 29926

**Keith Baker**
c/o The Spa on Port Royal Sound HOA Office
239 Beach City Road
Hilton Head Island, SC 29926

**Maryanne Stephenson**
HOA Agent, The Spa on Port Royal Sound
239 Beach City Road
Hilton Head Island, SC 29926

**Jerri Ann Roseneau**
Beaufort County Clerk of Court
102 Ribaut Road
Beaufort, SC 29902

**Robert J. Bonds, Esq.**
P.O. Box 2120
Walterboro, SC 29488

**[NOTARY PAGE TO FOLLOW]**

**NOTARY PAGE: AFFIDAVIT**

I declare under penalty of perjury that everything I have stated in this document is true and correct.

PRINT FULL NAME: JACQUELINE E. Ard

SIGNATURE:

Sworn to and subscribed before me on (date) November 5th, 2025 .

Notary Public: Emilee N Kephart

[Notary's Printed Name] Emilee N Kephart

Commission Expires: December 21, 2026

STATE OF Pennsylvania )

COUNTY OF Allegheny ) SS )

Notary Seal

Commonwealth of Pennsylvania - Notary Seal
EMILEE N KEPHART - Notary Public
Allegheny County
My Commission Expires December 21, 2026
Commission Number 1429351