**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | Chapter 7 |
| | ) | |
| **Jacqueline Elizabeth Ard** | ) | Case No. 25-01384-jd |
| *dba Global Management Group LLC* | ) | |
| *dba Beachside Estates LLC* | ) | Judge L Jefferson Davis IV |
| **and Terry Frank Nicola** | ) | |
| *dba Beachside Estates LLC* | ) | NOTION OF MOTION AND |
| *dba Global Management Group*, | ) | OPPORTUNITY FOR HEARING |
| | ) | |
| **Debtors.** | ) | |

**AMENDED NOTICE AND APPLICATION SEEKING AN ORDER**
**COMPELLING ABANDONMENT**

Nationstar Mortgage LLC has filed papers with the court to grant an order compel abandonment

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to [relief sought in motion or objection], or you want the court to consider your views on the motion, then within fourteen (14) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

  1100 Laurel Street
  Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

  Elizabeth Parrott
  1544 Old Alabama Rd
  Roswell GA  30076

  Kevin Campbell
  PO Box 684
  Mount Pleasant, SC 29465

1

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201

    Attend the hearing scheduled to be heard on January 7, 2026 at 10:30 a.m. at the United States Bankruptcy Court, King and Queen Building 145 King Street, Room 225 Charleston, SC 29401

    If no response, return, and/or objection is timely filed and served, no hearing will be held on this motion, except at the direction of the judge.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

Date: _12/1/2025_____       /S/Elizabeth Parrott_

                                                  Elizabeth Parrott
                                                  1544 Old Alabama Rd
                                                  Roswell GA  30076
                                                  678-277-4911
                                                  Elizabeth.parrott@mccalla.com
                                                  Dist CT ID 13022

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Jacqueline Elizabeth Ard | ) | Case No. 25-01384-jd |
| *dba Global Management Group LLC* | ) | |
| *dba Beachside Estates LLC* | ) | Judge L Jefferson Davis IV |
| and Terry Frank Nicola | ) | |
| *dba Beachside Estates LLC* | ) | |
| *dba Global Management Group*, | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION SEEKING AN ORDER:
DIRECTING ABANDONMENT**

Comes now Nationstar Mortgage LLC, its successors or assigns, a secured creditor of the above-named Debtors, and moves the Court for an Order granting relief from the automatic stay provisions of 11 USC §362(a) and directing abandonment of Property by the Trustee pursuant to 11 USC §554(b). In support, Movant would show the following:

1.

Jacqueline Elizabeth Ard *dba Global Management Group LLC dba Beachside Estates LLC* and Terry Frank Nicola *dba Beachside Estates LLC dba Global Management Group*, hereinafter known as Respondents, filed a Petition for Relief under 11 U.S.C. Chapter 13 on April 10, 2025, and is therefore subject to the jurisdiction of this Court. Thereafter, on September 9, 2025, the Debtors converted the to a case under 11 U.S.C. Chapter 7.

2.

Kevin Campbell, ("the Trustee") is the Chapter 7 Trustee and party to this action.

3.

This matter is a core proceeding pursuant to 28 USC §157, and the court has jurisdiction pursuant to 28 USC §§151, 157 and 1334. This is a contested proceeding within the meaning of Bankruptcy Rule 9014, and the Bankruptcy Court has jurisdiction over this matter.

4.

Nationstar Mortgage LLC, its successors or assigns, hereinafter referred to as Movant, is a secured creditor of Debtors pursuant to a Note and Mortgage. Jacqueline Ard and Terry Nicola excuted a Note, dated January 26, 2022, in the original principal amount of $190,000.00 (attached hereto as Exhibit "A"). The Note is secured by a Mortgage executed by Debtors, dated January 26, 2022, which conveys certain property now or formerly known as 663 William Hilton Pkwy., Apt. 4408, Hilton Head Island, South Carolina 29928. Said Mortgage is recorded on February 7, 2022 in Book 4112, Page 2810 to 2826, and further as File Num 2022007885 in Beaufort County, North Carolina Records (attached hereto as Exhibit "B"). The Mortgage was subsequently assigned to Movant as evidenced by the Assignment of Mortgage recorded on October 16, 2024 in Book 4375, Page 0483, and further as 2024045382 in Beaufort County, North Carolina Records (attached hereto as Exhibit "C").

5.

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

6.

The Present Case is the third (3rd) bankruptcy case commenced by the Debtors in less than a twelve-month period. The cases filed by the Debtor are:

a. Case Number 24-03611-jd, Chapter 13 filed pro se on October 4, 2024 in the District of South Carolina and Dismissed on November 21, 2024 for failure to file the required documentation necessary to prosecute the case.

b. Case Number 25-40952-mlo, Chapter 13 filed pro se on January 31, 2025 in the Eastern District of Michigan and Dismissed on March 3, 2025 for to file the required documentation necessary to prosecute the case.

4

c. Current Case Number 25-01384-jd, Chapter 13 filed pro se on April 10, 2025. The Pro Se Debtors filed a Motion to Impose the Stay on April 18, 2025. The Motion was denied on May 23, 2025.

**THERE IS NO AUTOMATIC STAY IN PLACE IN THE PRESENT CASE**

7.

The Debtors' case filings in October 2024 and January 2025 resulted in dismissals without any attempt by Debtors to provide for treatment of the mortgage based debt or disposition of the Property. The dismissals occurred on November 21, 2024 and March 3, 2025. Both dismissal dates are within one year prior to the commencement of the Present Case.

8.

Because of the filings and dismissals of the prior two cases within a year of the commencement of the Present Case, there is no automatic stay in place as provided under Bankruptcy Code section 362(c)(4)(A)(i). The Debtor has not filed a motion seeking imposition of the automatic stay in Present Case. Under Section 362(c)(4)(A)(ii), Secured Creditor may seek an order of this Court confirming that there is no automatic stay in the Present Case.

