Case 25-01384-jd    Doc 220    Filed 12/09/25    Entered 12/11/25 12:44:... ...in
Document    Page 1 of 4

Filed By The Court
12/9/2025 11:52 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

In re:
**Jacqueline Elizabeth Ard
and Terry Frank Nicola,**
                    Debtor(s).

Case No. 25-01384-JD
Chapter 7

**MOTION TO VACATE ORDER
SUSTAINING TRUSTEE'S
OBJECTION TO EXEMPTIONS**

## MOTION TO VACATE ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

The Debtors, **Jacqueline Elizabeth Ard** and **Terry Frank Nicola**, pro se and disabled, respectfully move this Court pursuant to Fed. R. Civ. P. 60(b), Fed. R. Bankr. P. 9024, and principles of due process to **VACATE** the Order entered sustaining the Chapter 7 Trustee's Objection to Exemptions.
In support thereof, the Debtors state:

## I. THE ORDER IS VOID OR ENTERED IN ERROR BECAUSE THE COURT RULED PREMATURELY BEFORE THE RESPONSE DEADLINE

1. The Trustee filed his Objection to Exemptions on **November 11, 2025**, and it was served on the Debtors on **November 19, 2025**.
2. The Trustee's Notice expressly stated that the Debtors had **twenty-one (21) days from the date of service** to file a response.
   • Date of service: **November 19, 2025**
   • Response deadline: **December 10, 2025**
3. The Court nevertheless entered its Order **before the expiration of the 21-day response period**, and before the scheduled hearing date of **December 17, 2025 at 10:00 a.m.**
4. Because the Debtors *still had time* to file a response under the Notice they were required to rely on, the ruling was premature, improper, and contrary to the Federal Rules of Bankruptcy Procedure.
5. Under binding due-process principles, a court may **not** rule on a contested matter before the response period expires.
   The Order is therefore **void** or at minimum **entered in error**, and must be vacated.

## II. THE COURT RULED DESPITE A HEARING ALREADY BEING SCHEDULED

6. The Trustee's notice expressly directed the Debtors to **attend the hearing** scheduled for **December 17, 2025**.

1

7. The Debtors were preparing for both:
   (a) filing their written response before the December 10 deadline; and
   (b) attending the December 17 hearing.
8. The Court's decision to rule **before** the hearing and **before** the response deadline removed the Debtors' right to be heard, in direct violation of the Court's own noticed procedures.

### III. THE DEBTORS HAD ALREADY FILED A MOTION FOR REASONABLE ACCOMMODATIONS DUE TO DISABILITY BARRIERS

9. The Debtors suffer from significant physical and cognitive disabilities, and both are elderly, disabled, and part of a federally protected class.
10. Prior to the premature ruling, the Debtors filed a **Motion for Reasonable Accommodations**, explaining the barriers their disabilities create in evaluating legal documents, responding to filings, and navigating litigation.
11. Despite being on notice of these disability-related barriers, and despite the ADA and constitutional requirement that disabled litigants receive meaningful access to the courts, the Court issued an **expedited ruling** that effectively denied them the protections and extensions that reasonable accommodation requires.
12. By ruling early, the Court **eliminated the Debtors' right to be heard**, their right to respond, and their ability to access the judicial process on equal footing.

### IV. THE PREMATURE ORDER WOULD STRIP DISABLED DEBTORS OF ALL PROPERTY—AN OUTCOME CONTRARY TO THE PURPOSE OF THE BANKRUPTCY CODE

13. The Order sustaining the Trustee's objection to all claimed exemptions—entered without hearing, without briefing, and in violation of due-process requirements—would effectively strip the elderly disabled Debtors of all property.
14. Such an outcome would leave the Debtors **homeless, destitute, and without the minimal exempt property Congress specifically intended to preserve for debtors to maintain basic human survival**.
15. Congress did **not** enact the Bankruptcy Code to permit courts to take everything from disabled debtors without due process, access, or accommodation.
16. This Court should not allow its discretion to be used in a manner that **inflicts further harm on vulnerable, protected-class Debtors**, particularly where the harm results from a procedural irregularity that prevented the Debtors from defending their rights.

### V. THE DEBTORS WERE ACTIVELY PREPARING THEIR RESPONSE IN RELIANCE ON THE TRUSTEE'S 21-DAY NOTICE

17. The Debtors were preparing a written response based on the explicit 21-day notice they were entitled to rely upon.
18. The Debtors proceeded in good faith and had no reason to believe the Court would rule **before** the legally required deadline.

19. But the Court did so, cutting off the Debtors' right to participate in their own case.
20. This constitutes a textbook violation of constitutional due process requiring the Order to be vacated.

## VI. RELIEF REQUESTED

For the foregoing reasons, the Debtors respectfully request that this Court:

1. **VACATE** the Order entered December 3, 2025, sustaining the Trustee's Objection to Exemptions;
2. **Cancel** the premature ruling and return the matter to the normal briefing schedule;
3. **Restore** Debtors' rights to file their Response by the proper deadline (December 10, 2025), or allow filing instanter
4. **Reinstate** the previously scheduled December 17, 2025 hearing, or reschedule that hearing to be held via Zoom to accommodate Debtors' disability-related barriers to travel;
5. Grant all reasonable accommodations requested in Debtors' pending motion;
6. Provide Debtors a full and fair opportunity to be heard consistent with due process, the Bankruptcy Code, and disability access requirements; and
7. Grant such other and further relief as is just and proper.

Respectfully submitted this __9__ day of December, 2025.

_____
Signature of Jacqueline E. Ard *Pro Se* Debtor

JACQUELINE E. ARD
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

_____
Signature of Terry F. Nicola *Pro Se* Debtor

TERRY F. NICOLA
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

In re:
**Jacqueline Elizabeth Ard
and Terry Frank Nicola,**
                      Debtor(s).

Case No. 25-01384-JD
Chapter 7

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing document entitled:

- **MOTION TO VACATE ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS**

in the above-captioned matter on December 9, 2025 to the following persons and/or entities at the last known addresses in this bankruptcy proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, priority mail, postage prepaid, and by delivery of electronic mail to the following persons:

**US Trustee's Office Strom Thurmond Federal Building**
1835 Assembly Street Suite 953
Columbia, SC 29201

**Chapter 7 Trustee
Kevin Campbell
PO Box 684
Mount Pleasant, SC 29465**

_____
Signature of Jacqueline E. Ard *Pro Se* Debtor

JACQUELINE E. ARD
Printed Name

Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

4