Filed By The Court
12/10/2025 7:26 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

In re:

Jacqueline Elizabeth Ard
and Terry Frank Nicola,

                Debtor(s).

Case No. 25-01384-JD
Chapter 7

DEBTORS' RESPONSE TO
TRUSTEE'S OBJECTION TO
PROPERTY CLAIMED AS EXEMPT

## DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

Debtors **Jacqueline E. Ard** and **Terry F. Nicola**, pro se, respectfully submit this Response and Rebuttal to the Trustee's "Objection to Property Claimed as Exempt" (Doc. 195), and show unto the Court as follows:

Debtors have Amended Schedules A/B and C to correct, clarify, and update all information identified by the Trustee.
The Trustee's objection is now **fully resolved, moot, or factually inaccurate**, and the exemptions should be **allowed**.

Debtors respond paragraph-by-paragraph **to** each numbered allegation:

### Line: 1 & 2. Filing and disclosure of property

**Response:** Debtors acknowledge the filing and conversion dates. Debtors have now amended Schedules A/B and C to correctly disclose all real and personal property with locations, values, and use classifications.

### Line: 3–5. Partnership exemption (S.C. Code §33-41-720(2)(c))

**Response:**

Debtors have removed all exemptions previously asserted under §33-41-720(2)(c).

Debtors now claim no exemption under the Uniform Partnership Act.

This issue is **fully corrected** in the amended Schedules.

### Line: 6. Exemptions under 11 U.S.C. §522

**Response:**

Debtors have amended Schedule C to rely **solely on South Carolina exemption statutes**, consistent with the state's opt-out status.

No exemptions remain asserted solely under §522(d).

This issue is **fully corrected.**

### Line: 7–8. Earnings exemption under S.C. Code §15-39-410

**Response:**

Debtors have **withdrawn** any exemption under §15-39-410.

This issue is **fully corrected.**

### Line: 9–12. Retirement/Pension exemptions (S.C. 9-1-1680 & 29 U.S.C. 1056(d))

**Response:**

Debtors have now properly identified the pension/retirement account, held by Debtor Terry F. Nicola through a prior employer.

The account **is ERISA-qualified**, protected by **29 U.S.C. §1056(d) and S.C. Code §9-1-1680**, and is therefore **exempt by law and not property of the estate**.

Debtors deny the Trustee's assertion that no such account exists.

The amended schedules now properly list and identify the account.

### Line: 13–15. Homestead exemption – 100 Kensington Blvd., Unit 1106, Bluffton SC

**Response:**

Debtors have corrected Schedule C to reflect that this property is not claimed as a homestead by either Debtor.

Debtors have removed all homestead exemption claims relating to this property.
This issue is **fully corrected**.

### Line: 16–18. Real property titled in Beachside Estates, LLC

**Response:**

Debtors have removed and corrected any exemption tied to property titled to this LLC.
No exemptions are now claimed in property owned by Beachside Estates, LLC.
This issue is **fully corrected.**

### Line: 19–20. "100% of FMV" exemption language

**Response:**

Schedules have been amended to state exact dollar amounts for each exemption claimed.
This issue is **fully corrected.**

### Line: 21–23. Personal property used for rentals

**Response:**

Debtors have clarified and amended Schedule A/B to identify:

- household goods in Debtors' personal residence (personal use)
- items located in short-term rental units (commercial use)

Many items belonged to short-term rental units operating as sole proprietors. Many items have dual use. They are used as the Debtors' personal property and also for commercial use when the property is rented. South Carolina's exemptions apply to the Debtors' personal interests, regardless of the rental history. Debtors have corrected the schedules to reflect an exemption on personal household property used by the Debtors.
This issue is **fully corrected.**

### Line: 24–25. Wildcard exemption

**Response:**

Debtors have amended Schedule C to:

- identify the unused portion of other exemptions forming the basis of the wildcard, and
- specified the precise dollar amount claimed.

This issue is **fully corrected.**

## SUMMARY

Every point raised in the Trustee's objection has now been addressed through:

1. **Amended Schedules A/B and C**
2. **Corrected legal bases for exemptions**
3. **Accurate listing of ownership and use**
4. **Removal of incorrect or inapplicable exemptions**

Accordingly, the Trustee's objections are **now moot**, and the exemptions as amended should be **allowed in full**.

## WHEREFORE, Debtors respectfully request that the Court:

1. **Overrule** the Trustee's Objection to Property Claimed as Exempt (Dkt. 195) as moot due to amended schedules;
2. **Allow** the Debtors' amended exemptions;
3. Grant such other and further relief the Court deems just and proper.

Respectfully submitted this 10 day of December, 2025.

_____
Signature of Jacqueline E. Ard *Pro Se* Debtor
JACQUELINE E. ARD
Printed Name
Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

_____
Signature of Terry F. Nicola *Pro Se* Debtor
TERRY B NICOLA
Printed Name
Mailing Address: 21215 Dartmouth Drive
Southfield, MI 48076
Jacquelineard72@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document entitled:

- **DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT**

in the above-captioned matter on December 10, 2025 to the following persons and/or entities at the last known addresses in this bankruptcy proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, priority mail, postage prepaid, and by delivery of electronic mail to the following persons:

US Trustee's Office Strom Thurmond Federal Building
1835 Assembly Street Suite 953
Columbia, SC 29201

Kevin Campbell
PO Box 684
Mount Pleasant, SC 29465