Filed By The Court
1/25/2026 9:39 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

**Jacqueline Ard and Terry F. Nicola,**

                Debtor(s)

)  BK CASE NO.: 25-01384-JD
)  CHAPTER 7
)
)
)
)  **EMERGENCY OBJECTION TO**
)  **TRUSTEE'S MOTION/NOTICE**
)  **OF SALE**
)
)  **PURSUANT TO 11 U.S.C. § 363**
)

---

**EMERGENCY OBJECTION TO TRUSTEE'S MOTION/NOTICE OF SALE AND REQUEST FOR EMERGENCY RELIEF PURSUANT TO 11 U.S.C. § 363**

Debtors Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), appearing pro se, respectfully object to the Chapter 7 Trustee's proposed sale of estate property pursuant to 11 U.S.C. § 363, and state as follows:

### I. INTRODUCTION AND EMERGENCY NATURE OF OBJECTION

1. The Trustee seeks authority to sell Debtors' real and personal property free and clear of liens and interests under 11 U.S.C. § 363, despite:

   - **Multiple pending appeals** arising from this case;
   - The absence of a stay **only because it was wrongfully denied**, not waived;
   - The certainty that consummation of the sale will **statutorily moot appellate review** under **§ 363(m)**;
   - **Active disputes and allegations of fraud** concerning HOA and lien claims;
   - **Severe and irreparable harm** to disabled Debtors, including loss of housing, medical access, and business operations.

2. This Objection is emergency in nature because once a § 363 sale closes, appellate courts are often unable to grant effective relief, even if error is later found.

1

## II. PENDING APPEALS AND RISK OF STATUTORY MOOTNESS

3. Debtors have **pending appeals** before the United States District Court challenging, inter alia:
    - Denial of the Motion to Impose the Automatic Stay;
    - Denial of stay pending appeal;
    - Related orders affecting property of the estate.
4. Courts repeatedly recognize that consummated § 363 sales—absent a stay—can statutorily moot appellate relief under § 363(m), making preservation of the status quo essential.
5. As the First Circuit explained, **"absent a stay and after closing, appellate courts generally cannot fashion effective relief and the appeal is dismissed as moot under § 363(m)."**
*In re Stadium Mgmt. Corp.*, **895 F.2d 845, 847–48 (1st Cir. 1990)**.
6. Similarly, the Ninth Circuit affirmed dismissal of an appeal as moot where the appellant failed to obtain a stay of a sale order.
*Onouli–Kona Land Co. v. Richards (In re Onouli–Kona Land Co.)*, **846 F.2d 1170, 1172–73 (9th Cir. 1988)**.
7. The Third Circuit has likewise recognized the strong finality policy of § 363(m) and that **completed sales often render appeals moot**.
*In re Rickel Home Ctrs., Inc.*, **209 F.3d 291, 298 (3d Cir. 2000)**.
8. Because consummation of the proposed sale would **foreclose effective appellate review**, this Court should not authorize the sale while appeals remain pending.

## III. DENIAL OF A STAY CANNOT BE USED TO MANUFACTURE MOOTNESS

9. Debtors **timely sought**:
    - Imposition of the automatic stay;
    - Stay pending appeal;
    - Emergency relief and ADA accommodations.
10. **No stay exists only because it was denied**, not because Debtors failed to seek one.

11. Courts recognize that denial of a stay can effectively **decide the appeal itself**, because once a sale closes, § 363(m) may foreclose relief.
*In re Revel AC, Inc.*, **802 F.3d 558, 568–69 (3d Cir. 2015)** (explaining that when a sale is imminent, § 363(m) would moot the appeal, giving the stay decision dispositive practical effect).

12. Equity does not permit a trustee to exploit the absence of a stay—**created by denial and delay**—to extinguish appellate rights.

## IV. § 363(m) DOES NOT SHIELD BAD-FAITH OR FRAUDULENT SALES

13. Section 363(m) protects only **good-faith purchasers**.

14. In *In re Abbotts Dairies of Pa., Inc.*, the Third Circuit held that a bankruptcy court must make an **affirmative finding of good faith**, and that **fraud, collusion, or grossly unfair advantage** defeats § 363(m) protection.
**788 F.2d 143, 147 (3d Cir. 1986)**.

15. Courts therefore do **not** permit "mootness-by-design" through sales structured to evade appellate review.

16. Here, the Trustee's proposed sale relies on **HOA and lien claims that are actively disputed and alleged to be fraudulent**, including inflated assessments, fabricated fines, and attorney-fee stacking.

17. Debtors have filed objections, adversary proceedings, and appeals challenging these claims, and there are **pending fraud complaints and referrals with the U.S. Trustee and the Department of Justice** concerning creditor conduct.

18. Under these circumstances, **§ 363(m) cannot be invoked to shield a sale from review**, and this Court should not authorize a sale before good faith and claim validity are adjudicated.

## V. ABUSE OF § 363(f) — SALE FREE AND CLEAR IS IMPROPER

19. Section 363(f) permits sales free and clear only in limited circumstances and **does not authorize liquidation to bypass unresolved disputes**.

20. Authorizing a free-and-clear sale here would improperly convert **contested and allegedly fraudulent claims** into fait accompli, depriving Debtors of due process and appellate review.

## VI. IRREPARABLE HARM TO DISABLED DEBTORS

21. Debtor Terry Frank Nicola is 68 years old and suffers from advanced Parkinson's disease.
22. Debtor Jacqueline Elizabeth Ard is permanently disabled, including loss of use of her dominant right hand.
23. Debtors' **vehicles have already been seized**, severely impairing access to medical treatment.
24. The proposed sale will:

    - Destroy Debtors' **housing**;
    - Eliminate their **rental business and income**;
    - Sever **medical access and stability**.

25. These **harms are irreparable** and cannot be remedied by money damages.

## VII. BALANCE OF EQUITIES AND PUBLIC INTEREST

26. The harm to Debtors is **immediate, severe, and permanent**.
27. The harm to creditors is limited to temporary delay.
28. The public interest favors:

    - Preservation of appellate review;
    - Protection of disabled debtors;
    - Preventing § 363 from being used to nullify pending appeals.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Debtors respectfully request that this Court:

A. **DENY** the Trustee's proposed § 363 sale;

B. **STAY** any sale or enforcement action pending resolution of the appeals;

C. **SET AN EMERGENCY HEARING** on this Objection; and

D. Grant such other and further relief as justice requires.

Dated January 25, 2026

Respectfully submitted,

_____
**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

_____
**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076