## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| IN RE:<br><br>Jacqueline Ard and<br>Terry F. Nicola,<br><br>　　　　　　Debtor(s) | ) BK CASE NO.:25-01384-JD<br>) CHAPTER 7<br>)<br>)<br>)<br>) EMERGENCY MOTION TO<br>) CONTINUE AND REQUEST<br>) FOR REASONABLE<br>) ACCOMMODATION UNDER<br>) TITLE II OF THE AMERICANS<br>) WITH DISABILITIES ACT<br>) |

**EMERGENCY MOTION TO CONTINUE AND REQUEST FOR REASONABLE ACCOMMODATION UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

**(Two-Week Adjournment Requested)**

COME NOW the Debtors, **Jacqueline Elizabeth Ard and Terry Frank Nicola**, appearing pro se, and respectfully move this Court on an emergency basis for a short continuance of the hearing currently scheduled for **February 18, 2026 at 10:00 AM**, and in support state as follows:

### I. RELIEF REQUESTED

Debtors respectfully request:

1. A **two-week adjournment/continuance** of the scheduled hearing; and/or
2. Remote appearance via Zoom or Telephonic means
3. Reasonable accommodation under the **Americans with Disabilities Act (Title II)** to permit meaningful participation in these proceedings.

### II. MATTERS CURRENTLY SET FOR HEARING

The following matters are currently scheduled to be heard:

1

- Debtors' objection regarding property exemptions;
- Debtors' Motion to Vacate Trustee's Objection to Exemptions;
- Trustee's Motion to Sell Properties; and
- Related contested matters.

These matters materially affect the Debtors' property rights and ability to maintain housing and financial stability.

## III. DEBTORS ARE DISABLED AND HAVE DOCUMENTED MEDICAL LIMITATIONS

Both Debtors suffer from significant medical conditions and disabilities that substantially limit their mobility and ability to travel long distances, particularly by air.

Debtors have previously filed and/or requested **reasonable accommodations** due to these conditions.

Under:

- **Title II of the Americans with Disabilities Act (42 U.S.C. §12131 et seq.)**,
- **28 C.F.R. Part 35**, and
- fundamental due-process principles,

the Court must ensure disabled litigants have **meaningful access** to judicial proceedings.

## IV. UNFORESEEN TRANSPORTATION FAILURE DESPITE GOOD-FAITH EFFORTS

Debtors acted diligently and in good faith to appear.

Specifically:

1. Because Debtors are medically unable to travel by air, they arranged for a **courier/medical transport by car** to attend the hearing in person.
2. **On the eve of the hearing**, the transportation provider cancelled unexpectedly.

3. Due to their disabilities and current financial constraints, Debtors are unable to secure immediate replacement transportation on such short notice.

This circumstance was **unforeseeable and outside Debtors' control**.

## V. DENIAL OF A SHORT CONTINUANCE WOULD CAUSE SUBSTANTIAL PREJUDICE

Without a brief continuance:

- Debtors will be unable to appear;
- their property rights will be adjudicated in their absence;
- and their ability to defend exemptions and oppose sale of property will be severely prejudiced.

By contrast, a **two-week continuance** will not materially prejudice the Trustee or any creditor but will allow the Debtors to:

- secure reliable ground transportation;
- comply with medical limitations; and
- meaningfully participate in the hearing.

## VI. REQUEST IS NARROWLY TAILORED AND MADE IN GOOD FAITH

Debtors request only:

- a **short two-week adjournment**, and
- accommodation consistent with their disabilities.

This request is made in **good faith**, not for purposes of delay, but to ensure fair access and due process.

Courts routinely grant short continuances where:

- disability-related barriers exist, and
- the request is promptly made upon discovery of the issue.

## VII. ALTERNATIVE RELIEF (IF THE COURT PREFERS)

If the Court is not inclined to adjourn the hearing, Debtors respectfully request, in the alternative:

- permission to appear by **Zoom or telephonic means**,
- or any other reasonable accommodation the Court deems appropriate.

## WHEREFORE, Debtors respectfully request that this Court:

1. **GRANT a two-week continuance** of the hearing currently scheduled;
2. Provide reasonable accommodation under the **ADA** to ensure meaningful access;
3. Alternatively permit **remote appearance by Zoom or telephone**; and
4. Grant such other and further relief as is just and proper.

Dated February 17, 2026

Respectfully submitted,

_____
**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

_____
**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076

4

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

CASE NO.: 25-01384-JD

IN RE:

**Jacqueline Ard and**
**Terry F. Nicola,**

        **Debtor(s)**

# CERTIFICATE OF SERVICE

I, Jacqueline Ard, hereby certify that on this 17TH day of February 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and via Electronic Mail:

- **EMERGENCY MOTION TO CONTINUE**
- **CERTIFICATE OF SERVICE**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Tel: (843) 884-6874
Email: kcampbell@campbell-law-firm.com

Michael H. Conrady, Esq.
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Tel: (843) 884-6874
Email: mconrady@campbell-law-firm.com

Executed on this 17th day of February, 2026. ~~2025~~

_____
Jacqueline E. Ard
239 Beach City Road
Hilton Head Island, SC 29926
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051