Filed By The Court
3/6/2026 4:13 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| IN RE:<br><br>**Jacqueline Ard and<br>Terry F. Nicola,**<br><br>**Debtor(s)** | BK CASE NO.:25-01384-JD<br>CHAPTER 7<br><br><br>**DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO AMENDED PROPERTY CLAIMED AS EXEMPT** |

## DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO AMENDED PROPERTY CLAIMED AS EXEMPT

Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), appearing pro se, respectfully submit this Opposition to the Chapter 7 Trustee's **Objection to Amended Property Claimed as Exempt (ECF Doc. 262).**

The Trustee's objection relies on incorrect legal assumptions regarding exemption law, fails to account for the Debtors' right to amend schedules, and disregards the Bankruptcy Code provisions establishing that property rights and exemption eligibility are determined as of the petition date.

The Debtors' Amended Schedule C corrects the statutory errors identified in prior proceedings and properly asserts exemptions under the applicable law. The Trustee has not met the burden required to disallow those exemptions.

Accordingly, the objection should be denied.

## I. THE TRUSTEE BEARS THE BURDEN OF PROOF

Under **Fed. R. Bankr. P. 4003(c)**:

1

"In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."

Therefore, the Trustee bears the burden of establishing that the Debtors are **not legally entitled** to the exemptions claimed.

Courts consistently hold that exemptions are to be **liberally construed in favor of the debtor** in order to effectuate the fresh start policy underlying the Bankruptcy Code.

See:

- *In re Kaelin*, 308 F.3d 885 (8th Cir. 2002)
- *In re Anderson*, 906 F.2d 615 (11th Cir. 1990)

The Trustee's objection relies largely on legal assumptions and incomplete factual analysis rather than evidence sufficient to meet the burden imposed by Rule 4003(c).

## II. THE AMENDED SCHEDULES CORRECT PRIOR STATUTORY ERRORS

The Trustee relies heavily on the fact that the Debtors' earlier exemptions were previously disallowed. However, the prior ruling addressed the statutory basis originally cited, not the Debtors' underlying entitlement to claim exemptions under the Bankruptcy Code. The Debtors filed Amended Schedule C to correct those statutory errors.

Under **Fed. R. Bankr. P. 1009(a)**:

"A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."

Amendments are routinely permitted so debtors may correct:

- statutory citations
- valuation errors
- property classifications

**2**

The Bankruptcy Code does not impose a forfeiture of exemption rights due to technical pleading errors. Denying the Debtors' amended exemptions on that basis would improperly penalize them for correcting mistakes that Rule 1009 expressly allows debtors to remedy.

## III. PROPERTY RIGHTS ARE DETERMINED AS OF THE PETITION DATE

The Trustee's objection focuses on a deed recorded on **August 28, 2025** transferring the property to an LLC. However, property rights in bankruptcy are determined based on the **petition date**.

Under **11 U.S.C. §541(a)**:

The bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the case.

At the time the petition was filed, the Debtors held **legal title to the property in their individual names**. Accordingly, their interest became property of the estate upon the filing of the petition.

## IV. CONVERSION DOES NOT ALTER THE PETITION DATE OR PROPERTY RIGHTS

This case was converted from **Chapter 13 to Chapter 7**.

Under **11 U.S.C. §348(a)**:

Conversion of a case from one chapter to another does not change the date of the filing of the petition. Further, **11 U.S.C. §348(f)** provides that property of the estate in a converted case is generally determined with reference to property of the estate as of the **original petition date**. Accordingly, the Bankruptcy Code does **not provide that a debtor loses property rights merely because property is transferred after the initial filing of the case**. The relevant timelines for determining estate property and exemption eligibility remain tied to the **original petition date**.

The Trustee's objection does not address these statutory provisions.

3

## V. THE TRUSTEE DIRECTED THE REVERSION OF TITLE

The Trustee's objection also omits a material fact.

After the deed transferring the property to the Debtors' LLC was recorded, the Trustee directed the Debtors to execute a **consent order reverting the property title back to their individual names**.

Thus:

- the Trustee was aware of the full title history, and
- the Trustee participated in restoring title to the Debtors.

Having directed the reversion of title, the Trustee cannot now rely on the temporary transfer to argue that the Debtors lacked an interest in the property.

