Filed By The Court
3/6/2026 12:03 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

In re:

**JACQUELINE ELIZABETH ARD AND
TERRY FRANK NICOLA**

Debtors.

Chapter 13

Case No. 25-01384-JD

CASE: 9:26-cv-00994-BHH-MHC

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):

   JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.

   ❑ Plaintiff
   ❑ Defendant
   ❑ Other (describe)

   For appeals in a bankruptcy case and not in an adversary proceeding.

   ☒ Debtor
   ❑ Creditor
   ❑ Trustee
   ❑ Other (describe)

### Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order from which the appeal is taken: *Order Approving Sale* [Docket No. 260] attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered: February 23, 2026

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|-------|----------|
| 1. US Trustee | **US Trustee's Office** <br> Strom Thurmond Federal Building <br> 1835 Assembly Street Suite 953 <br> Columbia, SC 29201 <br> USTPRegion04.CO.ECF@usdoj.gov |
| 2. Trustee | **Kevin Campbell** <br> PO Box 684 <br> Mount Pleasant, SC 29465 <br> kcampbell@campbell−law−firm.com |
| 3. Attorney for Trustee | **Michael H. Conrady** <br> 890 Johnnie Dodds Blvd <br> PO Box 684 <br> Mount Pleasant, SC 29465-0803 <br> mconrady@campbell-law-firm.com |

Official Form 417A

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

**Jacqueline Elizabeth Ard**

By: _____ Date March 5, 2026

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

**Terry Frank Nicola**

By: _____ Date Mar 5, 2026

Terry F. Nicola
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | B/K Case No. 25-01384-JD |
| JACQUELINE ELIZABETH ARD and | ) | |
| TERRY FRANK NICOLA | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | **ORDER APPROVING SALE** |
| | ) | |

THIS MATTER comes before the Court upon the application of Kevin Campbell, the duly appointed and acting Chapter 7 Trustee for the above Debtors (hereinafter referred to as the "Trustee") for authority to sell the Estate's interest in certain real property set forth herein. The Debtors filed an objection to the Notice of Sale. This Court conducted a hearing on February 18, 2026 at which time the Debtors had a full and complete opportunity to present their objections. Based upon the pleadings of record and the arguments presented, I find that the Trustee's Application should be approved on the following terms:

The Trustee proposes to sell the following property through an On-Line Public Auction:

(A)     100 Kensington Blvd., Unit 1106, Bluffton, SC. The Trustee is informed and believes that there are no mortgage liens against this real property. The Trustee is informed and believes that the Estate at Westbury Owners Association, Inc., is the horizontal property regime in charge of the Estate at Westbury ("Westbury"). Pursuant to the Order of the Special Referee filed on January 31, 2025, as of January 24, 2025 the amount of $22,625.02 was due to Westbury consisting of $12,649.15 in dues and $9,975.87 in attorney fees. Pursuant to the Proof of Claim (Claim 29-1) Westbury asserts that $23,540.02 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or other costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved either through consent or Order of this Court.

(B)     663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC. The Trustee is informed that there is a valid first mortgage lien held against this real property by Nationstar Mortgage, LLC in the approximate amount of $196,023.99 pursuant to its proof of claim (19-1) filed on June 11, 2025. An updated pay-off, including any applicable accrued interest, attorney fees or costs, will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing.

The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00

1

for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues and other costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

(C)    663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC. The Trustee is informed and believes that there is no mortgage lien against this real property. The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00 for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

(D)    239 Beach City Road, Unit 3218, Hilton Head Island, SC. The Trustee is informed and believes that there is no mortgage against this real property. The Trustee is informed and believes that the Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Spa"), is the horizontal property regime in charge of the Master Deed for The Spa on Port Royal Sound Horizontal Property Regime. Pursuant to the Order of the Special Referee filed on September 11, 2024, as of September 10, 2024 the amount of $31,084.41 consisting of $26,675.52 in dues and $4,408.89 in attorney fees. Pursuant to the Proof of Claim (Claim 28-1) Spa asserts that $31,084.41 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

The Trustee is not aware of any liens, judgments, encumbrances or other interests other than as provided for herein. To the extent they may exist, they are disputed and they shall attach to the estate's interest in the net sale proceeds pursuant to 11 U.S.C. §363(f)(4), pending further Order of this Court. This sale is free and clear of all liens, judgments encumbrances and other interests pursuant to 11 U.S.C. §363(f)

The sale of the above properties shall be sold as furnished units and shall include all contents and personal property, except as specified herein.

2

The On Line Auction web site is auctionbypearcesc.com, It shall conduct the public auction which shall close on March 26, 2026 at 5:00 p.m. EST.

**NOTICE: THE TRUSTEE IS SELLING THE ABOVE-REFERENCED PROPERTY "AS IS," WITH NO WARRANTIES WHATSOEVER. THE BUYER(S) AGREE TO RECEIVE THE PROPERTY WITH ALL FAULTS. THE DEBTOR(S) MAKES NO WARRANTY, EXPRESS OR IMPLIED, REGARDING THE PROPERTY, AND SPECIFICALLY EXCLUDES ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR USE. PROPERTY TO BE CONVEYED BY QUIT CLAIM DEED OR BILL OF SALE.**

**THE BUYER(S) HAVE BEEN GIVEN THE OPPORTUNITY TO EXAMINE THE PROPERTY BEFORE SIGNING ANY CONTRACT OR SUBMITTING A BID TO PURCHASE THE PROPERTY, AND TO PERFORM SUCH TESTING, IF APPLICABLE, TO DETECT POSSIBLE LATENT DEFECTS.**

As the auction is open to the public for anonymous bidding, the winning bidder shall be considered a good faith purchaser for value for purposes of 11 U.S.C. §363(m).

