Filed By The Court
4/1/2026 8:20 AM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| | ) | BK CASE NO.:25-01384-JD |
| | ) | CHAPTER 7 |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **Jacqueline Ard** | ) | **DEBTOR'S EMERGENCY MOTION** |
| **Debtor** | ) | **FOR AUTHORITY TO MANAGE AND** |
| | ) | **PERFORM EXISTING PRE-PETITION** |
| | ) | **SHORT-TERM RENTAL CONTRACTS** |
| | ) | **FOR A LIMITED PERIOD** |
| | ) | |
| | ) | |

**DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO MANAGE AND PERFORM EXISTING PRE-PETITION SHORT-TERM RENTAL CONTRACTS FOR A LIMITED PERIOD**

Debtor Jacqueline E. Ard ("Debtor"), proceeding pro se, respectfully moves this Court pursuant to 11 U.S.C. §§ 105(a), 363(b), and 704(a), and Federal Rules of Bankruptcy Procedure 4001 and 9006, for entry of an emergency order authorizing the Debtor to manage and perform all duties necessary to execute four (4) existing, finite, pre-petition short-term rental contracts through April 30, 2026, and in support thereof states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. BACKGROUND

1. On April 10, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court, and the case was converted to Chapter 7 in September 2025.

2. Kevin Campbell was appointed as the Chapter 7 Trustee ("Trustee") for the Debtor's estate.

1

3. At the time of the initial filing and at conversion, the Debtor was actively operating a short-term rental business at multiple residential properties, with confirmed guest bookings made through the Airbnb and VRBO platforms.

4. As of the filing of this Motion, the properties at issue are subject to a pending sale process. The Trustee has received offers on the properties; however, no sale has closed, and no closing is expected for at least thirty (30) days.

5. The Debtor has been directed by the Trustee to cancel existing guest reservations. Compliance with that directive will result in an immediate and avoidable financial loss to the estate, as detailed below.

## III. THE EXISTING SHORT-TERM RENTAL CONTRACTS

1. There are four (4) existing, confirmed short-term rental bookings, all of which are finite and self-terminating before closing, as follows:

Guest: David Houk

Unit: 4408 (Airbnb)

Stay: 3 nights, April 4 – April 7, 2026

Total payout: **$1,079.12**

b. Guest: Catherine Swartz

Unit: 3218 (Airbnb)

Stay: 4 nights, April 7 – April 11, 2026

Total payout: **$1,178.55**

c. Guest: Cassandra Uhl

Unit: 4408 (Airbnb)

Stay: 3 nights, April 8 – April 11, 2026

Total payout: **$857.09**

d. Guest: Carol Jackson

Unit: 4405 (VRBO)

Stay: 3 nights, April 7 – April 10, 2026

Total payout: **$729.69**

2.  The total gross revenue to the estate from these four (4) bookings is **$3,114.76.** All of these bookings terminate by April 11, 2026, and all are concluded no later than April 30, 2026, well before any anticipated closing date for the pending property sales.

3.  These contracts are self-terminating by their own terms. No action by the Court, the Trustee, or the Debtor is required to terminate the guests' rights to occupy the units after the contracted checkout dates.

## IV. FINANCIAL HARM FROM CANCELLATION AND NET BENEFIT TO THE ESTATE

1.  Under the applicable platform policies, cancellation of these existing bookings would result in a full refund of all amounts paid by the guests and impose an additional cancellation fee of approximately $1,557.38 charged to the estate. The estate would therefore suffer the loss of the entire $3,114.76 in gross revenue plus a $1,557.38 cancellation fee, for a total negative impact of approximately $4,672.14, in addition to reputational damage and potential negative guest reviews.

2.  In contrast, performance of these contracts through their natural expiration dates requires only limited services by the Debtor, including coordination of check-in preparation and check-out turnover for each unit. The Debtor coordinates cleanup and preparation with Butterfly Housekeeping, which charges $150.00 per guest booking for cleaning and turnover services, together with linens, access coordination, inventory confirmation, and damage inspection.

3.  The total housekeeping cost for these four (4) bookings is approximately $600.00 (4 bookings × $150.00). If these services are paid from the booking proceeds, the estate will realize a net positive benefit of approximately $2,514.76 ($3,114.76 gross revenue minus $600.00 housekeeping costs), while simultaneously avoiding the additional $1,557.38 cancellation fee and the loss of the entire revenue stream.

4.  Thus, authorizing performance of these finite contracts improves the estate's position by (a) preserving $3,114.76 in gross revenue, (b) avoiding a $1,557.38 cancellation fee, (c) yielding approximately $2,514.76 in net proceeds after payment of housekeeping from the funds generated, and (d) preventing reputational harm and negative guest reviews, all to the benefit of creditors.

