UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) | C/A No. 9:25-cv-12567-BHH-MHC |
| Debtors, | ) ) ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) | |
| Appellants, | ) ) | **APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL** |
| v. | ) ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) ) ) ) | |
| Appellees. | ) ) ) | |

Filed By The Court

04/01/26 9:18 a.m.

U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED**
(Fed. R. Bankr. P. 8009(a)(1))

Appellants Jacqueline Elizabeth Ard and Terry Frank Nicola, proceeding pro se, state that the issues to be presented on appeal from the September 9, 2025 Order Denying Confirmation and Converting Case to Chapter 7 (ECF No. 133) are as follows:

**Whether the bankruptcy court clearly erred and abused its discretion in denying confirmation of Appellants' Modified Chapter 13 Plan based on findings that:**

a. Debtors failed to file applicable tax returns as required by 11 U.S.C. § 1308(a) and § 1325(a)(9), without granting additional time to cure;

b. Debtors would not be able to make all payments under the Plan as required by 11 U.S.C. § 1325(a)(6), despite credible evidence of rental income;

c. The Plan failed to properly treat secured creditors as required by 11 U.S.C. § 1325(a)(5), without affording Debtors opportunity to amend;

1

d. The Plan discriminated unfairly among unsecured claims in violation of 11 U.S.C. § 1322(b)(1), without explanation or opportunity to cure.

**Whether the bankruptcy court abused its discretion in converting the case to Chapter 7 under 11 U.S.C. § 1307(c) based on findings of unreasonable delay, bad faith, and inaccurate schedules, where:**

a. Debtors were willing and able to modify the Plan to address creditor objections;

b. The estate contains substantial equity in real and personal property better preserved through reorganization than liquidation;

c. Conversion subjects Appellants' properties to ongoing foreclosure proceedings without automatic stay protection;

d. The Court granted Debtors minimal opportunity to cure Plan deficiencies despite repeated requests for accommodations and extensions.

**Whether the bankruptcy court abused its discretion in denying Appellants' Motion to Impose the Automatic Stay under 11 U.S.C. § 362(c)(4)(B) where:**

a. The Court found Debtors failed to appear at the May 22, 2025 hearing despite Debtors arriving and being permitted to address the Court;

b. The denial was based on the unconfirmability of the Plan rather than the statutory standards for imposing a stay;

c. The Court failed to consider that the absence of a stay caused irreparable harm to the estate through creditor interference and foreclosure proceedings;

d. Appellants demonstrated by clear and convincing evidence that the filing was in good faith as to the creditors to be stayed.

**Whether the bankruptcy court erred in denying Appellants' oral motion for recusal under 28 U.S.C. § 455, where Appellants raised concerns about bias based on a pattern of adverse**

rulings and the Court's rulings consistently disfavored Debtors without adequate consideration of their evidence or arguments, violating Appellants' due process rights and the appearance of fairness required under federal law.

Whether the bankruptcy court violated Appellants' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, by failing to provide reasonable accommodations despite Appellants' Emergency Motion for ADA Accommodations (Bankruptcy Doc. 88), including adequate time to prepare for hearings, remote appearance options, and extensions of deadlines to account for cognitive limitations and medical conditions.

## I. Recusal and Structural Due Process

1. Whether the Bankruptcy Court erred in denying Appellants' oral and written requests for recusal where Appellants raised bias, prejudice, and abuse-of-discretion concerns, filed a written motion to recuse on August 20, 2025, filed an emergency motion to recuse on August 22, 2025, filed a supporting affidavit of medical harm, and the court denied recusal before entering the order on appeal. See ECF Nos. 109, 111, 116, 118, 119, 124, 126, 133.

2. Whether the Bankruptcy Court applied an unduly narrow legal standard in denying recusal by limiting the analysis to adverse rulings and "extra-judicial source" concepts, without adequately addressing whether the Court's impartiality might reasonably be questioned based on the total course of proceedings leading to the September 9, 2025 order.

