**Subject**: Compliance Order

Clerk of Court
United States Bankruptcy Court
District of South Carolina
1100 Laurel Street
Columbia, SC 29201-2423

FILED
at 3 O'clock & 17 min. P M

APR 0 3 2026

United States Bankruptcy Court
Columbia, South Carolina

Re: **Jacqueline Elizabeth Ard and Terry Frank Nicola,
Appellants, v. John B. Kelchner, et al., Appellees.**

Case No. **9:25-cv-12567-BHH-MHC**

Dear Clerk of Court,

NOTICE TO CLERK OF COURT REGARDING FILING OF REQUIRED APPELLATE
DOCUMENTS

Appellant Jacqueline Elizabeth Ard, proceeding pro se, respectfully submits this Notice to the
Clerk of Court in connection with compliance with the Court's Order dated March 26, 2026.

Pursuant to that Order, and to ensure that the appellate record is properly completed and the
appeal may proceed on the merits, Appellant hereby notifies the Clerk that the Appellant is
contemporaneously filing the following documents:

1. **Notice of Current Address and Compliance with Court Order**;
2. **Notice of Clarification and Amendment of Notice of Appeal**;
3. **Statement of Issues to Be Presented on Appeal**; and
4. **Designation of Items to Be Included in the Record on Appeal**.

These filings are submitted in good faith and in full compliance with the Court's directive
requiring Appellants to cure procedural deficiencies and properly prosecute this appeal.

Appellant respectfully requests that the Clerk docket these filings accordingly and update the
record to reflect Appellant's compliance with the Court's March 26, 2026 Order so that the
appeal may proceed to briefing on the merits.

Appellant further confirms that her current and valid mailing address for all correspondence in
this matter is:

21215 Dartmouth Drive
Southfield, Michigan 48076

Appellant will promptly notify the Court of any future change of address.

Respectfully submitted,

Jacqueline E. Ard
Defendant, Pro Se
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
jacquelineard72@gmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) | C/A No. 9:25-cv-12567-BHH-MHC |
| Debtors, | ) ) ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) ) | |
| Appellants, | ) ) | **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL** |
| v. | ) ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) ) ) ) | |
| Appellees. | ) ) ) | |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

TO: THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF SOUTH CAROLINA:

Appellants Jacqueline Elizabeth Ard and Terry Frank Nicola, proceeding pro se, hereby file this Designation of Items to be Included in the Record on Appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(A) and the Order entered March 26, 2026 (ECF No. 4) by the United States District Court for the District of South Carolina in Case No. 9:25-cv-12567-BHH-MHC.

**I. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(A) and (a)(4), Appellants designate the following items from the docket in Case No. 25-01384-JD to be included in the record on appeal, organized by category:

**Category A: Required Items Under Rule 8009(a)(4)**

1. **Complete docket entries** kept by the bankruptcy clerk in Case No. 25-01384-JD from inception (April 10, 2025) through present

1

2. **Doc. 141:** Notice of Appeal filed September 10, 2025, entered September 12, 2025

3. **Doc. 133:** Order Denying Confirmation and Converting Case to Chapter 7, filed and entered September 9, 2025 (the judgment, order, and decree being appealed), including all findings of fact and conclusions of law contained therein

4. **Doc. 144:** Notice of Appeal Letter and service certificates, filed September 12, 2025

5. **Doc. 145:** Transmittal of Notice of Appeal to District Court Case No. 9:25-cv-12567-BHH-MHC, filed September 15, 2025

### Category B: Petition, Schedules, and Core Case Documents

6. **Doc. 1:** Voluntary Petition for Chapter 13 Bankruptcy (26 pages), filed April 10, 2025

7. **Doc. 2:** Bankruptcy Form 121 (Social Security Number disclosure), filed April 10, 2025

8. **Doc. 3:** Certificate of Credit Counseling, filed April 10, 2025

9. **Doc. 4:** Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Trustee, filed April 10, 2025, with 341(a) meeting scheduled for May 19, 2025, and Confirmation Hearing scheduled for June 25, 2025

10. **Doc. 7:** Pro Se Letter of Instruction with Attachments, filed April 11, 2025

11. **Doc. 8:** Notice of Filings Due (Schedules, Statements, Plan due by April 25, 2025), filed April 11, 2025

12. **Doc. 12:** Notice and Motion to Dismiss or Convert at Confirmation Hearing if Documents Not Provided or Failure to Attend Meetings/Hearings, filed April 16, 2025

13. **Doc. 23:** Original Schedules A/B, C, D, E/F, G, H, I, J (48 pages), filed April 24, 2025

14. **Doc. 27:** Additional Schedules D, E/F, H (67 pages), filed April 25, 2025

15. **Doc. 28:** Summary of Assets and Liabilities, Schedule G, I, J, J-2, Declaration About Individual Debtor's Schedules, Statement of Financial Affairs, Statement Disclosing Anticipated Increase in Income or Expenditures, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (33 pages), filed April 25, 2025

16. **Doc. 29:** Copies of Payment Advices, filed April 25, 2025

17. **Doc. 46:** Amended Schedules D, E/F, H, Declaration About Individual Debtor's Schedules, Amended Statement of Financial Affairs, Statement of Change, Amended Creditor Matrix (94 pages), filed May 8, 2025

18. **Doc. 48:** Certificate of Service RE Amended Schedules/Statements and Modified Plan, filed May 8, 2025

19. **Doc. 250:** Second Amended Schedules and Statements (if applicable to issues on appeal)

20. **Doc. 254:** Additional Amended Schedules (if filed and relevant to issues on appeal)

## Category C: Chapter 13 Plans and Amendments

21. **Doc. 25** (mislabeled as <u>Doc. 30</u> in some notices): Chapter 13 Plan - Conduit (Original Plan, 18 pages), filed April 22, 2025, with objections due no later than 7 days prior to Confirmation Hearing

22. **Doc. 47**: Pre-Confirmation Modified Chapter 13 Plan - Conduit (18 pages), filed May 8, 2025 (the Plan that was the subject of the confirmation hearing and denial in <u>Doc. 133</u>)

23. **Doc. 32**: Deficiency Notice regarding Plan and additional creditors added, requiring certificate of service, deficiency correction due by May 8, 2025

## Category D: Motion to Impose Automatic Stay and Related Documents

24. **Doc. 15** (renumbered from Doc. 14): Motion to Impose Automatic Stay with Certificate of Service (21 pages), filed April 18, 2025 (modified April 21, 2025 to correct file date)

25. **Doc. 17**: Deficiency Notice re Motion to Impose Automatic Stay (missing Affidavit or Unsworn Declaration), deficiency correction due by May 1, 2025

26. **Doc. 18**: Hearing Notice on Motion to Impose Automatic Stay, filed April 21, 2025, hearing scheduled for May 21, 2025 at 11:00 AM at Charleston, objections due by May 2, 2025

27. **Doc. 24**: Affidavit Re Motion to Impose Automatic Stay filed by Debtor Jacqueline Elizabeth Ard, filed April 25, 2025

28. **Doc. 36**: Objection to Motion to Impose Automatic Stay filed by Estate at Westbury Owners Association, Inc., filed April 30, 2025

29. **Doc. 38**: Objection to Motion to Impose Automatic Stay filed by TMX Finance dba TitleMax of South Carolina, Inc., with Exhibit, filed May 2, 2025

30. **Doc. 40**: Response to Motion to Impose Automatic Stay filed by Trustee James M. Wyman, filed May 2, 2025

31. **Doc. 42:** Objection to Motion to Impose Automatic Stay filed by Spa on Port Royal Sound Horizontal Property Regime, Inc., filed May 2, 2025

32. **Doc. 44**: Response to Motion to Impose Automatic Stay filed by Trustee James M. Wyman (refiled to correct citations), filed May 2, 2025

