UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                      )
                                            )     B/K Case No. 25-01384-JD
JACQUELINE ELIZABETH ARD and                )
TERRY FRANK NICOLA                          )     Chapter 7
                                            )
                Debtors.                    )
                                            )

## TRUSTEE'S REPORT OF SALE

DATE OF SALE: May 13, 2026

TYPE OF SALE: On-Line Auction

PROPERTY SOLD: The Estate's interest in 100 Kensington Blvd., Unit 1106, Bluffton, SC

PURCHASER: Enzinma Ekwefe Miller and Ronald Joe Coker.

PRICE: $173,996.46 = $158,000.00 bid amount, plus a buyer's premium of $15,800.00, and plus pro-rated HOA fees of $196.46.

SALES AGENT/AUCTIONEER/BROKER/ETC.:  Alabama Auctioneering, Inc DBA Pearce and Associates Auctioneers

COMMISSION PAID ON SALE: $15,800.00 Buyer's Premium to Pearce and Associates.

EXPENSES OF SALE: $ 10,682.19
| | | |
|---|---|---|
| a) | $    15.00 | Beaufort County Recording Fee |
| b) | $   643.80 | Beaufort County Deed Stamps |
| c) | $ 2,400.00 | Auction/disposal fee to Pearce Auction |
| d) | $ 4,687.78 | Beaufort County Past Due property taxes |
| e) | $ 2.204.33 | Beaufort County Past Due Rental Taxes |
| f) | $   731.28 | Beaufort County pro-rated property taxes (1/1/26 - 5/13/26) |

DEBTOR'S EXEMPTION: N/A

LIENS PAID FROM SALE PROCEEDS/ATTACHING TO PROCEEDS: $38,622.75 Westbury Park HOA

NET TO ESTATE: $ 108,891.52

AMOUNT DISBURSED TO DATE/RETAINED BY TRUSTEE: $ -0- disbursed to date; $108,891.52 retained by Trustee.

The Notice of Sale, Order Approving the Sale and Settlement Statement are attached hereto and made a part hereof.

/s/ Kevin Campbell
KEVIN CAMPBELL, TRUSTEE
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court ID No. 30
kcampbell@campbell-law-firm.com

Dated: Mount Pleasant, South Carolina
       May 18, 2026

## A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB Approval No 2502-0265

| B. Type of Loan | | | | | | |
|---|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ RHS | 3. ☐ Conv. Unins. | 6. File No. **26-6310** | 7. Loan No. | 8. Mortgage Insurance Case No. | |
| 4. ☐ VA | 5. ☐ Conv Ins. | | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: Enzinma Ekwefe Miller and Ronald Joe Coker 1802 Rose Bay Way Waxhaw, NC 28173 | E. Name & Address of Seller: Kevin Campbell, Chapter 7 Trustee | F. Name & Address of Lender: |
|---|---|---|
| G. Property Location: 100 Kensington Boulevard 1106 Bluffton, SC 29910 | H. Settlement Agent: Gilbert Law Firm LLC<br><br>Place of Settlement: 2 Professional Village Circle Beaufort, SC 29907 | I. Settlement Date: 05/13/2026<br>Funding Date: 05/13/2026<br>Disbursement Date: 05/13/2026 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | $173,800.00 | 401. Contract sales price | $173,800.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $3,097.98 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustment for items paid by seller in advance | | Adjustment for items paid by seller in advance | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. HOA Dues 05/13/2026 to 06/01/2026 | $196.46 | 409. HOA Dues 05/13/2026 to 06/01/2026 | $196.46 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | **$177,094.44** | **420. Gross Amount Due to Seller** | **$173,996.46** |
| **200. Amount Paid by or in Behalf of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit | $17,380.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $64,373.66 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan | |
| 205. | | 505. Payoff of Second Mortgage Loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. County Taxes 01/01/2026 to 05/13/2026 | $731.28 | 511. County Taxes 01/01/2026 to 05/13/2026 | $731.28 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | **$18,111.28** | **520. Total Reduction Amount Due Seller** | **$65,104.94** |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | $177,094.44 | 601. Gross amount due to seller (line 420) | $173,996.46 |
| 302. Less amounts paid by/for borrower (line 220) | $18,111.28 | 602. Less reductions in amounts due seller (line 520) | $65,104.94 |
| 303. Cash ☒ From ☐ To Borrower | $158,983.16 | 603. Cash ☒ To ☐ From Seller | $108,891.52 |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

