# UNITED STATES BANKRUPTCY COURT

Lauren T Maxwell
Clerk of Court

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA  29201-2423

TELEPHONE (803)765-5436
www.scb.uscourts.gov

DATE:    June 12, 2026

TO:    United States Attorney
Attn: Civil Process Clerk
Wells Fargo Building
1441 Main Street Suite 500
Columbia, SC 29201

RE:    Jacqueline Elizabeth Ard and Terry Frank Nicola
Case No. 25-01384-JD

Dear Civil Process Clerk:

Enclosed please find a copy of the Order Adjudging Civil Contempt and Referring Matter to the United States Attorney along with related documents in the above referenced matter.

Thank you for your assistance in this matter.

Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

By: _____
M. Stalvey, Deputy Clerk

Enclosures
cc: Attorney General of the United States

## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **25-01384-jd**

## ORDER ADJUDGING CIVIL CONTEMPT AND REFERRING MATTER TO THE UNITED STATES ATTORNEY

The relief set forth on the following pages, for a total of 7 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/12/2026**



_2. Jefferson Davis IV_
US Bankruptcy Judge
District of South Carolina

Entered: 06/12/2026

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard,

Debtor(s).

C/A No. 25-01384-jd

Chapter 7

**ORDER ADJUDGING CIVIL CONTEMPT AND REFERRING MATTER TO THE UNITED STATES ATTORNEY**

**THIS MATTER** came before the Court for a hearing on June 3, 2026, on the Order to Appear and Show Cause entered on May 13, 2026, providing Jacqueline Elizabeth Ard ("Ard") notice that sanctions may be imposed, a finding of civil contempt may be made, and the case may be certified to the United States District Court for a determination of whether to find her in criminal contempt for a failure to comply with the April 2, 2026 Order of this Court.[1] Hearings were held on May 13, 2026 and June 3, 2026. Ard failed to appear at both of these hearings and turn over certain documents to the chapter 7 trustee concerning property of the estate, as ordered.

Having considered the record, the Court concludes that referral of this matter to the United States Attorney is appropriate for investigation into whether violations of federal law have occurred.

### FINDINGS OF FACT

Ard and Terry Frank Nicola ("Nicola") (together, the "Debtors") jointly filed a chapter 13 bankruptcy case on April 10, 2025. The case was

---

[1] ECF No. 312.

1

subsequently converted to chapter 7.[2] The procedural history of this case is voluminous and has been detailed in prior orders entered in this case, the prior bankruptcy case, and the various adversary proceedings.[3] The Court incorporates by reference its prior orders setting forth the procedural history material to this ruling.[4]

As it pertains to the matter at hand, the Court approved the chapter 7 trustee's application to sell four properties identified as: 100 Kensington Blvd., Unit 1106, Bluffton, SC; 663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC; 663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC; and 239 Beach City Road, Unit 3218, Hilton Head Island, SC.[5] After the sale was approved, but before the closings could take place, Ard filed an "Emergency Motion for Authority to Manage and Perform Existing Pre-Petition Short-Term Rental Contracts for a Limited Period" (the "Motion to Manage").[6] The Motion to Manage alleged that Ard entered into four pre-petition short-term rental contracts through Airbnb and/or VRBO for some or all of the properties set to be sold by the trustee. The Motion sought authority for Ard to perform the rental agreements, notwithstanding the chapter 7 trustee's exclusive authority over property of the estate and despite the trustee's instruction that the reservations be cancelled.

---

[2] ECF No. 133.
[3] *See* C/A 24-03611-jd; Adv. Pro. Nos. 25-80005-jd; 25-80006-jd; and 25-800061-jd.
[4] *See* ECF Nos. 133, 208, 298, and 312.
[5] ECF No. 260.
[6] ECF No. 294.

The Court entered an Order Denying the Motion to Manage,[7] highlighting:

> The Motion indicates that Ard was directed by the chapter 7 trustee to 'cancel existing guest reservations' and the Motion appears to be an attempt to avoid this request. The chapter 7 trustee has exclusive use and control over property of the estate pursuant to 11 U.S.C. §§ 363(b) and 704. The properties listed are property of the estate. All relief requested in the Motion is denied because the same contravenes the plain language of the bankruptcy code.
>
> It appears from the Motion that Ard may be continuing to use property of the estate and collect proceeds from property of the estate following the conversion of this case to chapter 7.

Further, to the extent the contracts were prepetition, they were not disclosed in the schedules.

Out of concern that Debtors had been utilizing these properties or other properties for short-term rental income since the case was filed, the Court ordered Ard to provide the following to the trustee within fourteen days and to appear at a hearing on May 13, 2026, for the Court to ascertain Ard's use and rental of property of the estate following the conversion of the case to chapter 7:

1. Any and all receipts, ledgers, and other documents concerning the rental and income of any and all property of the estate since the petition date;
2. Any and all transaction history reports, owner statements, payout reports, reservation history reports, earnings summaries, and any other report available through AirBNB, VRBO, or any other rental platforms Debtors may use to show bookings of and earn[ed] income from property of the estate since the petition date; and
3. To the extent not captured above, any and all documentation from AirBNB, VRBO, and any other rental platform where Ard has listed rental property, evidencing the booking dates of the short-term rentals referenced in the Motion.

---

[7] ECF No. 298.

3

Ard did not appear at the May 13, 2026, hearing and did not turn over the documents and information required by the April 2, 2026, Order. The Court then issued an Order to Appear and Show Cause,[8] setting a further hearing on June 3, 2026, for Ard to show cause why sanctions should not be imposed and why a finding of civil contempt should not be made for failure to comply with the Order Denying the Motion to Manage, which reiterated Ard's obligation under the April 2, 2026, Order and 11 U.S.C. § 521(a)(4) to surrender recorded information concerning property of the estate. The hearing on the Rule to Show Cause was held June 3, 2026, and Ard again failed to appear. To date, Ard has not provided the documents required in the Order Denying the Motion to Manage.

## DISCUSSION AND CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court has the constitutional and statutory authority to enter a final order.

Bankruptcy courts have the inherent power to sanction parties who abuse the bankruptcy process, and can "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]," including taking action "to enforce or implement court orders." 11 U.S.C. § 105(a). The Court has entered two orders requiring Ard to provide documents and records to the trustee. The Court has further ordered Ard to appear at two hearings to provide information

---

[8] ECF No. 312.

4

about the use of estate property. Ard has failed to comply in all regards. The record reflects that Ard received notice of the orders and notice of both hearings and was afforded a meaningful opportunity to comply with the Court's directives and to be heard concerning the alleged violations. Ard failed to respond, failed to attend the scheduled hearings, and failed to comply with the lawful directives to turn over documents to the chapter 7 trustee.

The Court finds, by clear and convincing evidence, that Ard violated this Court's orders and adjudges her in civil contempt, applying the factors set forth in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).[9] The Court previously imposed a monetary sanction on Debtors for violating Fed. R. Bankr. P. 9011, which remains unsatisfied.[10] Further civil contempt sanctions, including affording additional time to comply, are unlikely to elicit compliance.

This Court lacks authority to consider criminal contempt or violations of criminal statutes. Ard's failure to produce documents may implicate 18 U.S.C. §§ 152 and 157. Under 18 U.S.C. § 3057(a), a bankruptcy judge who has reasonable grounds for believing that a violation under chapter 9 of title 18 or other laws relating to insolvent debtors has occurred shall report the facts and circumstances to the appropriate United States attorney. Accordingly, given Ard's repeated noncompliance, failure to appear at two noticed hearings, failure to produce

---

[9] "To establish civil contempt, each of the following elements must be shown by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) [. . .] that the decree was in the movant's "favor"; (3) [. . .] that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) [. . .] that [the] movant suffered harm as a result." *Ashcraft v. Conoco, Inc.*, 218 F.3d at 301 (citations omitted).

[10] ECF No. 102, Adv. Pro. No. 25-800061-jd.

5

documents concerning estate property, and potential misuse of estate property for personal gain, referral to the United States attorney is appropriate so that the Executive Branch may determine whether further action under Title 18 is warranted.

**IT IS, THEREFORE, ORDERED** that Ard is adjudged in civil contempt of this Court's Orders entered April 2, 2026, and May 13, 2026.  No further civil sanctions are imposed at this time. This Order does not preclude the chapter 7 trustee or the United States trustee from seeking additional relief.

**IT IS FURTHER ORDERED** that the Clerk shall transmit a copy of this Order and such portions of the record as may be appropriate to the Office of the United States attorney for the District of South Carolina for review and investigation into whether any violations of 18 U.S.C. §§ 152 or 157 or any other provisions of federal law may have occurred.

**AND IT IS SO ORDERED.**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF SOUTH CAROLINA

IN RE:

Jacqueline Elizabeth Ard and Terry
Frank Nicola,

Debtor(s).

C/A No. 25-01384-JD

Chapter 13

**ORDER DENYING
CONFIRMATION AND
CONVERTING CASE TO
CHAPTER 7**

THIS MATTER is before the Court on the Continued Confirmation Hearing,[1] the Order Denying Motion to Impose the Automatic Stay and Providing Notice of Conversion or Dismissal to Bar Further Refiling,[2] and the Motion to Convert filed by Spa on Port Royal Sound Horizontal Property Regime, Inc. ("Port Royal Sound HPR" or "Movant").[3] Objections to confirmation were filed by Port Royal Sound HPR,[4] the Chapter 13 Trustee,[5] Zeidman's Jewelry & Loan of Michigan ("Zeidman's"),[6] TMX Finance dba Titlemax of South Carolina, Inc. ("Titlemax"),[7] and Hilton Head Resort Four Seasons Centre Horizontal Property Regime Counsel of Co-Owners, Inc. ("Hilton Head Resort HPR").[8] A hearing was held on August 20,

---

[1] ECF No. 90.
[2] ECF No. 58. Debtors have appealed the denial of the imposition of the stay. ECF No. 55. This Order considers the unresolved question of whether this case should be converted or dismissed, as raised in the Order Denying the Motion to Impose the Stay.
[3] ECF No. 70.
[4] ECF No. 67.
[5] ECF No. 72.
[6] ECF No. 75.
[7] ECF No. 76.
[8] ECF No. 79.

