Filed By The Court
8/28/2026 1:51 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and Terry Nicola**<br><br>**Debtors.** | BK CASE NO.:25-01384-JD<br>CHAPTER 7<br><br>**EMERGENCY MOTION TO CONTINUE SEPTEMBER 2, 2026 EVIDENTIARY HEARING** |

## EMERGENCY MOTION TO CONTINUE SEPTEMBER 2, 2026 EVIDENTIARY HEARING DUE TO ACUTE MEDICAL AND CAREGIVING EMERGENCY AND INABILITY TO MEANINGFULLY PREPARE FOR OR PARTICIPATE IN EVIDENTIARY HEARING

Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), appearing pro se, respectfully move for a reasonable continuance of the evidentiary hearing presently scheduled for **September 2, 2026 at 10:00 a.m.** on Debtor Ard's Motion for Leave to File Objection Out of Time.

This Motion is based upon acute and continuing medical complications affecting Mr. Nicola that require Debtor Ard's immediate caregiving assistance and presently prevent Debtor Ard from meaningfully preparing for or participating in the September 2 evidentiary hearing, whether in person or remotely.

Debtors acknowledge that counsel for Chapter 7 Trustee Kevin Campbell has advised that the July 30, 2026, Notice of Settlement identified September 2, 2026, as the date upon which objections to the proposed settlement would be heard.

The present request, however, is not based upon an assertion that Debtor Ard had no prior notice that September 2 appeared on the Court's calendar in connection with the proposed settlement.

Rather, on August 24, 2026, the Court entered a separate Notice of Hearing specifically scheduling Debtor Ard's Motion for Leave to File Objection Out of Time for September 2 and,

importantly, expressly providing that the proceeding **"will be an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(e) unless otherwise ordered."**

The August 24 Notice therefore clarified the nature and scope of the proceeding Debtor Ard must now prepare to prosecute, including the potential presentation of testimony and documentary evidence concerning the factual circumstances supporting her Motion for Leave.

Since that notice, acute medical complications affecting Mr. Nicola have required substantial and immediate caregiving assistance from Debtor Ard. Those circumstances presently prevent her from completing the preparation required for an evidentiary hearing and also prevent meaningful participation either in person or remotely.

Debtor Ard contacted counsel for Trustee Campbell in a good-faith effort to obtain consent to a continuance. Counsel advised that the Trustee is presently unavailable and therefore cannot consent, and further stated that the Trustee would prefer that the hearing not be continued because of the asserted **need to proceed with listing real property for sale**.

Because consent has not been obtained, Debtors submit this written Motion and respectfully request that the Court determine whether the present medical circumstances warrant a reasonable continuance.

## I. THE AUGUST 24 NOTICE SPECIFICALLY DESIGNATED THE HEARING ON DEBTOR ARD'S MOTION AS AN EVIDENTIARY HEARING

1. On July 30, 2026, the Chapter 7 Trustee filed a Notice and Application concerning the proposed compromise.
2. Debtors acknowledge counsel's representation that the July 30 Notice identified September 2, 2026, as the hearing date applicable to objections to the proposed compromise.
3. Debtors therefore do not base the present Motion upon an assertion that September 2 was first identified as a potential hearing date on August 24.

4. The procedural circumstances materially changed, however, when the Court entered its separate **August 24, 2026, Notice of Hearing** concerning Debtor Ard's Motion for Leave to File Objection Out of Time.
5. That Notice specifically states:

"Motion for Leave to File Objection Out Of Time Filed by Jacqueline Elizabeth Ard. The scheduled hearing will be an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(e) unless otherwise ordered."

6. Thus, while September 2 may previously have been identified as the date for hearing objections to the proposed settlement, Debtor Ard received specific notice on August 24 that **her Motion for Leave itself would proceed as an evidentiary hearing under Rule 9014(e).**
7. That distinction materially affects the preparation required of a self-represented litigant.
8. Debtor Ard must now be prepared, as necessary, to testify concerning the circumstances supporting her Motion for Leave, authenticate or identify supporting documents, organize exhibits, respond to opposing evidence, and answer questions concerning the factual circumstances relevant to relief under Fed. R. Bankr. P. 9006(b)(1).
9. Debtor Ard intends to prosecute her Motion and present whatever competent evidence the Court determines appropriate.
10. She does not seek to avoid the evidentiary hearing.