**BASIS FOR RELIEF**

**A. In Rem Relief is Warranted**

1.

All of the prior dismissed cases of Debtors were filed post mortgage default. With the dismissal of the two prior cases, the Debtor did not seek to use of the bankruptcy code to provide for the satisfaction of the mortgage, seek loss mitigation (if it were available) or to provide for disposition of the Debtor's interest in the Property. Rather, the Debtor cases were timed and filed to gain advantage of the automatic stay to impede the Foreclosure Action, and sale of the Property.

2.

In the Present Case, it does not appear that the Debtor will be using of the bankruptcy code to provide for the satisfaction of the mortgage as they have converted to a liquidation case.

3.

The Debtors repeated use of bankruptcy case filings concerning the Property while the Foreclosure Action has been pending has had the actual consequence of stalling Secured Creditor in exercising its rights.   There is no valid financial restructuring or relief with respect to the Property or the liability under the mortgage.  The only thing that has happened with each successive case filing is the application of the stay, that has only delayed the inevitable sale of the Property.  This has been a process or "scheme" that has hindered and delayed the sale of the Property. *See,* In re Waldron*,* 785 F.2d 936, 941 (11th Cir. 1986) ("whenever … a petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").  From the facts present, it can be induced that the Debtors have not been utilizing the bankruptcy process for legitimate financial restructuring concerning the Property, but rather, have manipulated the bankruptcy process to create a running impediment to the enforcement of Secured Creditor's rights.   It is respectfully submitted that this is a demonstrable example of bad faith.

4.

The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings.  The inference that good faith is required in order for debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Bankruptcy Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

In re Little Creek Dev. Co., 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See, also,* In re Waldron, 785 F.2d 936 (11th Cir. 1986).

5.

The Eleventh Circuit's analysis in In re Kitchens, 702 F.2d 885 (11th Cir. 1983) was based on a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors including the conduct of the debtor. The other Circuits have adopted similar analysis and criteria.

6.

According to Kitchens, the prior conduct of a debtor can be considered in determining whether the debtor is demonstrating the sincerity and effort required to be a debtor in bankruptcy. The Eleventh Circuit listed the following factors, among others, as indicative of bad faith:

(5) the motivations of the Debtor and his sincerity in seeking relief under the provisions of [the Bankruptcy Code];
(6) the Debtor's degree of effort;
(9) the frequency with which the Debtor has sought relief under the Bankruptcy Reform Act and its predecessors; [and]
(10) the circumstances under which the Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors.

Kitchens, 702 F.2d at 888-89.

7.

Based upon the repetitive filings by the Debtor, there is a strong indication that they are attempting to benefit from the use of the Bankruptcy Code to forestall the sale of the Property and remain in possession and occupancy of the Property without cost to them, and in absolute detriment to the Secured Creditor's legitimate rights.

8.

Secured Creditor submits that it is entitled to prospective relief from the automatic stay pursuant to Bankruptcy Code section 362(d)(4) for cause, to wit, the existence of the mortgage default, the repetitive case filings that triggered the automatic stay, and the lack of any viable effort at financial restructuring by the Debtors. There is strong evidence of bad faith by the Debtors concerning the Property and the use of the bankruptcy process since the mortgage default, see, In re Little Creek Dev. Co., 779 F.2d 1068 (5th Cir. 1986) and In re Waldron, 785 F.2d 936 (11th Cir. 1986).

WHEREFORE MOVANT PRAYS:

(a)   That this Honorable Court enter an order pursuant to 11 U.S.C. § 362(d)(4) granting *In Rem* prospective relief from an automatic stay in a future bankruptcy case in regard to the Property for a period of two (2) years from the date of entry of the Order to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein.

(b)   That the Movant's secured property be abandoned as property of the estate;

(c)   That the court waive the 14-Day Stay of Bankruptcy Rule 4001(a)(4); and

(d)   For such other and further relief as this Court deems just and proper.

Respectfully Submitted:


By: /s/Elizabeth H Parrott
Elizabeth H. Parrott (SC 101829  Dist ID  13022)
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Road
Roswell, Georgia 30076
678-277-4911
312-803-9663
Elizabeth.Parrott@mccalla.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Jacqueline Elizabeth Ard | ) | Case No. 25-01384-jd |
| *dba Global Management Group LLC* | ) | |
| *dba Beachside Estates LLC* | ) | Judge L Jefferson Davis IV |
| and Terry Frank Nicola | ) | |
| *dba Beachside Estates LLC* | ) | |
| *dba Global Management Group*, | ) | |
| | ) | |
| Debtors. | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, Elizabeth H. Parrott, of McCalla Raymer Leibert Pierce, LLP, 1544 Old Alabama Road, Roswell, Georgia 30076, certify under penalty of perjury pursuant to 28 U.S.C. Sec. 1746:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on 12/1/2025, I served a copy of the **MOTION FOR ABANDONMENT** AND **PROPOSED ORDER** to be filed in this bankruptcy matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties at:

*Pro Se Debtor*
Jacqueline Elizabeth Ard
21215 Dartmouth Dr
Southfield, MI 48076-5634

*Pro Se Joint Debtor*
Terry Frank Nicola
21215 Dartmouth Dr
Southfield, MI 48076-5634

*Trustee*
Kevin Campbell
PO Box 684
Mount Pleasant, SC 29465

10

*U.S. Trustee*
US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201


I CERTIFY UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. SEC. 1746 THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on 12/1/2025                    By: /s/Elizabeth H Parrott_____
                                             Elizabeth H. Parrott
                                             SC 101829
                                             Dist ID 13022