## VI. THE DEBTORS RETAINED BENEFICIAL OWNERSHIP

Even during the period when the property was held by the Debtors' LLC, the entity was **100% owned and controlled by the Debtors**. The Bankruptcy Code recognizes both **legal and equitable interests** as property of the estate.

See **11 U.S.C. §541(a)**.

Thus, even if the LLC temporarily held record title, the Debtors retained the **beneficial ownership interest in the property.** The Trustee's assertion that the Debtors had "no interest" in the property is therefore legally incorrect.

## VII. THE TRUSTEE'S FIDUCIARY DUTIES REQUIRE NEUTRAL ADMINISTRATION OF THE ESTATE

The Chapter 7 Trustee serves as a fiduciary to the bankruptcy estate and all parties in interest.

Under **11 U.S.C. §704(a)**, a trustee is required to:

- administer the estate,
- investigate claims and financial affairs of the debtor, and

**4**

- act in a manner that **maximizes the value of the estate for the benefit of creditors and other stakeholders.**

A trustee's fiduciary duty requires impartial administration and the preservation of estate value.

In the present case, the Trustee has devoted substantial effort toward objecting to and attempting to eliminate the Debtors' exemptions. However, the Trustee has made little effort to scrutinize or challenge several creditor claims that appear to be **inflated, disputed, or unsupported by proper documentation.**

Instead, the Trustee has indicated an intention to allow such claims and even permit the addition of **fees beyond the amounts originally asserted.**

This approach raises serious concerns because:

- permitting inflated or unenforceable claims diminishes the value of the estate,
- the estate's equity is reduced through payment of disputed fees and charges, and
- eliminating the Debtors' lawful exemptions simultaneously increases the risk that legitimate creditors will receive **little or no meaningful distribution.**

The Bankruptcy Code seeks to balance the interests of creditors with the debtor's right to a **fresh start through lawful exemptions.**

Disallowing the Debtors' exemptions—while permitting the payment of questionable or inflated claims—would undermine that balance and diminish the overall value of the estate available for distribution.

Accordingly, the Trustee's objection should be carefully scrutinized to ensure that the administration of the estate remains consistent with the Trustee's fiduciary obligations under **11 U.S.C. §704(a)**.

As courts have recognized: "The Trustee's fiduciary obligation is to maximize the value of the estate—not to eliminate debtor exemptions in a manner that artificially expands distributions based on disputed claims."

## VIII. EXEMPTIONS ARE PROTECTED PROPERTY INTERESTS

Exemptions are not merely procedural claims; they are **protected property interests** once properly asserted.

The Supreme Court has recognized that properly claimed exemptions become the debtor's property unless successfully challenged. See: **Taylor v. Freeland & Kronz**

The Court held that exemption rights must be respected once claimed unless the objecting party meets the burden required by law. The Debtors' amended schedules properly assert those exemptions under the applicable statutory provisions, and the Trustee has not met the burden required to disallow them.

## PRAYER FOR RELIEF

WHEREFORE, the Debtors respectfully request that this Court:

1. **Deny the Trustee's Objection to Amended Property Claimed as Exempt (ECF Doc. 262);**
2. **Allow the Debtors' amended exemptions as set forth in Schedule C;**
3. Grant such other and further relief as the Court deems just and proper

Dated ___3-6-2026___

Respectfully submitted,

_____
**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

_____
**Terry F. Nicola, Co-Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076

6

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

**CASE NO.: 25-01384-JD**

**IN RE:**

**Jacqueline Ard and**
**Terry F. Nicola,**

**Debtor(s)**

**PROOF OF SERVICE**

**(Pursuant to 28 U.S.C. § 1746)**

I, Jacqueline Ard, hereby certify that on this 26th day of January 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and via Electronic Mail:

- **DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO AMENDED PROPERTY CLAIMED AS EXEMPT**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Tel: (843) 884-6874
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Tel: (843) 884-6874
Email: mconrady@campbell-law-firm.com


Executed on this _6_ day of _March_____, 2025.


_____
**Jacqueline E. Ard**
21215 Dartmouth Drive
Southfield, MI 48076
jacquelineard72@gmail.com
Telephone: (313)770-7051

8