Except as set forth below for credit bids, winning bidders of a real estate parcel will be required to pay a 10% Earnest Money Deposit at the conclusion of the auction and close within 30 days after bidding ends. At the closing the Trustee shall be authorized to pay normal seller's closing costs, including but not limited to attorney fees, real property taxes, deed stamps and other recording fees/charges. The Trustee is further authorized to pay at closing auction expenses of approximately Three Thousand ($3,000.00) Dollars. Further, the winning bidder shall pay a Ten (10%) percent buyer's premium to be paid to the auctioneer at closing.

Any mortgage lien creditor or property owners association with a specific lien upon the property identified above, shall be entitled to credit bid on the applicable property, up to the amount of its allowed debt. If the creditor is the successful bidder, and does not bid an amount greater than its allowed debt, it shall not be required to pay the 10% earnest money deposit or the buyer's premium. Further, the Trustee will only be required to provide a Trustee deed to the creditor. As there will be no actual proceeds paid to the Estate, the Trustee/Estate will not be responsible for paying anything else related to the applicable property transfer/closing. The creditor shall be responsible for paying all applicable closing costs, including, but not limited to deed stamps, past due and pro-rated property taxes, filing or similar fees imposed by the county, etc. that may be due and owing related to transfer ownership of said property.

Further, the Debtors shall turnover any keys, access codes, etc., for each of the above units to the Trustee on or before February 26, 2026 to give the Trustee or his agents full and complete access to the properties. If the Debtors fail to turnover the keys or access codes by that date, the Trustee may immediately remove/change the locks at each applicable unit. The Trustee is informed and believes that the unit at 100 Kensington Unit 1106 appears to be used for storing additional furniture and personal property. The Debtors shall have until March 1, 2026 to remove any personal property which they wish to retain from that unit. Any items left at or on any of the premises as of March 2, 2026, will be deemed abandoned by the Debtors. The Trustee shall be placed in sole and exclusive possession of the Property on March 2, 2026, or at such earlier time that the Debtors have informed the Trustee that they have fully vacated the premises. The Trustee

3

shall have the authority to remove any and all persons from the premises as of the earlier of said dates. At the earlier of said dates, the Trustee is authorized, without further Court Order, to dispose of any remaining personal property left in any of the properties in a manner he may choose, in his sole discretion. In the event that the Trustee or his agent has to arrange to have any remaining items disposed of, the cost to have the items removed and disposed of shall be treated as a sellers closing cost and not counted towards the Auctioneer's expenses set forth above. The Order of the Court pertaining to this additional relief shall be immediately enforceable and shall not be subject to the 14-day stay of the order authorizing the sale.

The Court has been informed that all parties in interest have been notified of the intention to sell said property free and clear of liens pursuant to 11 U.S.C. §363(f). TheTrustee has represented to the Court that such sale is in the best interest of creditors of the estate. The Trustee also has informed the Court that the mortgage lien and liens held by the applicable property associations against said property should be paid upon the sale of the applicable properties.

I find that this matter is properly before this Court and that the Debtors' objection to the Trustee's Application is hereby overruled. It is, therefore

ORDERED, ADJUDGED, AND DECREED, that the Trustee is authorized to sell and to convey the estate's interest in the above-described properties on the terms set forth herein.

IT IS SO ORDERED!

**FILED BY THE COURT**
**02/23/2026**

S. Jefferson Davis IV
US Bankruptcy Judge
District of South Carolina

Entered: 02/23/2026

4

# **Notice Recipients**

District/Off: 0420−2      User: admin      Date Created: 2/23/2026

Case: 25−01384−jd      Form ID: pdf01      Total: 1

**Recipients of Notice of Electronic Filing:**

aty      Michael H. Conrady      mconrady@campbell−law−firm.com

                     TOTAL: 1

## CERTIFICATE OF SERVICE

I certify that on September 10, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record, and by First Class Mail prepaid to the parties listed below:

**Trustee:**
**Kevin Campbell**
PO Box 684
Mount Pleasant, SC 29465
kcampbell@campbell−law−firm.com

**US Trustee:**
Strom Thurmond Federal Building
1835 Assembly Street Suite 953
Columbia, SC 29201
USTPRegion04.CO.ECF@usdoj.gov

**Michael H. Conrady**
890 Johnnie Dodds Blvd
PO Box 684
Mount Pleasant, SC 29465-0803
mconrady@campbell-law-firm.com

Dated: March 5, 2026

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051
Email: jacquelineard72@gmail.com

Terry F. Nicola
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051
Email: jacquelineard72@gmail.com

Official Form 417A          Notice of Appeal and Statement of Election          Page 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Jacqueline Elizabeth Ard and Terry Frank Nicola<br><br><br><br>Debtor(s). | CHAPTER 7<br>CASE NO: 25-01384-JD<br><br>TRANSMITTAL OF NOTICE OF APPEAL |

To: The Honorable Robin L. Blume, Clerk of the United States District Court, District of South Carolina

Pursuant to Bankruptcy Rule 8003, I hereby transmit the Notice of Appeal filed by Jacqueline Elizabeth Ard and Terry Frank Nicola on March 6, 2026.



Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

BY:/s/ N. Beaulieu_____
    N. Beaulieu, Appeals Clerk

Columbia, South Carolina

March 9, 2026

Parties to appeal are:
For Appellant:

Jacqueline Elizabeth Ard
21215 Dartmouth Dr.
Southfield, MI 48076-5634

Terry Frank Nicola
21215 Dartmouth Dr.
Southfield, MI 48076-5634

For Appellee:

Kevin Campbell, Esq.
PO Box 684
Mt. Pleasant, SC 29465-0803

Michael H. Conrady, Esq.
PO Box 684
Mt. Pleasant, SC 29465-0803