3

## V. INSURANCE AND LIABILITY COVERAGE

1. Each booking is covered by insurance through the Airbnb and VRBO platforms that provides liability and property damage coverage of up to one million dollars ($1,000,000.00) per incident, including coverage for any damage or liability that arises during a guest's contracted stay.

2. The estate therefore bears no uninsured liability from permitting performance of these existing, short-duration contracts. The Trustee does not need to procure any separate coverage or incur any additional cost.

## VI. NO INTERFERENCE WITH PENDING SALES

1. The pending sales of the subject properties are not expected to close for at least thirty (30) days from the date of this Motion.

2. All four (4) existing rental bookings check out no later than April 11, 2026—at minimum nineteen (19) days before any sale closing and before any buyer would acquire any right to occupy or possess the properties.

3. The Debtor does not seek to accept or create any new bookings. This Motion is strictly limited to performance of the four (4) existing contracts identified in Paragraph 9 above.

4. Authorization of this limited, short-term management activity will not encumber title, interfere with any sale order, affect any buyer's ability to close, or prejudice any creditor of this estate.

5. The Debtor proposes that any and all rental income received pursuant to the existing contracts shall be deposited directly into the bankruptcy estate account or such other account designated by the Trustee, within three (3) business days of receipt from the platforms, after payment of Butterfly Housekeeping from the applicable proceeds.

## VII. PRE-PLANNED HOLIDAY TRAVEL AND EQUITIES FAVORING RELIEF

1. These four (4) bookings were preplanned holiday and vacation stays booked by guests traveling from out of state who have already purchased plane tickets and incurred non-refundable travel expenses in reliance on the confirmed reservations.

2. Cancellation at this late date would not only financially harm the estate but would also cause significant hardship to these third-party guests, who may be left without suitable

4

accommodations after having arranged flights, rental cars, and other travel plans around these bookings.

3. Allowing the Debtor to perform the existing contracts through their natural expiration respects these pre-existing commitments, avoids unnecessary disruption to innocent third parties, and preserves the estate's financial interests at the same time.

## VIII. LEGAL BASIS FOR RELIEF

1. Section 363(b) of the Bankruptcy Code permits the trustee, after notice and a hearing, to use, sell, or lease property of the estate outside of the ordinary course of business. 11 U.S.C. § 363(b). Courts may authorize a debtor to perform this function on behalf of the estate when the trustee lacks the specific operational capacity to do so and the benefit to the estate is clear.

2. Section 105(a) grants this Court broad equitable authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, including preventing a foreseeable, avoidable loss to the estate. 11 U.S.C. § 105(a).

3. Pursuant to 11 U.S.C. § 704(a)(1), the Trustee is obligated to "collect and reduce to money the property of the estate for which such trustee serves." Requiring cancellation of profitable, self-terminating, fully insured contracts that generate $3,114.76 in revenue, trigger a $1,557.38 cancellation fee, and cause the estate to lose approximately $4,672.14 in value is inconsistent with that obligation when a cost-effective mechanism—supervised performance by the Debtor with housekeeping paid from proceeds—is available.

4. The Debtor has unique knowledge of the properties, the platforms, the access systems, and the guests' expectations. No additional cost to the estate is required beyond the ordinary housekeeping charges already embedded in the economics of the bookings. Authorization of the Debtor to serve as the functional operator for these four (4) bookings preserves estate value without requiring the Trustee to undertake any operational burden.

## IX. REQUEST FOR EMERGENCY AND EXPEDITED RELIEF

1. Emergency and expedited consideration is warranted. The first guest booking (David Houk) commences April 4, 2026—only days from the filing of this Motion. Without

immediate court authorization, the Debtor cannot lawfully prepare the unit for check-in, thereby triggering breach of the booking contract, a full refund to the guest, imposition of the $1,557.38 cancellation fee on the estate, damage to the estate's revenue, and potential negative guest reviews that could affect the properties' value to prospective buyers.

2. Delay of even a few days will result in irreparable and immediate financial harm to the estate and to the interests of unsecured creditors and will likely cause substantial hardship to guests who have already committed to nonrefundable travel arrangements in reliance on these bookings.

3. The Debtor respectfully requests that this Court set an emergency and expedited hearing on this Motion no later than April 3, 2026, or as soon as the Court's calendar permits, and that the Court authorize the relief requested herein on an expedited basis, including if necessary, by entry of an emergency order on the papers.

## X. NOTICE

1. The Debtor will promptly serve a copy of this Motion and any proposed order on: (a) the Chapter 7 Trustee; (b) the Office of the United States Trustee; (c) all creditors; (d) any counsel for a prospective buyer who has appeared or whose identity is known to the Debtor; and (e) any party that has filed a notice of appearance in this case.