3. Whether the Bankruptcy Court's refusal to recuse constituted structural error that tainted all subsequent rulings, including denial of confirmation and conversion to Chapter 7, requiring vacatur of the September 9, 2025 order in whole and reassignment on remand.

4. Whether the bankruptcy judge's words, tone, and demeanor during hearings, including the May 21, 2025, July 23, 2025, August 20, 2025, February 18, 2026, and March 12, 2026 proceedings, reflected hostility, impatience, skepticism, or dismissiveness toward Appellants as pro se and disabled debtors, such that a reasonable observer would question the Court's impartiality.

5. Whether the Court's repeated characterization of Appellants as bad-faith, abusive, serial, manipulative, or obstructive filers, without clear and sufficient evidentiary foundation, constituted unfair branding that influenced later rulings on confirmation, conversion, exemptions, sanctions, and sale.

6. Whether the Court impermissibly penalized Appellants for proceeding pro se by holding them to more exacting standards than represented parties, refusing reasonable explanations or scheduling requests, and treating procedural missteps as evidence of bad faith rather than correctable good-faith error.

## II. ADA, Disability Access, and Meaningful Participation

7. Whether the Bankruptcy Court violated Appellants' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Due Process Clause by denying or inadequately addressing requests for reasonable accommodations necessary for Appellants to meaningfully participate in hearings and related proceedings.

8. Whether the Bankruptcy Court denied Appellants meaningful access to the proceedings by inadequately addressing disability-related accommodation requests, including Appellants' June 18, 2025 Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions, their July 23, 2025 emergency ADA continuance motion, and their later ADA-related motions and requests. See ECF Nos. 88, 89, 90, 101, 103, 220, 247, 248.

9. Whether the Bankruptcy Court abused its discretion or violated due process by proceeding toward dispositive rulings after disability-related filings and accommodation requests without ensuring Appellants had a full and fair opportunity to prepare, participate, testify, present evidence, and respond to objections affecting confirmation, exemptions, conversion, recusal, and sale.

10. Whether the Court erred as a matter of law to the extent it stated, implied, or relied on the proposition that federal courts do not have to comply with the mandates of Title II of the Americans with Disabilities Act, or otherwise suggested that ADA obligations were inapplicable to its handling of Appellants' requests.

11. Whether the Court's handling of ADA-based motions and related scheduling, including denial or restriction of remote appearance, continuances, and deadline adjustments, amounted to the use of procedural traps or rigid technicalities that had the practical effect of stripping disabled debtors of rights otherwise afforded under the Bankruptcy Code, the ADA, and constitutional due process.

12. Whether, by insisting on in-person appearances under circumstances the Court knew or should have known were medically unsafe or infeasible for Appellants, and by refusing reasonable alternatives, the Court effectively used its procedural authority to defeat rather than protect the access-to-court rights of disabled debtors.

13. Whether the denial or severe limitation of ADA accommodations and continuances, despite notice of serious medical conditions, demonstrates a lack of concern for ensuring that disabled debtors had actual, not merely theoretical, access to the Court and its proceedings.

## III. Automatic Stay and Imported Findings

14. Whether the Bankruptcy Court erred and abused its discretion in denying Appellants' Motion to Impose the Automatic Stay under 11 U.S.C. § 362(c)(4), including by failing to consider evidence rebutting the presumption of bad faith and by denying the motion based on procedural circumstances that impaired Appellants' ability to be heard.

15. Whether the Bankruptcy Court violated Appellants' due process rights in connection with the May 21, 2025 stay hearing by denying relief where Appellants were unable to meaningfully participate due to disability, travel delay, and related circumstances beyond their control.

16. Whether the Bankruptcy Court abused its discretion by denying the motion to impose the stay in a manner that effectively precluded relief without adjudication on a fair and complete merits record.

17. Whether the Bankruptcy Court erred in failing to consider equitable relief under 11 U.S.C. § 105(a) to prevent irreparable harm to Appellants and the estate.

18. Whether the Bankruptcy Court erred in using Appellants' failure to appear timely at the May 21, 2025 hearing on the motion to impose the automatic stay, and the resulting stay rulings, as part of the foundation for the later September 9, 2025 conversion and confirmation order.