33. **Doc. 53**: Response to Objections filed by Jacqueline Elizabeth Ard with Exhibits (44 pages), filed May 21, 2025

34. Doc. 55: Hearing Held on Motion to Impose Automatic Stay on May 21, 2025 – minute entry stating Debtors were not present the first two times matter was called, ruling was read into record, court adjourned, then Court went back on record and read ruling again once Debtors arrived; Motion denied; Court to prepare Order

35. **Doc. 57**: Order Denying Motion To Impose The Automatic Stay And Providing Notice Of Conversation Or Dismissal To Bar Further Refiling (16 pages), filed May 23, 2025

36. **Doc. 58:** Order Denying Motion To Impose The Automatic Stay And Providing Notice Of Conversion Or Dismissal To Bar Further Refiling, filed May 23, 2025, with hearing scheduled for July 2, 2025 at 10:00 AM at Charleston for Debtors to show cause why case should not be converted or dismissed

37. **Doc. 59:** Notice of Appeal to District Court re Order Denying Motion to Impose Automatic Stay (Doc. 57), filed May 22, 2025, Appellant Designation due by June 5, 2025

38. **Doc. 65:** Transmittal of Notice of Appeal to District Court Case No. 9:25-cv-04500-BHH-MHC, filed May 27, 2025

39. **Doc. 86:** Amended Notice of Appeal, filed June 17, 2025

40. **Doc. 92:** Transmittal of Amended Notice of Appeal to District Court Case No. 9:25-cv-04500, filed June 26, 2025

41. **Doc. 106:** Transmittal of Record on Appeal to District Court Case No. 9:25-cv-04500, filed July 25, 2025

## Category E: Objections to Confirmation of Chapter 13 Plan

42. **Doc. 67:** Objection to Confirmation of Plan filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. (3 pages), filed June 3, 2025

43. **Doc. 72:** Objection to Confirmation of Plan filed by Chapter 13 Trustee James M. Wyman (4 pages), filed June 4, 2025

44. **Doc. 75:** Objection to Confirmation of Plan filed by Zeidman's Jewelry & Loan of Michigan with Certificate of Service (4 pages), filed June 5, 2025

45. **Doc. 76:** Objection to Confirmation of Plan filed by TMX Finance dba TitleMax of South Carolina, Inc. with Certificate of Service (4 pages), filed June 6, 2025

46. **Doc. 79:** Objection to Confirmation of Plan filed by Hilton Head Resort Four Seasons Centre Horizontal Property Regime Council of Co-Owners, Inc. (3 pages), filed June 10, 2025

47. **Doc. 80:** Certificate of Service RE Objection to Confirmation filed by Hilton Head Resort Four Seasons Centre, filed June 10, 2025

## Category F: Motion to Convert and Related Documents

48. **Doc. 68:** Motion to Convert Chapter 13 Case to Chapter 7 filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. (23 pages), filed June 3, 2025, hearing scheduled for June 25, 2025 at 10:30 AM, objections due by June 24, 2025

49. **Doc. 69:** Withdrawal of Motion to Convert (Doc. 68) to extend days between objection period and hearing date, filed June 3, 2025

50. **Doc. 70:** Motion to Convert Chapter 13 Case to Chapter 7 filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. (23 pages, refiled), filed June 3, 2025, hearing rescheduled for July 23, 2025 at 10:30 AM, objections due by June 24, 2025

51. **Doc. 71:** Order rescheduling show-cause hearing originally scheduled for July 2, 2025 to July 23, 2025 at 10:30 AM at Charleston Bankruptcy Court, 145 King Street, Suite 225, filed June 4, 2025

52. **Doc. 74:** Response to Order Setting Hearing and Deadlines regarding Converting Case to Chapter 7 or Dismissing Case with Prejudice to Refile, filed by Trustee James M. Wyman, filed June 4, 2025

53. **Doc. 95:** Order rescheduling hearing on dismissal/conversion and Motion to Convert from July 23, 2025 to August 20, 2025 at 10:30 AM at Charleston, signed by Judge L. Jefferson Davis IV, filed July 15, 2025

54. **Doc. 105:** Notice that confirmation hearing and conversion/dismissal hearing on August 20, 2025 at 10:30 AM is an evidentiary hearing at which witnesses may testify, signed by Judge L. Jefferson Davis IV, filed July 25, 2025

## Category G: Exemptions and Trustee's Objections

55. **Doc. 73:** Objection to Exemption, Notice Of Possible Hearing (21 days objection time) filed by Trustee James M. Wyman with Certificate of Service (4 pages), filed June 4, 2025, with hearing to be held July 23, 2025 at 10:30 AM if response timely filed, objections due by June 25, 2025

56. **Doc. 93:** Hearing Notice on Objection to Exemption filed by Trustee James M. Wyman, hearing scheduled for July 23, 2025 at 10:30 AM at Charleston, filed July 11, 2025

57. **Doc. 101:** Emergency Motion for ADA Accommodation: Request for Continuance of Hearing on Trustee's Objection to Exemption Scheduled July 23, 2025, with Certificate of Service, filed by Jacqueline Elizabeth Ard and Terry Frank Nicola, filed July 23, 2025

58. **Doc. 102:** Hearing Held on Objection to Exemption on July 23, 2025 – minute entry stating debtor did not appear at hearing; Trustee's objection sustained; Order due from Trustee by July 30, 2025

59. **Doc. 103:** Order Denying Motion for Continuance (related to Doc. 101), filed July 24, 2025

60. **Doc. 104:** Order Granting Objection to Exemptions (3 pages), filed July 24, 2025

61. **Doc. 195:** (If applicable) Additional exemption-related motions or orders post-conversion

62. **Doc. 213:** (If applicable) Additional orders on exemptions referenced in later proceedings

63. **Doc. 220, 236, 251, 261–265:** Any motions to vacate exemption order, related ADA requests, and responsive orders (if filed and relevant to appeal)

## Category H: ADA Accommodations and Continuation of Hearing

64. **Doc. 88:** Notice of Medical Emergency and Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions (10 pages), filed June 18, 2025

5

65. **Doc. 89:** Restricted Document Pursuant to FRBP 9037 RE Medical (medical records/documentation supporting ADA motion, available only to Court and Trustee), filed June 20, 2025

66. **Doc. 90:** Order Denying Relief and Rescheduling Confirmation (6 pages), filed June 23, 2025, delegating notice to Debtors pursuant to SC LBR 5075-1, with confirmation hearing rescheduled to August 20, 2025 at 10:30 AM at Charleston

67. **Doc. 101:** Emergency Motion for ADA Accommodation: Request for Continuance of Hearing on Trustee's Objection to Exemption Scheduled July 23, 2025 (referenced above in Category G)

68. **Doc. 103:** Order Denying Motion for Continuance (related to Doc. 101), filed July 24, 2025

69. **Doc. 220, 247–248:** (If applicable) Additional ADA accommodation requests and related orders filed post-conversion and relevant to due process claims on appeal

## Category I: Confirmation Hearing and Related Notices

70. **Doc. 12:** Notice and Motion to Dismiss or Convert at Confirmation Hearing if Documents Not Provided or Failure to Attend Meetings/Hearings (3 pages), filed April 16, 2025

71. **Doc. 4:** Notice of Chapter 13 Bankruptcy Case with original confirmation hearing date of June 25, 2025 at 10:00 AM (referenced above in Category B)

72. **Doc. 71:** Order rescheduling show-cause hearing from July 2, 2025 to July 23, 2025 at 10:30 AM (referenced above in Category F)

73. **Doc. 90:** Order rescheduling confirmation hearing to August 20, 2025 at 10:30 AM (referenced above in Category H)