Previous editions are obsolete · Page 1 of 2 · HUD-1 / Order #26-6310 / May 13, 2026

## L. Settlement Charges

| | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| **700. Total Real Estate Broker Fees** | | |
| Division of commission (line 700) as follows : | | |
| 701. $ to Pearce & Associates | | |
| 702. $ | | |
| 703. Commission paid at settlement | | |
| 704. Earnest deposit retained: $17,380.00 | | |
| **800. Items Payable in Connection with Loan** | | |
| 801. Our origination charge | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | | |
| 803. Appraisal fee | | |
| 804. Credit report | | |
| 805. Tax service | | |
| 806. Flood certification | | |
| 807. | | |
| 808. | | |
| 809. | | |
| 810. | | |
| **900. Items Required by Lender to be Paid in Advance** | | |
| 901. Daily interest charges from 05/13/2026 to 06/01/2026 | | |
| 902. Mortgage insurance premium | | |
| 903. Homeowner's insurance | | |
| 904. | | |
| **1000. Reserves Deposited with Lender** | | |
| 1001. Initial deposit for your escrow account | | |
| 1002. Homeowner's insurance | | |
| 1003. Mortgage insurance | | |
| 1004. Property taxes | | |
| 1005. | | |
| 1006. | | |
| 1007. Aggregate Adjustment $0.00 | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to Gilbert Law Firm LLC | $695.00 | |
| 1102. Owner's title insurance to Beaufort Title LLC | $582.48 | |
| 1103. Lender's title insurance to Beaufort Title LLC | | |
| 1104. Lender's title policy limit $ | | |
| 1105. Owner's title policy limit $173,800.00 | | |
| 1106. Title Search/Update to Beaufort Title LLC $275.00 | $275.00 | |
| 1107. Title review/Binder to Beaufort Title LLC $100.00 | $100.00 | |
| 1108. Copies, calls, electronic storage to Gilbert Law Firm LLC $55.00 | $55.00 | |
| 1109. Co-Ownership Agreement to Gilbert Law Firm LLC | $400.00 | |
| 1110. | | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording fees: Deed $15.00 Mortgage $ Release $ to Beaufort County Register of Deeds | | $15.00 |
| 1202. City/County tax/stamps Deed $0.00 Mortgage $0.00 | | |
| 1203. State tax/stamps Deed $643.80 Mortgage $0.00 to Beaufort County Register of Deeds | | $643.80 |
| 1204. | | |
| **1300. Additional Settlement Charges** | | |
| 1301. Judgment Payoff plus Fees to Westbury Park HOA | | $38,622.75 |
| 1302. HOA Admin Costs to Westbury Park HOA | $350.00 | |
| 1303. HOA Transfer Fee to Westbury Park HOA | $640.50 | |
| 1304. Commission to Pearce & Associates Auction Company | | $15,800.00 |
| 1305. Auction Expense, Junk Removal to Pearce & Associates Auction Company | | $2,400.00 |
| 1306. Past Due Property Taxes to Beaufort County Treasurer | | $4,687.78 |
| 1307. Past Due Rental Taxes to Beaufort County Treasurer | | $2,204.33 |
| 1308. | | |
| 1309. | | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | $3,097.98 | $64,373.66 |

| | | | |
|---|---|---|---|
| _Enzinma Ekwefe Miller_ | 5/13/2026 | Kevin Campbell, Chapter 7 Trustee | |
| Enzinma Ekwefe Miller | Date | | Date |
| _Ronald Joe Coker_ | 5/13/2026 | | |
| Ronald Joe Coker | Date | | |