2025. Jacqueline Elizabeth Ard ("Ard") and Terry Frank Nicola ("Nicola") (collectively "Debtors") appeared, along with counsel for the Chapter 13 Trustee, counsel for Port Royal Sound HPR, counsel for Zeidman's, counsel for Titlemax, and counsel for the Estate at Westbury Owners Association, Inc. ("Westbury HOA").

The Court heard testimony from the Debtors and arguments from counsel, and, at the conclusion of the hearing, took the matters under advisement.

**FINDINGS OF FACT**

Debtors have filed two previous bankruptcy cases under Chapter 13 within the past 12 months—one in this District, and one in the Eastern District of Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure to file documents required under 11 U.S.C. § 521(a).[9] Case No. 25-40952-MLO was filed in the Eastern District of Michigan on January 31, 2025, and was also dismissed for Debtors' failure to file required documents on March 3, 2025.[10] In both of these cases, Debtors filed successive motions to extend the deadline to file the schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two motions to extend were granted in Case No. 24-03611-JD,[11] and granted and denied

---

[9] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s) Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13 Statement of Income/Calculation, and a Statement of Increased Income/Expenses. Case No. 24-03611-JD, ECF No. 46.

[10] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information. Case No. 25-40952-MLO, ECF No. 64.

[11] Case No. 24-03611-JD, ECF Nos. 23, 36.

in part in Case No. 25-40952-MLO.[12] The third motion to extend was denied in each case.[13]

Debtors then filed this case on April 10, 2025. The continued confirmation hearing and the Motion to Convert concern the modified plan filed by Debtors on May 8, 2025 ("Plan").[14]

Because this case is Debtors' third case within a one-year period, there is no automatic stay. Debtors moved to impose the stay but failed to appear at the hearing on their motion before a decision was rendered.[15] The motion to impose the stay was denied.[16] The Order Denying the Motion to Impose the Stay stated the Plan, as it was filed, could not be confirmed under the Bankruptcy Code, explained why the Plan was unconfirmable, and stated the Court's intent to consider conversion of the instant case to chapter 7. At the hearing on the motion to impose the stay, the Court raised the issue of whether this case should be converted to one under chapter 7. Port Royal Sound HPR subsequently moved to convert this case to chapter 7.[17]

Debtors' schedules and statements sought exemptions of Debtors' equity in

---

[12] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[13] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

[14] ECF No. 47.

[15] A notice of the hearing on Debtors' motion to impose the automatic stay was entered on the docket on April 21, 2025. ECF No. 18. The hearing was scheduled for 11:00AM on May 22, 2025. Debtors were not present when the matter was called. With the consent of the objecting parties, the matter was continued to 11:30AM and Debtors were not present. An oral decision was rendered denying the motion to impose the automatic stay. Debtors arrived at Court after the record was closed and all hearings adjourned. The Court went back on the record to restate the prior decision denying the requested relief.

[16] ECF No. 57. All findings made in the order denying Debtors' motion to impose the automatic stay are hereby incorporated by reference into this Order.

[17] ECF No. 70. Port Royal Sound HPR's Motion to Convert was rescheduled to coincide with the continued confirmation hearing.

real and personal property. The chapter 13 Trustee filed objections to Debtors'

exemptions;[18] the Trustee's objections were granted.[19] Similarly, the Plan elicited

objections from their creditors and the chapter 13 trustee including, but not limited

to:

- Noncompliance with 11 U.S.C. § 1325(a)(3) in that the Plan was not proposed in good faith;[20]
- Noncompliance with 11 U.S.C. § 1325(a)(5) in that a creditor holds an allowed secured claim, does not accept the plan, and the plan does not propose to pay the creditor the value of its allowed secured claim;[21]
- Noncompliance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I) in that the Plan proposes to pay secured claims "pro rata" which does not meet the requirements of the code section;[22]
- Noncompliance with 11 U.S.C. § 1325(a)(6) in that the Debtors failed to prove feasibility;[23]
- Noncompliance with 11 U.S.C. § 1322(a)(2) in that the Plan does not provide for payment in full of claims entitled to priority;[24]
- Noncompliance with 11 U.S.C. § 1322(b)(1) in that the Plan provides separate treatment of certain general unsecured claims without showing that the separate treatment does not unfairly discriminate as to the other general unsecured creditors;[25]
- Noncompliance with 11 U.S.C. § 1308(a) in that Debtors failed to provide tax returns to the Trustee;[26] and
- Noncompliance with SC LBR 3015-6, in that the Plan fails to provide the *Till* interest rate of 9%.[27]

Debtors did not file a substantive response to the objections to exemptions, the

Motion to Convert, or any of the objections to confirmation, and did not modify the

---

[18] ECF No. 74.
[19] ECF No. 104.
[20] ECF No. 67, filed by Port Royal Sound HPR.
[21] ECF No. 67, filed by Port Royal Sound HPR. Failure to comply with 11 U.S.C. § 1325(a)(5) was also raised by Titlemax at ECF No. 75, and Hilton Head Resort HPR at ECF No. 79.
[22] *Id.*
[23] ECF No. 72, filed by the Chapter 13 Trustee.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

Plan.

A hearing on confirmation of the Plan and the issue of conversion was held on August 20, 2025.[28] Debtors were present for the hearing. Debtor Ard verbally requested that the undersigned recuse himself from this case. This request was denied from the bench but is more fully addressed in this Order. Debtors' sworn testimony was their only evidence in support of confirmation.

Debtors' testimony concerning their scheduled property was not consistent with the schedules or the Plan. In the schedules, Debtors disclose a fractional interest in nine parcels of real property.[29] Debtor Ard's testimony at the hearing, however, indicated that, except for one parcel,[30] she owned all scheduled property either individually or jointly with Debtor Nicola. Debtor Ard also confirmed that the actual value of most of their scheduled property was higher than the values recorded in the schedules. For example, Debtors' schedules indicate that Debtors own a partial interest 5140 Oak Run, Farwell, MI 48622. The schedules value the property at $94,100.00 but state Debtors' interest as only $47,050.00. However, Debtor Ard testified that this property is titled jointly in her name and Nicola's

---

[28] The confirmation hearing in this case was originally scheduled for June 25, 2025. ECF No. 12. On June 18, 2025, Debtors filed a motion titled "Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions pursuant to ADA Title II (42 U.S.C. § 12132)." ECF No. 88. In its order addressing Debtors' requested accommodations, the Court continued the confirmation and conversion hearing dates to August 20, 2025, which provided Debtors with additional time to modify their Plan in a way that comported with the Bankruptcy Code. ECF No. 90. The Court also provided Debtors with notice that they could, on a hearing-by-hearing basis, request to appear remotely.

[29] Four of the parcels are located in South Carolina. Of these, three are in foreclosure. The rest of Debtors' property portfolio is located in Michigan and Pennsylvania.

[30] Debtor Ard stated on the record that she and her aunt own 15826 Appoline St., Detroit, MI 48227. All other properties are either titled in the name of Debtor Ard, Debtor Nicola, or both.

name, and that the property is worth approximately $150,000.

Similarly, Debtors' testimony concerning their income conflicted with the income reported in their schedules. Schedule I shows $13,429.01 per month in income for Debtor Ard on line 8a, where "net income from rental property and from operating a business, profession or farm" is disclosed. Debtor Nicola discloses $3,482.00 per month in social security income and $3,053.00 per month in pension or retirement income. The total family income is shown as $19,964.01 per month. Debtor Ard testified that their short-term rentals yield anywhere from $8,000 to $14,000 per month. However, further questioning revealed that many of the income-producing properties are tied up in litigation and at risk of loss. At least one property needs substantial repair. Debtor Ard also testified that one of their properties in Michigan property is a long-term rental, seemingly included at line 8a on Schedule I, but the lease is neither disclosed as an executory contract in Schedule G nor properly assumed in the Plan.[31]

The hearing highlighted additional barriers to confirmation. Debtor Ard conceded that she has not filed tax returns for the last four years and Debtor Nicola also admitted that he has not filed a tax return since 2021. The Trustee noted that the proposed Plan payments would have been sufficient in Case No. 24-03611-JD, where creditors filed claims totaling $420,667.54, but are insufficient in this case,

---

[31] Debtor Ard testified Debtors hold assets of the estate in a storage unit. If a contract for this storage unit exists, it is neither disclosed as an executory contract in Schedule G nor assumed in the Plan.

which has received claims totaling $633,113.12 to date.[32] The Trustee also noted

Debtors were $8,540.32 past due on Plan payments on the day of confirmation.

Debtor Ard conceded that the Debtors were behind on payments to the Trustee

because Debtors believed that they had until the end of August to become current.

## CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and this Court

may enter a final order.

### A. Recusal is Denied

Debtors orally moved for recusal. In support of this relief, Debtors appear to

primarily rely on several adverse rulings as evidence of personal bias or lack of

impartiality. Those decisions were rendered out of fidelity to the requirements of

the Bankruptcy Code, nothing more. 28 U.S.C. § 455, made applicable by Fed. R.

Bankr. P. 5004, governs recusal. The Fourth Circuit has held that "bias must derive

from an extra-judicial source" and "result in an opinion on the merits on a basis

other than that learned by the judge from his participation in this matter." *In re

Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *United States v. Grinnell Corp.*, 384

U.S. 563, 583 (1966) and *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)).

Considering Debtors' arguments and the controlling law, the motion to recuse is

denied. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

---

[32] The date for government entities to file claims will not pass until October 7, 2025. While the first case was dismissed prior to the claims' bar date, many common creditors have filed claims that have increased in amount.

## B. Confirmation is Denied

"Except as provided in subsection (b), the court shall confirm a plan if the plan complies with the provisions of this chapter and with other applicable provisions of this title." 11 U.S.C. § 1325(a)(1). This Plan fails to fulfill multiple provisions of § 1325. Denial of confirmation would be appropriate based on any one of the deficiencies outlined below; considered together, these deficiencies mandate denial of confirmation.