## II. ACUTE MEDICAL AND CAREGIVING CIRCUMSTANCES PRESENTLY PREVENT PARTICIPATION EITHER IN PERSON OR REMOTELY

11. Mr. Nicola suffers from advanced Parkinson's disease and substantial neurological and mobility limitations.
12. Debtor Ard is his spouse and primary caregiver.
13. Mr. Nicola is presently experiencing acute and continuing medical complications requiring substantial and immediate caregiving assistance from Debtor Ard.
14. These circumstances arose and/or materially intensified during the period in which Debtor Ard was required to prepare for the September 2 evidentiary hearing.

15. Debtor Ard presently cannot leave Mr. Nicola for the interstate travel necessary to attend the Charleston hearing in person.
16. **Remote appearance does not presently resolve the problem.**
17. Although remote participation would eliminate interstate travel, it would not eliminate the immediate caregiving demands that presently prevent Debtor Ard from obtaining the uninterrupted preparation and participation time required for an evidentiary proceeding.
18. The medical circumstances therefore presently prevent meaningful participation **both in person and remotely.**
19. Debtor Ard separately suffers from paralysis affecting her dominant right hand, which materially increases the time and physical effort required to type pleadings, scan documents, organize exhibits, manipulate papers, assemble evidence, and otherwise prepare for an evidentiary hearing.
20. The combination of Debtor Ard's independent physical impairment and the acute caregiving demands associated with Mr. Nicola's present medical complications has made meaningful preparation for the September 2 evidentiary proceeding impracticable.

## III. THE REQUEST COMPLIES WITH THE COURT'S PROCEDURE FOR A NONCONSENSUAL CONTINUANCE

21. Debtors understand that the Court's Chambers Guidelines require continuance requests to be made as soon as possible.
22. Debtors further understand that when consent of all affected parties cannot be obtained, a pro se party should seek relief through a filed and served written motion.
23. Debtor Ard therefore contacted counsel for Chapter 7 Trustee Kevin Campbell in a good-faith effort to determine whether the Trustee would consent to continuing the September 2 hearing.
24. On August 28, 2026, counsel Michael H. Conrady responded, in relevant part, that:

    a. Trustee Campbell is out of the office on a religious retreat and will not return until Monday;

    b. because the Trustee is unavailable, the Trustee cannot presently consent to the requested continuance;

c. counsel stated that time is of the essence concerning listing the real property for sale and that the Trustee would prefer not to continue the hearing; and

d. counsel further advised that the July 30 Notice of Settlement identified September 2 as the hearing date for objections.

25. Accordingly, Debtors have made the required good-faith effort to consult with the opposing party, but consent has not been obtained.
26. Debtors therefore submit the present written Motion and request that the Court determine the request.
27. Debtors are submitting this Motion promptly after determining that Mr. Nicola's continuing medical complications prevent Debtor Ard from meaningfully preparing for and participating in the September 2 evidentiary hearing.

## IV. THE TIMING OF THE REQUEST SHOULD BE CONSIDERED IN LIGHT OF THE AUGUST 24 EVIDENTIARY-HEARING DESIGNATION AND THE INTERVENING MEDICAL EMERGENCY

28. Debtors respectfully acknowledge the importance of presenting continuance requests sufficiently in advance to avoid unnecessary inconvenience to the Court and other parties.
29. The present circumstances, however, are unusual.
30. Although September 2 had previously been identified as the hearing date associated with objections to the proposed compromise, the Court's **August 24 Notice specifically placed Debtor Ard's Motion for Leave on the calendar and designated that proceeding as an evidentiary hearing under Rule 9014(e).**
31. That designation imposed preparation requirements materially different from preparing solely for legal argument concerning a settlement objection.
32. The Court's Chambers Guidelines contemplate advance preparation for contested evidentiary proceedings, including notification concerning live testimony and documentary evidence and arrangements concerning exhibits.
33. The interval between the August 24 evidentiary-hearing designation and September 2 materially compressed Debtor Ard's ability to complete those requirements.
34. During that same period, Mr. Nicola experienced continuing acute medical complications requiring Debtor Ard's immediate attention as his primary caregiver.