## XI. PROPOSED CONDITIONS OF AUTHORIZATION

1. To address any concerns of the Trustee or the Court, the Debtor proposes the following conditions, which may be incorporated into any order granting this Motion: **(a.)** Authorization is strictly limited to the four (4) existing bookings identified in Paragraph 9 of this Motion; **(b.)** The Debtor shall not accept, confirm, or create any new bookings at any property of this estate; **(c.)** The Debtor shall provide notice and access to the Trustee or his designee to inspect any unit at any reasonable time during the performance period; **(d.)** All rental proceeds received from Airbnb or VRBO shall be remitted to the Trustee or deposited into the estate account within three (3) business days of platform disbursement, after payment of Butterfly Housekeeping from the applicable proceeds; **(e.)** The Debtor shall provide the Trustee with a written accounting of all income received, housekeeping charges paid from proceeds, and all check-in/check-out activity within five

(5) business days after the last booking (April 11, 2026) concludes; and **(f.)** Nothing in any order granting this Motion shall constitute an assumption of any executory contract for purposes of 11 U.S.C. § 365, or an admission regarding the characterization of any property of this estate.

## XII. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Debtor Jacqueline E. Ard respectfully requests that this Court:

1. Enter an order, on an emergency and expedited basis, authorizing the Debtor to manage and perform all duties necessary to carry out the four (4) existing short-term rental contracts identified herein, including coordination with Butterfly Housekeeping for check-in preparation and check-out procedures, through April 30, 2026;

2. Authorize the Debtor to pay Butterfly Housekeeping the reasonable turnover charges of $150.00 per guest booking (total of $600.00 for the four identified bookings) from the proceeds of the applicable bookings, with the balance of proceeds to be remitted to the Trustee or the estate account within three (3) business days of platform disbursement;

3. Set a hearing on this Motion on an expedited basis, no later than April 3, 2026, or at the earliest available date, and grant such interim relief as may be necessary to allow performance of the April 4, 2026 booking pending a final hearing; and

4. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

Dated April 1, 2026

**Jacqueline E. Ard, Debtor** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

CASE NO.: 25-01384-JD

IN RE:

**Jacqueline Ard and**
**Terry F. Nicola,**

Debtor(s)

**PROOF OF SERVICE**

**(Pursuant to 28 U.S.C. § 1746)**

I, Jacqueline Ard, hereby certify that on this ___1st day of April___ I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and via Electronic Mail:

- **EMERGENCY OBJECTION TO TRUSTEE'S MOTION/NOTICE OF SALE**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684
Mount Pleasant, SC 29465-0803
Email: mconrady@campbell-law-firm.com

8

Lucas S. Fautua, Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: lfautua@smithdebnamlaw.com

J. Ronald Jones, Jr., Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: rjones@smithdebnamlaw.com

Estate at Westbury Owners Association, Inc.
c/o Julie A. Franklin, Esq.
25 Thurmond Way, #2976
Bluffton, SC 29910

Hilton Head Resort Four Seasons Centre Horizontal Property Regime
Council of Co-Owners, Inc.
c/o Jones Simpson & Newton, P.A.
P.O. Box 1938
Bluffton, SC 29910

Jeremy E. Bowers, Esq.
Barnwell Whaley Patterson & Helms
P.O. Drawer H
Charleston, SC 29402

Scott Wild, Esq.
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

Evan K. Bromley
Bromley Law Firm LLC
PO Box 570
Bluffton, SC 29910

TMX Finance d/b/a TitleMax of South Carolina, Inc.
c/o Turner Padget Graham & Laney, P.A.
1901 Main Street, Suite 900
Columbia, SC 29201

WEST-AIRCOMM Federal Credit Union
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Road, Suite 200

Independence, OH 44131

Zeidman's Jewelry & Loan of Michigan
c/o Best Law, P.A.
999 Lake Hunter Circle, Suite D
Mount Pleasant, SC 29464

SERVICE BY ELECTRONIC NOTICE
The following parties received electronic notice via email and the Court's CM/ECF system at
their registered email addresses:
- Michael H. Conrady – mconrady@campbell-law-firm.com
- Kevin Campbell (Trustee) – kcampbell@campbell-law-firm.com
- Lucas S. Fautua – lfautua@smithdebnamlaw.com
- Julie A. Franklin – jfranklinlegal@gmail.com
- Benjamin Edward Grimsley – ben.grimsley@smithrobinsonlaw.com
- Dean S. Haskell – dhaskell@jsplaw.net
- J. Ronald Jones, Jr. – rjones@smithdebnamlaw.com
- John B. Kelchner – jkelchner@turnerpadget.com
- Richardo Kilpatrick – rkilpatrick@shermeta.com
- Garry Masterson – bronationalecf@weltman.com
- Elizabeth H. Parrott – elizabeth.parrott@mccalla.com
- Scott M. Wild – scott@wildlawfirm.com
- Office of the United States Trustee

Executed on this 1st day of April, 2026.

Jacqueline E. Ard
21215 Dartmouth Drive
Southfield, MI 48076
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051