19. Whether the Bankruptcy Court's incorporation of findings from the May 23, 2025 stay order into the September 9, 2025 order improperly imported disputed good-faith and prosecutorial-failure findings into the later confirmation and conversion decision without independent adjudication.

20. Whether the denial of the automatic stay and related rulings resulted in irreparable harm, loss of estate property, and mootness risk to appellate rights in violation of fundamental bankruptcy protections.

## IV. Denial of Confirmation

21. Whether the Bankruptcy Court erred, as a matter of law and abused its discretion, in denying confirmation of Debtors' Modified Chapter 13 Plan, ECF No. 47, by concluding that the Plan failed to satisfy 11 U.S.C. §§ 1308, 1322, and 1325.

22. Whether the Bankruptcy Court erred in denying confirmation under 11 U.S.C. § 1325 where the record demonstrates that any identified deficiencies in the plan were curable and the Court failed to consider amendment, supplementation, clarification, continuance, or other less drastic alternatives.

23. Whether the Bankruptcy Court erred in concluding that Appellants' alleged tax-return deficiencies independently required denial of confirmation where the Court relied on admitted tax-filing issues without adequately addressing lesser alternatives, cure, timing, or the effect of any proposed amendment or additional compliance.

24. Whether the Bankruptcy Court clearly erred in finding that Appellants failed to prove feasibility under 11 U.S.C. § 1325(a)(6), where the Court relied heavily on perceived inconsistencies in testimony about rental income, real property values, lease treatment, storage-unit arrangements, and plan arrearages developed at the August 20, 2025 evidentiary hearing.

25. Whether the Bankruptcy Court clearly erred or abused its discretion in relying on testimony about the value and ownership of real property and on alleged inconsistencies between the schedules and hearing testimony as grounds for bad faith, unconfirmability, and conversion, without permitting or considering correction through amended schedules or further evidentiary development.

26. Whether the Bankruptcy Court erred in concluding that the plan's treatment of secured creditors was fatally defective under 11 U.S.C. § 1325(a)(5), including its analysis of present value, Till interest, and equal monthly payment requirements, where Appellants' modified plan was not further amended after continuance of the confirmation hearing and the Court denied confirmation rather than allowing targeted plan correction.

27. Whether the Bankruptcy Court erred in finding unfair discrimination among unsecured creditors under 11 U.S.C. § 1322(b)(1) without giving Appellants a meaningful opportunity to explain or amend the classifications in Part 5.3 of the modified plan.

6

28. Whether the Bankruptcy Court's findings regarding feasibility, good faith, candor, and plan compliance were clearly erroneous or based on an incomplete, procedurally impaired, or legally insufficient record.

## V. Conversion to Chapter 7

29. Whether the Bankruptcy Court abused its discretion in converting the case to Chapter 7 under 11 U.S.C. § 1307(c), rather than dismissing the case or allowing further amendment, where the Court relied on asserted unconfirmability, delay, alleged lack of candor, and prior case history.

30. Whether the Bankruptcy Court erred in finding "cause" for conversion based on "unreasonable delay," "bad faith," inaccurate schedules, and denial of confirmation where the docket reflects continuing litigation over accommodations, exemptions, stay issues, creditor objections, and scheduling changes, including court-ordered continuances and rescheduled evidentiary hearings.

31. Whether the Bankruptcy Court clearly erred in finding that Appellants engaged in a pattern of "obfuscation and delay," sought "unreasonable accommodations," or lacked candor, where those findings were made in the same proceedings in which Appellants were requesting disability-related accommodations and attempting to preserve assets and contest creditor claims.

32. Whether the Bankruptcy Court improperly relied on prior bankruptcy filings and dismissals, including the South Carolina Chapter 13 case filed October 4, 2024 and the Eastern District of Michigan Chapter 13 case filed January 31, 2025, in a manner that overstated their significance and prejudiced the adjudication of confirmation and conversion in this case.