74. **Doc. 95:** Order rescheduling confirmation and conversion/dismissal hearing from July 23, 2025 to August 20, 2025 at 10:30 AM (referenced above in Category F)

75. **Doc. 105:** Notice that August 20, 2025 hearing is an evidentiary hearing at which witnesses may testify (referenced above in Category F)

## Category J: Hearing Transcripts

76. **Transcript of the May 21, 2025 Hearing** on Motion to Impose Automatic Stay (Doc. 55 minute entry), if available or when prepared

77. **Doc. 143:** Request for Transcript of Hearing Held on May 21, 2025, filed September 10, 2025

78. **Transcript of the July 23, 2025 Hearing** on Objection to Exemptions (Doc. 102 minute entry), if available or when prepared

79. **Transcript of the August 20, 2025 Evidentiary Hearing** on Confirmation of Chapter 13 Plan, Motion to Convert, Show Cause re Dismissal/Conversion, and Motion to Recuse (Docs. 110, 111 minute entries), including:

- o   All sworn testimony of Debtors Jacqueline Elizabeth Ard and Terry Frank Nicola
- o   All arguments and presentations by counsel and parties
- o   All oral rulings, findings, and statements by Judge L. Jefferson Davis IV
- o   Debtors' oral motion to recuse and arguments thereon
- o   Court's oral ruling denying recusal
- o   All examination and cross-examination of witnesses
- o   All exhibits admitted or offered into evidence

(Appellants will arrange for ordering and filing of this transcript when available)

### Category K: Recusal Motions and Related Orders

80. **Doc. 109:** Motion To Recuse Judge L. Jefferson Davis IV For Bias, Prejudice, And Abuse of Discretion (6 pages), filed August 20, 2025

81. **Doc. 111:** Hearing Held on Motion to Recuse on August 20, 2025 – minute entry stating Debtors raised Motion to Recuse at Confirmation Hearing, presented Court with written Motion, Debtors argued Motion, Motion denied, no further Order due

82. **Doc. 116:** Emergency Motion To Recuse Judge L. Jefferson Davis IV with Certificate of Service (10 pages), filed August 22, 2025

83. **Doc. 118:** Affidavit Of Medical Harm And Recusal Of Judge L. Jefferson Davis IV (3 pages), filed August 22, 2025

84. **Doc. 119:** Order Regarding Motion to Recuse and Affidavit (6 pages), filed August 25, 2025

85. **Doc. 124:** Reply to Order Regarding Motion to Recuse (7 pages), filed September 2, 2025

86. **Doc. 126:** Order Denying Relief Requested in Debtors' Reply To Order Regarding Motion To Recuse (7 pages), filed September 3, 2025

87. All certificates of service related to recusal motions and orders (Docs. 121, 129)

### Category L: Procedural and Administrative Orders and Court Guidelines

88. **Operating Order 23-02** or any other administrative order or chamber guideline regarding Till interest rates, plan confirmation standards, or Chapter 13 administration referenced in Doc. 133 or cited by the Bankruptcy Court in any ruling

89. **Local Bankruptcy Rules for the District of South Carolina**, including:

- o   SC LBR 5075-1 (delegation of notice)
- o   SC LBR 3015-1 (Chapter 13 plan provisions)
- o   Any other local rules cited in the appealed Order or relevant to issues on appeal

90. **General Orders of the Bankruptcy Court** in effect during the pendency of this case and referenced in any ruling

91. **Standing Orders of Judge L. Jefferson Davis IV** regarding courtroom procedures, hearing protocols, or case management applicable to this case

## Category M: Claims Register and Objections to Claims

92. **Complete Claims Register** for Case No. 25-01384-JD, showing all proofs of claim filed by creditors, including:

    o Claim numbers

    o Creditor names

    o Claim amounts (secured, unsecured priority, unsecured non-priority)

    o Dates filed

    o Current status (allowed, disallowed, pending)

93. **Doc. 132:** Objection to Claim of The Spa On Port Royal Sound Horizontal Property Regime, Inc., Claim Amount $31,084.41, filed June 20, 2025, with hearing scheduled for October 15, 2025 at 10:30 AM, objections due October 8, 2025, filed September 9, 2025

94. **Doc. 137:** Order regarding Objection to Claim of Spa on Port Royal Sound (denying objection based on Rooker-Feldman doctrine and exemption issues), filed September 10, 2025

95. **Doc. 146:** Objection to Claim of LVNV Funding, LLC, Claim Amounts $267.15 and $801.28, filed September 10, 2025

96. **Doc. 147:** Objection to Claim of Resurgent Capital Services, Claim Amounts $485.80, $3,542.81, $12,856.75, filed September 10, 2025

97. **Doc. 148:** Objection to Claim of US Department of Education c/o Nelnet, Claim Amount $77,820.42, filed September 10, 2025

98. **Doc. 149:** Objection to Claim of West-Aircomm Federal Credit Union, Claim Amount $13,892.70, filed September 10, 2025

99. All responses, replies, or orders related to claim objections filed by Debtors (Docs. 146–149)

## Category N: Prior Bankruptcy Cases and Serial Filing Issues

100. **Docket sheet and dismissal order** from Case No. 24-03611-JD (Jacqueline Elizabeth Ard and Terry Frank Nicola, Chapter 13, District of South Carolina, filed October 4, 2024, dismissed November 21, 2024) – referenced in Doc. 133 as evidence of serial filing

101. **Docket sheet and dismissal order** from Case No. 25-40952-MLO (Jacqueline Elizabeth Ard and Terry Frank Nicola, Chapter 13, Eastern District of Michigan, filed January 31, 2025, dismissed March 3, 2025) – referenced in Doc. 133 as evidence of serial filing and basis for denial of automatic stay under 11 U.S.C. § 362(c)(4)

8

102.    Any findings, orders, or transcripts from prior cases relied upon by the Bankruptcy Court in determining bad faith, pattern of delay, or abuse of process in the September 9, 2025 Order (Doc. 133)

**Category O: Additional Motions, Pleadings, and Notices of Appearance**

103.    **Doc. 127:** Motion To Remove Chapter 13 Trustee And Request For Disgorgement Of Fees (15 pages), filed September 2, 2025

104.    **Doc. 128:** Hearing Notice on Motion to Remove Trustee, hearing scheduled for October 15, 2025 at 10:30 AM, objections due October 8, 2025, filed September 4, 2025

105.    **Doc. 99:** Motion for Leave to Appeal (2 pages), filed July 18, 2025

106.    **Notices of Appearance** filed by creditors and their counsel:
- Doc. 14: Notice of Appearance by West-Aircomm Federal Credit Union, filed April 21, 2025
- Doc. 16: Notice of Appearance by Elizabeth H. Parrott of McCalla Raymer Leibert Pierce on behalf of Nationstar Mortgage LLC, filed April 21, 2025
- Doc. 21: Notice of Appearance by Capital One Auto Finance, filed April 24, 2025
- Doc. 33–34: Notices of Appearance by Tara E. Nauful of Best Law, P.A. on behalf of Zeidman's Jewelry & Loan of Michigan, filed April 30, 2025
- Doc. 35: Notice of Appearance by Julie A. Franklin on behalf of Estate at Westbury Owners Association, Inc., filed April 30, 2025
- Doc. 39: Notice of Appearance by Dean S. Haskell on behalf of Hilton Head Resort Four Seasons Centre, filed May 2, 2025
- Doc. 41: Notice of Appearance by Lucas S. Fautua on behalf of Spa on Port Royal Sound Horizontal Property Regime, Inc., filed May 2, 2025
- Doc. 66: Notice of Appearance by J. Ronald Jones Jr. on behalf of Spa on Port Royal Sound, filed June 3, 2025
- Doc. 78: Notice of Appearance by Wayne County Treasurer, filed June 10, 2025