The HUD-1 settlement statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement

| | |
|---|---|
| _signature_ | 5·13·26 |
| Settlement Agent | Date |

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | B/K Case No. 25-01384-JD |
| JACQUELINE ELIZABETH ARD and | ) | |
| TERRY FRANK NICOLA | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | NOTICE AND APPLICATION FOR |
| | ) | SALE OF PROPERTY FREE AND |
| | ) | CLEAR OF LIENS |
| | ) | |

TO: All Creditors and Parties in Interest

Kevin Campbell, Trustee for the above Debtors, has filed papers with the court to obtain approval to sell the property of the debtor's estate described below free and clear of all liens and encumbrances according to the terms and conditions stated below.

Your rights may be affected. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to approve the sale, or you want the court to consider your views on the application, then within twenty-one (21) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Kevin Campbell, Trustee
Post Office Box 684
Mount Pleasant, SC 29465

Attend the hearing scheduled to be heard on February 18, 2026 at 10:00 a.m. at the United States Bankruptcy Court, 145 King Street, Room 225, Charleston, South Carolina.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this application, except at the direction of the judge.

1

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief.

TYPE OF SALE:      Public On-Line Auction

PROPERTY TO BE SOLD:

(A)   100 Kensington Blvd., Unit 1106, Bluffton, SC
(B)   663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC
(C)   663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC
(D)   239 Beach City Road, Unit 3218, Hilton Head Island, SC

The sale of the above properties shall be sold as furnished units and shall include all contents and personal property, except as specified below.

> **NOTICE: THE TRUSTEE IS SELLING THE ABOVE-REFERENCED PROPERTY "AS IS," WITH NO WARRANTIES WHATSOEVER. THE BUYER(S) AGREES TO RECEIVE THE PROPERTY WITH ALL FAULTS. THE TRUSTEE MAKES NO WARRANTY, EXPRESS OR IMPLIED, REGARDING THE PROPERTY, AND SPECIFICALLY EXCLUDES ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR USE. PROPERTY TO BE CONVEYED BY QUIT CLAIM DEED OR BILL OF SALE. ALL PERSONAL PROPERTY WILL BE SOLD ABSOLUTE.**
>
> **THE BUYER(S) HAVE BEEN GIVEN THE OPPORTUNITY TO EXAMINE THE PROPERTY BEFORE SIGNING ANY CONTRACT OR SUBMITTING A BID TO PURCHASE THE PROPERTY, AND TO PERFORM SUCH TESTING, IF APPLICABLE, TO DETECT POSSIBLE LATENT DEFECTS.**

PRICE:       Highest bid

ESTIMATED VALUE:        Unknown.

NAME OF BUYER:     Highest bidder at Public On-Line Auction.

PLACE, DATE AND TIME OF SALE: The On Line Auction web site is auctionbypearcesc.com

The auction will close at 5:00 p.m. EST on March 26, 2026. Buyers of a real estate parcel will be required to pay a 10% Earnest Money Deposit at the conclusion of the auction and close within 30 days after bidding ends.

> **ADDITIONAL TERMS OF THE AUCTION MAY BE OBTAINED FROM THE AUCTIONEER WEB SITES, AUCTIONBYPEARCESC.COM**

SALES AGENT/AUCTIONEER/BROKER/ETC.:     Alex Bourland of Alabama Auctioneering, Inc DBA Pearce and Associates Auctioneers, whose address is 158 Church Street, Charleston, SC 29401 whose telephone number is (843) 860-7141 with questions concerning the auction.

EXPENSES OF SALE:     Normal Seller's Closing costs, including but not limited to attorney fees, real property taxes, deed stamps and other recording fees/charges. These are estimated to be approximately 1.5% of the purchase price, but will not be known with any specificity until closing.