### I.   Tax Returns

First, Debtors have not filed applicable tax returns as required for confirmation.[33] "[T]he court shall confirm a plan if the Debtor has filed all applicable federal, state, and local tax returns as required by Section 1308." 11 U.S.C. § 1325(a)(9). "Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under Section 341(a), if the debtor was required to file a tax return under applicable non-bankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." 11 U.S.C. § 1308(a). The 341 Meeting was scheduled for May 19, 2025. Debtors have not yet filed applicable tax returns and therefore fail to meet the requirements of § 1308(a). The Plan is therefore not confirmable under § 1325(a)(9).[34]

---

[33] *See* ECF No. 72.

[34] Debtors' failure to file tax returns also implicates whether this Plan has met other standards for confirmation. Debtors' current tax liability for the last four years is not known. Therefore, the Court cannot determine if taxing authorities have been appropriately treated under the Plan and whether the Plan is feasible.

## II.  Ability to Make Plan Payments

Second, Debtors have not demonstrated that they will be able to make all payments required by the Plan. The Trustee noted that the proposed payment in the Plan will not be sufficient to repay their creditors. Debtors' testimony regarding their income indicated that the proposed Plan payments will exceed their disposable income for most of the case. This income would be further diminished by Debtors' failure to assume the long-term lease in the Plan and the unstayed, ongoing foreclosure proceedings. "[T]he court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier, in the amount proposed by the plan to the trustee." 11 U.S.C. § 1326(a)(1)(A). The record shows Debtors are not currently able to make all payments under the Plan and indicates they will not become able to do so. The Plan is therefore not confirmable under § 1325(a)(6).

Moreover, Debtors are not current with payments due under the Plan. "[T]he court shall confirm a plan if any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid." 11 U.S.C. § 1325(a)(2). Debtors' arrearage to the Trustee renders the plan unconfirmable under § 1325(a)(2).

## III.  Treatment of Secured Creditors

Third, the Plan fails to pay multiple secured claims as required by 11 U.S.C. § 1325(a)(5). 11 U.S.C. § 1325(a)(5) sets forth the possible treatments for a secured

debt: (a) the creditor may consent to its treatment under the plan;[35] (b) the debtor may surrender the collateral;[36] or (c) the debtor may "cram down" the debt, whereby the creditor receives a distribution of property over the life of the plan with a present value of not less than the allowed amount of its secured claim.[37] *In re Gardner*, No. CV 22-02007-EG, 2022 WL 16952440, at *6 (Bankr. D.S.C. Nov. 15, 2022). Where a debtor "crams down" the secured debt and elects to distribute property to the creditor in periodic payments, those payments must be in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

"A creditor is deemed to receive 'present value' of its claim if the total amount of the deferred payments includes the amount of the underlying claim plus an appropriate amount of interest to compensate the creditor for the delayed payments." *Gardner*, 2022 WL 16952440 at *6; *see also Rake v. Wade*, 508 U.S. 464, 468 (1993). "After confirmation, the interest paid [on a claim] is designed to preserve the present value of the [creditor's claim] and must be provided pursuant to § 1325(a)(5)(B) and calculated as instructed by the Supreme Court in *Till v. SCS Credit Corporation*, 541 U.S. 465 (2004)." *Id*. The appropriate method for determining the adequate rate of interest to be paid on a crammed down secured claims under § 1325(a)(5)(B) is a "prime-plus" formula, calculated using the current national prime rate of interest plus a risk adjustment. *Till*, 541 U.S. at 466. "The 'prime-plus' formula is usually assumed to be the prime rate plus a risk adjustment

---

[35] 11 U.S.C. § 1325(a)(5)(A).
[36] 11 U.S.C. § 1325(a)(5)(C).
[37] 11 U.S.C. § 1325(a)(5)(B)(ii).

percentage of 1-3%." *Id.*

"In order to expedite the determination of an effective interest rate to be used by debtors in meeting the requirement of 11 U.S.C. § 1325, a presumed effective interest rate (Periodic Interest Rate) will be set by the Court with the assistance of a committee of trustees and members of the consumer bar. If applied to a secured claim in a chapter 13 plan, there will be a rebuttable presumption that the Periodic Interest Rate, for plan confirmation purposes, is reasonable." SC LBR 3015-6(a). Pursuant to Operating Order 23-02,[38] an "interest rate (Periodic Interest Rate) of nine percent (9.00%) per annum applied to a secured claim in a chapter 13 case will be presumed—for plan confirmation purposes—to be reasonable, effective for cases filed on or after June 1, 2023." As of September 5, 2025, the Federal Reserve's published prime rate of interest for bank loans is 7.50%. *Selected Interest Rates (Daily) – H.15*, THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (last visited September 8, 2025). The 9.00% Periodic Interest Rate set by Operating Order 23-02 accounts for the prime interest rate of 7.50% and a risk adjustment percentage of 1.50% and is therefore reasonable under *Till.*

The Plan does not ensure that secured creditors will receive 'present value' of their claims. Several creditors objected to their treatment in the Plan. Debtors have not modified their Plan to address the objections, nor argued that the current treatment complies with the Code. Many secured creditors are not even treated in

---

[38] A partial list of this Court's administrative and operating orders, including Operating Order 23-02, may be found at https://www.scb.uscourts.gov/op-adm-orders.

the Plan and one secured creditor is crammed down in violation of the hanging paragraph in 11 U.S.C. § 1325(a). Where the Plan does provide for the treatment of secured creditors, the proposed interest rates inexplicably range from 0.00% to no more than 7.00%. These rates do not correspond with the allowed rates of interest in the secured contracts nor the *Till* interest rate. Additionally, the Plan states the amount each secured creditor will be paid per month is simply "pro-rata." The Plan proposes that the Debtors' monthly payment amount range from $4,540.32 to $10,540.32, which renders the monthly pro-rata distributions to each listed creditor unequal. *See* 11 U.S.C. § 1325(a)(5)(B)(iii)(I). These errors are fatal to confirmation under § 1325(a)(5).

## IV. Treatment of Unsecured Claims

Fourth, the Plan, without explanation, discriminates between unsecured claims. "Subject to subsections (a) and (c), the plan may designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims." 11 U.S.C. § 1322(b)(1). In Part 5.3 of the Plan, Debtors designated over 40 claims as "other separately classified nonpriority unsecured claims." Debtors declined to provide any details as to how the claims listed in Part 5.3 will be paid, by whom they will be paid, and why they should be treated differently from the nonpriority unsecured claims against them that are not separately classified. The Court has been provided

with no context for the classification of these claims and cannot determine if

Debtors' division of nonpriority unsecured claims constitutes unfair discrimination

against either class. The Plan is therefore not confirmable under §§ 1322(b)(1) and

1325(a)(1).

### C. Conversion to Chapter 7 is Appropriate

11 U.S.C. § 1307(c) establishes:

…on request of a party in interest or the United States trustee and after notice
and a hearing, the court may convert a case under this chapter to a case under
chapter 7 of this title, or may dismiss a case under this chapter, whichever is
in the best interests of the creditors and the estate, for cause…

A non-exhaustive list of grounds justifying conversion or dismissal is

provided at §§ 1307(c)(1) – (11), including "unreasonable delay by the debtor that is

prejudicial to the creditors" and "denial of confirmation of a plan under section 1325

of this title and denial of a request made for additional time for filing another plan

or a modification of a plan." 11 U.S.C. §§ 1307(c)(1), (5). "A debtor's bad faith in

filing the petition also constitutes 'cause' to dismiss or convert under § 1307." *In re

Niemiec*, 662 B.R. 239, 248 (Bankr. D.S.C. 2024) (internal citations omitted). "A

Bankruptcy Court has considerable discretion in determining whether 'cause'

exists." *In re Blackmon*, 628 B.R. 804, 809 (Bankr. D.S.C. 2021) (quoting *In re

Demeza*, 567 B.R. 473, 477 (Bankr. M.D. Pa. 2017)).

"The analysis under § 1307(c) involves two steps: First, it must be determined

that there is 'cause' to act. Second, once a determination of 'cause' has been made, a

choice must be made between conversion and dismissal based on the 'best interests

of the creditors and the estate.'" *In re Richardson*, 649 B.R. 708, 713 (Bankr. D.S.C.

13

2023) (internal citations omitted). The moving party bears the burden of proof. *Blackmon*, 628 B.R. at 808 (citing *In re Gravlin*, No. 17-41714, 2020 WL 3635579, at *2 (Bankr. D. Mass. Mar. 6, 2020)).

## I.   There is Cause for Dismissal or Conversion Under 11 U.S.C. § 1307(c)

Debtors filed their case on April 10, 2025. On April 12, 2025, Debtors were provided notice[39] that their case would be dismissed or converted at the confirmation hearing if they failed to meet the requirements of the Code, local rules, and Chambers Guidelines. In the order dated May 23, 2025, the Court noted the Plan was "patently unconfirmable as it violate[d] multiple provisions of the Bankruptcy Code," and that Debtors "must amend their Plan to comply with the Bankruptcy Code no later than 28 days before the scheduled confirmation hearing on June 25, 2025."[40] As the original confirmation hearing approached, Debtors filed motions requesting sanctions against creditors for violations of the stay—notwithstanding the fact that no stay was imposed in this case—but did not file a modified plan.[41] The Court postponed the confirmation hearing to August 20, 2025, providing Debtors with yet more time to file a confirmable plan.[42] Debtors have made no attempt to modify the Plan so it could be confirmed.

"A debtor's failure to propose a confirmable plan after being given several chances may constitute 'cause' under § 1307(c)." *In re Niemiec*, 662 B.R. 239, 248

---

[39] ECF No. 12.
[40] ECF No. 58. Debtors were provided notice of the Confirmation Hearing on April 10, 2025. *See* ECF No. 4.
[41] *See* ECF No. 88, "Notice of Medical Emergency and Emergency Motion for ADA Accommodations, Medical Protections, Injunctive Relief, and Sanctions."
[42] ECF No. 90.