35. Those circumstances also prevented Debtor Ard from determining earlier that neither physical nor remote participation would be reasonably possible on September 2.
36. The timing of this request therefore results from the combined effect of **the August 24 designation of Debtor Ard's Motion as an evidentiary hearing and an intervening and continuing medical emergency**, rather than neglect, lack of diligence, or a desire to delay the proceedings.

## V. THE TRUSTEE'S STATED INTEREST IN PROMPTLY LISTING THE PROPERTY DOES NOT REQUIRE DENIAL OF A REASONABLE, LIMITED CONTINUANCE

37. Debtors acknowledge counsel's representation that the Trustee believes time is of the essence in listing real property for sale and therefore prefers that the hearing proceed on September 2.
38. Debtors do not minimize the Trustee's responsibility to administer estate property efficiently.
39. The requested continuance, however, is not indefinite.
40. Debtor Ard seeks only sufficient additional time for the present medical emergency to stabilize and to permit meaningful preparation for the evidentiary hearing ordered by the Court.
41. The prejudice to Debtor Ard from being required to prosecute an evidentiary matter while unable to adequately prepare or participate must be weighed against the limited administrative delay resulting from a reasonable continuance.
42. The proposed compromise itself involves disputed interests of substantial consequence, and Debtor Ard's Motion for Leave determines whether her objection to that compromise will be heard.
43. A brief continuance would preserve the Court's ability to adjudicate those issues on a developed evidentiary record rather than requiring Debtor Ard either to proceed while medically and functionally unable to meaningfully participate or risk forfeiture of her objection.
44. Debtors therefore respectfully request the **next reasonably available evidentiary hearing date that provides sufficient preparation time following stabilization of the**

**present medical circumstances**, or such date as the Court determines appropriate after consultation with the parties.

## VI. GOOD FAITH

45. Debtor Ard has no intention of abandoning her Motion for Leave or her objection.
46. She intends to appear, testify if necessary, submit admissible evidence, answer the Court's questions, and prosecute the Motion once the present emergency permits meaningful preparation and participation.
47. This request is not intended to delay administration of the bankruptcy estate.
48. It is intended to ensure that an evidentiary determination affecting substantial asserted property interests occurs only after Debtor Ard has a meaningful opportunity to prepare and participate.

## WHEREFORE

Jacqueline Elizabeth Ard and Terry Frank Nicola respectfully request that the Court:

**A.** GRANT this Emergency Motion;

**B.** CONTINUE the September 2, 2026 evidentiary hearing to the next reasonable date that provides sufficient time for stabilization of the present medical circumstances and preparation for the evidentiary proceeding;

**C.** REMOVE the September 2, 2026 hearing from the calendar upon entry of the continuance order;

**D.** FIND that Debtors made a good-faith effort to obtain the Trustee's consent and that consent could not be obtained;

**E.** PRESERVE Debtor Ard's Motion for Leave to File Objection Out of Time and underlying objection without prejudice pending the rescheduled hearing;

**F.** Permit Debtor Ard to make an appropriate request for remote participation in the rescheduled evidentiary hearing once the present medical circumstances stabilize;

**G.** Direct that no failure to appear on September 2 be deemed a waiver, abandonment, or failure to prosecute if the Court grants this Motion and removes the matter from the calendar; and

**H.** Grant such other and further relief as the Court deems just and appropriate.

**Dated** August 28, 2026

**Respectfully submitted,**

**Jacqueline E. Ard, Debtor *Pro Se***
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
email: jacquelineard72@gmail.com

**Terry F. Nicola, Co-Debtor *Pro Se***
Mailing Address:
21215 Dartmouth Dr
Southfield, MI 48076

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br>**Debtor(s)** | **CASE NO.: 25-01384-JD**<br><br>**PROOF OF SERVICE**<br><br>**(Pursuant to 28 U.S.C. § 1746)** |

I, Jacqueline Ard, hereby certify that on August 28, 2026, I caused to be served a true and correct copy of the following documents upon the following parties by depositing same in the United States Mail, first-class postage prepaid, properly addressed as follows and/or via Electronic Mail:

- **EMERGENCY MOTION TO CONTINUE SEPTEMBER 2, 2026 EVIDENTIARY HEARING**
- **DECLARATION OF JACQUELINE ARD**
- **EXHIBITS**

**Parties Served by U.S. Mail and/or Electronic Mail**

**U.S. Trustee's Office**
Strom Thurmond Federal Building
1835 Assembly Street, Suite 953
Columbia, SC 29201
Email: USTPRegion04.CO.ECF@usdoj.gov

**Kevin Campbell, Trustee**
Campbell Law Firm, P.A.
P.O. Box 684
Mount Pleasant, SC 29465
Email: kcampbell@campbell-law-firm.com

**Michael H. Conrady, Esq.**
Campbell Law Firm, P.A.
890 Johnnie Dodds Blvd / P.O. Box 684

Mount Pleasant, SC 29465-0803
Email: mconrady@campbell-law-firm.com

Lucas S. Fautua, Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: lfautua@smithdebnamlaw.com

J. Ronald Jones, Jr., Esq.
Smith Debnam Narron Drake Saintsing & Myers, LLP
171 Church Street, Suite 120C
Charleston, SC 29401
Email: rjones@smithdebnamlaw.com

Estate at Westbury Owners Association, Inc.
c/o Julie A. Franklin, Esq.
25 Thurmond Way, #2976
Bluffton, SC 29910

Hilton Head Resort Four Seasons Centre Horizontal Property Regime
Council of Co-Owners, Inc.
c/o Jones Simpson & Newton, P.A.
P.O. Box 1938
Bluffton, SC 29910

Jeremy E. Bowers, Esq.
Barnwell Whaley Patterson & Helms
P.O. Drawer H
Charleston, SC 29402

Scott Wild, Esq.
Law Office of Scott Wild
37 New Orleans Road, Suite F
Hilton Head Island, SC 29928

Evan K. Bromley
Bromley Law Firm LLC
PO Box 570
Bluffton, SC 29910

TMX Finance d/b/a TitleMax of South Carolina, Inc.
c/o Turner Padget Graham & Laney, P.A.
1901 Main Street, Suite 900
Columbia, SC 29201

WEST-AIRCOMM Federal Credit Union
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Road, Suite 200
Independence, OH 44131

Zeidman's Jewelry & Loan of Michigan
c/o Best Law, P.A.
999 Lake Hunter Circle, Suite D
Mount Pleasant, SC 29464

SERVICE BY ELECTRONIC NOTICE
The following parties received electronic notice via email and the Court's CM/ECF system at their registered email addresses:

- Michael H. Conrady – mconrady@campbell-law-firm.com
- Kevin Campbell (Trustee) – kcampbell@campbell-law-firm.com
- Lucas S. Fautua – lfautua@smithdebnamlaw.com
- Julie A. Franklin – jfranklinlegal@gmail.com
- Benjamin Edward Grimsley – ben.grimsley@smithrobinsonlaw.com
- Dean S. Haskell – dhaskell@jsplaw.net
- J. Ronald Jones, Jr. – rjones@smithdebnamlaw.com
- John B. Kelchner – jkelchner@turnerpadget.com
- Richardo Kilpatrick – rkilpatrick@shermeta.com
- Garry Masterson – bronationalecf@weltman.com
- Elizabeth H. Parrott – elizabeth.parrott@mccalla.com
- Scott M. Wild – scott@wildlawfirm.com
- Office of the United States Trustee

Executed on this 28 day of August, 2026.

_______________________________

**Jacqueline E. Ard**
21215 Dartmouth Drive
Southfield, MI 48076
Email: jacquelineard72@gmail.com
Telephone: (313)770-7051

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| **IN RE:**<br><br>**Jacqueline Ard and**<br>**Terry F. Nicola,**<br>**Debtor(s)** | **CASE NO.: 25-01384-JD**<br>**CHAPTER 7**<br><br>**EXHIBIT LIST IN SUPPORT OF EMERGENCY MOTION TO CONTINUE** |