33. Whether the Bankruptcy Court erred in determining that conversion, rather than dismissal, was in the best interests of creditors and the estate, including its conclusion that a Chapter 7 trustee's liquidation would better preserve equity and maximize estate value.

34. Whether the Bankruptcy Court's best-interests analysis under 11 U.S.C. § 1307(c) was legally insufficient because it did not adequately consider prejudice to Appellants, the impact of disputed exemptions, the possibility of further Chapter 13 administration, the substantial equity reflected in estate property, or alternatives short of immediate conversion.

35. Whether the Bankruptcy Court erred by relying on factors arising from proceedings in which Appellants were denied meaningful participation due to disability-related limitations.

## VI. Exemptions, Property, Schedules, and Estate Findings

36. Whether the Bankruptcy Court's findings concerning exemptions and property equity, including reliance on the trustee's objection to exemptions and the July 24, 2025 exemption order, improperly influenced the September 9, 2025 decision to convert without full and fair appellate review or further evidentiary development.

37. Whether the Bankruptcy Court's findings concerning the accuracy of the schedules, the scope of estate interests, property values, disposable income, and alleged inaccuracies were clearly erroneous in light of the record as a whole, including the schedules, amended schedules, testimony, and procedural posture of the August 20, 2025 evidentiary hearing.

38. Whether the Bankruptcy Court clearly erred in its factual findings regarding Debtors' property values, equity, ownership interests, and income where those findings conflict with the filed schedules, amended schedules, sworn testimony, and later estate-administration actions reflecting substantial property value.

39. Whether the Bankruptcy Court improperly used the absence of allowed exemptions, or unresolved exemption disputes, to support conclusions about equity available for Chapter 7 liquidation without fully assessing Appellants' exemption rights or ability to reorganize.

### VII. Due Process and Procedural Irregularities

40. Whether the Bankruptcy Court violated Appellants' due process rights by issuing dispositive rulings following hearings in which Appellants were unable to fully participate, present evidence, or respond to all grounds ultimately relied on by the Court.

41. Whether the Bankruptcy Court's September 9, 2025 order violated due process by resolving recusal, confirmation, and conversion together after an evidentiary hearing while relying on prior orders, unresolved disputes, and adverse characterizations of Appellants without affording a sufficiently fair opportunity to cure, respond, or be heard on all dispositive grounds.

42. Whether the Bankruptcy Court erred by effectively penalizing Appellants for filing motions seeking sanctions, stay relief, trustee removal, recusal, accommodations, and related

protections, rather than limiting its analysis to the legal merits of confirmation and conversion.

43. Whether the cumulative effect of the recusal denial, accommodation rulings, evidentiary restrictions, prior stay findings, exemption rulings, confirmation denial, conversion determination, and related procedural rulings deprived Appellants of a fair tribunal and a meaningful opportunity to proceed in Chapter 13.

44. Whether the cumulative effect of alleged hostility, negative characterizations, strict procedural treatment of pro se litigants, and limited concern for disability-related barriers materially affected substantive outcomes, including denial of confirmation, conversion to Chapter 7, denial of stay-related relief, adverse exemption rulings, sanctions exposure, and approval of property sales.

## VIII. Scope of Appellate Review and Relief Requested

45. Whether the reviewing court should consider subsequent related orders and proceedings insofar as they illuminate the impact, prejudice, and practical effect of the September 9, 2025 order, including later rulings concerning exemptions, stays pending appeal, abandonment, sale, and trustee administration.

46. Whether the record on appeal should include all transcripts, oral rulings, minute entries, exhibits, objections, responses, and related orders that bear on the issues presented, including the May 21, 2025, July 23, 2025, August 20, 2025, February 18, 2026, and March 12, 2026 proceedings.

47. Whether, if any transcript is unavailable, a statement of the evidence or proceedings should be permitted and settled as part of the record under Rule 8009(c).

48. Whether the District Court should vacate the September 9, 2025 order in full and remand for further proceedings before a different judge, or alternatively vacate the conversion ruling and remand with instructions to permit further plan amendment and full consideration of Appellants' disability-related access issues.