107.    All responses, replies, or objections filed by any party to documents designated in Categories C through N

**Category P: Post-Conversion Documents Relevant to Appeal Issues**

108.    **Doc. 134:** Notice of Voluntary Conversion Chapter 13 to Chapter 7 EXECUTED, filed September 10, 2025

109.    **Doc. 135:** Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, Notice of Appointment of Interim Trustee Kevin Campbell (6 pages), filed September 10, 2025, with 341(a) meeting scheduled for October 20, 2025 at 9:30 AM via Zoom

110.    **Termination and appointment entry:** James M. Wyman terminated as Chapter 13 Trustee; Kevin Campbell added as Chapter 7 Trustee, September 10, 2025

111.    **Doc. 160, 174:** (If applicable) Orders on stay pending appeal or motions for stay pending appeal filed in the District Court appeal

112.    **Motions for relief from stay and related orders post-conversion:**
- Doc. 51: Motion for Relief from Stay RE 2018 Jeep Grand Cherokee filed by West-Aircomm Federal Credit Union, filed May 12, 2025, hearing scheduled June 18, 2025
- Doc. 81: Order Granting Relief From Automatic Stay to West-Aircomm Federal Credit Union, filed June 12, 2025
- Doc. 187, 191, 199–205, 208–211, 214: Additional relief from stay motions, orders, and notices filed post-conversion (if relevant to demonstrating harm from denial of stay and conversion)

113.    **Property sale and abandonment orders post-conversion** (relevant to demonstrating equity and feasibility of reorganization versus liquidation):
- Doc. 234, 252, 256, 258–260: Orders authorizing sale of estate properties free and clear of liens
- Any trustee reports on asset disposition and equity realized from sales

114.    **Doc. 136:** Retransmission of Doc. 133 (Order Denying Confirmation And Converting Case To Chapter 7) to BNC for service, filed September 10, 2025

## Category Q: Correspondence, Certificates of Service, and Miscellaneous Documents

115.    **Doc. 113:** File Correspondence by Strada - DirectTV, LLC, filed August 21, 2025

116.    **Doc. 122:** Correspondence Regarding Wage Garnishment Filed by Strada, filed August 27, 2025

117.    **All Certificates of Service** issued by the Bankruptcy Noticing Center for orders and notices, including:
- Doc. 9, 10, 11, 19, 20, 37, 52, 63–64, 77, 91, 94, 96, 107–108, 121, 129, 130, 140, and all other service certificates demonstrating notice to parties

118.    **Deficiency notices and corrections:**
- Doc. 17: Deficiency Notice re Motion to Impose Stay
- Doc. 32: Deficiency Notice re Schedules/Statements and Plan
- Doc. 50: Deficiency Notice re Amended Schedules requiring additional filing fee
- All related receipts and corrections (Docs. 49, 52, etc.)

119.    **Filing fee receipts** showing payment of required fees:
- Receipt Number 301040 ($313 Chapter 13 filing fee), April 10, 2025
- Receipt Number 301086 ($34 amendment fee), May 9, 2025
- Receipt Number 301114 ($34 amendment fee), May 22, 2025
- Receipt Number 301136 ($298 Notice of Appeal fee), June 3, 2025
- All other filing fee receipts relevant to procedural compliance

120.    **Meeting of Creditors documentation:**
- Doc. 4: Notice scheduling 341(a) meeting for May 19, 2025 at 11:30 AM via Zoom
- Minute entry: Meeting of Creditors Held and Examination of Debtor, May 19, 2025
- Doc. 110: Hearings Held minute entry for August 20, 2025 referencing continuation of 341 meeting

**Category R: Any Other Documents Deemed Necessary**

121.   Any other documents, exhibits, affidavits, declarations, photographs, appraisals, valuations, or docket entries that the Court deems necessary for a full and complete record on appeal or that become relevant during appellate briefing

122.   Any supplemental designation of record items filed by Appellee(s) pursuant to Federal Rule of Bankruptcy Procedure 8009(b)

## II. TRANSCRIPT DESIGNATION

Pursuant to Federal Rule of Bankruptcy Procedure 8009(b), Appellants designate the following transcripts to be ordered and included in the record on appeal:

**Primary Transcript (Essential to Appeal)**

**Transcript of the August 20, 2025 Evidentiary Hearing** held before the Honorable L. Jefferson Davis IV, United States Bankruptcy Judge, including without limitation:

- All sworn testimony of Debtor Jacqueline Elizabeth Ard
- All sworn testimony of Joint Debtor Terry Frank Nicola
- All arguments, presentations, and statements by Debtors proceeding pro se
- All arguments and presentations by counsel for creditors and the Chapter 13 Trustee
- All questions, comments, findings, and rulings by the Court
- Debtors' oral motion to recuse Judge Davis and all arguments thereon
- The Court's oral ruling denying the motion to recuse
- All examination, cross-examination, and redirect of witnesses
- All objections, rulings on objections, and evidentiary determinations
- All exhibits offered, admitted, or excluded
- The Court's oral findings of fact and conclusions of law, if any
- The Court's statement that the matter is under advisement and Order due from Court

**Additional Transcripts (Supplemental)**
- **Transcript of the May 21, 2025 Hearing** on Motion to Impose Automatic Stay (Doc. 55), including the Court's oral ruling denying the Motion and the circumstances of Debtors' late arrival at the hearing

- **Transcript of the July 23, 2025 Hearing** on Trustee's Objection to Exemptions (Doc. 102), if available, including the record regarding Debtors' non-appearance and the Court's ruling sustaining the objection

Appellants will arrange for the ordering and payment of transcript preparation fees for the August 20, 2025 hearing transcript. Appellants request that the Clerk of the Bankruptcy Court coordinate with the court reporter to ensure timely preparation and filing of the designated transcripts.

11

## III. RESERVATION OF RIGHT TO SUPPLEMENT

Appellants reserve the right to supplement this designation upon further review of the bankruptcy docket or upon receipt of hearing transcripts or other materials not currently available.

## IV. CONCLUSION

Appellants respectfully request that all items designated above be included in the record on appeal and transmitted to the United States District Court for the District of South Carolina in Case No. 9:25-cv-12567-BHH-MHC.

Respectfully submitted this 31st day of March,2026

**Jacqueline E. Ard, Appellant** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
jacquelineard72@gmail.com

**Terry F. Nicola, Appellant** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
jacquelineard72@gmail.com

12

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, )<br><br>Debtors, )<br>_____ )<br>Jacqueline Elizabeth Ard, Terry Frank Nicola, )<br><br>Appellants, )<br><br>v. )<br><br>John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, )<br><br>Appellees. )<br>_____ ) | C/A No. 9:25-cv-12567-BHH-MHC<br><br><br><br><br><br><br><br>**APPENDIX A– INDEX OF RECORDS DESIGNATED ON APPEAL**<br>**(In re Ard & Nicola – Bankr. Case No. 25-01384-jd)** |

APPENDIX A– INDEX OF RECORDS DESIGNATED ON APPEAL
(In re Ard & Nicola – Bankr. Case No. 25-01384-jd)

## A.  CURRENT BANKRUPTCY CASE – 25-01384-jd (CORE ORDERS / ADA / SALE / EXEMPTIONS)

1.  25-01384-jd – Doc. 133
    Order Denying Confirmation and Imposing Additional Relief (core order on appeal).
2.  25-01384-jd – Doc. 248
    Order Conditionally Granting Request to Appear Remotely and Denying/Granting in Part Request to Continue (ADA, continuance, remote appearance).
3.  25-01384-jd – Doc. 259
    Generic Text Order Denying Objection to Proposed Order Authorizing Sale.
4.  25-01384-jd – Doc. 261
    Order Denying Debtors' Motion to Vacate Order Sustaining Trustee's Objection to Exemptions (Rule 60(b)).
5.  25-01384-jd – Doc. 264
    Order and Notice of Emergency Hearing on Trustee's Objection to Property Claimed as Exempt.
6.  25-01384-jd – Full Case Docket Sheet
    Entire docket, all entries.
7.  25-01384-jd – Transcript (5/21/2025)
    Hearing on Motion to Impose Automatic Stay.