**IN ADDITION, KEVIN CAMPBELL/ CAMPBELL LAW FIRM HAS ADVANCED THE $199.00 FILING FEE REQUIRED BY THE BANKRUPTCY COURT IN FILING THIS NOTICE OF SALE. KEVIN CAMPBELL/CAMPBELL LAW FIRM WILL BE ENTITLED TO BE REIMBURSED THIS $199.00 AT CLOSING FROM THE ESTATE'S PORTION OF THE SALE PROCEEDS OF THE FIRST SALE TO CLOSE.**

COMPENSATION TO SALES AGENT/AUCTIONEER/BROKER/ETC.:     Ten (10%) percent buyer's premium to be paid to the auctioneer. In addition, there may be auction expenses of approximately Three Thousand ($3,000,00) Dollars.

ESTIMATED TRUSTEE'S COMPENSATION: Reasonable compensation to be determined by the Court (but not to exceed the limits set in 11 U.S.C. §326(a)).

LIEN(S) ENCUMBERING PROPERTY: These sales are free and clear of all liens, encumbrances and judgments. This sale is subject to any easements, covenants or restrictions of record.

(A) The Trustee is informed and believes that there are no mortgage liens against this real property. The Trustee is informed and believes that the Estate at Westbury Owners Association, Inc., is the horizontal property regime in charge of the Estate at Westbury ("Westbury"). Pursuant to the Order of the Special Referee filed on January 31, 2025, as of January 24, 2025 the amount of $22,625.02 was due to Westbury consisting of $12,649.15 in dues and $9,975.87 in attorney fees. Pursuant to the Proof of Claim (Claim 29-1) Westbury asserts that $23,540.02 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or other costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved either through consent or Order of this Court.

(B) The Trustee is informed that there is a valid first mortgage lien held against this real property by Nationstar Mortgage, LLC in the approximate amount of $196,023.99 pursuant to its proof of claim (19-1) filed on June 11, 2025. An updated pay-off, including any applicable accrued interest, attorney fees or costs, will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing.

The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00 for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues and other costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the

3

Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

(C) The Trustee is informed and believes that there is no mortgage lien against this real property. The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00 for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court

(D)    The Trustee is informed and believes that there is no mortgage against this real property. The Trustee is informed and believes that the Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Spa"), is the horizontal property regime in charge of the Master Deed for The Spa on Port Royal Sound Horizontal Property Regime. Pursuant to the Order of the Special Referee filed on September 11, 2024, as of September 10, 2024 the amount of $31,084.41 consisting of $26,675.52 in dues and $4,408.89 in attorney fees. Pursuant to the Proof of Claim (Claim 28-1) Spa asserts that $31,084.41 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

The Trustee is not aware of any liens, judgments, encumbrances or other interests other than as provided for herein. To the extent they may exist, they are disputed and they shall attach to the estate's interest in the net sale proceeds pursuant to 11 U.S.C. §363(f)(4). This sale is free and clear of all liens, judgments encumbrances and other interests pursuant to 11 U.S.C. §363(f).

A copy of the Order approving the sale may be filed with the appropriate clerk and/or recorded with the recorder to cancel any liens and other encumbrances of record as provided for in this notice.

DEBTOR'S EXEMPTION:    N/A as they were disallowed pursuant to Court Order.

PROCEEDS ESTIMATED TO BE PAID TO ESTATE:   The amount the estate shall receive is unknown, but shall be determined through the public auction sales price.

STAY OF ORDER: N/A

ADDITIONAL TERMS:

ANY MORTGAGE LIEN CREDITOR OR PROPERTY OWNERS ASSOCIATION IDENTIFIED ABOVE, WITH A SPECIFIC LIEN UPON THE PROPERTY IDENTIFIED ABOVE, SHALL BE ENTITLED TO CREDIT BID ON THE APPLICABLE PROPERTY, UP TO THE AMOUNT OF ITS ALLOWED DEBT.   IF THE CREDITOR IS THE SUCCESSFUL BIDDER, AND DOES NOT BID AN AMOUNT GREATER THAN ITS ALLOWED DEBT, IT SHALL NOT BE REQUIRED TO PAY THE 10% EARNEST MONEY DEPOSIT OR THE BUYER'S PREMIUM.   FURTHER, THE TRUSTEE WILL ONLY BE REQUIRED TO PROVIDE A TRUSTEE DEED TO THE CREDITOR. AS THERE WILL BE NO ACTUAL PROCEEDS PAID TO THE ESTATE, THE TRUSTEE/ESTATE WILL NOT BE RESPONSIBLE FOR PAYING ANYTHING ELSE RELATED TO THE APPLICABLE PROPERTY TRANSFER/CLOSING. THE CREDITOR SHALL BE RESPONSIBLE FOR PAYING ALL APPLICABLE CLOSING COSTS, INCLUDING, BUT NOT LIMITED TO DEED STAMPS, PAST DUE AND PRO-RATED PROPERTY TAXES, FILING OR SIMILAR FEES IMPOSED BY THE COUNTY, ETC. THAT MAY BE DUE AND OWING RELATED TO TRANSFER OWNERSHIP OF SAID PROPERTY.