(Bankr. D.S.C. 2024). Debtors' failure to propagate a confirmable Plan has created an unreasonable delay that is prejudicial to their creditors. 11 U.S.C. § 1307(c)(1). In chapter 13, creditors cannot receive a distribution from the plan until it is confirmed. Since this case was filed, the estate has been diminished. A comparison of allowed claims in this case with the allowed claims in Debtors' 2024 case reveals that only one claim filed in the 2024 case has decreased in amount. Debtors' contested foreclosure proceedings will presumably devour the equity of the estate that may be available to creditors. That equity is best preserved by a chapter 7 trustee's orderly liquidation and distribution on allowed claims.

Debtors' unreasonable, prejudicial delay in filing a confirmable Plan is compounded by Debtors' pattern of filing unfounded pleadings. 11 U.S.C. § 1307(c)(1). Instead of focusing their efforts on filing a confirmable plan, Debtors have sought repeated delays, unreasonable accommodations, improper injunctive relief and sanctions against creditors, and the removal of the chapter 13 trustee for not making distributions to creditors, which he is flatly prohibited from doing pursuant to 11 U.S.C. § 1326(a)(2).[43] Rather than endeavoring to comply with the Bankruptcy Code and the Orders of this Court, Debtors continue to engage in a pattern of obfuscation and delay identified in prior orders of this Court.

Debtors' lack of candor in their schedules likewise raises an inference of bad faith. "Central to an evaluation of [a debtors'] proposed plans is an understanding of the [debtors'] assets and the equity in those assets." *In re Brown*, No. 24-16596-

---

[43] ECF Nos. 88, 101, 127.

NVA, 2025 WL 2124399, at *8 (Bankr. D. Md. July 29, 2025). "Bankruptcy law requires debtors to be honest and to take seriously the obligation to disclose all matters. The bankruptcy schedules and statements of affairs are carefully designed to elicit certain information necessary to the proper administration and adjudication of the case." *In re Van Gompel*, 632 B.R. 730, 735 (Bankr. D.S.C. 2021) (internal citation omitted). "Bad faith constituting 'cause' under § 1307(c), also includes filing inaccurate or misleading schedules." *Niemiec*, 662 B.R. at 248 (citing *In re Loper*, C/A No. 08-03646-JW, slip op. at 4-5, 2009 WL 9084933 (Bankr. D.S.C. Feb.18, 2009)). Debtor Ard's testimony confirmed that the valuations provided on Schedule A/B were not accurate and the estate's interest in the real property was not fully and accurately disclosed.[44] Debtors attempted to fully exempt the equity in their real and personal property by asserting exemptions that were improper. Further, Debtors' disposable income is not ascertainable from the record—the income disclosed in the schedules do not comport with the testimony provided at the hearing. Under these circumstances, the Court finds Debtors' failures to file a confirmable plan or accurate schedules are "cause" to dismiss or convert under §§ 1307(c)(1), (5).

## II. Conversion is in the Best Interests of the Creditors and the Estate

Having found "cause" under § 1307(c), the Court must determine whether dismissal or conversion is in the best interests of creditors and the estate. One creditor has requested dismissal, but several others support conversion.

---

[44] ECF No. 23.

16

"[D]ismissal of the bankruptcy case is the appropriate remedy when *neither* of the 'twin pillars' of bankruptcy are present. . . . (1) a discharge for the honest but unfortunate debtor, and (2) when assets are available for the satisfaction of valid claims against the estate." *Van Gompel*, 632 B.R. at 735 (quoting *In re Zimmer*, 623 B.R. 151, 162 (Bankr. W.D. Pa. 2020)). "Upon conversion, a disinterested person would be appointed as a trustee who is responsible to, *inter alia*, 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;' 'be accountable for all property received;' 'investigate the financial affairs of the debtor;' and 'if advisable, oppose the discharge of the debtor'." *In re Boyle*, 668 B.R. 117, 122 (Bankr. D.S.C. 2025) (quoting 11 U.S.C. § 704(a)). The record reflects equity, albeit of uncertain value, in real and personal property sufficient to make a meaningful distribution to creditors. With no automatic stay in place, secured creditors should not be impeded in pursuit of their state law remedies, with any proceeds being paid to the estate.[45] The case is ripe for a chapter 7 trustee to assess the estate and administer its assets.

Debtors have impressed upon this Court the toll this case has taken on them. While conversion may not be Debtors' desired outcome, appointment of a Chapter 7 trustee may remove some of their burden. The Plan filed May 8, 2025, is not confirmable. Debtors filed no timely objection to conversion, and they presented no

---

[45] Nothing herein should be interpreted as a determination that the automatic stay would not be imposed after conversion if the chapter 7 trustee filed such a motion. In that case, the Court would duly consider the motion and any objections thereto.

persuasive evidence in support of either remaining in their Chapter 13 case or dismissal. The Movant has met its burden of proof under § 1307(c). This case is therefore converted to one under chapter 7, so that a chapter 7 trustee can review if assets can be liquidated and administered for the benefit of the creditors.[46]

## NOW THEREFORE, IT IS ORDERED

1. Recusal is denied;

2. Confirmation of the Plan is denied;

3. This case is converted to chapter 7; and

4. Upon conversion, the Clerk of Court shall transmit a copy of this Order to the United States Trustee and the chapter 7 Trustee.

## AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/09/2025**



Entered: 09/09/2025

S. Jefferson Davis IV
US Bankruptcy Judge
District of South Carolina

---

[46] Nothing herein prejudices the future chapter 7 trustee's right to challenge any claims.

Case 25-01384-jd    Doc 321    Filed 06/12/26    Entered 06/12/26 16:48:54    Desc
Case 25-01384-jd    Doc 1  Letter to US Attorney  Entered 09/09/25 16:17:33    Desc PDF
Document as Notice: Notice Recipients    Page 1 of 4

# Notice Recipients

District/Off: 0420–2            User: admin                Date Created: 9/9/2025
Case: 25–01384–jd             Form ID: pdf01             Total: 242

**Recipients of Notice of Electronic Filing:**
ust    US Trustee's Office         USTPRegion04.CO.ECF@usdoj.gov
tr     James M. Wyman              13info@charleston13.com
aty    Benjamin Edward Grimsley    bgrimsley@dgglegal.com
aty    Dean S. Haskell             dhaskell@jsplaw.net
aty    Elizabeth H Parrott         elizabeth.parrott@mccalla.com
aty    J. Ronald Jones, Jr.        rjones@smithdebnamlaw.com
aty    John B. Kelchner            jkelchner@turnerpadget.com
aty    Julie A. Franklin           jfranklinlegal@gmail.com
aty    Lucas S. Fautua             lfautua@smithdebnamlaw.com
aty    Richardo Kilpatrick         rkilpatrick@shermeta.com
aty    Tara E. Nauful              tara@bestlawsc.com

TOTAL: 11

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db     Jacqueline Elizabeth Ard      21215 Dartmouth Dr      Southfield, MI 48076–5634
jdb    Terry Frank Nicola      21215 Darthmouth      Southfield, MI 48076
cr     WEST–AIRCOMM FEDERAL CREDIT UNION      c/o Weltman, Weinberg & Reis Co., LPA      5990 West
       Creek Rd, Suite 200      INDEPENDENCE, OH 44131 UNITED STATES
cr     Nationstar Mortgage LLC      c/o McCalla Raymer Leibert Pierce, LLC      Bankruptcy Department      1544
       Old Alabama Road      Roswell, GA 30076 UNITED STATES
cr     Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC      4515 N Santa Fe
       Ave. Dept. APS      Oklahoma City, OK 73118
cr     Estate at Westbury Owners Association, Inc.      C/O Counsel      25 Thurmond Way      #2976      Bluffton,
       SC 29910
cr     Hilton Hear Resort Four Seasons Centre Horizontal Property Regime Council of Co–Owners, Inc our Seasons Centre
       Horizontal Pr      C/o Jones, Simpson & Newton      P.O. Box 1938      Bluffton, SC 29910 UNITED STATES
cr     Strada      PO Box 299116      Lewisville, TX 75029–9116
aty    Garry Masterson      Weltman, Weinberg and Reis Co., LPA      5990 West Creek Rd.      Suite
       200      Independence, OH 44131
544518984  AAdvantage Aviator Portfolio Recovery      PO Box 8828      Wilmington, DE 19899–8828
544526212  ADT LLC      PO Box 371878      Pittsburgh, PA 15250–7878
544518985  ADT Security Services      1501 Yamato Road      Boca Raton, FL 33431
544518986  ADT Security Services      P.O. Box 650485      Pittsburgh, PA 15250
544518987  ADT,LLC      Transworld Systems Inc      500 Virginia Dr. Suite 514      Ft Washington, PAl 9304
544518996  ATandT      P.O. BOX 5080      Carol Stream, IL 60197–6080
544518998  ATandT      P.O. BOX 5080      Carol Stream, IL 60197–6080
544526217  ATandT      PO Box 5014      Carol Stream, IL 60197–5014
544533105  AWA Collections      Santa Rosa Emergency      PO Box 6605      Orange, CA 92863
544526213  Advantage Aviator      ATTN Bankruptcy Department      130 Cooperate Blvd      Norfolk, VA 23502
544518988  Allstate Indemnity      POBox4310      Carol Stream, IL 60197
544518989  Allstate Insurance      P.O. Box 21169      Roanoke, VA 24018–0537
544518990  American Express –      AXPLEGALATTORNEY      500 North Franklin Turnpike No. 315      MAIL CODE
       297      Ramsey, New Jersey 07446
544518991  American Express National Bank      Care of Becket and Lee      PO Box 3001      Malvern PA
       19355–0701
544533335  American Express National Bank      care of Becket and Lee LLP      PO Box 3001      Malvern PA
       19355–0701
544533336  American Express National Bank      care of Becket and Lee LLP      PO Box 3001      Malvern PA
       19355–0701
544518992  Americollect Inc      POBox2080      Manitowoc, WI 54221–2080
544526225  Armstrong Cable      437 North Main St      Butler, PA 16001
544518993  Armstrong Cable      P.O. Box 300      Lancaster, PA 17604–3001
544526216  Armstrong Cable      PO Box 37749      Philadelphia, PA 19101–5049
544518994  Associated Credit Services, INC      P.O. Box 1201      Tewksbury, MA 01876
544518995  Association Services, An Associa Company C/O Hilto      1040 William Hilton Pky #200      Hilton Head Island,
       SC 29928
544519000  Bank of America      P.O. Box 982238      El Paso TX 79998
544519001  Barclays Bank Delaware      Attention: Card Services LEGAL      PO. Box 8833      Wilmington, DE
       19899–8833
544519002  Barry Mullis      239 Beach City Road Apt 2213      Hilton Head Island, SC 29926–4 713
544519003  Beaufort County Sheriffs Department      Melissa Hansen      PO. Box 1758      Beaufort, SC 29901
544519004  Beaufort County Treasurer      P.O. Drawer 487      Beaufort, SC 29901–0487
544519005  Beaumont Medical Transport Services      950 West Maple St Suite C      Troy, MI 48084
544519194  Best Law, PA      Tara E. Nauful      P.O. Box 2374      Mount Pleasant, SC 29465
544519006  Braun Kendrick Finkbeiner PLC      Mitchell G. Piper      4301 Fashion Square Blvd      Saginaw, MI
       48603
544519195  Bromley Law Firm LLC      Evan K. Bromley      211 Goethe Rd Ste B      Bluffton, SC 29910–6014