# EXHIBIT LIST IN SUPPORT OF EMERGENCY MOTION TO CONTINUE SEPTEMBER 2, 2026 EVIDENTIARY HEARING

Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), appearing pro se, respectfully submit the following Exhibit List in support of their **Emergency Motion to Continue September 2, 2026 Evidentiary Hearing Due to Acute Medical and Caregiving Emergency and Inability to Meaningfully Prepare for or Participate in Evidentiary Hearing**:

| Exhibit | Description | Purpose |
|---|---|---|
| **Exhibit A** | **August 28, 2026 email from Michael H. Conrady, counsel for Chapter 7 Trustee Kevin Campbell** | Establishes Mrs. Ard's good-faith effort to obtain consent to a continuance; counsel's response that the Trustee was unavailable and therefore could not consent; and counsel's stated position concerning the requested continuance and timing of the proposed property sale. |
| **Exhibit B** | **August 24, 2026 Notice of Hearing issued by the United States Bankruptcy Court for the District of South Carolina** | Establishes that the Court specifically scheduled Mrs. Ard's Motion for Leave to File Objection Out of Time for September 2, 2026 and designated the proceeding as an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(e). |
| **Exhibit C** | **Current medical documentation concerning Terry Frank Nicola** | Supports the existence and seriousness of Mr. Nicola's medical and functional limitations and the need for substantial caregiving assistance. |
| **Exhibit D** | **Declaration of Jacqueline Elizabeth Ard Regarding Current Medical and Caregiving Emergency** | Provides sworn first-hand evidence concerning the present medical circumstances, Mrs. Ard's caregiving responsibilities, the effect of those circumstances upon preparation and participation, |

| Exhibit | Description | Purpose |
|---|---|---|
| | | and why neither in-person nor remote participation is presently practicable. |

# DESCRIPTION AND RELEVANCE OF EXHIBITS

**Exhibit A – August 28, 2026 Correspondence from Trustee's Counsel**

Exhibit A is a true and correct copy of correspondence received by Mrs. Ard from Michael H. Conrady, counsel for Chapter 7 Trustee Kevin Campbell, in response to Mrs. Ard's request for consent to continue the September 2, 2026 hearing.

The correspondence establishes that Mrs. Ard made a good-faith effort to confer before filing the Emergency Motion. Counsel advised that Trustee Campbell was unavailable and therefore could not consent at that time. Counsel further advised that the Trustee would prefer that the hearing not be continued because of the asserted need to proceed with listing real property for sale.

**Exhibit B – August 24, 2026 Notice of Hearing**

Exhibit B is the Notice of Hearing issued by the Court on August 24, 2026.

The Notice specifically identifies Mrs. Ard's **Motion for Leave to File Objection Out of Time** and provides that the September 2 proceeding "will be an evidentiary hearing pursuant to Fed. R. Bankr. P. 9014(e) unless otherwise ordered."

The Notice therefore establishes the nature of the proceeding for which Mrs. Ard must prepare.

**Exhibit C – Medical Documentation Concerning Mr. Nicola**

Exhibit C consists of current medical documentation concerning Mr. Nicola's significant medical and functional limitations.

The exhibit is submitted solely to establish the medical and functional circumstances relevant to the requested continuance and is not offered to obtain any determination concerning the merits of the underlying compromise or objection.

**Exhibit D – Declaration of Jacqueline Elizabeth Ard**

Exhibit D is Mrs. Ard's declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

The Declaration provides first-hand evidence concerning the present medical and caregiving circumstances, when those circumstances arose or materially intensified, the assistance Mrs. Ard presently must provide to Mr. Nicola, and the resulting inability to adequately prepare for or meaningfully participate in the September 2 evidentiary hearing either in person or remotely.

# CONFIDENTIALITY OF MEDICAL EXHIBITS

Because Exhibits C and E contain sensitive medical information, Debtors respectfully request that unnecessary personal and medical information be redacted and that any unredacted medical documentation be afforded such restricted access, sealing, or other protection as the Court determines appropriate under applicable law and Court procedures.

Respectfully submitted,

**Jacqueline Elizabeth Ard, Pro Se**
Mailing Address: 21215 Dartmouth Drive
Southfield, Michigan 48076
Telephone: (313) 770-7051
Email: jacquelineard72@gmail.com

**Terry Frank Nicola, Pro Se**
Mailing Address: 21215 Dartmouth Drive
Southfield, Michigan 48076

Dated: August 28, 2026