## B. PRIOR BANKRUPTCY CASE – 24-03611-jd (BACKGROUND / PATTERN OF RULINGS)

8. 24-03611-jd – Full Case Docket Sheet
   Entire docket, all entries.

9. 24-03611-jd – Docs. 1, 3, 4, 10, 13, 14, 15
   Petition, fee application, initial notices and motion to dismiss at confirmation.

10. 24-03611-jd – Docs. 22, 23, 27–29, 33, 35, 36, 40–44
    Extensions of time, amended creditor matrix, schedules, and deficiency notices.

11. 24-03611-jd – Docs. 45, 46, 49, 50, 54
    § 521(i) dismissal motion, dismissal order, third extension motion, denial, and trustee final report.

12. 24-03611-jd – Docs. 56, 57, 59–62, 66
    Motions to reopen, deficiencies, sealed affidavit and sealing order, and fee-collection correspondence.

13. 24-03611-jd – Docs. 70, 71, 73, 74
    Objection to reopen, motion to waive fee, Debtors' response, and order denying reopen.

14. 24-03611-jd – Docs. 77, 87, 90
    Debtors' motions for damages for willful violation of the automatic stay (and amendments).

15. 24-03611-jd – Docs. 84, 101, 103, 105, 108, 109
    Hearing notices, joint statement orders, statements of dispute, and 3/26/2025 hearing minute entry.

16. 24-03611-jd – Doc. 115
    Transcript of 3/26/2025 hearing on motion for damages (stay violations).

17. 24-03611-jd – Doc. 118
    Order Denying Debtors' Motion for Damages for Violation of the Automatic Stay.

18. 24-03611-jd – Docs. 121, 123–126, 128–129, 131, 137
    Appeal notice, transmittals, motion for leave, and district-court order/judgment on appeal.

## C. ADVERSARY 25-80005-jd – ARD v. ZEIDMAN'S (TURNOVER / SUMMARY JUDGMENT)

19. 25-80005-jd – Full Adversary Docket Sheet.

20. 25-80005-jd – Docs. 1–5
    Complaint, summons, and service certificates.

21. 25-80005-jd – Docs. 6–12, 14–18
    Notices of appearance, answer, motion to dismiss, motion to strike, response, scheduling order and hearing minute entry.

22. 25-80005-jd – Docs. 19–20, 22, 26, 27, 29–31, 38–39
    Case-management order, adversary reports, transcript/audio requests, and orders re audio fee.

23. 25-80005-jd – Docs. 32–35
    Order on motion to dismiss/strike and scheduling order.

24. 25-80005-jd – Docs. 40–41, 42–48, 49–52
Motion for summary judgment, real-party-in-interest order, status-hearing orders, and remote-appearance orders.
25. 25-80005-jd – Docs. 53–58
Status-hearing minute entry, summary-judgment order, and disposition/closure entries.

## D. ADVERSARY 25-80006-jd – ARD v. ZOLD, VANDERVEER, HHR FOUR SEASONS, NEWTON (MONEY DAMAGES / INJUNCTIVE RELIEF)

26. 25-80006-jd – Full Adversary Docket Sheet.
27. 25-80006-jd – Docs. 1–6
Complaint, cover sheet, summons, mailing certificates, and service.
28. 25-80006-jd – Docs. 7–12
Motions to dismiss, answer, and service certificates.
29. 25-80006-jd – Docs. 13–15, 18, 21
Deadline order, case-management order, certificates of service, adversary report.
30. 25-80006-jd – Docs. 22–23
Order partially granting/denying dismissal and requiring more definite statement, and service.
31. 25-80006-jd – Docs. 26–32, 33–35, 36–37
Motion for leave to amend, hearing order, renewed motion to dismiss, remote-appearance request and denial, order regarding dismissal, and objection to amendment with service.
32. 25-80006-jd – Doc. 38
6/4/2025 hearing minute entry denying leave to amend due to Debtors' non-appearance.
33. 25-80006-jd – Docs. 39–41, 40, 42–45
Real-party-in-interest order (conversion to Ch. 7), dismissal order, certificates of service, disposition and closure entries.

## E. ADVERSARY 25-80061-jd – SPA ON PORT ROYAL SOUND (RULE TO SHOW CAUSE / SANCTIONS)

34. 25-80061-jd – All entries referenced in 25-01384-jd Doc. 248 and related orders (Rule to Show Cause, scheduling of 2/18/2026 hearing, and continued Rule 9011 sanctions hearing set for 3/12/2026).

## F. DISTRICT-COURT APPEAL – 9:25-cv-04019-BHH (APPEAL FROM 24-03611-jd)

35. 9:25-cv-04019-BHH – Full Civil Docket
In re Jacqueline Elizabeth Ard and Terry Frank Nicola (bankruptcy appeal from 24-03611-jd).

## G. DISTRICT-COURT MOTION TO WITHDRAW REFERENCE – 9:26-cv-00425-BHH-MHC

36. 9:26-cv-00425-BHH-MHC – Full Civil Docket
Ard & Nicola v. Spa on Port Royal Sound HPR, et al. (28 U.S.C. § 157 motion to
withdraw reference; related to 25-01384-jd and 25-80061-jd).

## H. CURRENT DISTRICT-COURT APPEAL – 9:26-cv-00994-BHH-MHC

37. 9:26-cv-00994-BHH-MHC – Full Civil Docket
In re Jacqueline Elizabeth Ard and Terry Frank Nicola (bankruptcy appeal from
25-01384-jd).

## I. CURRENT APPEAL FILINGS – 25-01384-jd

38. 25-01384-jd – Notice of Appeal (and any amended notice).
39. 25-01384-jd – All bankruptcy-court transmittals, certifications, and
correspondence forwarding the record to the district court in Case No.
9:26-cv-00994-BHH-MHC.

This appendix groups all designated items by case and relevance so the district court can
quickly see which records relate to:
- the current Chapter 7 case and core orders (Section A),
- prior Chapter 13 proceedings and pattern of rulings (Section B),
- related adversary proceedings (Sections C–E),
- the prior and current federal appeals and motion to withdraw reference (Sections G–
H), plus procedural appeal filings (Section I).

## CERTIFICATE OF SERVICE

I, Jacqueline E. Ard, hereby certify that on March 30, 2026, I filed the foregoing with the Clerk of the Court. I certify that a true and correct copy of **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL,** and all submitted attachments were served upon the following parties in interest as indicated below via U.S. Mail (First Class Mail, Postage Prepaid), and/or Electronic Delivery, and/or ECF.