FURTHER RELIEF  REQUESTED BY TRUSTEE:  The Trustee  seeks an  Order upon the following terms:  The Debtors shall turnover any keys, access codes, etc., for each of the above units to the Trustee on or before February 1, 2026 to give the Trustee or his agents full and complete access to the properties. If the Debtors fail to turnover the keys or access codes by that date, the Trustee may immediately remove/change the locks at each applicable unit. The Trustee is informed and believes that the unit at 100 Kensington Unit 1106 appears to be used for storing additional furniture and personal property.  The Debtors shall have until March 1, 2026 to remove any personal property which they wish to retain from that unit. Any items left at or on any of the premises as of March 2, 2026, will be deemed abandoned by the Debtors.  The Trustee shall be placed in sole and exclusive possession of the Property on March 2, 2026, or at such earlier time that the Debtors have informed the Trustee that they have fully vacated the premises. The Trustee shall have the authority to remove any and all persons from the premises as of the earlier of said dates.  At the earlier of said dates, the Trustee is authorized, without further Court Order, to dispose of any remaining personal property left in any of the properties in a manner he may choose, in his sole discretion. In the event that the Trustee or his agent has to arrange to have any remaining items disposed of, the  cost  to  have  the  items removed  and disposed of shall be treated as a sellers closing cost and not counted towards the Auctioneer's expenses set forth above. The Order of the  Court pertaining to  this  additional relief  shall  be  immediately enforceable and shall not be subject to the 14-day stay of the order authorizing the sale.

PROCEEDS ESTIMATED TO BE PAID TO ESTATE: Unknown.

STAY OF ORDER: N/A

Applicant is informed and believes that it would be in the best interest of the estate to sell said property by private sale. Applicant also believes that the funds to be recovered for the estate from the sale of said property justify its sale and the filing of this application.

The Court may consider additional offers at any hearing held on this notice and application for sale. The Court may order at any hearing that the property be sold to another party on equivalent or more favorable terms.

The trustee or debtor in possession, as applicable, may seek appropriate sanctions or other similar relief against any party filing a spurious objection to this notice and application.

WHEREFORE, applicant requests the Court issue an order authorizing sale of said property and such other and further relief as may be proper.

/s/ Kevin Campbell
KEVIN CAMPBELL, TRUSTEE
Post Office Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court ID No. 30

Dated: January 14, 2026

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>JACQUELINE ELIZABETH ARD and<br>TERRY FRANK NICOLA<br><br>Debtors. | B/K Case No. 25-01384-JD<br><br>Chapter 7<br><br>**ORDER APPROVING SALE** |

THIS MATTER comes before the Court upon the application of Kevin Campbell, the duly appointed and acting Chapter 7 Trustee for the above Debtors (hereinafter referred to as the "Trustee") for authority to sell the Estate's interest in certain real property set forth herein.  The Debtors filed an objection to the Notice of Sale.  This Court conducted a hearing on February 18, 2026 at which time the Debtors had a full and complete opportunity to present their objections. Based upon the pleadings of record and the arguments presented, I find that the Trustee's Application should be approved on the following terms:

The Trustee proposes to sell the following property through an On-Line Public Auction:

(A)    100 Kensington Blvd., Unit 1106, Bluffton, SC. The Trustee is informed and believes that there are no mortgage liens against this real property.  The Trustee is informed and believes that the Estate at Westbury Owners Association, Inc., is the horizontal property regime in charge of the Estate at Westbury ("Westbury").  Pursuant to the Order of the Special Referee filed on January 31, 2025, as of January 24, 2025 the amount of $22,625.02 was due to Westbury consisting of $12,649.15 in dues and $9,975.87 in attorney fees.  Pursuant to the Proof of Claim (Claim 29-1) Westbury asserts that $23,540.02 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or other costs which may be owing through the closing of this sale.  An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing.  To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved either through consent or Order of this Court.

(B)    663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC. The Trustee is informed that there is a valid first mortgage lien held against this real property by Nationstar Mortgage, LLC in the approximate amount of $196,023.99 pursuant to its proof of claim (19-1) filed on June 11, 2025.  An updated pay-off, including any applicable accrued interest, attorney fees or costs, will be obtained prior to closing and will be reviewed by the Trustee for accuracy prior to closing.

The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00

1

for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues and other costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

(C)    663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC. The Trustee is informed and believes that there is no mortgage lien against this real property. The Trustee is informed and believes that Hilton Head Resort Four Seasons Centre Horizonal Property Regime Council of Co-Owners, Inc. ("HHR") is a horizontal property regime in charge of the property. Pursuant to the Order of the Master-in-Equity filed on December 6, 2022 the amount of $25,453.32 was owing to HHR consisting of $17,525.00 for unpaid fees, charges and citations, plus $7,928.32 for legal services. HHR filed a proof of claim (Claim 26-1) in the amount of $116,120.78 but it is unclear of the division of the claim as to the amount relating to this unit. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

(D)    239 Beach City Road, Unit 3218, Hilton Head Island, SC. The Trustee is informed and believes that there is no mortgage against this real property. The Trustee is informed and believes that the Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Spa"), is the horizontal property regime in charge of the Master Deed for The Spa on Port Royal Sound Horizontal Property Regime. Pursuant to the Order of the Special Referee filed on September 11, 2024, as of September 10, 2024 the amount of $31,084.41 consisting of $26,675.52 in dues and $4,408.89 in attorney fees. Pursuant to the Proof of Claim (Claim 28-1) Spa asserts that $31,084.41 was due and owing as of the petition date. The Trustee believes that there may be additional post-petition fees, dues or costs which may be owing through the closing of this sale. An updated pay-off, including any applicable accrued interest, attorney fees or costs will be obtained prior to closing and reviewed by the Trustee for accuracy prior to closing. To the extent there is a dispute as to the amount owed, the lien shall attach to the sale proceeds until the issues can be resolved through consent or Order of this Court.

The Trustee is not aware of any liens, judgments, encumbrances or other interests other than as provided for herein. To the extent they may exist, they are disputed and they shall attach to the estate's interest in the net sale proceeds pursuant to 11 U.S.C. §363(f)(4), pending further Order of this Court. This sale is free and clear of all liens, judgments encumbrances and other interests pursuant to 11 U.S.C. §363(f)

The sale of the above properties shall be sold as furnished units and shall include all contents and personal property, except as specified herein.

2

Case 25-01384-jd    Doc 260    Filed 02/23/26    Entered 02/23/26 17:04:27    Desc Main
Document      Page 3 of 4

The On Line Auction web site is auctionbypearcesc.com, It shall conduct the public auction which shall close on March 26, 2026 at 5:00 p.m. EST.