Case 25-01384-jd    Doc 321    Filed 06/12/26    Entered 06/12/26 16:48:54    Desc
Case 25-01384-jd    Doc 153ter to-FileoNS Attorney    Page 28 of/42/25 16:17:33    Desc PDF
Document as Notice: Notice Recipients    Page 2 of 4

544519012 CBE Group Spectrum Mobile    Attn: Client Services    P.O. Box 2547
544533836 CONSUMERS ENERGY COMPANY    Attn: Legal Dept    One Energy Plaza    Jackson, MI
49201
544519134 Caine and Weiner    PO. Box 55848    Sherman Oaks, CA 91413
544519007 Capital One Auto Finance,    division of AIS Portfolio Services, LLC    4515 N Santa Fe Ave.
Dept.    APS Oklahoma City, OK 73118
544519010 Capone–Kohls    P.O. Box 3115    Milwaukee, WI 53201–3115
544519011 Carter–Young, Inc.    120 2nd St 2nd    Fl Monroe, GA 30655
544519013 Chase Card Services    P.O. Box 6294    Carol Stream, IL 60197
544519167 Chase Ink Business Card Services    P.O. Box 15298    Wilmington, DE 198506548
544526237 Chipumoi, Nicolas    6409 Congress Ave, Ste 100    Boca Raton, FL 33487–2853
544519014 Citibank    PO Box 790034    St. Louis, MO 63179–0034
544519015 Citicorp Credit Services    Attn: IRU    PO. Box 790034    St. Louis, MO 63179
544519016 Citizens Bank    One Citizens Plaza    Providence, RI 02903
544519017 City of Detroit – Property Tax    P.O. Box 33193    Detroit, MI 48232–5193
544519196 City of Detroit Water and Sewerage Dept    735 Randolph St    Detroit, MI 48226–2830
544519018 Clare County 55th Judicial Circuit    225 West Main    Harrison, MI 43625
544519020 Comenity – Zales    PO Box 650971    Dallas, TX 75265–0971
544519019 Comenity Caesars Rewards    P .0. Box 650960    Dallas, TX 75263–0960
544519021 Comenity Portfolio Refresh    3095 Loyalty Circle    Columbus, OH 43219
544519197 Consumer Energy Company    Attn: Legal Dept    1 Energy Plaza Dr    Jackson, MI 49201–2357
544519022 Consumers Energy Company    Attn: Legal Dept    One Energy Plaza    Jackson, MI 49201
544519023 County Council Of Beaufort County Assessor    Real Property Services    P.O. Drawer 1229    Beaufort,
SC 29901
544526208 County of Alleghney Treasurer    Room 108 Courthouse    436 Grant St    Pittsburgh, PA 15219
544519198 Coyne Oil    Attn: Rose    513 W 5th St    Clare, MI 48617–9405
544519024 Credit Management Company    PO Box 16346    Pittsburgh, PA 15242–0346
544519025 Credit One Bank    PO Box 98875    Las Vegas, NV 89193–8875
544519026 Crown Asset Mgmt    3100 Breckinridge Blvd Ste 725    Duluth, GA 30096–7605
544519027 Cuyahoga Community ColJege    700 Carnegie Ave.    Cleveland, OH 44115
544519036 DNF Associates    2351 N Forest Road Suite 110    Getzville, NY 14068
544519037 DTE    1 Energy Plaza    WCB 735 Attention Legal Dept    Detroit, MI 48226–1221
544526218 DTE Energy    ATTN Legal Department    PO Box 740786    Cincinnati, OH 45274–0786
544519200 DTE Energy    WCB 735 Attention Legal Department    1 Energy Plaza    Detroit, MI 48226–1221
544519029 Dave Yost OH Attorney General    Attn: Timothy Sullivan    18013 Cleveland Pkwy Suite
180    Cleveland, OH 44135
544519199 Detroit Water and Sewerage Dept    Po Box 554899    Detroit, MI 48255–4899
544519031 Dillon McCandless King Coulter, Graham, LLP    128 West Cunningham Street    Butler, PA 16001
544533102 DirectV LLC    CT Corporation    1209 N Orange St    Wilmington, DE 19801–1120
544519033 Dish Network LLC    9601 S. Meridian Blvd    Englewood, CO 80112
544519034 Diverse Funding    3580 Harlem Rd Suite 6    Cheektowaga, NY 14215–2045
544519038 Duquesne Light    Payment Processing Center    P.O.BOX67    Pittsburgh, PA 15257–0001
544526209 East Pittsburgh Borough    813 Linden Ave    East Pittsburgh, PA 15112
544519039 Enterprise Rental Car    600 Corporate Park Drive    St. Louis, Missouri 63105
544519201 Estate At Westbury Owners Assoc, Inc    Board of Directors    85 Kensington Blvd    Bluffton, SC
29910–4884
544560304 Estate at Westbury Owners Association, Inc.    C/O Julie A. Franklin, Esq.    25 Thurmond Way,
#2976    Bluffton, South Carolina 29910
544519041 Fifth Third Bank    MD No. ROPS05 Bankruptcy Dept    1850 East Paris SE    Grand Rapids, MI
49546–6253
544519042 First Energy – Penn Power    PO Box 16001    Reading, PA 19612–6001
544519043 Firstsource Advantage, LLC    205 Bryant Woods South    Amherst, N Y 14228
544519044 Forefront Dermatology    801 York Street    Manitowoc, WI 54220
544519045 Fortiva – Bob's Discount Furniture    P.O. Box 650721    Dallas, TX 75265–0271
544519047 Garry Masterson, Weitman, Weinberg, Reis Co    5990 West Creek Road suite 200    Independence, Ohio
44131
544519048 George B. Smythe    4000 S. Faber Place Dr Suite 300    Charleston, SC 29405
544519049 Georgia Traffic    PO Box 80447    Conyers, GA 30013
544519050 Go Store It    1249 Avondale Rd    Hendersonville, TN 37075
544519046 Go Store It    33 Parameter Road    Bluffton, SC 29910
544526233 Go–Store It Management LLC    6805 Carnegie Blvd, Ste 250    Charlotte, NC 28211–4276
544519051 Greensky    PO. Box2730    Alpharetta, GA 30023
544519052 Hargray Communications–Cable One Inc    856 William Hilton Parkway    Hilton Head Island, SC
29928–3423
544519186 Hilton Head Resort    Board of Directors    663 William Hilton Pkwy    Hilton Head, SC
29928–3506
544550512 Hilton Head Resort Four Seasons Centre Horizontal    663 William Hilton Parkway c/o Ron Zold    Hilton
Head Island, SC 29928
544519053 Hilton Head Resort–Four Seasons Centre    HHR Council of Owners    Attn: Board of Directors    663
Wiliam Hilton Parkway    Hilton Head Island, SC 29928–3508
544519054 Home Depot    Centralized Bankruptcy    P.O. Box 790034    St. Louis, MO 63179–0034
544519055 Home Depot Loan    POBox2730    Alpharetta, GA 30023–2730
544519057 Honorable Nicola Henry–Taylor    Allegheny Court of Common Pleas    712 City–County Building    414
Grant St    Pittsburg, PA 15219
544526235 Hughes Network Systems    11717 Exploration Lane    Germantown, MD 20876
544526220 Hughes Network Systems    PO Box 96874    Chicago, IL 60693–6874
544519058 Ian D. Maguire and Tiffany Buffkin    Maguire Law Firm    1600 North Oak Street Suite B    Myrtle
Beach, SC 29577

Case 25-01384-jd    Doc 321    Filed 06/12/26    Entered 06/12/26 16:48:54    Desc
Case 25-01384-jd    Doc 13 Letter to US Attorney    Page 29 of 42 16:17:33    Desc PDF
Document as Notice: Notice Recipients    Page 3 of 4