**Jacqueline E. Ard, Appellant** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

**Date:** 3-31-2026

SERVICE BY U.S. MAIL/ELECTRONIC MAIL/ECF

The Honorable L. Jefferson Davis, IV
J. Bratton Davis U.S. Bankruptcy Courthouse
1100 Laurel Street
Columbia, South Carolina 29201-2423

U.S. Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

Kevin Campbell, Trustee
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Email: kcampbell@campbell-law-firm.com

Michael H. Conrady, Esq.
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd
P.O. Box 684
Mount Pleasant, SC 29465-0803
Email: mconrady@campbell-law-firm.com

13

Lucas S. Fautua, Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: lfautua@smithdebnamlaw.com

J. Ronald Jones, Jr., Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: rjones@smithdebnamlaw.com

Estate at Westbury Owners Association, Inc.
c/o Julie A. Franklin, Esq.
25 Thurmond Way, #2976
Bluffton, SC 29910

Hilton Head Resort Four Seasons Centre Horizontal Property Regime
Council of Co-Owners, Inc.
c/o Jones Simpson & Newton, P.A.
P.O. Box 1938
Bluffton, SC 29910

Jeremy E. Bowers, Esq.
Barnwell Whaley Patterson & Helms
P.O. Drawer H
Charleston, SC 29402

Scott Wild, Esq.
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

Evan K. Bromley
Bromley Law Firm LLC
PO Box 570
Bluffton, SC 29910

TMX Finance d/b/a TitleMax of South Carolina, Inc.
c/o Turner Padget Graham & Laney, P.A.
1901 Main Street, Suite 900
Columbia, SC 29201

WEST-AIRCOMM Federal Credit Union
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Road, Suite 200
Independence, OH 44131

14

Zeidman's Jewelry & Loan of Michigan
c/o Best Law, P.A.
999 Lake Hunter Circle, Suite D
Mount Pleasant, SC 29464

SERVICE BY ELECTRONIC NOTICE
The following parties received electronic notice via email and the Court's CM/ECF system at
their registered email addresses:

- Michael H. Conrady – mconrady@campbell-law-firm.com
- Kevin Campbell (Trustee) – kcampbell@campbell-law-firm.com
- Lucas S. Fautua – lfautua@smithdebnamlaw.com
- Julie A. Franklin – jfranklinlegal@gmail.com
- Benjamin Edward Grimsley – ben.grimsley@smithrobinsonlaw.com
- Dean S. Haskell – dhaskell@jsplaw.net
- J. Ronald Jones, Jr. – rjones@smithdebnamlaw.com
- John B. Kelchner – jkelchner@turnerpadget.com
- Richardo Kilpatrick – rkilpatrick@shermeta.com
- Garry Masterson – bronationalecf@weltman.com
- Elizabeth H. Parrott – elizabeth.parrott@mccalla.com
- Scott M. Wild – scott@wildlawfirm.com
- Office of the United States Trustee

Kevin Campbell, Trustee
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Email: kcampbell@campbell-law-firm.com

Michael H. Conrady, Esq.
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd
P.O. Box 684
Mount Pleasant, SC 29465-0803
Email: mconrady@campbell-law-firm.com

Lucas S. Fautua, Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: lfautua@smithdebnamlaw.com

J. Ronald Jones, Jr., Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: rjones@smithdebnamlaw.com

Estate at Westbury Owners Association, Inc.
c/o Julie A. Franklin, Esq.
25 Thurmond Way, #2976
Bluffton, SC 29910

Hilton Head Resort Four Seasons Centre Horizontal Property Regime
Council of Co-Owners, Inc.
c/o Jones Simpson & Newton, P.A.
P.O. Box 1938
Bluffton, SC 29910

Jeremy E. Bowers, Esq.
Barnwell Whaley Patterson & Helms
P.O. Drawer H
Charleston, SC 29402

Scott Wild, Esq.
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

11

Evan K. Bromley
Bromley Law Firm LLC
PO Box 570
Bluffton, SC 29910

TMX Finance d/b/a TitleMax of South Carolina, Inc.
c/o Turner Padget Graham & Laney, P.A.
1901 Main Street, Suite 900
Columbia, SC 29201

WEST-AIRCOMM Federal Credit Union
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Road, Suite 200
Independence, OH 44131

Zeidman's Jewelry & Loan of Michigan
c/o Best Law, P.A.
999 Lake Hunter Circle, Suite D
Mount Pleasant, SC 29464

SERVICE BY ELECTRONIC NOTICE
The following parties received electronic notice via email and the Court's CM/ECF system at their registered email addresses:

- Michael H. Conrady – mconrady@campbell-law-firm.com
- Kevin Campbell (Trustee) – kcampbell@campbell-law-firm.com
- Lucas S. Fautua – lfautua@smithdebnamlaw.com
- Julie A. Franklin – jfranklinlegal@gmail.com
- Benjamin Edward Grimsley – ben.grimsley@smithrobinsonlaw.com
- Dean S. Haskell – dhaskell@jsplaw.net
- J. Ronald Jones, Jr. – rjones@smithdebnamlaw.com
- John B. Kelchner – jkelchner@turnerpadget.com
- Richardo Kilpatrick – rkilpatrick@shermeta.com
- Garry Masterson – bronationalecf@weltman.com
- Elizabeth H. Parrott – elizabeth.parrott@mccalla.com
- Scott M. Wild – scott@wildlawfirm.com
- Office of the United States Trustee

12

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) | C/A No. 9:25-cv-12567-BHH-MHC |
| Debtors, | ) ) ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) ) | |
| Appellants, | ) ) ) | **APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL** |
| v. | ) ) ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) ) ) ) | |
| Appellees. | ) ) | |

**APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED**
(Fed. R. Bankr. P. 8009(a)(1))

Appellants Jacqueline Elizabeth Ard and Terry Frank Nicola, proceeding pro se, state that the issues to be presented on appeal from the September 9, 2025 Order Denying Confirmation and Converting Case to Chapter 7 (ECF No. 133) are as follows:

**Whether the bankruptcy court clearly erred and abused its discretion in denying confirmation of Appellants' Modified Chapter 13 Plan based on findings that:**

a. Debtors failed to file applicable tax returns as required by 11 U.S.C. § 1308(a) and § 1325(a)(9), without granting additional time to cure;

b. Debtors would not be able to make all payments under the Plan as required by 11 U.S.C. § 1325(a)(6), despite credible evidence of rental income;

c. The Plan failed to properly treat secured creditors as required by 11 U.S.C. § 1325(a)(5), without affording Debtors opportunity to amend;

1

d. The Plan discriminated unfairly among unsecured claims in violation of 11 U.S.C. § 1322(b)(1), without explanation or opportunity to cure.

**Whether the bankruptcy court abused its discretion in converting the case to Chapter 7 under 11 U.S.C. § 1307(c) based on findings of unreasonable delay, bad faith, and inaccurate schedules, where:**

a. Debtors were willing and able to modify the Plan to address creditor objections;

b. The estate contains substantial equity in real and personal property better preserved through reorganization than liquidation;

c. Conversion subjects Appellants' properties to ongoing foreclosure proceedings without automatic stay protection;

d. The Court granted Debtors minimal opportunity to cure Plan deficiencies despite repeated requests for accommodations and extensions.

**Whether the bankruptcy court abused its discretion in denying Appellants' Motion to Impose the Automatic Stay under 11 U.S.C. § 362(c)(4)(B) where:**

a. The Court found Debtors failed to appear at the May 22, 2025 hearing despite Debtors arriving and being permitted to address the Court;

b. The denial was based on the unconfirmability of the Plan rather than the statutory standards for imposing a stay;

c. The Court failed to consider that the absence of a stay caused irreparable harm to the estate through creditor interference and foreclosure proceedings;

d. Appellants demonstrated by clear and convincing evidence that the filing was in good faith as to the creditors to be stayed.

**Whether the bankruptcy court erred in denying Appellants' oral motion for recusal under 28 U.S.C. § 455, where Appellants raised concerns about bias based on a pattern of adverse**

2

rulings and the Court's rulings consistently disfavored Debtors without adequate consideration of their evidence or arguments, violating Appellants' due process rights and the appearance of fairness required under federal law.

Whether the bankruptcy court violated Appellants' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, by failing to provide reasonable accommodations despite Appellants' Emergency Motion for ADA Accommodations (Bankruptcy Doc. 88), including adequate time to prepare for hearings, remote appearance options, and extensions of deadlines to account for cognitive limitations and medical conditions.