**NOTICE: THE TRUSTEE IS SELLING THE ABOVE-REFERENCED PROPERTY "AS IS," WITH NO WARRANTIES WHATSOEVER. THE BUYER(S) AGREE TO RECEIVE THE PROPERTY WITH ALL FAULTS. THE DEBTOR(S) MAKES NO WARRANTY, EXPRESS OR IMPLIED, REGARDING THE PROPERTY, AND SPECIFICALLY EXCLUDES ANY IMPLIED WARRANTY OF MERCHANTABILITY AND ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR USE. PROPERTY TO BE CONVEYED BY QUIT CLAIM DEED OR BILL OF SALE.**

**THE BUYER(S) HAVE BEEN GIVEN THE OPPORTUNITY TO EXAMINE THE PROPERTY BEFORE SIGNING ANY CONTRACT OR SUBMITTING A BID TO PURCHASE THE PROPERTY, AND TO PERFORM SUCH TESTING, IF APPLICABLE, TO DETECT POSSIBLE LATENT DEFECTS.**

As the auction is open to the public for anonymous bidding, the winning bidder shall be considered a good faith purchaser for value for purposes of 11 U.S.C. §363(m).

Except as set forth below for credit bids, winning bidders of a real estate parcel will be required to pay a 10% Earnest Money Deposit at the conclusion of the auction and close within 30 days after bidding ends. At the closing the Trustee shall be authorized to pay normal seller's closing costs, including but not limited to attorney fees, real property taxes, deed stamps and other recording fees/charges. The Trustee is further authorized to pay at closing auction expenses of approximately Three Thousand ($3,000.00) Dollars. Further, the winning bidder shall pay a Ten (10%) percent buyer's premium to be paid to the auctioneer at closing.

Any mortgage lien creditor or property owners association with a specific lien upon the property identified above, shall be entitled to credit bid on the applicable property, up to the amount of its allowed debt. If the creditor is the successful bidder, and does not bid an amount greater than its allowed debt, it shall not be required to pay the 10% earnest money deposit or the buyer's premium. Further, the Trustee will only be required to provide a Trustee deed to the creditor. As there will be no actual proceeds paid to the Estate, the Trustee/Estate will not be responsible for paying anything else related to the applicable property transfer/closing. The creditor shall be responsible for paying all applicable closing costs, including, but not limited to deed stamps, past due and pro-rated property taxes, filing or similar fees imposed by the county, etc. that may be due and owing related to transfer ownership of said property.

Further, the Debtors shall turnover any keys, access codes, etc., for each of the above units to the Trustee on or before February 26, 2026 to give the Trustee or his agents full and complete access to the properties. If the Debtors fail to turnover the keys or access codes by that date, the Trustee may immediately remove/change the locks at each applicable unit. The Trustee is informed and believes that the unit at 100 Kensington Unit 1106 appears to be used for storing additional furniture and personal property. The Debtors shall have until March 1, 2026 to remove any personal property which they wish to retain from that unit. Any items left at or on any of the premises as of March 2, 2026, will be deemed abandoned by the Debtors. The Trustee shall be placed in sole and exclusive possession of the Property on March 2, 2026, or at such earlier time that the Debtors have informed the Trustee that they have fully vacated the premises. The Trustee

3

shall have the authority to remove any and all persons from the premises as of the earlier of said dates.  At the earlier of said dates, the Trustee is authorized, without further Court Order, to dispose of any remaining personal property left in any of the properties in a manner he may choose, in his sole discretion. In the event that the Trustee or his agent has to arrange to have any remaining items disposed of, the cost to have the items removed and disposed of shall be treated as a sellers closing cost and not counted towards the Auctioneer's expenses set forth above. The Order of the Court pertaining to this additional relief shall be immediately enforceable and shall not be subject to the 14-day stay of the order authorizing the sale.

The Court has been informed that all parties in interest have been notified of the intention to sell said property free and clear of liens pursuant to 11 U.S.C. §363(f).  The Trustee has represented to the Court that such sale is in the best interest of creditors of the estate.  The Trustee also has informed the Court that the mortgage lien and liens held by the applicable property associations against said property should be paid upon the sale of the applicable properties.

I find that this matter is properly before this Court and that the Debtors' objection to the Trustee's Application is hereby overruled.  It is, therefore

ORDERED, ADJUDGED, AND DECREED, that the Trustee is authorized to sell and to convey the estate's interest in the above-described properties on the terms set forth herein.

IT IS SO ORDERED!

**FILED BY THE COURT**
**02/23/2026**

US Bankruptcy Judge
District of South Carolina

Entered: 02/23/2026

4