544519063  JPMCB Card Services        PO Box 15369        Wilmington, DE 19850-5369
544519064  JPMORGAN Chase Bank Bankruptcy        Mail Intake Team        700 Kansas Lane Floor 01        Monroe, LA 71203-4774
544526236  JPMorgan Chase Bank, N.A.        Payments        PO Box 15368        Wilmington, DE 19850
544519099  JPMorgan Chase Bank, N.A.        sbmt Chase Bank USA, N.A.        CO National Bankruptcy Services, LLC        P.O. Box 9013 Addison, Texas 75001
544519066  JPMorgan Chase Bank, N.A.        sbmt Chase Bank USA, NA.        CO Robertson, Anschutz, Schneid, Crane        6409 Congress Avenue, Suite 100        Boca Raton, FL 33487
544519059  Janet Spinelli        100 Kensington Blvd Apt NO. 918        Bluffton, SC 29910-7481
544519060  Jannine M. Mutterer, Esq.        5 Cedar Street        Bluffton, SC 29910
544546660  Jefferson Capital Systems, LLC        PO BOX 7999        SAINT CLOUD, MN 56302-9617
544519061  John Curtis        100 Kensington Blvd Apt NO. 1603        Bluffton, SC 29910-7490
544519187  Jones, Simpson, and Newton PA        Attn: Wm Weston J Newton        7 Plantation Park Drive Suite 3        Bluffton, SC 29910
544519062  Jordan Tax Service        102 Rahway Road        McMurray, PA 15317-3349
544519100  Judy Vanderveer        663 William Hilton Parkway Apt 3121        Hilton Head Island, SC 29928-3524
544519188  Julie A. Franklin, Esq        PO Box 2976        Bluffton, SC 29910-2976
544526221  Kohls        PO Box 3043        Milwaukee, WI 53201-3043
544519189  Komatsu Benefit Dept        Mark Harder        401 E Greenfield Ave        Milwaukee, WI 53204-2941
544519802  LVNV Funding, LLC        Resurgent Capital Services        PO Box 10587        Greenville, SC 29603-0587
544519190  Law Office of Scott M. Wild LLC        Scott M. Wild        37 New Orleans Road Suite F        Hilton Head Island, SC 29928
544526210  Lincoln Township        PO Box 239        Lake George, MI 48633
544519056  Master In Equity        102 Ribaut Road 2nd Floor        Beaufort, SC 29902
544526222  Medical University of South Carolina        1 Poston Rd Ste 220        Charleston, SC 29407
544545480  Melinda Oviatt        P.O. Box 5016        Rochester, MI 48326
544519101  Midland Credit Management        320 East Big Beaver Suite 300        Troy, MI 48083
544519102  Monevolnc        8910 University Cntr Lane Suite 400        San Diego, CA 92122
544519191  Morgan Lewis and Bockius LLP        Attn: Matt Hawes        One Oxford Centre, Thirty-Second FL        Pittsburg, PA 15219-6401
544519103  Morgan S. Templeton        145 King Street Suite 300        Charleston, SC 29402
544519104  Mr. Cooper        P.O. Box 619094        Dallas, TX 75261
544519192  Mutterer Law Firm, LLC        Jannine M. Mutterer, Esq        5 Red Cedar Street Suite 102        Bluffton, SC 29910
544519108  NES        2479 Edison Blvd Unit A        Twinsburg, OH 44087
544519112  NORTHSTAR LOCATION SERVICES        4285 GENESEE STREET        CHEEKTOWAGA, NY 14225-1943
544519105  National Credit Systems        Attn: Bankruptcy        PO Box 672288        Marietta, GA 30006-0039
544526245  National Recovery Agency        2491 Paxton St        Harrisburg, PA 17111
544519106  Nationstar Mortgage        PO Box 199111        Dallas, TX 75219-9111
544547091  Nationstar Mortgage LLC        Bankruptcy Department        PO Box 619096        Dallas TX 75261-9741
544519193  Nationstar Mortgage, LLC        Attn: Bankruptcy Department        PO Box 619096        Dallas, TX 75261-9741
544519174  Nationstar Mortgage, LLC        James Page        Bell Carrington Price & Gregg, LLC        339 Heyward St, Second Floor        Columbia, SC 29201-4390
544519107  Nationwide Credit Inc        1225 Washington St Ste 301        Tempe, AZ 85288
544519175  Norman Jewelry and Loan        24777 Telegraph Suite B        Southfield, MI 48034
544519109  Norman's        24777 Telegraph Rd        Southfield, MI 48033
544519117  Office Depot        P.O. Box 78004        Phoenix, AZ 85062
544519113  Office Depot Business Credit        Dept563-8406380360        P.O. Box 70612        Philadelphia, PA 19176-0612
544519114  Office of Sheriff Beaufort County        P.O. Box 1758        Beaufort, SC 29901
544519118  Ohio Turnpike EZ Pass        PO Box 94672        Cleveland, OH 44101
544519119  PA Dept of Revenue        Bureau of Individual Taxes        PO. BOX 280504        Harrisburg, PA 17128-0504
544519120  PA Turnpike Toll By Plate        PO. Box 645631        Pittsburgh, PA 15264-5254
544519128  PLYMOUTH ROCK ASSURANCE        695 ATLANTIC AVE        BOSTON, MA 02111
544519129  PNC Bank        1900 E 9th St        Cleveland, OH 44114
544526241  PNC Bank        PO Box 609        Pittsburgh, PA 15230-9738
544548340  PNC Bank NA        Bankruptcy Department        PO BOX 94982        Cleveland, OH 44101
544526242  PNC National Association        PO Box 5570        Cleveland, OH 44101-0570
544526246  PODS Enterprises, LLC        13535 Feather Sound Dr        Clearwater, FL 33762
544526223  Pacer Service Center        PO Box 780549        San Antonio, TX 78278
544519176  Palmetto Electric        Attn: Michelle Tyler        111 Matthews Drive        Hilton Head Island, SC 29926
544526244  Palmetto Electric Cooperative, Inc        PO Box 70878        Charlotte, NC 28272-0878
544544977  Penn Power        5001 NASA Blvd        Fairmont, WV 26554
544526232  Penn Power        PO Box 3687        Akron, OH 44309-3687
544519123  Peoples Gas        PO. Box 644760        Pittsburgh, PA 15264-4760
544519124  Pioneer Foot Care        2021 Freepo Rd        Arnold, PA 15068
544519125  Pittsburgh Water and Sewer        1200 Penn Ave        Pittsburgh, PA 15222
544519130  Pods Legal Dept        280 Leetsdale Industrial Dr, Suite 200        Leetsdale, PA 15056
544519131  Pods Legal Dept        5585 Rio Vista Dr        Clearwater, FL 33760
544519177  Polly Nicola        2583 Lower Assembly Drive        Fort Mill, SC 29708
544519133  Portfolio Recovery        P.O. Box 8828        Wilmington, DE 19899-8828        Progressive Insurance
544519178  Progressive Insurance        30440 Lakeland Blvd        Wickliffe, OH 44092
544526247  Quantum3 Group LLC        PO Box 2489        Kirkland, WA 98083-2489
544519135  Quantum3 Group LLC agent for        Crown Asset Management LLC        PO Box 788        Kirkland, WA 98083-0788

Case 25-01384-jd   Doc 321   Filed 06/12/26   Entered 06/12/26 16:48:54   Desc
Case 25-01384-jd   Doc 13tter to FLL Ad009/25   Page 800 /42/25 16:17:33   Desc PDF
Document as Notice: Notice Recipients   Page 4 of 4