## I. Recusal and Structural Due Process

1. Whether the Bankruptcy Court erred in denying Appellants' oral and written requests for recusal where Appellants raised bias, prejudice, and abuse-of-discretion concerns, filed a written motion to recuse on August 20, 2025, filed an emergency motion to recuse on August 22, 2025, filed a supporting affidavit of medical harm, and the court denied recusal before entering the order on appeal. See ECF Nos. 109, 111, 116, 118, 119, 124, 126, 133.

2. Whether the Bankruptcy Court applied an unduly narrow legal standard in denying recusal by limiting the analysis to adverse rulings and "extra-judicial source" concepts, without adequately addressing whether the Court's impartiality might reasonably be questioned based on the total course of proceedings leading to the September 9, 2025 order.

3. Whether the Bankruptcy Court's refusal to recuse constituted structural error that tainted all subsequent rulings, including denial of confirmation and conversion to Chapter 7, requiring vacatur of the September 9, 2025 order in whole and reassignment on remand.

4. Whether the bankruptcy judge's words, tone, and demeanor during hearings, including the May 21, 2025, July 23, 2025, August 20, 2025, February 18, 2026, and March 12, 2026 proceedings, reflected hostility, impatience, skepticism, or dismissiveness toward Appellants as pro se and disabled debtors, such that a reasonable observer would question the Court's impartiality.

5. Whether the Court's repeated characterization of Appellants as bad-faith, abusive, serial, manipulative, or obstructive filers, without clear and sufficient evidentiary foundation, constituted unfair branding that influenced later rulings on confirmation, conversion, exemptions, sanctions, and sale.

3

6. Whether the Court impermissibly penalized Appellants for proceeding pro se by holding them to more exacting standards than represented parties, refusing reasonable explanations or scheduling requests, and treating procedural missteps as evidence of bad faith rather than correctable good-faith error.

## II. ADA, Disability Access, and Meaningful Participation

7. Whether the Bankruptcy Court violated Appellants' rights under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Due Process Clause by denying or inadequately addressing requests for reasonable accommodations necessary for Appellants to meaningfully participate in hearings and related proceedings.

8. Whether the Bankruptcy Court denied Appellants meaningful access to the proceedings by inadequately addressing disability-related accommodation requests, including Appellants' June 18, 2025 Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions, their July 23, 2025 emergency ADA continuance motion, and their later ADA-related motions and requests. See ECF Nos. 88, 89, 90, 101, 103, 220, 247, 248.

9. Whether the Bankruptcy Court abused its discretion or violated due process by proceeding toward dispositive rulings after disability-related filings and accommodation requests without ensuring Appellants had a full and fair opportunity to prepare, participate, testify, present evidence, and respond to objections affecting confirmation, exemptions, conversion, recusal, and sale.

10. Whether the Court erred as a matter of law to the extent it stated, implied, or relied on the proposition that federal courts do not have to comply with the mandates of Title II of the Americans with Disabilities Act, or otherwise suggested that ADA obligations were inapplicable to its handling of Appellants' requests.

11. Whether the Court's handling of ADA-based motions and related scheduling, including denial or restriction of remote appearance, continuances, and deadline adjustments, amounted to the use of procedural traps or rigid technicalities that had the practical effect of stripping disabled debtors of rights otherwise afforded under the Bankruptcy Code, the ADA, and constitutional due process.

4

12. Whether, by insisting on in-person appearances under circumstances the Court knew or should have known were medically unsafe or infeasible for Appellants, and by refusing reasonable alternatives, the Court effectively used its procedural authority to defeat rather than protect the access-to-court rights of disabled debtors.

13. Whether the denial or severe limitation of ADA accommodations and continuances, despite notice of serious medical conditions, demonstrates a lack of concern for ensuring that disabled debtors had actual, not merely theoretical, access to the Court and its proceedings.

### III. Automatic Stay and Imported Findings

14. Whether the Bankruptcy Court erred and abused its discretion in denying Appellants' Motion to Impose the Automatic Stay under 11 U.S.C. § 362(c)(4), including by failing to consider evidence rebutting the presumption of bad faith and by denying the motion based on procedural circumstances that impaired Appellants' ability to be heard.

15. Whether the Bankruptcy Court violated Appellants' due process rights in connection with the May 21, 2025 stay hearing by denying relief where Appellants were unable to meaningfully participate due to disability, travel delay, and related circumstances beyond their control.

16. Whether the Bankruptcy Court abused its discretion by denying the motion to impose the stay in a manner that effectively precluded relief without adjudication on a fair and complete merits record.

17. Whether the Bankruptcy Court erred in failing to consider equitable relief under 11 U.S.C. § 105(a) to prevent irreparable harm to Appellants and the estate.

18. Whether the Bankruptcy Court erred in using Appellants' failure to appear timely at the May 21, 2025 hearing on the motion to impose the automatic stay, and the resulting stay rulings, as part of the foundation for the later September 9, 2025 conversion and confirmation order.

19. Whether the Bankruptcy Court's incorporation of findings from the May 23, 2025 stay order into the September 9, 2025 order improperly imported disputed good-faith and prosecutorial-failure findings into the later confirmation and conversion decision without independent adjudication.

20. Whether the denial of the automatic stay and related rulings resulted in irreparable harm, loss of estate property, and mootness risk to appellate rights in violation of fundamental bankruptcy protections.

## IV. Denial of Confirmation

21. Whether the Bankruptcy Court erred, as a matter of law and abused its discretion, in denying confirmation of Debtors' Modified Chapter 13 Plan, ECF No. 47, by concluding that the Plan failed to satisfy 11 U.S.C. §§ 1308, 1322, and 1325.

22. Whether the Bankruptcy Court erred in denying confirmation under 11 U.S.C. § 1325 where the record demonstrates that any identified deficiencies in the plan were curable and the Court failed to consider amendment, supplementation, clarification, continuance, or other less drastic alternatives.

23. Whether the Bankruptcy Court erred in concluding that Appellants' alleged tax-return deficiencies independently required denial of confirmation where the Court relied on admitted tax-filing issues without adequately addressing lesser alternatives, cure, timing, or the effect of any proposed amendment or additional compliance.

24. Whether the Bankruptcy Court clearly erred in finding that Appellants failed to prove feasibility under 11 U.S.C. § 1325(a)(6), where the Court relied heavily on perceived inconsistencies in testimony about rental income, real property values, lease treatment, storage-unit arrangements, and plan arrearages developed at the August 20, 2025 evidentiary hearing.

25. Whether the Bankruptcy Court clearly erred or abused its discretion in relying on testimony about the value and ownership of real property and on alleged inconsistencies between the schedules and hearing testimony as grounds for bad faith, unconfirmability, and conversion, without permitting or considering correction through amended schedules or further evidentiary development.

26. Whether the Bankruptcy Court erred in concluding that the plan's treatment of secured creditors was fatally defective under 11 U.S.C. § 1325(a)(5), including its analysis of present value, Till interest, and equal monthly payment requirements, where Appellants' modified plan was not further amended after continuance of the confirmation hearing and the Court denied confirmation rather than allowing targeted plan correction.

27. Whether the Bankruptcy Court erred in finding unfair discrimination among unsecured creditors under 11 U.S.C. § 1322(b)(1) without giving Appellants a meaningful opportunity to explain or amend the classifications in Part 5.3 of the modified plan.

28. Whether the Bankruptcy Court's findings regarding feasibility, good faith, candor, and plan compliance were clearly erroneous or based on an incomplete, procedurally impaired, or legally insufficient record.

## V. Conversion to Chapter 7

29. Whether the Bankruptcy Court abused its discretion in converting the case to Chapter 7 under 11 U.S.C. § 1307(c), rather than dismissing the case or allowing further amendment, where the Court relied on asserted unconfirmability, delay, alleged lack of candor, and prior case history.