| | | | |
|---|---|---|---|
| 544533833 | Quantum3 Group LLC as agent for | Crown Asset Management LLC | PO Box 788 | Kirkland, WA 98083-0788 |
| 544533548 | Quantum3 Group LLC as agent for | MOMA Trust LLC | PO Box 788 | Kirkland, WA 98083-0788 |
| 544519136 | Radius Global Solutions | 7831 Glenroy Road Suite 250 | Minneapolis, MN 55439 |
| 544519137 | Resurgent Receivables, LLC | Resurgent Capital Services | PO Box 10587 | Greenville, SC 29603-0587 |
| 544519138 | Ronald Zold | 1 Long Cnnc Ct | Bluffton, SC 29909-7113 |
| 544519139 | S.C. Dept of Revenue and Taxation | P.O. Box 125 | Columbia, SC 29214 |
| 544519140 | SC Department of Revenue | Office of General Counsel | 300A Outlet Pointe Blvd | Columbia, SC 29210 |
| 544519141 | Scott M. Wild | 37 New Orleans Road Suite F | Hilton Head Island, SC 29928 |
| 544519142 | Semina DeLaurentis | 66 Quail Run | Torrington, CT 06790-2549 |
| 544519143 | Shannon Cummings | 302 N. Lake St | Harrison,MI 48625 |
| 544533101 | Smith Debnam Narron Drake Saintsing | and Myers, LLP | ATTN: Lucas S. Fautua | 171 Church St, Ste 120C | Charleston, SC 29401-3136 |
| 544519144 | South Carolina Dept of Motor Vehicles | PO Box 1498 | Blythewood, SC 29016-0028 |
| 544551440 | Spa on Port Royal Sound Horizontal Property Regime | c/o Lucas S. Fautua, Esquire | Smith Debnam | 171 Church Street, Suite 120C | Charleston, SC 29401 |
| 544519145 | Spectrum Mobile | Credit Control, LLC | 3300 Rider Trail S, Suite 500 | Earth City, MO 63045 |
| 544526249 | St. Barnabas | 5850 Meridian Rd | Gibsonia, PA 15044 |
| 544519146 | Synchrony Bank | PO Box 669809 | Dallas, TX 75266-0170 |
| 544519147 | Synergetic Communication | PO. Box 680608 | Franklin, TN 3 7068 |
| 544526252 | T-Mobile | Care of American Infosource, LP | 4515 N Santa Fe Ave | Oklahoma City, OK 73118-7901 |
| 544519149 | T-Mobile | PO Box 742596 | Cincinnati, OH 45274-259 |
| 544526251 | T-Mobile Customer Relations | PO Box 37380 | Albuquerque, NM 87176-7380 |
| 544519153 | TBOM-ATLS-Fortiva | 6 Concourse Parkway | 2nd Floor-mailroom | Atlanta, GA 30328-6117 |
| 544526224 | TD Bank | PO Box 840 | Columbus, GA 31908 |
| 544519154 | TD Bank | PO Box 84037 | Columbus, GA 31908-4037 |
| 544519155 | TD Bank North NA | 70 Gray Road | Falmouth, ME 041052299 |
| 544519156 | TD Bank USA-Target Credit | POBox673 | Minneapolis, MN 55440-0673 |
| 544519148 | TMobile | CO American Infosource LP | 4515 N Santa Fe Ave | Oklahoma City, OK 73118-7901 |
| 544519150 | Tamara Slank | 14686 Oakwood Drive | Shelby Township, MI 48315-1530 |
| 544526248 | Target Card Services | PO Box 660170 | Dallas, TX 75266-0170 |
| 544519151 | Tate and Kirlin Assoc | 4800 East Street Rd Suite 170 | Trevose, PA 19053 |
| 544519179 | Taybron Law Firm LLC | 3399 Churchview Ave | Pittsburgh, PA 15227-4358 |
| 544519157 | The Hertz Corporation | 8501 Williams Road | Estero, FL 33928-3325 |
| 544519158 | The Huntington National Bank | 5555 Cleveland Avenue GW4W25 | Columbus, OH 43231 |
| 544519159 | The Huntington National Bank | PO Box 89424 OPC856 | Cleveland, OH 44101-8539 |
| 544519182 | The Spa on Port Royal Sound | Board of Directors | 239 Beach City Road | Hilton Head, SC 29926-4707 |
| 544519160 | Ticket Division | PA Turnpike EZ Pass | 3 00 East Park Dr | Harrisburg, PA 17111 |
| 544519183 | Title Max Corporation | 155 Bill St | Savannah, GA 31401-2685 |
| 544519161 | Traffic Magistrate | 4819 Bluffton Parkway | Bluffton, SC 29910-4622 |
| 544521096 | U.S. Department of Education c/o Nelnet | 121 South 13th Street | LINCOLN, NE 68508 |
| 544519162 | UPMC | Credit Management Company | P.O. Box 16348 |
| 544519126 | UPMC | P.O. Box 371472 | Pittsburgh, PA 15242 |
| 544526243 | US Courts, PACER | PO Box 5208 | Portland, OR 97208 |
| 544519163 | US Department of Education | CO Nelnet | 121 South 13th Street | Lincoln, NE 68508 |
| 544526253 | US Department of Education | PO Box 2837 | Portland, OR 97208 |
| 544526255 | University of Michigan Deaborn | 4901 Evergreen Rd | Dearborn, MI 48128 |
| 544526231 | Valor Intelligent Processing, LLC | 12005 Ford Rd 700 | Dallas, TX 75234 |
| 544526256 | Verizon | 1095 Avenue of the Americans | New York, NY 10036 |
| 544519165 | Verizon Wireless Bankruptcy Admin | 500 Technology Drive, Suite 550 | Weldon Spring, MO 63304 |
| 544519166 | Viking Client Services | Hertz Damage Recovery Team | 7500 Office Ridge Circle, Suite 100 | Eden Prairie, MO 55344-3763 |
| 544523152 | WEST-AIRCOMM FEDERAL CREDIT UNION | c/o Weltman, Weinberg & Reis Co., LPA | 5990 West Creek Rd, Suite 200 | INDEPENDENCE, OH 44131 |
| 544526211 | Wayne Co Treasurer | 400 Monroe 5th Floor | Detroit, MI 48226 |
| 544545481 | Wayne County Treasurer | 400 Monroe Street, Fifth Floor | Detroit, MI 48226 |
| 544519168 | Wells Fargo Bank | PO. Box 5058 | Portland, OR 97208-5058 |
| 544519169 | West Virgina Trafc Division | 300 Spruce St | Morgantown, WV 26505 |
| 544519170 | West Virginia EZ Pass | PO Box 1469 | Charleston, WV 25325 |
| 544519203 | West-Aircomm FCU | CO Weitman, Weinberg And. Reis Co LPA | 5990 West Creek Road Suite 200 | Independence, OH 44131 |
| 544519204 | Westlake Financial | 2 Equity Way Ste 200 | Westlake, OH 44145-1045 |
| 544551316 | Westlake Services, LLC dba Westlake Financial Serv | 4751 Wilshire Blvd, Suite 100 | Los Angeles, CA 90010 |
| 544519171 | Woodlands at St Barnabas | Attn: Tom Breth | 128 West Cunningham Street | Butler, PA 16001 |
| 544519205 | Wright's Custom Body Shop LLC | 1216 Leeson Ave | Cadillac, MI 49601-9097 |
| 544519172 | Youngstown State University | 1 Tressel Way | Youngstown, OH 44555 |
| 544519173 | Zeidmans | 2669 Gratiot Ave | Detroit, MI 48207 |
| 544519206 | Zeidmans Jewelry | Thomas LaBret and-or Current President | 24810 Evergreen Road | Southfield, MI 48075 |

TOTAL: 231

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | B/K Case No. 25-01384-JD |
| JACQUELINE ELIZABETH ARD and | ) | |
| TERRY FRANK NICOLA | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |

---

### CONSENT ORDER VOIDING TRANSFERS

---

THIS MATTER comes before this Court upon the consents of Kevin Campbell, the duly appointed and acting Chapter 7 Trustee for the above Debtors (the "Trustee") and Jacqueline Elizabeth Ard and Terry Frank Nicola (the "Debtors") agreeing that certain post-petition transfers made by the Debtors are *void ab initio*.

The Debtors filed for Chapter 13 relief on April 10, 2025. On April 25, 2025, under the penalty of perjury, the Debtors filed with the Bankruptcy Court Schedule A/B which disclosed an ownership interest in (a) 100 Kensington Blvd., Unit 1106, Bluffton, SC 29910; (b) 663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC 29928; (c) 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926; and (d) 663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC 29928. The Debtors also disclosed a 100% ownership interest in Beachside Estates, LLC, a South Carolina limited liability corporation. On September 9, 2025 the case was converted to Chapter 7.

On August 26, 2025, without authorization from the Bankruptcy Court, and in violation of 11 U.S.C. §549, Jacqueline Ard conveyed her interest in the real property known as 239 Beach City Road, Unit 3218, Hilton Head Island, SC 29926 to Beachside Estates, LLC. This deed was recorded by the Beaufort County Register of Deeds in Book 4460 at Pages 37-40.

On August 26, 2025, without authorization from the Bankruptcy Court, and in violation of 11 U.S.C. §549, Jacqueline Ard conveyed her interest in the real property known as 100 Kensington Blvd., Unit 1106, Bluffton, SC 29901 to Beachside Estates, LLC. This deed was recorded by the Beaufort County Register of Deeds in Book 4460 at Pages 41-44.

On August 28, 2025, without authorization from the Bankruptcy Court, and in violation of 11 U.S.C. §549, Jacqueline Ard and Terry F. Nicola conveyed their interest in the real property known as 663 William Hilton Parkway, Unit 4408, Hilton Head Island, SC 29926 to Beachside Estates, LLC. This deed was recorded by the Beaufort County

1

Register of Deeds in Book 4461 at Pages 781-784.

On August 28, 2025, without authorization from the Bankruptcy Court, and in violation of 11 U.S.C. §549, Jacqueline Ard and Terry F. Nicola conveyed their interest in the real property known as 663 William Hilton Parkway, Unit 4405, Hilton Head Island, SC 29926 to Beachside Estates, LLC.  This deed was recorded by the Beaufort County Register of Deeds in Book 4461 at Pages 785-788.

I find this matter is properly before this Court and based upon the consents below, it is, therefore

ORDERED, ADJUDGED and DECREED that the above transfers violate 11 U.S.C. §549 and are therefore *void ab initio*;

IT IS FURTHER ORDERED that the Trustee may attach this Order as an Exhibit to any Trustee Deed being presented to the Beaufort County Register of Deeds for recording;

IT IS SO ORDERED!

**FILED BY THE COURT**
**12/03/2025**

US Bankruptcy Judge
District of South Carolina

Entered: 12/03/2025

2

JACQUELINE ELIZABETH ARD and
TERRY FRANK NICOLA
B/K Case No. 25-01384-JD
CONSENT ORDER VOIDING TRANSFERS

I CONSENT:

CAMPBELL LAW FIRM, P.A.

MICHAEL H. CONRADY
Attorney for the Trustee
P.O. Box 684
Mt. Pleasant, SC 29465
(843) 884-6874/884-0997(fax)
District Court I.D. No. 5560
mconrady@campbell-law-firm.com

WE CONSENT:

11·19·2025
JACQUELINE ELIZABETH ARD

11-19-2025
TERRY FRANK NICOLA

Case 25-01384-jd    Doc 321    Filed 06/12/26    Entered 06/12/26 16:48:54    Desc
Case 25-01384-jd    Doc 208er to-USd Attonsey6    Page 34 of 42 25 12:32:50    Desc PDF
Document as Notice: Notice Recipients    Page 1 of 1

# Notice Recipients

District/Off: 0420−2         User: admin              Date Created: 12/3/2025
Case: 25−01384−jd           Form ID: pdf01           Total: 1


**Recipients of Notice of Electronic Filing:**
tr          Kevin Campbell          kcampbell@campbell−law−firm.com

                                                                    TOTAL: 1

# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number:  **25-01384-jd**

## Order Denying Motion and Setting Hearing

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**04/02/2026**



S. Jefferson Davis IV

US Bankruptcy Judge
District of South Carolina

Entered: 04/02/2026

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | CASE NO: 25-01384-jd |
| Debtor(s). | ORDER DENYING MOTION AND SETTING HEARING |

To:   Jacqueline Elizabeth Ard

Jacqueline Elizabeth Ard ("Ard") filed a motion styled as Debtor's Emergency Motion for Authority to Manage and Perform Existing Pre-Petition Short-Term Rental Contracts for a Limited Period ("Motion"). The Motion indicates that Ard was directed by the chapter 7 trustee to "cancel existing guest reservations" and the Motion appears to be an attempt to avoid this request.[1] The chapter 7 trustee has exclusive use and control over property of the estate pursuant to 11 U.S.C. §§ 363(b) and 704. The properties listed are property of the estate.[2] All relief requested in the Motion is denied because the same contravenes the plain language of the bankruptcy code.

It appears from the Motion that Ard may be continuing to use property of the estate and collect proceeds from property of the estate following the conversion of this case to chapter 7. Pursuant to 11 U.S.C. §§ 105(a) and 521(a)(4), within fourteen days of the entry of this Order, Ard shall turnover to the chapter 7 trustee:

1. Any and all receipts, ledgers, and other documents concerning the rental and income of any and all property of the estate the petition date;
2. Any and all transaction history reports, owner statements, payout reports, reservation history reports, earnings summaries, and any other report available through AirBNB, VRBO,  or any other rental platforms Debtors may use to show bookings of and earn income from property of the estate since the petition date; and
3. To the extent not captured above, any and all documentation from AirBNB, VRBO, and any other rental platform where Ard has listed rental property, evidencing the booking dates of the short-term rentals referenced in the Motion.