30. Whether the Bankruptcy Court erred in finding "cause" for conversion based on "unreasonable delay," "bad faith," inaccurate schedules, and denial of confirmation where the docket reflects continuing litigation over accommodations, exemptions, stay issues, creditor objections, and scheduling changes, including court-ordered continuances and rescheduled evidentiary hearings.

31. Whether the Bankruptcy Court clearly erred in finding that Appellants engaged in a pattern of "obfuscation and delay," sought "unreasonable accommodations," or lacked candor, where those findings were made in the same proceedings in which Appellants were requesting disability-related accommodations and attempting to preserve assets and contest creditor claims.

32. Whether the Bankruptcy Court improperly relied on prior bankruptcy filings and dismissals, including the South Carolina Chapter 13 case filed October 4, 2024 and the Eastern District of Michigan Chapter 13 case filed January 31, 2025, in a manner that overstated their significance and prejudiced the adjudication of confirmation and conversion in this case.

33. Whether the Bankruptcy Court erred in determining that conversion, rather than dismissal, was in the best interests of creditors and the estate, including its conclusion that a Chapter 7 trustee's liquidation would better preserve equity and maximize estate value.

34. Whether the Bankruptcy Court's best-interests analysis under 11 U.S.C. § 1307(c) was legally insufficient because it did not adequately consider prejudice to Appellants, the impact of disputed exemptions, the possibility of further Chapter 13 administration, the substantial equity reflected in estate property, or alternatives short of immediate conversion.

35. Whether the Bankruptcy Court erred by relying on factors arising from proceedings in which Appellants were denied meaningful participation due to disability-related limitations.

## VI. Exemptions, Property, Schedules, and Estate Findings

36. Whether the Bankruptcy Court's findings concerning exemptions and property equity, including reliance on the trustee's objection to exemptions and the July 24, 2025 exemption order, improperly influenced the September 9, 2025 decision to convert without full and fair appellate review or further evidentiary development.

37. Whether the Bankruptcy Court's findings concerning the accuracy of the schedules, the scope of estate interests, property values, disposable income, and alleged inaccuracies were clearly erroneous in light of the record as a whole, including the schedules, amended schedules, testimony, and procedural posture of the August 20, 2025 evidentiary hearing.

38. Whether the Bankruptcy Court clearly erred in its factual findings regarding Debtors' property values, equity, ownership interests, and income where those findings conflict with the filed schedules, amended schedules, sworn testimony, and later estate-administration actions reflecting substantial property value.

39. Whether the Bankruptcy Court improperly used the absence of allowed exemptions, or unresolved exemption disputes, to support conclusions about equity available for Chapter 7 liquidation without fully assessing Appellants' exemption rights or ability to reorganize.

## VII. Due Process and Procedural Irregularities

40. Whether the Bankruptcy Court violated Appellants' due process rights by issuing dispositive rulings following hearings in which Appellants were unable to fully participate, present evidence, or respond to all grounds ultimately relied on by the Court.

41. Whether the Bankruptcy Court's September 9, 2025 order violated due process by resolving recusal, confirmation, and conversion together after an evidentiary hearing while relying on prior orders, unresolved disputes, and adverse characterizations of Appellants without affording a sufficiently fair opportunity to cure, respond, or be heard on all dispositive grounds.

42. Whether the Bankruptcy Court erred by effectively penalizing Appellants for filing motions seeking sanctions, stay relief, trustee removal, recusal, accommodations, and related

8

protections, rather than limiting its analysis to the legal merits of confirmation and conversion.

43. Whether the cumulative effect of the recusal denial, accommodation rulings, evidentiary restrictions, prior stay findings, exemption rulings, confirmation denial, conversion determination, and related procedural rulings deprived Appellants of a fair tribunal and a meaningful opportunity to proceed in Chapter 13.

44. Whether the cumulative effect of alleged hostility, negative characterizations, strict procedural treatment of pro se litigants, and limited concern for disability-related barriers materially affected substantive outcomes, including denial of confirmation, conversion to Chapter 7, denial of stay-related relief, adverse exemption rulings, sanctions exposure, and approval of property sales.

## VIII. Scope of Appellate Review and Relief Requested

45. Whether the reviewing court should consider subsequent related orders and proceedings insofar as they illuminate the impact, prejudice, and practical effect of the September 9, 2025 order, including later rulings concerning exemptions, stays pending appeal, abandonment, sale, and trustee administration.

46. Whether the record on appeal should include all transcripts, oral rulings, minute entries, exhibits, objections, responses, and related orders that bear on the issues presented, including the May 21, 2025, July 23, 2025, August 20, 2025, February 18, 2026, and March 12, 2026 proceedings.

47. Whether, if any transcript is unavailable, a statement of the evidence or proceedings should be permitted and settled as part of the record under Rule 8009(c).

48. Whether the District Court should vacate the September 9, 2025 order in full and remand for further proceedings before a different judge, or alternatively vacate the conversion ruling and remand with instructions to permit further plan amendment and full consideration of Appellants' disability-related access issues.

9

Respectfully submitted,                    Date: 3-31-2026

_____              _____
**Jacqueline E. Ard, Appellant** *Pro Se*    **Terry F. Nicola, Appellant** *Pro Se*
21215 Dartmouth Dr                    21215 Dartmouth Dr
Southfield, MI 48076                   Southfield, MI 48076
(313) 770-7051                        (313) 770-7051
jacquelineard72@gmail.com             jacquelineard72@gmail.com

## CERTIFICATE OF SERVICE

I, Jacqueline E. Ard, hereby certify that on March 31, 2026, I filed the foregoing with the Clerk of the Court in-person. I certify that a true and correct copy of **APPELLANTS' STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL** and all submitted attachments were served upon the following parties in interest as indicated below via U.S. Mail (First Class Mail, Postage Prepaid), and/or Electronic Delivery, and/or ECF.

_____
**Jacqueline E. Ard, Appellant** *Pro Se*
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051

**Date:** 3-31-2026

SERVICE BY U.S. MAIL/ELECTRONIC MAIL/ECF

The Honorable L. Jefferson Davis, IV
J. Bratton Davis U.S. Bankruptcy Courthouse
1100 Laurel Street
Columbia, South Carolina 29201-2423

U.S. Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

10

# PRIORITY MAIL

## PRIORITY MAIL

## PRIORITY® MAIL

PRIORITY MAIL FLAT RATE ENVELOPE
POSTAGE REQUIRED

### PRIORITY MAIL



**UNITED STATES POSTAL SERVICE ®**

VISIT US AT USPS.COM®
Label 106A, Nov 2018

**United States Postal Service®**

**PRIORITY MAIL**

VISIT US AT USPS.COM®
Label 106A, Nov 2018

**United States Postal Service®**

VISIT US AT USPS.COM®
Label 106A, Nov 2018

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

# TRACKED ■ INSURED

This package is made from post-consumer waste. Please recycle - again.

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2





---

US POSTAGE IMI    023760331202258    2000392309
$11.95
SSK
PM

03/31/26    Mailed from 29926    028W2311555

## PRIORITY MAIL®

JACQUELINE ARD
APT 3218
239 BEACH CITY RD
HILTON HEAD ISLAND SC 29926-4718

7.60 oz

RDC 03

SCHEDULED DELIVERY DAY: 04/04/26

C003

SHIP
TO:

CERK OF COURT US BANKRUPTCY COURT
1100 LAUREL ST
COLUMBIA SC 29201-2802

**USPS TRACKING® NUMBER**



9505 5066 2806 6090 5872 58



This product is for use with Priority Mail® and Priority Mail International® shipments only. Misuses may be a violation of federal law. This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.