---

[1] To the extent the reservations were pre-petition, as alleged, they were not properly disclosed in Schedule G.

[2] "Property of the estate" includes all property described in 11 U.S.C. § 541, including but not limited to, all property disclosed on Schedules A/B.

A hearing shall be held at the date and time set forth below to ascertain Ard's use and rental of property of the estate following the conversion of this case to chapter 7. The chapter 7 trustee may file a response to this Order indicating Ard's compliance with the turnover requirements above, or requesting that the hearing be cancelled based on his independent investigation and Ard's compliance with this Order.

Date:         May 13, 2026

Time:         10:00AM

Place:        King & Queen Building, 145 King Street, Room 225, Charleston, South Carolina

Any response or return must be filed with:

United States Bankruptcy Court
1100 Laurel Street
Columbia, SC 29201

You must also send a copy to:

Kevin Campbell
PO Box 684
Mount Pleasant, SC 29465

**AND IT IS SO ORDERED.**

# Notice Recipients

District/Off: 0420–2          User: admin                Date Created: 4/2/2026

Case: 25–01384–jd            Form ID: pdf01            Total: 24

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | US Trustee's Office | USTPRegion04.CO.ECF@usdoj.gov |
| tr | Kevin Campbell | kcampbell@campbell–law–firm.com |
| aty | Benjamin Edward Grimsley | ben.grimsley@smithrobinsonlaw.com |
| aty | Dean S. Haskell | dhaskell@jsplaw.net |
| aty | Elizabeth H Parrott | elizabeth.parrott@mccalla.com |
| aty | J. Ronald Jones, Jr. | rjones@smithdebnamlaw.com |
| aty | John B. Kelchner | jkelchner@turnerpadget.com |
| aty | Julie A. Franklin | jfranklinlegal@gmail.com |
| aty | Lucas S. Fautua | lfautua@smithdebnamlaw.com |
| aty | Michael H. Conrady | mconrady@campbell–law–firm.com |
| aty | Richardo Kilpatrick | rkilpatrick@shermeta.com |
| aty | Scott M Wild | scott@wildlawfirm.com |
| aty | Tara E. Nauful | tara@bestlawsc.com |

TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Jacqueline Elizabeth Ard | 21215 Dartmouth Dr     Southfield, MI 48076–5634 |
| jdb | Terry Frank Nicola | 21215 Darthmouth     Southfield, MI 48076 |
| cr | WEST–AIRCOMM FEDERAL CREDIT UNION     c/o Weltman, Weinberg & Reis Co., LPA     5990 West Creek Rd, Suite 200     INDEPENDENCE, OH 44131 UNITED STATES | |
| cr | Nationstar Mortgage LLC     c/o McCalla Raymer Leibert Pierce, LLC     Bankruptcy Department     1544 Old Alabama Road     Roswell, GA 30076 UNITED STATES | |
| cr | Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC     4515 N Santa Fe Ave. Dept. APS     Oklahoma City, OK 73118 | |
| cr | Estate at Westbury Owners Association, Inc.     C/O Counsel     25 Thurmond Way     #2976     Bluffton, SC 29910 | |
| cr | Hilton Hear Resort Four Seasons Centre Horizontal Property Regime Council of Co–Owners, Inc our Seasons Centre Horizontal Pr     C/o Jones, Simpson & Newton     P.O. Box 1938     Bluffton, SC 29910 UNITED STATES | |
| cr | Strada     PO Box 299116     Lewisville, TX 75029–9116 | |
| cr | East Pittsburgh Borough     813 Linden Ave     East Pittsburg, PA 15112 | |
| dft | Scott M Wild     Law Office of Scott M Wild LLC     37 New Orleans Road     Suite F     HILTON HEAD ISLAND, SC 29928 UNITED STATES | |
| aty | Garry Masterson     Weltman, Weinberg and Reis Co., LPA     5990 West Creek Rd.     Suite 200     Independence, OH 44131 | |

TOTAL: 11

## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **25-01384-jd**

### Order to Appear and Show Cause

The relief set forth on the following pages, for a total of 3 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/13/2026**



Entered: 05/13/2026

_L. Jefferson Davis IV_
US Bankruptcy Judge
District of South Carolina

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: | CHAPTER 7 |
|---|---|
| Jacqueline Elizabeth Ard and Terry Frank Nicola, | CASE NO: 25-01384-jd |
| Debtor(s). | ORDER TO APPEAR AND SHOW CAUSE |

To:    Jacqueline Elizabeth Ard

Jacqueline Elizabeth Ard ("Ard") filed a motion styled as Debtor's Emergency Motion for Authority to Manage and Perform Existing Pre-Petition Short-Term Rental Contracts for a Limited Period ("Motion"). On April 2, 2026 the Court denied the Motion and set a further hearing on the matter for May 13, 2026.[1] Counsel for the chapter 7 trustee appeared but Ard did not.

It appears from the Motion that Ard was attempting to exercise control over certain property of the estate. Such property is within the exclusive use and control of the chapter 7 trustee pursuant to 11 U.S.C. §§ 363(b) and 704. Pursuant to 11 U.S.C. §§ 105(a) and 521(a)(4), the Order denying the Motion required Ard to produce the following to the chapter 7 trustee within fourteen days:

1. Any and all receipts, ledgers, and other documents concerning the rental and income of any and all property of the estate as of the petition date;
2. Any and all transaction history reports, owner statements, payout reports, reservation history reports, earnings summaries, and any other report available through AirBNB, VRBO, or any other rental platforms Debtors may use to show bookings of and earn income from property of the estate since the petition date; and
3. To the extent not captured above, any and all documentation from AirBNB, VRBO, and any other rental platform where Ard has listed rental property, evidencing the booking dates of the short-term rentals referenced in the Motion.

Ard failed to comply with this Order.

THEREFORE IT IS ORDERED that Ard shall produce all documents, enumerated in 1-3 above, to the chapter 7 trustee on or before May 27, 2026.

---

[1] ECF No. 299.

IT IS FURTHER ORDERED that Jacqueline Elizabeth Ard shall appear at the date, time and place set forth below, to show cause why sanctions should not be imposed pursuant to 11 U.S.C. § 105(a), why a finding of civil contempt should not be made for her failure to comply with the April 2, 2026 order of this Court, and why this matter should not be certified to the United States District Court for District of South Carolina for a determination of whether to find her in criminal contempt.

Date:        June 3, 2026

Time:        11:00AM

Place:       King & Queen Building, 145 King Street, Room 225, Charleston, South Carolina

IT IS FURTHER ORDERED that, in the event of the failure on the part of Jacqueline Elizabeth Ard to personally appear before this Court as set forth above, the Court may issue process to secure the presence of Jacqueline Elizabeth Ard, including requesting the assistance of law enforcement in bringing her before the Court.

**AND IT IS SO ORDERED.**

# Notice Recipients

District/Off: 0420–2            User: admin                Date Created: 5/13/2026
Case: 25–01384–jd              Form ID: pdf01             Total: 24

**Recipients of Notice of Electronic Filing:**
ust        US Trustee's Office          USTPRegion04.CO.ECF@usdoj.gov
tr         Kevin Campbell               kcampbell@campbell–law–firm.com
aty        Benjamin Edward Grimsley          ben.grimsley@smithrobinsonlaw.com
aty        Dean S. Haskell              dhaskell@jsplaw.net
aty        Elizabeth H Parrott          elizabeth.parrott@mccalla.com
aty        J. Ronald Jones, Jr.         rjones@smithdebnamlaw.com
aty        John B. Kelchner             jkelchner@turnerpadget.com
aty        Julie A. Franklin            jfranklinlegal@gmail.com
aty        Lucas S. Fautua              lfautua@smithdebnamlaw.com
aty        Michael H. Conrady           mconrady@campbell–law–firm.com
aty        Richardo Kilpatrick          rkilpatrick@shermeta.com
aty        Scott M Wild       scott@wildlawfirm.com
aty        Tara E. Nauful              tara@bestlawsc.com

                                                                TOTAL: 13

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db         Jacqueline Elizabeth Ard          21215 Dartmouth Dr          Southfield, MI 48076–5634
jdb        Terry Frank Nicola          21215 Darthmouth          Southfield, MI 48076
cr         WEST–AIRCOMM FEDERAL CREDIT UNION          c/o Weltman, Weinberg & Reis Co., LPA          5990 West
           Creek Rd, Suite 200          INDEPENDENCE, OH 44131 UNITED STATES
cr         Nationstar Mortgage LLC          c/o McCalla Raymer Leibert Pierce, LLC          Bankruptcy Department          1544
           Old Alabama Road          Roswell, GA 30076 UNITED STATES
cr         Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LLC          4515 N Santa Fe
           Ave. Dept. APS          Oklahoma City, OK 73118
cr         Estate at Westbury Owners Association, Inc.          C/O Counsel          25 Thurmond Way          #2976          Bluffton,
           SC 29910
cr         Hilton Hear Resort Four Seasons Centre Horizontal Property Regime Council of Co–Owners, Inc our Seasons Centre
           Horizontal Pr          C/o Jones, Simpson & Newton          P.O. Box 1938          Bluffton, SC 29910 UNITED STATES
cr         Strada          PO Box 299116          Lewisville, TX 75029–9116
cr         East Pittsburgh Borough          813 Linden Ave          East Pittsburg, PA 15112
dft        Scott M Wild          Law Office of Scott M Wild LLC          37 New Orleans Road          Suite F          HILTON
           HEAD ISLAND, SC 29928 UNITED STATES
aty        Garry Masterson          Weltman, Weinberg and Reis Co., LPA          5990 West Creek Rd.          Suite
           200          Independence, OH 44131

                                                                TOTAL: 11